U.S. DISTRICT COURT - N.D. OF N.Y.

**F I L E D**

MAR 2 3 2023

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Sposato, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Paul G. Carey, individually and in his official capacity, | ) |
| Jed Hudson, individually and in his official capacity, | ) |
| John Lyons, individually and in his official capacity, | ) |
| Mike Quigley, individually and in his official capacity, | ) |
| Nick Paro, in his official capacity, TOWN OF SALINA, | ) |
| Kara A. LaSorsa, individually and in her official | ) |
| capacity, Derek Baichi, in his official capacity, | ) |
| VILLAGE OF SOLVAY, Mark A. Watson, | ) |
| individually and in his official capacity, Matthew W. | ) |
| Ryan, individually and in his official capacity, Nicholas | ) |
| Elsenbeck, individually and in his official capacity, | ) |
| SOLVAY POLICE DEPARTMENT, Derek Osbeck, | ) |
| in his official capacity, Hunter Nerber, individually and | ) |
| in his official capacity, Megan Cavaliere, individually | ) |
| and in her official capacity, Derek J. Czerow, | ) |
| individually and in his official capacity, Joseph Hardy, | ) |
| individually and in his official capacity, B. Lynch, | ) |
| individually and in his official capacity, ONONDAGA | ) |
| COUNTY OFFICE OF DISTRICT ATTORNEY, | ) |
| Alphonse Williams, individually and in his official | ) |
| capacity, William Fitzpatrick, in his official capacity, | ) |
| Jeffrey D. Albert, individually and in his official | ) |
| capacity, COUNTY OF ONONDAGA, Ryan | ) |
| McMahon, in his official capacity, | ) |
| | ) |
| Defendant(s). | ) |

Civil Case No.: **5:23-cv-364**
(Judges Initials) **(TJM/ML)**

Complaint

**JURY TRIAL DEMANDED**

Plaintiff, Richard Louis Sposato, brings forth the following causes of action and alleges the following:

## JURISDICITON AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 - Federal question, since this case arises under the Constitution and laws of the United States, as well as 42 U.S.C. § 1983 Civil action for deprivation of rights. This Court also has jurisdiction under 28 U.S.C. §1343.

2.      This court has jurisdiction over the defendant(s) corporation because the corporation's principal place of business is located in this state.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the defendants reside in and performs their official duties in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. In the alternative, to the extent 28 U.S.C. § 1391(b)(1) is not applicable, venue is proper in accordance with 28 U.S.C.§ 1391(b)(2).

## THE PARTIES

4.      Plaintiff, Richard Sposato is an individual, with a mailing address, c/o 510 N. Orchard Rd., Solvay, New York [13209].

5.      That, upon information and belief, Defendant, Paul G. Carey is a Town of Salina judge, an individual, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

6.      That, upon information and belief, Defendant, Jed Hudson, is a Onondaga County Assistant District Attorney, an individual, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

7.      That, upon information and belief, Defendant, John Lyons, is a bailiff for the Town of Salina, an individual, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

8.      That, upon information and belief, Defendant, Mike Quigley, is a bailiff for the Town of Salina, an individual, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

9.      That, upon information and belief, Defendant, Nick Paro is the Town of Salina Supervisor, an individual, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his official capacity.

10.     That, upon information and belief, Defendant, TOWN OF SALINA is a government agency and a corporation, with a business mailing address, 201 School Rd., Liverpool, NY, 13088.

11.     That, upon information and belief, Defendant, VILLAGE OF SOLVAY, is a government agency and a corporation, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209.

12.     That, upon information and belief, Defendant, Kara A. LaSorsa, is Village of Solvay acting judge, an individual, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209. Defendant is being sued in her individual and official capacities.

13.     That, upon information and belief, Defendant, Derek Baichi, is the Village of Solvay Mayor, an individual, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209. Defendant is being sued in his official capacity.

14.     That, upon information and belief, Defendant, Mark A. Watson, is a New York State Trooper, an individual, with a business mailing address, 101 N. Constellation Way, N. Syracuse, New York 13212. Defendant is being sued in his individual and official capacities.

3

15.    That, upon information and belief, Defendant, Matthew W. Ryan, is a Village of Solvay police officer, an individual, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

16.    That, upon information and belief, Defendant, Nicholas Elsenbeck, is a Village of Solvay police officer, an individual, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

17.    That, upon information and belief, Defendant, SOLVAY POLICE DEPARTMENT, is a government agency and a corporation, with a business mailing address, 507 Charles Ave., Solvay, NY 13209.

18.    That, upon information and belief, Defendant Derek Osbeck, is the VILLAGE OF SOLVAY Chief of Police, with a business mailing address of 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his official capacity.

19.    That, upon information and belief, Defendant, B. Lynch, is an Onondaga County Sheriff, badge #2864, an individual, with a business mailing address, 407 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

20.    That, upon information and belief, Defendant, Hunter Nerber, is a Village of Solvay police officer, an individual, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

21.    That, upon information and belief, Defendant, Megan Cavaliere, is a Village of Solvay employee, clerk or assistant clerk of the court. Defendant is being sued in her individual and official capacities.

22.    That, upon information and belief, Defendant, Derek John Czerow, is a Village of Solvay police officer, an individual, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

23.    That, upon information and belief, Defendant, Joseph Hardy, is a Village of Solvay police officer, an individual, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

24.    That, upon information and belief, Defendant, ONONDAGA COUNTY OFFICE OF DISTRICT ATTORNEY, is a government agency and a corporation, with a business mailing address, 505 S. State St., Rm. 420, Syracuse, NY 13202.

25.    That, upon information and belief, Defendant, Alphonse Williams, is an Onondaga County Assistant District Attorney, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

26.    That, upon information and belief, Defendant, William Fitzpatrick, is the Onondaga County District Attorney, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his official capacity.

27.    That, upon information and belief, Defendant, Jeffrey D. Albert, is an Onondaga County Assistant District Attorney, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

28.    That, upon information and belief, Defendant, COUNTY OF ONONDAGA, is a government agency and a corporation, with a business mailing address, John H. Mulroy Civic Center, 14th Floor, Syracuse, NY 13202.

29.    That, upon information and belief, Defendant Ryan McMahon, is the Onondaga County Executive, with a business mailing address, John H. Mulroy Civic Center, 14th Floor, Syracuse, NY 13202. Defendant is being sued in his official capacity.

## FACTS

30.    That, on Friday, May 28th, 2021, at about 7:10 pm., I was exercising my lawful right to travel upon the public passageways, in my private used automobile, not registered

with the State of New York, or any State for that matter, with a vanity plate on the back of my "used automobile", labeled "PR1V4T3, DOT EXEMPT, FOR NON COMMERCIAL USE ONLY", notifying any potential police officers that my private, used automobile is not within their limited scope of jurisdiction, as it's not being used for commercial purposes.

31.     That, after seeing emergency lights flashing on the police vehicle behind me, after finding a safe place, I pulled over into a parking lot and at that moment, my lawful Right to travel freely, was stopped.

32.     That, a NYS Trooper by the name of Mark A. Watson, exited his police vehicle and came up to my window, asking for my driver's license, registration, etc., which I replied I didn't have any such documents, nor were they required of me by law.

33.     That, after a couple minutes, a few other Troopers appeared on the scene, with one of them snooping around my car, looking for stuff, as I was being questioned by Trooper Watson.

34.     That, shortly thereafter, I was told by Trooper Watson, without him having jurisdiction, nor lawful authority with regards to my peaceful, law abiding self, I was under arrest for obstruction of governmental administration and ordered to get out of the car, at which time, Trooper Watson put handcuffs on me, taken into his patrol car, brought to the Trooper Station for processing and informed my private property car was being unlawfully towed.

35.     That, after processing, I was handed 8 tickets, with notice on the tickets to appear in Syracuse City Court on June 16, 2021, at 9:30 am, as well as Town of Salina Court on June 30th, 2021 at 5:00 pm..

36.     That, on June 16th, 2021, I showed up to Syracuse City Court at the appropriate time, but to my surprise, the court clerk stated they had no case for me on this date, so I left.

6

37.    That, on June 19th, 2021, again exercising my right to travel in my same car, not being used for commercial purposes, around 2:15 am, when again, emergency lights were seen flashing behind me while I was traveling North on North Orchard Rd..

38.    That, I pulled into my mom's driveway at 510 N. Orchard Rd., which the Solvay Police car followed me into, pulling up behind me, parking in the driveway behind me.

39.    That, after parking in my mom's driveway, I exited my car and proceeded to walk to the entrance of the house, when at the moment I put my hand on the door knob and opened the side door to the garage, I felt a bullet go into my back, with a wire attached to it.

40.    That, I grabbed the wire, broke it off from being attached to the bullet and proceeded to enter my mom's house.

41.    That, after roughly 5 police cars arriving on the scene, emergency lights flashing there was much commotion in the driveway, waking up my 84 yr. old mother from her sleep, with officers pounding on the house, yelling for me to come out.

42.    That, after roughly 30 minutes of disturbance by the officers, I noticed a tow truck pull up and tow my car away, which shortly thereafter, everyone left the scene.

43.    That, my 84 yr. old mother was a nervous wreck from all the commotion.

44.    That, after going to bed to try to get some sleep, my phone started ringing from a restricted number, which I assumed was the Solvay police keeping me from trying to get sleep and told the officer on the other end he was bothering me, he had no probable cause of a crime, thus no jurisdiction to require me to stop and speak with the officers who had chased me with emergency lights flashing, reiterating to him they were in the wrong, for doing what they just did to me.

45.     That, later that day, Saturday June 19th, Solvay Police officer Matt Ryan called and told me to come in by the end of the weekend for processing, or else I could have a warrant out for my arrest, which now was taken as a threat to intimidate me.

46.     That, the next day, I went down to the SOLVAY POLICE DEPARTMENT, located 507 Charles Ave., Solvay, NY 13209, under duress, threat of violence and threat of violence if I didn't show up, to be unlawfully processed and fingerprinted for the 12 unlawful traffic citations dated June 19, 2021 in the Village of Solvay I then was handed, which included a court date to appear on July 8, 2021.

47.     That, on June 30, 2021, I went to the Town of Salina Court to answer the supposed charges, which were unlawfully issued, violating my 1st Amendment Right to travel freely, stemming from May 28, 2021, but found the courthouse to be closed.

48.     That, after getting notification of a zoom call scheduled for that evening, I took the call, which was a call by Town of Salina judge Andrew Piraino, which he stated he was recusing himself, due to his affiliation with my family and to wait for notification of a new venue, date and time.

49.     That, on or about July 1, 2021, I received an unsigned letter from the Solvay Village Court, which technically is "unofficial", thus having no power for me to adhere to, stating the pending matter in Solvay Justice Court has been adjourned until July 21, 2021.

50.     That, on July 21, 2021, I appeared specially, under duress, threat of violence and threat of violence if I didn't show up, in the Solvay Village Court to answer to the unlawful charges, in an unlawful court proceeding, reiterating jurisdiction is challenged and all charges are VOID for lack of jurisdiction.

51.     That, during that same court appearance, Kara A. LaSorsa, acting Village of Solvay judge, stated that she would talk with the Assistant District Attorney and let me know

**8**

their response, adjourning the case until September 1, 2021, in order to give the Assistant

District Attorney time to respond.

52.    That, on or about July 23, 2021, I received a letter from Solvay Court Clerk,

Barbara Lenweaver, stating that they were putting this matter on the court calendar for a

pretrial conference on August 18, 2021.

53.    That, on or about August 24, 2021, I received a notice by mail from the Solvay

Village Court, that was again unsigned, therefore "not official", thus holding no weight,

stating due to my failure to appear on August 18, 2021, the matter was rescheduled to

September 22, 2021, along with threatening language of intimidation and threat of violence,

that a Bench Warrant may be issued and that a Bench Warrant, WILL BE ISSUED if there

has been (2) two non-appearances in a row.

54.    That, on September 22, 2021, roughly 11:15 am, I went down to the Solvay

Village Court Clerk's office, to inquire about who sent me this "unofficial", unsigned notice

to appear in court that evening.

55.    That, after waiting around for approximately 10 minutes before anyone showed

up at the window to attend to my needs, court clerk Megan Cavaliere finally appeared, to

which I showed her my unsigned notice, sliding it under the window, asking her who sent

this, which she rather rudely stated, "the court sent it".

56.    That, after being lied to, with an insufficient response, I proceeded to leave the

premises on my own accord.

57.    That, later that evening, I made a special appearance at Solvay Village Court, at

the 5:00 pm scheduled time on the notice, with 2 witness's, one named Carolyn Grund, the

other Stephanie Ubowski.

58.  That, after hearing the name Richard Sposato, in an unlawful court proceeding, without personal and/or subject matter jurisdiction with regards to me, I walked up and stated I was hear via special appearance, under duress, threat of violence and threat of violence if I didn't show up.

59.  That, due to facemasks being worn by all parties, including Kara A. LaSorsa and the Assistant District Attorney Alphonse Williams, I could not fully hear what was being said, and after (15) fifteen minutes in court, not fully understanding what had just transpired, except for hearing Kara A. LaSorsa stating she was entering a "not guilty" plea on my behalf, which I stated I accept her not guilty determination, thus case over, which she proceeded to deny, and abruptly adjourned the case until October 5, 2022.

60.  That, I then noticed an 8.5" x 11" piece of paper laying upside down on the table I was standing at in the courtroom and picked it up for future inspection, as I left the courtroom.

61.  That, after exiting the courtroom and leaving the building, I was followed closely by 3 Solvay Police officers, rather peculiarly, so I asked them "what's up..?", with their response being "we need you to come down to get finger printed", to which I looked at them in disbelief, stating "I've already been finger printed", to which they replied, "we can do this another time".

62.  That, after the cops behind me left, I walked to the car for my ride and after entering, I looked at the paper I picked up, as to my surprise and dismay, it was an official document, charging RICHARD L SPOSATO, with Obstructing Governmental administration and Trespass.

63.    That, on or about September 28, 2021, I received notice of recusal of both Village of Solvay Court judges, Dan Matthews and Kara A. LaSorsa, stating the case(s) will be moved to another court.

64.    That, on or about October 18, 2021, I sent to, Village of Solvay Mayor, Derek Baichi, a Notice making him aware his employees were assaulting me, violating my Rights, causing me harm, etc., due to these frivolous charges.

65.    That, on or about October 29, 2021, I received notice by Paul G. Carey of the Salina Town Court, stating a court date for November 4, 2021, for the May 28, 2021 traffic charges and the Village of Solvay charges, which were now moved to Salina Town Court.

66.    That, on November 1, 2021, I filed into the Salina Town Court, an Affidavit of Truth, Demand For Lawful Authority/Jurisdiction, Notice: Jurisdiction Challenged, Case(s) VOID, pertaining to the May 28, 2021 arrest by Trooper Mark A. Watson.

67..    That, on November 4, 2021, I did not appear in court on that date, due to the charges being VOID, for want of personal and subject matter jurisdiction.

68.    That, on or about November 6, 2021, I received a threatening letter to appear in Salina Town Court on November 18, 2021, signed by Paul G. Carey, violating my due process of law.

69.    That, on November 18, 2021, without the court first securing personal and subject matter jurisdiction, required by law in order to proceed, I made a special appearance in Salina Town Court, under duress, threat of violence and threat of violence if I didn't show up, in this unlawful court proceeding under color of state law, violating my right to life, liberty, and my pursuit of happiness, where again no arresting officer, prosecuting ADA, nor Plaintiff appeared in court.

11

70. That, during this unlawful court proceeding, violating my right to due process of law, due to want of jurisdiction with regards to me, with no cop, Plaintiff or prosecuting Assistant District Attorney present, to my surprise I was handed an Order of Protection pertaining to Village of Solvay assistant court clerk Megan Cavaliere, signed by Paul G. Carey, that I was forced to sign, which I did so sign under duress and threat of violence if I didn't, then an adjournment was issued by Paul G. Carey until December 2, 2021.

71. That, on December 2, 2021, after another unlawful court proceeding requiring/asking me to attend and again violating my Rights was scheduled, I made another special appearance in Salina Town Court, under duress, threat of violence and threat of violence if I didn't show up, for supposed and unlawful, mental evaluation by Paul G. Carey, to determine my competence to defend myself, where again no arresting officer, prosecuting ADA, nor Plaintiff appeared in court.

72. That, after a short 3-4 questions were asked of me, Paul G. Carey abruptly adjourned the proceeding once again, this time for December 16, 2021.

73. That, on December 16, 2021, I filed an Affidavit for recusal of Paul G. Carey from presiding over another case of mine, RE: Eviction case #21090190 in the Town of Salina, stating bias or impropriety on Carey's part, due to him violating my Rights pertaining to the traffic charges.

74. That, on the evening of December 16, 2021, I did not appear at another unlawful court proceeding, for traffic violations in Salina Town Court, due to it not having jurisdiction to proceed, necessary by law, as stated in previous Affidavits filed into the Salina Town Court.

75. That, on January 27, 2022, I received an email from Salina Town Court Clerk Helene Jennes, stating that my motion, RE: Eviction case #21009190, which actually was not

a motion, but a demand, for recusal and change of venue, concerning Paul G. Carey's impropriety and lack of confidence he would not be biased, was denied, thus substantiating my case of his impropriety, again violating my Right to due process of law.

76.     That, on or about Monday, February 14, 2022, I received a phone call from a New York State Trooper, stating there was a Bench Warrant in place, advising me to turn myself in to the Salina Town Court.

77.     That, I made a special appearance at the Salina Town Court on February 17, 2021, which again was a violation of my rights for want of jurisdiction, Paul G. Carey was not present, being replaced by Andrew Piraino, who has previously recused himself, with regards to me, thus my appearance was adjourned, until March 10, 2022.

78.     That, on March 8, 2022, as I was again exercising my Right to travel, when my 1st Amendment Right to travel was once again stopped, this time by Solvay Police officer Nicholas Elsenbeck, badge #5188, in my mom's driveway located at 510 N. Orchard Rd., Solvay, NY 13209, with 7 traffic tickets issued to defendant named RICHARD L SPOSATO.

79.     That, on March 10, 2022, I again showed up at the Salina Town Court, where up to this point, no jurisdiction having been proven, thus my Right(s) to due process continued to be violated, noticing Andrew Piraino was presiding over the proceeding that night, and as such, the Court Clerk told me it was not necessary to go into the courtroom, that it's adjourned until April 21, 2022.

80.     That, on March 18, 2022, at roughly 7:50 pm., when again exercising my Right to travel, my 1st Amendment Right was once again violated, being stopped/arrested in the Town of Salina, this time by an Onondaga County Sheriff, named B. Lynch, badge #2864, handcuffed/kidnapped for roughly 45 minutes, issued 7 traffic tickets to the named defendant

**13**

RICHARD L SPOSATO, before being set free, with my Right to use my car being stolen from me once again, to be held for ransom.

81.     That, on April 7, 2022, after denying my recusal demand, RE: Eviction Case No. 21090190, Paul G. Carey unlawfully proceeded with a court hearing, violating the 14th Amendment due process clause, for failing to recuse himself, and made an unlawful determination to deny my Motion for Summary Judgment filed on March 16, 2022.

82.     That, on another unlawful court date scheduled April 21, 2022, I again was making a Special Appearance in the Salina Town Court at the scheduled time of 4:00 pm, pertaining to the previous supposed traffic violations dated May 28, 2021 and June 19, 2021, waited around until 4:15 pm, when after nobody having showed up, no cop, no plaintiff, no Assistant District Attorney, nor judge appearing, I left.

83.     That, on or about May 3, 2022, I received notice via mail, signed by Paul G. Carey, that the traffic matters stemming from May 28, 2021, June 19, 2021 and charges stemming from Solvay, September 22, 2021 were now unlawfully re-scheduled for Court action on May 5, 2022.

84.     That, on May 5, 2022, without Salina Town Court having jurisdiction to proceed with action concerning my law abiding self, I once again appeared specially, under duress, threat of violence and threat of violence if I didn't show up and after not understanding what was unlawfully transpiring, I stated I wasn't ready to proceed, at which time, Paul G. Carey adjourned the case to May 19, 2022, where again no arresting officer, prosecuting ADA, nor Plaintiff appeared in court.

85.     That, on May 12, 2022, Paul G. Carey again unlawfully presided over a hearing after demanding his recusal, RE: Eviction case #21090190, ordered a judgment against me for an eviction and to pay Petitioner in excess of $71,000.

**14**

86.    That, on an unlawful proceeding dated May 19, 2022, I once again made a special appearance for the named Defendant, in the Salina Town Court, where once again, no arresting officer, prosecuting ADA, or Plaintiff appeared in court to rebut or object to any of the claims in my statements, i.e. that jurisdiction has not been proven and the facts have already been established (via unrebutted Affidavits, failure to defend a different position).

87.    That, on May 19, 2022, during my special appearance in the Salina Town Court, I stated, "up until now, no jurisdiction has been proven on the record, **let the record reflect there's no jurisdiction**.", to which Carey responded, "**the record will reflect that**."

88.    That, on May 19, 2022, in Salina Town Court, further to the record reflecting no jurisdiction, thus an unlawful proceeding, violating my right to due process, Carey asked me, pertaining to ALL my case's, what type of trial would you like, Jury or Bench, to which I stated, "any trial that has jurisdiction, would be by a **Jury**."

89.    That, shortly after me stating "any trial that has jurisdiction, would be by a Jury", Paul G. Carey scheduled a Trial pertaining to the traffic charges, for August 22, 2022, which I did not consent to and once again, Carey abruptly adjourned the case, via no request from me, nor the Plaintiff, as again no arresting officer, prosecuting ADA, nor Plaintiff appeared in court.

90.    That, on or about June 9, 2022, after being threatened with warrants for my arrest, I turned myself in to the SOLVAY POLICE DEPARTMENT, under duress and threat of violence if I didn't turn myself in.

91.    That, during processing by Solvay Police, I was unlawfully forced to have my picture taken against my free will and to give my fingerprints.

92.    That, after processing by the Solvay Police, I was taken downtown to City Court in front of Judge Schiano for arraignment, and after some discussion, where I stated I

challenged jurisdiction, judge Schiano recused himself right then and there, which led me to a further kidnapping and a night stay in jail at the Onondaga County Justice Center.

93.     That, the next morning I was released from my kidnapping.

94.     That, on June 16, 2022, I made a special appearance, in Salina Town Court, under duress, for 3-4 new charges, stemming from me supposedly violating the unlawful Order of Protection that Carey forced me to sign on November 18, 2021, which I subsequently rescinded that offer to contract within the allotted 3 business days, by law to rescind a contract.

95.     That, during this time in court, I reminded Carey that this court (admiralty/maritime, Article 1) didn't have jurisdiction over me, a man.

96.     That, Defendant Carey, also stated that he knew of the other (traffic) charges, set for a **Jury** trial and asked if I wanted to sever these new charges, which when Carey asked me if I wanted to put these charges with the other(traffic) charges, I said, "no, I don't want any of these things together, I want them all separate", which again, as always, no arresting officer, prosecuting ADA, nor Plaintiff showed up to court, with Carey adjourning this matter until July 14, 2022, without my consent, nor with the Plaintiff's recommendation.

97.     That, on July 14, 2022, I again appeared specially in the Salina Town Court, the corporate Court that doesn't have jurisdiction with me, a man, with all charges already deemed VOID, due to lack of jurisdiction, which I reiterated to Carey at this time, the charges are VOID, for violation of my due process, and where again, as always, no arresting officer, prosecuting ADA, nor Plaintiff showed up to court.

98.     That, also on July 14, 2022, I further stated in court that the Order of Protection was unlawful, due to it stemming from frivolous charges, was unlawfully administered, due to Carey not giving me an opportunity to be heard.

99.    That, again, Carey adjourned the unlawful proceeding, stemming from a frivolous accusation on September 22, 2021, until August 25, 2022, on his own accord, not mine, nor from a motion by the Plaintiff,.

100.    That, the next day I went in to see the Salina Town Court Clerk, to ask about my August 22, 2022 Trial date, to my surprise stated you don't have to show up on that date, as my trial date for the traffic charges mysteriously disappeared.

101.    That, on Friday, July 29, 2022, I met with Town of Salina Supervisor, Nick Paro, to notify him of and discuss the criminal actions that were being committed against me by his Town employee, Paul G. Carey, to which Nick Paro just brushed off my plea for help, thus condoning Paul G. Carey's unlawful actions against me.

102.    That, on the August 25, 2022 court date, I, as always, made a special appearance, in propria persona, under duress, threat of violence and threat of violence if I didn't show up, for the named defendant, as Carey went on to state I made a motion last time to have all these cases together, to which I specifically stated, I did not make a motion (to have all the case together), I responded to his question asking me what kind of a trial I wanted, which was an answer, not a motion, at which point, Carey, once again, adjourned the case, without my wish to adjourn, nor without the presence of an arresting officer, prosecuting ADA or Plaintiff showing up that night, as usual.

103.    That, on September 29, 2022, I made another special appearance in the Salina Town Court, and to my surprise, for the first time in over 15 months, an ADA named Jed Hudson, showed up to court to prosecute these traffic case(s), that have already been deemed VOID, for lack of jurisdiction.

**17**

104.    That, after a few words by Carey trying to get ADA Hudson up to speed, Carey adjourned the hearing/case on his own accord, not mine, nor by request of ADA Hudson, until October 20, 2022.

105.    That, on October 20, 2022, I made another special appearance in Salina Town Court, which ADA Hudson also appeared without him or this court having jurisdiction with regards to me, again violating my Rights, as he did not enter evidence into the record within the required time limit after me challenging jurisdiction via previously Affidavits filed by me, demanding proof of jurisdiction, which Carey then abruptly adjourned once again, without my wish to adjourn, nor ADA Hudson's giving a statement asking for adjournment, with a next date to appear on October 27, 2022.

106.    That, on October 27, 2022, I made another, same special appearance, as always, at which time Carey stated a trial date, scheduled for November 18, 2022, which at that point, Carey once again abruptly adjourned the hearing, without my wish to adjourn, nor ADA Hudson's wish to adjourn, as ADA Hudson, nor arresting officer, nor Plaintiff was in court to prosecute the named defendant.

107.    That, on Friday, October 28, 2022, I went to the Salina Town Court Clerk to get an official notice of the Trial date, which Salina town Court Clerk Helen Jennes did supply me with an official notice of a Trial Date on November 18, 2022, but, to my surprise, it stated a BENCH TRIAL.

108.    That, on October 31, 2022, I filed with the Salina Town Court, as well as sending ADA Jed Hudson, an Affidavit of Truth, Notice: Bench Trial Offer Not Accepted, All Charges VOID For Lack Of Jurisdiction, Notice Of Fee Schedule, which under the immediate time constraint, gave them 3 days to respond, unless additional time was needed, which within reason, would be granted.

109.    That, as a result of both parties non response, via acquiescence, they've agreed to

the facts therein, to be as stated, while also agreeing to my Fee Schedule, for damages, due to

their crimes, trespasses, violation of my Rights and/or torts done to me.

110.    That, on November 18, 2022, I again made a special appearance, in Salina Town

Court, in propria persona, for the named defendant, under duress, threat of violence, and

threat of violence if I didn't show up, retaining all Rights and waiving no Rights after

crossing the BAR, along with 5 witness's showing up to watch the events as they unfold,

whose names are Carolyn Grund, Judy Winchell, Terry Lee, Rick Manzi and Patrick

Minogue.

111.    That, during this court proceeding of an unlawful BENCH TRIAL, I objected to

the fact a bench trial was to take place, yet Carey continued to proceed, stating for ADA

Hudson to begin his opening statement, which I vehemently objected to.

112.    That, after ADA Hudson spoke, due to Hudson's willful standing in court trying to

unlawfully prosecute me during his continued forward movement of this VOID case, I was

given a chance to speak, which again, I stated there was no proof of jurisdiction on the

record, needed for this court to proceed, which went in one ear and out the other of Paul G.

Carey, as usual.

113.    That, which after a few minutes of me trying to protect my Rights, and calling for

the arrest of Paul G. Carey directed towards the bailiff's, which they did not act upon, Carey

made a threatening statement to me, that I was very close to contempt of court, which after a

few more minutes of my disdain with Carey violating my Rights, I stated he has an Oath of

Office which he swore to protect the Constitution, of both the State and US Constitutions,

Carey then unlawfully ordered Bailiff's Mike Quigley and John Lyons to arrest me, which

they proceeded to act upon Paul G. Carey's unlawful orders, handcuffing and taking me away

kidnapped outside the courtroom, for roughly 90 minutes.

114.    That, after 90 minutes of Bailiff's Quigley and Lyons unlawful arrest, assault with

a deadly weapon and misprision of treason, I was brought back into the courtroom, with the

opportunity to purge the record of the Contempt, if I apologized to the court, which I did

apologize to the court for the way I had to act, in order to protect my Rights.

115.    That, after a few more words, explaining myself, Carey stated he would purge the

record of the Contempt and then adjourned the trial for a non-trial court date of December 1,

2022, for what reason Carey adjourned the proceeding, I do not know.

116.    That, on December 1, 2022, I again made the same special appearance, at this

unlawful court hearing, again with no arresting officer, prosecuting ADA, nor Plaintiff in

attendance at this court hearing, which was again abruptly adjourned until February 9, 2023,

for supposed continuation of the unlawful "BENCH TRIAL" Carey commenced and held on

November 18, 2022.

117.    That, on December 10, 2022, at approximately 6:10 pm., once again exercising

my right to travel upon the public passageways, free and clear of a drivers license or

registration of my used automobile, I noticed a Solvay Police officer, later to be known as,

Hunter A. Nerber, turn on his emergency lights behind me.

118.    That, after and upon finding a safe place to pull over, officer Nerber exited his

police vehicle and approached my window, to which he unlawfully stopped me in my lawful

travel, without probable cause of a crime being committed, nor suspected of a crime, thus

without jurisdiction, asking me for identification, drivers license, insurance, etc., to which I

replied I didn't have any of those, nor were they needed to travel on the Federal

highways/passageways, to which he responded with stern language to get out of the car.

119.    That, I tried to reason with him, wanting to show him documents supporting my position of not needing a drivers license, to no avail.

120.    That, I was then put in handcuffs and placed in the backseat of officer Nerber's police vehicle, and after sitting in there for (20) twenty minutes or so, I noticed a tow truck pull up, starting to hook my used automobile to his tow truck, which at this time, was again unlawfully taken away from me, denying me my rightful use.

121.    That, I was then taken to the Solvay Police station for processing, unlawful fingerprinting and pictures taken of me and after roughly 1 hr. of processing, I was free to go.

122.    That, on Monday, December 12, 2022, I called Advanced Recovery of NY to see about getting my car out of their impound lot, to which I was told there was a DA Hold on my car, issued by the Solvay Police Department and that I needed a release, signed by the DA to get my car out.

123.    That, on or about Tuesday, December 13, 2022, I went down to the District Attorney's Office and filled out a Property Release form to recover my household goods, used automobile, specifically my 2008 Honda Accord, including all of the associated property and contents.

124.    That, on or about December 16, 2022, I received the property release form I filled out, signed off by ADA Jeffrey Albert, with the stipulation stating to the effect of, I could get my car, with the condition that I needed proof of registration, insurance and the removal of an Ignition Interlock Device requirement, placed on the former drivers license, issued to RICHARD L SPOSATO.

125.    That, due to these conditions placed on the property release, my rightful use to my private personal property has been further stopped, to which as of this date, ADA Jeffrey

Albert and/or the ONONDAGA COUNTY OFFICE OF DISTRICT ATTORNEY, is/are still restricting my Right of free use to my private property.

126.     That, it is clear, Defendant cops, officers, sheriff's and/or Troopers, lacked any basis to conspire to stop, arrest and prosecute me, within their corporate procedures, but they did so anyway, with Defendant Carey, abandoning all pretenses of acting with impartiality, as well as himself,  and Defendant(s) Williams, Hudson, Albert and Fitzpatrick, taking an Oath of Office, swearing to support the Constitution of New York State, and the Constitution of the United States, faithfully discharging their duties thereof, but instead, they disregarded that oath, abandoning all pretenses of acting in accordance with prosecutorial lawful standards.

127.     That, on or about January 25, 2023, I received a letter from Paul G.. Carey, stating he's granting my "motion" for a jury trial on all charges pending, my Trial (Bench) scheduled for February 9, 2023, is hereby canceled, with a next court appearance scheduled for February 2, 2023, with no specific time to appear stated.

128.     That, on February 2, 2023, I made a Special Appearance in court, via Affidavit, in writing, stating I demanded discovery, showing proof of my "motion" for a jury trial, reiterating there's no jurisdiction for this court to proceed with regards to me, and reiterating the case(s) are VOID, thus are dismissed by law.

129.     That, on February 21, 2023, I received a letter from Solvay Police Department, stating there was an unlawful BENCH WARRANT issued for my arrest, signed on February 9, 2023 by Paul G. Carey.

## AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983

130.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs, as if set forth at length herein.

131.    That, the Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, guarantees "the right of the people to be secure in their persons, houses, papers, and affects, against unreasonable searches and seizures."

132.    That, on May 28, 2021, Defendant Mark A. Watson, violated this Right when he stopped and arrested me and my car, during my lawful travel.

133.    That, on June 19, 2021, Defendant Matthew W.  Ryan, violated this Right when he stopped and arrested me and my car, during my lawful travel.

134.    That, on March 8, 2022, Defendant Nicholas Elsenbeck, violated this Right when he stopped and arrested me and my car, during my lawful travel.

135.    That, on March 18, 2022, Defendant B. Lynch, violated this Right when he stopped and arrested me and my car, during my lawful travel.

136.    That, on December 10, 2022, Defendant H. Nerber, violated this Right when he stopped and arrested me and my car, during my lawful travel.

137.    That, on or about December 16, 2022, Defendant Jeffrey Albert, violated this Right when he signed for unlawful conditions put upon my property release form.

138.    That, Defendant(s) maliciously weaponized state, county and local police power, by commencing and continuing baseless traffic stops/arrests and investigations of Plaintiff.

139.    That, Defendant(s) commenced the stated actions against Plaintiff in bad faith and without lawful authority and jurisdiction.

140.    That, Defendant(s) knew or should've known their traffic stops, investigations and arrests were unsupported, unjustified, and unfounded in fact or in law.

141.    That, Defendant(s) actions were motivated by an improper purpose, namely their malice and desire to harass, intimidate, threaten, oppress, coerce and injure Plaintiff, for the exercising of his unalienable Rights, granted by his creator, and protected by the U.S. Constitution, in order to control the free People and extort money out of the Plaintiff.

142.    That, Defendant(s) flagrant misuse of state, county and/or local police powers, contravened Plaintiff's constitutional rights and deprived Plaintiff from being secure in his persons, houses, papers and effects.

143.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law.

144.    That, as a direct and proximate result of Defendant(s) conduct, Plaintiff has suffered, and continues to suffer, significant, imminent and irreparable harm in the form of deprivation of his constitutionally protected rights, privileges, and immunities afforded under the Fourth Amendment, absent recourse, as secured by 42 U.S.C. § 1983.

145.    That, absent injunctive relief to allow Plaintiff to travel in his used automobile without a license, nor registration or insurance, Plaintiff and the People will continue to suffer irrevocable loss and irreparable harm as a result of Defendant's deprivation of Plaintiff's constitutionally protected rights.

## AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF THE FOURTEENTH AMENDMENT
### DUE PROCESS OF LAW
### 42 U.S.C. § 1983

146.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs, as if set forth at length herein.

147.    That, the Fourteenth Amendment of the United States Constitution, also known as the Due Process Clause, guarantees that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law."

148.    That, an action for violation of constitutionally protected rights, such as those afforded under the Fourteenth Amendment, may be brought pursuant to 42 U.S.C. § 1983, which states that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. "

149.    That, Defendant(s) Watson, Ryan, Elsenbeck, Lynch and Nerber, violated this right when they unlawfully stopped and arrested me and my car, in my lawful travel, on the above stated dates.

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF THE FOURTEENTH AMENDMENT
### DUE PROCESS OF LAW - ABUSE OF PROCESS
### 42 U.S.C. § 1983

150.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs, as if set forth at length herein.

151.    That, Defendant(s) Kara A. LaSorsa and Paul G. Carey, Alphonse Williams, Jed Hudson and William Fitzpatrick, maliciously weaponized local judicial power of Village and Town Courts, and the power of the Onondaga County District Attorney's office, by commencing and continuing baseless prosecution of Plaintiff.

152.    That, Defendant(s), the issuance of the above mentioned appearance notices, authorized by Kara LaSorsa and Paul G. Carey, intended to compel Plaintiff to be human trafficked in and out of the United States Court system.

153.    That, Defendant(s) improper conduct and unlawful continuation of a legal proceeding, after jurisdiction had been challenged and without jurisdiction having been proven, on the record, by the prosecution, as necessary by law, is without respect for the presumption of innocence, due process of law, and are further examples of Defendant(s) bias, prejudice, malicious and callous indifference for due process of the law.

154.    That, Defendant(s) flagrant misuse of state, and/or local investigatory powers, contravened Plaintiff's constitutional rights and deprived Plaintiff of life, liberty, and property without due process of law.

155.    That, Defendant(s) actions, including, but not limited to their abuse of criminal and civil process, and collective misconduct, deprived Plaintiff of due process of law and impermissibly infringed upon his constitutionally protected rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF THE FIRST AMMENDMENT
### 42 U.S.C. § 1983

156.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

157.    That, the First Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, guarantees "The right of a citizen to free expression, to petition the government and have access to the courts."

158.    That, under the First Amendment to the United States Constitution, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment rights, or to deter the citizen from exercising those rights in the future.

159.    That, on September 22, 2021, after Plaintiff engaged in a constitutionally protected activity, pertaining to matters of business with the Solvay Village Court, Solvay Court Clerk Megan Cavaliere, Officer D. Czerow, Officer Joseph Hardy and Onondaga County ADA Alphonse Williams, conspired together to fabricate frivolous charges, in retaliation to the assertion of Plaintiff's Rights, while questioning the competency of the Solvay Court Clerk, the lawful authority of the Solvay police and acting judge Kara LaSorsa.

160.    That, on or about November 4, 2021, acting Town of Salina judge Paul G. Carey, signed an unlawful Order of Protection for Megan Cavaliere, against Plaintiff, based on heresy, frivolous and dubious claims, without merit or fact of any threats made by Plaintiff against Defendant Cavaliere, nor fear of perceived danger or injury in the future to Ms. Cavaliere.

161.    That, Defendant(s) knew, or should've known, there was no justifiable legal, lawful or factual basis for the filing of a police report, concerning the Plaintiff's business encounter that took place on September 22, 2021 at the Village of Solvay Court Clerk's office that morning, or subsequent arrest and Order of Protection issued against Plaintiff.

162.    That, the Order of Protection, conspired by Defendant(s) imposed an undue burden on Plaintiff and violated his First Amendment right of a citizen to free expression, to petition the government and have access to the courts.

## AS AND FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF THE FOURTH AMENDMENT
## EXCESSIVE FORCE
## 42 U.S.C. § 1983

163.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

164.    That, on June 19, 2021, Defendant, Matthew W. Ryan tried to initiate an unlawful arrest of a peaceful man, and in doing so, pointed and fired a potentially lethal weapon upon Plaintiff, hitting an unarmed, peaceful Plaintiff in the back with a bullet, intentionally discharged from a taser gun.

165.    That, Defendant acted forcibly in apprehending, arresting and imprisoning the Plaintiff, without Plaintiff's consent.

166.    That, Defendant Ryan's deliberate use of excessive force, pursuant to the priority of the situation at hand, to restrain Plaintiff from exercising his Constitutionally protected rights, was objectively unreasonable and exemplifies how egregiously deficient the training of the Solvay Police force truly is.

167.    That, Defendant(s), SOLVAY POLICE DEPARTMENT, Solvay Police Chief Derek Osbeck, Mayor Derek Baichi and VILLAGE OF SOLVAY, have a policy that weaponizes the legal process against Plaintiff and unsuspecting, peaceful citizens going about their daily life, with liberty, in pursuit of their happiness, in a perverted manner for the purpose of obtaining inappropriate, monetary objectives, which extort money from said people, placing undue stress, burden and hardship on the people who exercise their right of free travel, on and about the Federal public passageways.

## AS AND FOR A SIXTH CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST AND IMPRISONMENT
### 42 U.S.C. 1983

168.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

169.    That, Defendant(s), Mark A. Watson, Matthew W. Ryan, B. Lynch, Nicholas Elsenbeck, Hunter Nerber, Mike Quigley and John Lyons, violated the Fourth Amendment to the United States Constitution by wrongfully and unlawfully arresting, detaining, and imprisoning Plaintiff.

170.    That, on the above stated dates, Defendant(s) Watson, Ryan, Elsenbeck, Lynch, Nerber, Quigley, and Lyons, knowingly conspired with their colleagues and acted with malice in the wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of the Plaintiff, as carried out without a valid warrant, without plaintiff's consent and without probable cause or reasonable suspicion of a crime.

171.    That, Defendant(s) Watson, Ryan, Lynch, Elsenbeck and Nerber, knowingly conspired with their colleagues to falsify documents, purporting to be violations and crimes, under the pretense of color and state law, through the issuance of unlawful tickets and information documents, maliciously weaponizing the state's legal process upon Plaintiff, by commencing and continuing baseless traffic stops/arrests and investigations of Plaintiff.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### VIOLATION OF THE SIXTH AMENDMENT
### RIGHT TO A SPEEDY TRIAL
### 42 U.S.C. 1983

172.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

29

173.    That, the Sixth Amendment to the United States Constitution, enforceable

pursuant to 42 U.S.C. § 1983, guarantees "In all criminal prosecutions, the accused shall

enjoy the right to a speedy and public trial."

174.    That, for over 15 months, no cop, ADA, nor plaintiff showed up in court to

prosecute the case, violating my right to a speedy trial.

175.    That, on November 18, 2022, Defendant Jed Hudson appeared in court to

prosecute Plaintiff, in an unlawful BENCH TRIAL, which after 18 months, this case was still

proceeding without closure.

176.    That, pursuant to a notice received by me in late January, sent by Defendant Paul

G. Carey, the BENCH TRIAL was canceled, with no further date scheduled at this time.

177.    That, Plaintiff, to this day, is still being summoned to court, proceeding

unlawfully, violating my right to a speedy trial.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### VIOLATION OF THE SEVENTH AMENDMENT
### RIGHT TO A JURY TRIAL
### 42 U.S.C. 1983

178.    Plaintiff re-asserts and re-alleges the allegations contained within the

preceding paragraphs as if set forth at length herein.

179.    That, the Seventh Amendment guarantees, "In Suits at common law, where the

value in controversy shall exceed twenty dollars, the right of a trial by jury shall be

preserved, and no fact tried by a jury, shall otherwise re-examined in any Court of the United

States, than according to the rules of the common law."

180.    That, during an unlawful court proceeding on November 18, 2022, in the Salina

Town Court, Defendant Paul G. Carey, against my objection, and non consent, commenced a

BENCH TRIAL, instead of calling for a Jury.

**AS AND FOR A NINTH CAUSE OF ACTION**
**VIOLATION OF THE FOURTH AMENDMENT**
**MALICIOUS PROSECUTION**
**42 U.S.C. 1983**

181.   That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

182.   That, on the above stated dates, Defendant(s) Watson, Ryan, Elsenbeck, Lynch, Nerber, Williams, Hudson, LaSorsa and Carey, acted with malice in the wrongful, unjustifiable, and unlawful prosecution of the Plaintiff, as carried out without probable cause, nor reasonable suspicion of a crime, without plaintiff's consent, while under duress and threat of violence.

**AS AND FOR A TENTH CAUSE OF ACTION**
**MUNICIPAL "MONELL" LIABILITY**
**42 U.S.C. 1983**

183.   That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

184.   That, Defendants VILLAGE OF SOLVAY, SOLVAY POLICE DEPARTMENT, TOWN OF SALINA, ONONDAGA COUNTY OFFICE OF DISTRICT ATTORNEY, and COUNTY OF ONONDAGA, had in effect actual and/or de facto policies, practices, customs, and usages that caused the Plaintiff to be deprived of his rights or were deliberately indifferent toward the existence of such actual and/or de facto policies, practices, customs, and usages that were unconstitutional, causing the Plaintiff to be deprived of his constitutionally protected rights.

185.   That, Defendant(s) VILLAGE OF SOLVAY, SOLVAY POLICE DEPARTMENT, TOWN OF SALINA, ONONDAGA COUNTY OFFICE OF DISTRICT ATTORNEY and COUNTY OF ONONDAGA, acting through their employees, agents,

servants, and representatives, including, but not limited to defendant Derek Baichi, defendant

Kara A. LaSorsa, defendant Derek Osbeck, defendant Matthew W. Ryan, defendant Nicholas

Elsenbeck, defendant Hunter Nerber, defendant Joseph Hardy, defendant Megan Cavaliere,

defendant Nick Paro, defendant Mark A. Watson, defendant Paul G. Carey, defendant John

Lyons, defendant Mike Quigley, defendant, B. Lynch, defendant, defendant Ryan McMahon,

defendant Alphonse Williams, defendant Jed Hudson, defendant Jeffery D. Albert and

defendant William Fitzpatrick, had in effect actual and/or de facto policies, practices,

customs, and usages which were a direct and proximate cause of the unconstitutional conduct

alleged herein and caused the Plaintiff to be deprived of his constitutionally protected rights.

186.    That, Defendant(s) VILLAGE OF SOLVAY, SOLVAY POLICE

DEPARTMENT, TOWN OF SALINA, COUNTY OF ONONDAGA, and ONONDAGA

COUNTY OFFICE OF DISTRICT ATTORNEY, acting through their employees, agents,

servants, and representatives, had in effect actual and/or de facto policies, practices, customs,

and usages of failing to require its employees, agents, and servants including, but not limited

to defendant Derek Baichi, defendant Kara A. LaSorsa, defendant Derek Osbeck, defendant

Matthew W. Ryan, defendant Nicholas Elsenbeck, defendant Hunter Nerber, defendant

Joseph Hardy, defendant Megan Cavaliere, defendant Nick Paro, defendant Mark A. Watson,

defendant Paul G. Carey, defendant John Lyons, defendant Mike Quigley, defendant, B.

Lynch, defendant Ryan McMahon, defendant Alphonse Williams, defendant Jed Hudson,

defendant Jeffery D. Albert and defendant William Fitzpatrick, to comply with the rules and

regulations of the VILLAGE OF SOLVAY, SOLVAY POLICE DEPARTMENT, TOWN

OF SALINA, COUNTY OF ONONDAGA, and ONONDAGA COUNTY OFFICE OF

DISCTICT ATTORNEY, while also failing to require compliance with the United States

Constitution, the New York State Constitution and the laws of the United States and the State of New York.

187.    That, Plaintiff complained of the herein described unconstitutional, unlawful, tortious, and otherwise improper conduct of VILLAGE OF SOLVAY employee Megan Cavaliere, and SOLVAY POLICE DEPARTMENT employees, to Defendant Mayor of Solvay, Derek Baichi, notifying him his Village employees and contracted protection service SOLVAY POLICE DEPARTMENT are damaging Plaintiff, causing him harm.

188.    That, Plaintiff complained of the herein described unconstitutional, unlawful, tortious, and otherwise improper conduct of Defendant Paul G. Carey that had been occurring in Salina Town Court, to the defendant(s) Town of Salina Supervisor Nick Paro, Onondaga County Executive Ryan McMahon, and Onondaga County District Attorney William Fitzpatrick, as well as complaining to non defendant, New York State Attorney General Letitia James, and the New York State Commission On Judicial Conduct, so as to allow the Defendant(s), TOWN OF SALINA, COUNTY OF ONONDAGA and ONONDAGA COUNTY OFFICE OF DISTRICT ATTORNEY to take such action as was necessary and proper to prevent the unconstitutional, unlawful, tortious, and otherwise improper conduct complained of, described above.

189.    That, the Defendants Derek Baichi, VILLAGE OF SOLVAY, Nick Paro, TOWN OF SALINA, Ryan McMahon, COUNTY OF ONONDAGA, William Fitzpatrick and ONONDAGA COUNTY OFFICE OF DISTRICT ATTORNEY, failed to take such actions as was necessary and proper to prevent the unconstitutional, unlawful, tortious, and otherwise improper conduct complained of, as described above.

190.    That, the failure of the Defendants Derek Baichi, VILLAGE OF SOLVAY, Derek Osbeck, SOLVAY POLICE DEPARTMENT, Nick Paro, TOWN OF SALINA, Ryan

McMahon, COUNTY OF ONONDAGA, William Fitzpatrick and ONONDAGA COUNTY

OFFICE OF DISTRICT ATTORNEY to prevent the unconstitutional, unlawful, tortious, and

otherwise improper conduct complained of above, was due to actual and/or de facto policies,

practices, customs, and usages or was due to deliberate indifference towards the existence of

such actual and/or de facto policies, practices, customs, and usages, and as a result, the

Plaintiff was deprived of his constitutionally protected rights.

191.    That, the aforementioned actual and/or de facto policies, practices, customs, and

usages of Defendants VILLAGE OF SOLVAY, SOLVAY POLICE DEPARTMENT,

TOWN OF SALINA, COUNTY OF ONONDAGA and ONONDAGA COUNTY OFFICE

OF DISTRICT ATTORNEY include, but are not limited to unlawfully stopping vehicles,

seizing persons, seizing property, arresting persons without reasonable suspicion, probable

cause, or lawful justification; misrepresenting or falsifying evidence; discouraging sheriff

deputies and employees of the Office of the Sheriff from filing police reports of corrupt

governmental employees; and using excessive force, without reasonable suspicion, probable

cause or lawful justification, violating my right to a speedy trial, and violating my right to a

Jury, does nothing more than to encourage said misconduct, while exhibiting deliberate

indifference towards the constitutionally protected rights of the Plaintiff.

192.    That, pursuant to the actual and/or de facto policies, practices, customs, and

usages, the employees, representatives and/or agents of the Defendant(s) failed to intervene

in or report Defendant's violations of Plaintiff's rights, and violations of the United States

Constitution, the New York State Constitution, and the laws of the United States and the

State of New York.

193.    That, the aforementioned actual and/or de facto policies, practices, customs, and

usages under the pretense and color of state law, were a direct and proximate cause of the

unconstitutional conduct alleged herein and caused the Plaintiff to be deprived of his constitutionally protected rights.

194.    That, the Defendant(s) deprived the Plaintiff of his rights, and immunities guaranteed and secured by the First, Fourth, Sixth, Seventh and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York, including, but not limited to Plaintiff's right(s): to free speech, to petition the court, to be secure in his person, be free from unreasonable searches and seizures, to a speedy trial, to be free from malicious prosecution, right to a Jury, and to proceed without deprivation of his right to life, liberty, and due process of law.

195.    That, Defendant corporation(s), VILLAGE OF SOLVAY, SOLVAY POLICE DEPARTMENT, TOWN OF SALINA, ONONDAGA COUNTY OFFICE OF DISTRICT ATTORNEY and COUNTY OF ONONDAGA, are violating their corporate charters, by and without recourse, allowing their employees to commit crimes against Plaintiff.

196.    That, plaintiff sustained damages solely and wholly as a result of the aforesaid action of the Defendant(s).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment be awarded in his favor as follows:

a.    For a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 declaring that Defendant(s) have violated Plaintiffs' rights, privileges and immunities under the First, Fourth, Sixth, Seventh and Fourteenth Amendments to the United States Constitution;

b.    For an injunction, ordering the immediate release of Plaintiff's private property, a 2008 Honda Accord used automobile, including all its contents and vanity PR1V4T3 plate;

35

c. For an injunction, restricting local Police, county Sheriff's and NYS Troopers from arresting peaceful Plaintiff while exercising his Right to travel;

d. For a declaratory judgment, vacating Paul G. Carey's judgment, RE: Eviction case #21090190, ordering payment of $71,250 to George Azzolino;

e. For an declaratory judgment, vacating convictions of four (4) guilty verdict(s), confirming VOID Judgment, RICHARD L SPOSATO, RE: case #17-506472, ;

f. For reinstatement of the New York State Drivers license issued to RICHARD L SPOSATO.

g. For a preliminary and permanent injunction, pursuant to 28 U.S.C. § 1651(a), 42 U.S.C. § 1983, Rule 65 of the Federal Rules of Civil Procedure, and Local Rule 65.1 granting Plaintiff relief from Defendant Paul G. Carey's ongoing, unbounded abuse of my due process rights and enjoining him from being involved in any manner, in any civil or criminal actions against Plaintiff;

h. First CAUSE OF ACTION in the sum of One Hundred Fifteen Million, Eight Hundred Eighty Thousand Dollars and Zero Cents ($115,880,000.00) USD;

i. Second CAUSE OF ACTION in the sum of Thirty Six Million, Four Thousand Dollars and Zero Cents ($36,004,000.00) USD;

j. Third CAUSE OF ACTION in the sum of One Hundred Fifty Million, Two Hundred Eighty Thousand Dollars and Zero Cents ($150,280,000.00) USD;

k. Fourth CAUSE OF ACTION in the sum of Twenty Four Million, Three Hundred Thirty Five Thousand Dollars and Zero Cents ($24,335,000.00 USD;

l. Fifth CAUSE OF ACTION in the sum of Twenty Million Dollars and Zero Cents ($20,000,000.00) USD;

m.   Sixth CAUSE OF ACTION in the sum of Five Million, Eight Hundred Thousand Dollars and Zero Cents ($5,800,000.00) USD;

n.   Seventh CAUSE OF ACTION in the sum of Twelve Million Dollars and Zero Cents ($12,000,000.00) USD;

o.   Eighth CAUSE OF ACTION in the sum of One Million Dollars and Zero Cents ($1,000,000.00) USD;

p.   Ninth CAUSE OF ACTION in the sum of Twenty One Million Dollars and Zero Cents ($21,000,000.00) USD;

q.   Tenth CAUSE OF ACTION in the sum of Three Hundred Eighty Five Million, Two Hundred Ninety Nine Thousand Dollars and Zero Cents ($385,299,000.00) USD;

r.   Punitive damages, @ 5x compensatory, in the sum of One Billion, Nine Hundred Thirty One Million, Four Hundred Ninety Five Thousand Dollars and Zero Cents ($1,931,495,000.00) USD;

s.   For an award of Plaintiff's attorney fees, costs, and disbursements;

t.   For such other relief as the Court deems equitable, just, and proper.


March 23, 2023

By: _Richard Sposato_____

Richard Sposato
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
E-mail: richie@nusoundmusic.com
Telephone: 315-412-1776