UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Richard Sposato, | ) | |
| | ) | Civil Case No.: 5:23-cv-364 |
| Plaintiff, | ) | (Judges Initials) TJM / ATB |
| | ) | |
| v. | ) | |
| | ) | |
| Paul G. Carey, individually and in his official capacity, | ) | Amended Complaint |
| Jed Hudson, individually and in his official capacity, | ) | |
| John Lyons, individually and in his official capacity, | ) | |
| Mike Quigley, individually and in his official capacity, | ) | **DEMAND TRIAL BY JURY** |
| Mark A. Watson, individually and in his official | ) | |
| individually and in her official capacity, Matthew W. | ) | |
| Ryan, individually and in his official capacity, Nicholas | ) | |
| Elsenbeck, individually and in his official capacity, | ) | |
| Hunter Nerber, individually and in his official capacity, | ) | |
| Megan Cavaliere, individually and in her official | ) | |
| capacity, Derek J. Czerow, individually and in his | ) | |
| official capacity, Joseph Hardy, individually and in his | ) | |
| official capacity, VILLAGE OF SOLVAY, B. Lynch, | ) | |
| individually and in his official capacity, Alphonse | ) | |
| Williams, individually and in his official capacity, | ) | |
| Jeffrey D. Albert, individually and in his official | ) | |
| capacity, COUNTY OF ONONDAGA, Mark F. | ) | |
| Schroeder, individually and in his official capacity, | ) | |
| and NEW YORK STATE DEPARTMENT OF | ) | |
| MOTOR VEHICLES, | ) | |
| | ) | |
| Defendant(s). | ) | |


U.S. DISTRICT COURT - N.D. OF N.Y.
F I L E D
APR 2 5 2023
AT_____ O'CLOCK_____
John M. Domurad. Clerk - Syracuse

Plaintiff, Richard Sposato, brings forth the following causes of action and alleges the

following:

**JURISDICITON AND VENUE**

1

as 42 U.S.C. § 1983. This Court also has jurisdiction over this action, pursuant to 28 U.S.C. § 1343(a)(3), a civil action for deprivation of rights secured by the Constitution of the United States, (see Hagans v. Lavine, 415 U.S. 528 (1974)), and (4), To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the defendants reside in and performs their official duties in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. In the alternative, to the extent 28 U.S.C. § 1391(b)(1) is not applicable, venue is proper in accordance with 28 U.S.C.§ 1391(b)(2).

## THE PARTIES

3. Plaintiff, Richard Sposato, the living, breathing, man, retaining all unalienable God given, Constitutionally protected rights, with a mailing address, c/o 510 N. Orchard Rd., Solvay, New York [13209].

4. That, upon information and belief, defendant, Paul G. Carey is acting as a Town of Salina judge, an individual and taxpayer, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

5. That, upon information and belief, defendant, Jed Hudson, is an Onondaga County Assistant District Attorney, an individual and taxpayer, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

2

6. That, upon information and belief, defendant, John Lyons, is a bailiff for the Town of Salina, an individual and taxpayer, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

7. That, upon information and belief, defendant, Mike Quigley, is a bailiff for the Town of Salina, an individual and taxpayer, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

8. That, upon information and belief, defendant, Mark A. Watson, is a New York State Trooper, an individual and taxpayer, with a business mailing address, 101 N. Constellation Way, N. Syracuse, New York 13212. Defendant is being sued in his individual and official capacities.

9. That, upon information and belief, defendant, TOWN OF SALINA is a government agency and a corporation, with a business mailing address, 201 School Rd., Liverpool, NY, 13088.

10. That, upon information and belief, defendant, Kara A. LaSorsa, is Village of Solvay acting judge, an individual and taxpayer, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209. Defendant is being sued in her individual and official capacities.

11. That, upon information and belief, defendant, Matthew W. Ryan, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

12. That, upon information and belief, defendant, Nicholas Elsenbeck, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507

Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

13.     That, upon information and belief, defendant, Hunter Nerber, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

14.     That, upon information and belief, defendant, Megan Cavaliere, is a Village of Solvay employee, clerk or assistant clerk of the court, an individual and taxpayer, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209. Defendant is being sued in her individual and official capacities.

15.     That, upon information and belief, defendant, Derek John Czerow, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

16.     That, upon information and belief, defendant, Joseph Hardy, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

17.     That, upon information and belief, defendant, VILLAGE OF SOLVAY, is a government agency and a corporation, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209.

18.     That, upon information and belief, defendant, B. Lynch, is an Onondaga County Sheriff, badge #2864, an individual and taxpayer, with a business mailing address, 407 S.

State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

19.     That, upon information and belief, defendant, Alphonse Williams, is an Onondaga County Assistant District Attorney, an individual and taxpayer, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

20.     That, upon information and belief, defendant, Jeffrey D. Albert, is an Onondaga County Assistant District Attorney, an individual and taxpayer, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

21.     That, upon information and belief, defendant, COUNTY OF ONONDAGA, is a government agency and a corporation, with a business mailing address, John H. Mulroy Civic Center, 14th Floor, Syracuse, NY 13202.

22.     That, upon information and belief, defendant, Mark F. Schroeder, is the Commissioner of Motor Vehicles, an individual and taxpayer, with a business mailing address, 6 Empire Plaza, Albany, NY 12228.

23.     That, upon information and belief, defendant, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, is a government agency and a corporation, with a business mailing address, 6 Empire Plaza, Albany, NY 12228.

## FACTS

24.     That, I, Plaintiff Richard Sposato, the living breathing man, retaining all unalienable God given, Constitutionally protected rights, not the legal fiction, commercial entity, cestui que trust identified as RICHARD L SPOSATO (# withheld for confidentiality),

states he is a freedom and fun loving entrepreneur, born and raised on Onondaga County, former professional bowler inducted on the Syracuse bowlers Hall of Fame, who created the most technically advance bowling ball on earth, called the Buzzsaw, under the brand name Lane #1, which is world renown.

25. That, Plaintiff, traveled the world promoting his product, moving to Paris, France to do business for 7 months running a pro shop, traveling to many European countries bowling tournaments along the way, loving life, so much so, Plaintiff met a young lady in the Netherlands and got married there, before coming back to his home and newfound wife to carry on his enjoyment of creating new products from his ideas, to further his business endeavors.

26. That, Plaintiff, while enjoying his Constitutionally protected freedoms, supporting his love of helping others, spending his money locally with mom and pop businesses, going out to eat at local restaurants, then enjoying the incredible live music scene we have right here in town for everyone's entertainment, when suddenly, in his hometown, after a night out helping out friends, traveling to mom's house, minding his own business, was attacked out of nowhere, at roughly 2:20 am, arrested in his mom's driveway, by a Solvay Police officer Berg, interrogated without probable cause and handed 9 tickets, 2 of which were labeled with some form of DWI.

27. That, after a lengthy, drawn out case, in the middle of me remodeling the form nightclub named Jolly Roger and Mac's Bad Art Bar live music venue, in Mattydale, the town of Salina, starting a new business venture, where I was railroaded into having a public defender assigned to me and further trial on August 23, 2018, I was found guilty of 4 charges, including the higher one of DWI, after I was found not guilty of the lessor one of

being .08 BAC, all without jurisdiction to do so, and as such, the charges and/or judgment is VOID, as explained below, with EXHIBITS as fact.

28.     That, after sentencing on November 8, 2018, Mark Schroeder, Commissioner of the New York State Motor Vehicle Department, revoked the driver's license issued to RICHARD L SPOSATO (see EXHIBIT 0.10), sentenced to 6 months in County jail, while spending a shortened 4 months of cruel and unusual punishment in jail, released early on good behavior at Onondaga County Penitentiary, in Jamesville, NY, for a crime Plaintiff didn't commit, as evidenced below in the definition of a "motor vehicle", thus lacking the necessary subject matter jurisdiction by law to proceed, and as such, all judgments therefore are VOID, ab initio (see EXHIBIT 0.11), all of which was cruel and unusual punishment, crippling Plaintiff of his LIFE, reputation, business endeavors and property, for Plaintiff's action which caused ZERO (emphasis added in caps) damage or injury to ANY person or property.

29.     That, Plaintiff, after doing much research, found the Federal definition of a "motor vehicle" to be: (see EXHIBIT 0.50, pg. 3)

> 18 U.S. Code § 31 - Definitions (6) Motor vehicle - "every description of carriage or other contrivance propelled or drawn by mechanical power AND used for commercial purposes".

30.     That, further research shows, New York State Laws also state the definition of "motor vehicle" to be: (see EXHIBIT 0.50, pg. 4)

> TRA - Transportation, Article 1 § 2 Definitions - 18. "Motor Vehicle" means a vehicle, machine, bus, tractor, truck trailer or semi-trailer, propelled or drawn by mechanical power and used upon the highways in the "transportation" (commercial activity) of property or passengers.

(therefore, the term "motor vehicle" is something used in commerce, as the word "transportation" refers to commercial activity, and as such, New York State's definition of the term "motor vehicle", falls directly in line with the Federal definition of a "motor vehicle", as something being used for commercial purposes.)

31. That, in U.S. Code, title 49 - U.S. Department of Transportation, which is the regulation of "Commerce", thus all definitions pertain to commerce, i.e. definition of a "driver" is found at : (see EXHIBIT 0.50, pg. 8)

49 CFR § 390.5 "Driver" means any "person" who "operates" any commercial "motor vehicle".

(all "motor vehicles" are commercial, the Federal definition of "operator" is (see driver), again relating to commerce.)

32. That, I also found in the New York Consolidated Laws, Vehicle and Traffic Law - VAT § 516, known as the Driver license compact, was enacted into law and entered into with all other jurisdictions joining therein in the form substantially as follows: (see EXHIBIT 0.50, pg. 2)

DRIVER LICENSE COMPACT ARTICLE 1 FINDINGS AND DECLARATIOIN OF POLICY (a) The party states find that: (1) The safety of their streets and highways is materially affected by the degree of compliance with state and local laws and ordinances relating to the "operation" of "motor vehicles".

(hence, it is referring to some type of vehicle "used for commercial purposes")

ARTICLES OF DEFINITION
As used in this compact:
(a) "State" means a state, territory or possession of the United States, as well as the District of Columbia.

(which means New York State is part of the United States, thus, Federal laws, rules and definitions take precedence to words or phrases, such as - "motor vehicle", "driver", "operate", "operator", "commerce", "traffic", "transportation". )

33.    That, I, also found researching in U.S. Code > Title 49 > Subtitle IV > Part B > chapter 131 > § 13102 - Definitions state: (see EXHIBIT 0.50, pg. 7)

(11) "the term household goods freight forwarder" means a freight forwarder of one or more of the following items: household goods, unaccompanied baggage, or "used automobile".

(therefore, a used automobile is nothing more than a household good, and as such, is not required to be licensed for possession, nor do any government regulations restrict the movement, as the U.S. government will gladly ship one privately owned automobile overseas for a serviceman.)

34.    That, in U.S. Code > Title 49 > Subtitle VI > Part B > Chapter 313 > § 13101 - Definitions states:

(2) "commerce" means trade, traffic, and transportation.

(therefore, it's highly plausible for any reasonable man or woman to conclude that a "traffic" violation pertains to functioning in a commercial activity. Hence having reasonably concluded traffic violations pertain to commerce, if one is not participating in a commercial activity, one cannot commit a "traffic" violation, as you would be outside the jurisdiction of commerce and/or the limited jurisdiction of the police, with regards to the regulation of trade, "traffic" and/or commerce on the public

passageways/highways, all of which a "drivers license" IS
REQUIRED (emphasis added).)

35.     That, I also found in the New York Consolidated Laws, Vehicle and Traffic Law -

VAT § 501, there are basically five different classes of drivers licenses for adults and any

such license shall be valid ONLY (emphasis added) for the operation of the type of vehicle

specified for each class of license, namely, the five classes being class A, class B, class C,

class D and class E. (see EXHIBIT 0.50, pg. 5)

36.     That, the New York State DMV class A, class B, class C and class E type

licenses, listed in NYS VAT § 501 (see EXHIBIT 0.50 pg. 5), are all considered a

commercial type of license, with each of these classes using the term "motor vehicle" in their

description, as what is to be considered a valid vehicle to be "operated" under such class of

license, which absolutely makes perfect sense, seeing that the term "motor vehicle' refers to

"commercial use", falling directly in line as federally defined, in 18 U.S. Code § 31 -

Definitions as outlined above, and further stating nowhere in its description, a class D license

permits a person to "operate" a "motor vehicle", as federally defined, as it only states a

person may "operate" a "passenger" or "limited use", "automobile".

37.     That, it is very peculiar for the class D license description to not have any mention

the term "motor vehicle", in the description found in NYS VAT § 501, stating what type of

vehicle is permitted to be used with a class D license, but instead uses the terms "passenger"

or limited use "automobile", which again, makes absolute perfect sense, falling directly in

line with the Federal definition of the term "motor vehicle", which is for commercial

purposes, and as such, seeing as though the class D license is a NON-COMMERCIAL

(emphasis added) license, the "motor vehicle" terminology is conveniently and correctly left out of the class D license description.

38.     That, after much research, I've concluded, as would any reasonably prudent man or woman conclude based on the facts, my used automobile, specifically a 2008 Honda Accord EX-L, not being used for commercial purposes, is NOT considered a "motor vehicle".

39.     That, to further confirm my research, finding that my 2008 Honda Accord EX-L used automobile is NOT a "motor vehicle", I asked the New York State Department of Motor Vehicles a question on online, dated 7/3/20, "is an individual with a class D license permitted to operate a motor vehicle", to which I received a reply on 7/27/20 stating, "Yes. As long as they are companied by a licensed driver". (see EXHIBIT 0.50, pg. 6)

40.     That, you and I, knowing we all can ride around town in our used automobile by ourselves, unaccompanied by any other person, going about our daily activities, not using it for commercial purposes, absolutely confirms the notion our everyday car/used automobile must NOT be a "motor vehicle".

41.     That, per New York State Vehicle and Traffic Law - VAT § 401, pertaining to the registration of Motor Vehicles, states: (see EXHIBIT 0.50. pg.9)

> 1. Registration by owners. a. No "motor vehicle" shall be "operated" or "driven" upon the public highways of this state without first being registered in accordance with the provisions of this article, except otherwise expressly provided in this chapter.

As stated, only "motor vehicles", "operated" or "driven" upon the public highways, must be registered, therefore, my 2008 Honda Accord, "used automobile" and everyone else's used automobile, not being used for commercial purposes, need NOT (emphasis added)

be registered with the New York State Department of Motor Vehicles, same goes for the need of insurance, as the term "motor vehicle" doesn't apply to how the contrivance, propelled or drawn by mechanical power is produced, i.e. with a motor, it goes by the "use" of the vehicle, which is why for registration purposes in the New York State definition of Motor Vehicles, found in New York Consolidated Laws, Vehicle and Traffic Law - VAT § 125 & 311 states, "for the purposes of title four of this chapter (§ 401 pertaining to registration) the term motor vehicle shall exclude fire and police vehicles", as they are not being used for commercial purposes (see EXHIBIT 0.50, pg. 10), even though they do contain a motor for propulsion.

42.    That, having said all that, it's incorrect for ANY (emphasis added) police officer to assume mine or anyone else's car, used automobile, or whatever you want to call it (I like to call it a mechanical horse), is a "motor vehicle", just because it has a motor for propulsion.

43.    That, having concluded what a "motor vehicle" is defined to be, which isn't your everyday used automobile, not being used for commercial purposes, now means, every local police officer, county Sheriff and/or State Trooper is improperly trained and/or trained with "deliberate indifference to the rights of the people whom they unlawfully come in contact with on the highways each and every day when exercising their Constitutionally protected right to travel upon the public passageways/highways", and as such, unlawfully and WITHOUT JURISDICTION (emphasis added) inflict much harm, damage and pain upon those same people, by unlawfully arresting, detaining, issuing unlawful traffic tickets, and further potentially having a non necessary for traveling State issued "drivers license" taken away from the free People where all power reigns, and to whom, many of which these same Police are hired to protect, are committing crimes against the free People of this and every

other State, like NAZI's, just because of the People exercising their Constitutionally protected rights, which include the right to freely travel.

44.     That, aforementioned above, is the reason why I travel with a vanity plate marked PR1V4T3, DOT EXEMPT, FOR NOON COMMERCIAL USE ONLY, so as in order to remove any reasonable suspicion of the Police on the highways, of me committing a traffic violation and/or somehow thought of being a "driver" or a "person" who "operates" or is "operating" a "motor vehicle" in violation of New York Vehicle and Traffic Laws, all of which quoted terms above pertain to commercial activity, which I am not involved with and as such, not "operating" a "motor vehicle", nor lawfully subject to the jurisdiction thereof, and/or the requirement of State issued plates, licenses and the like rules, statutes and codes that pertain to "motor vehicles" and/or commercial activity upon the public highways, enumerated throughout the New York State Department of Transportation code and/or New York State Vehicle and Traffic Law.

45.     That, I, when traveling freely throughout the day in my used automobile, not being used for commercial purposes, enjoying the pleasures of this Earth, in which God created for all to enjoy, endowing upon us these unalienable, Constitutionally protected rights to live as free men and women, I most certainly follow all laws that apply to me while going about my daily life, trying to bring peace and joy to all my fellow inhabitants of our mother Earth.

46.     That, unfortunately for some odd reason, the employees of New York State that are supposedly hired by the People, to protect them from criminals who do damage to and/or their property, seem to have a problem with me exercising my God given, unalienable rights and freedoms, which are Constitutionally protected, in this land of the Free, called the United

States of America, to which an Oath was sworn to protect these rights when getting hired, on land where I was born and can't understand why they're arresting my Constitutionally protected God given rights pertaining to the exercise of my Freedom of travel, but instead, are actually arresting my rights, causing harm, inflicting as much damage to me as humanly possible like a terrorist, with much of the damage, but not all, enumerated in this complaint.

47.     That, on December 17, 2020, with my New York State DMV confirmed, newfound knowledge of my everyday used automobile NOT being a "motor vehicle", I sent Mark F. Schroeder, the Commissioner of New York State Department of Motor Vehicles, Solvay Police Chief at the time Allen Wood, Onondaga County DA William Fitzpatrick, Onondaga County Sheriff at the time Eugene Conway and Keith M. Corlett, Superintendent of New York State Police, a commercial Affidavit contract, Demanding proof of their Lawful Authority and Jurisdiction, for any Solvay Police officer, Onondaga County Sheriff and NYS Trooper to stop, detain and arrest People, individuals or persons, for sitting behind the wheel, steering, while moving or not, traveling in, or using an owned, or rental version of a passenger, personal or limited use automobile, while holding, using and/or being licensed with a NYS class D drivers license, or not holding, being unlicensed and/or without said, NYS class D drivers license, under the guise of said People, individuals or persons "operating" a "motor vehicle", giving said above individuals the opportunity within (30) thirty days, to rebut the stated claims therein. (see EXHIBITS 1.10 - 1.14)

48.     That, on March 18, 2021, a Notice of Default was sent by me, to the same individuals listed above, stating that due to their acquiescence and/or failure to rebut, or object to the stated facts therein, the courts are authorized to find the facts in the above stated commercial Affidavit of Truth contract, dated December 17, 2020, to be as presented,

namely that the parties mentioned therein, which facts therein flowing down to their employees as well, do not have any lawful authority, nor jurisdiction, with regards to my peaceful self, going about my daily life as I see fit, with regards to my unalienable God given rights, shared with us in the Declaration of Independence, protected by the Bill of Rights, the U.S. Constitution, as well as the Constitution of the State of New York, including, but not limited to my God given, unalienable right to life, liberty, and property, in the pursuit of happiness. (see EXHIBITS 1.20 - 1.24)

49.    That, I live my life in accordance with the principals and laws of nature, endowed upon us by God, our creator, outlined in the 10 Commandments, causing no harm to my fellow (wo)man, with these Truths eloquently written in the Declaration of Independence, which states:

> "that all Men are created equal, that they are endowed by
> their Creator with certain unalienable Rights, that among
> these are Life, Liberty, and the Pursuit of Happiness—;
> That to secure these Rights, Governments are instituted
> among Men, deriving their just Powers from the Consent of
> the Governed, that whenever any Form of Government
> becomes destructive of these Ends, it is the Right of the
> People to alter or to abolish it, and to institute new
> Government, laying its Foundation on such Principles, and
> organizing its Powers in such Form, as to them shall seem
> most likely to effect their Safety and Happiness."

50.    That, on April 7, 2021, I sent via USPS, return receipt a commercial Affidavit (contract offer), Demand For Lawful Authority/Jurisdiction, Notice of Lawful Traveler to then Solvay Police Chief Allen Wood, New York State Police Superintendent Kevin P. Bruen, New York State Police Deputy Superintendent Steven Negrilli, New York State Sheriff's Association Commissioner Jeffrey Murphy, and Onondaga County Sheriff Eugene Conway, stating I'm a Lawful Traveler, not needing a New York State drivers license to

travel on the public passageways in my private property, used automobile, not using it for commercial purposes, with a subsequent Notice of Default sent to all of the above named herein on June 2, 2021, stating that due to their acquiescence and/or failure to rebut, or object to the claims stated in the April 7, 2021 commercial Affidavit (contract offer) Notice of Lawful Traveler, the parties named therein, waived their opportunity to rebut and/or object to the stated claims therein, claiming I, the Plaintiff herein lawful traveler, need not a State issued drivers license to travel upon the public passageways, in my used automobile, not being used for commercial purposes, which ultimately, went unanswered within the allotted timeframe to respond. (see EXHIBITS 2.10 - 2.14)

51. That, on Friday, May 28th, 2021, at about 7:10 pm., I was exercising my lawful, Constitutionally protected right to travel upon the public passageways, without the need for a state issued license, in my private used automobile, not registered with the State of New York, or any State for that matter, with a vanity plate on the back of my "used automobile", labeled "PR1V4T3, DOT EXEMPT, FOR NON COMMERCIAL USE ONLY", notifying any potential police officers that my private, used automobile is not within their limited scope of jurisdiction pertaining only to "motor vehicles", i.e. a self propelled vehicle that is being used for commercial purposes, signifying the used automobile I'm riding around in is NOT being used for commercial purposes, thus NOT (emphasis added) a "motor vehicle", which should be enough notice to deter highway police from presuming otherwise.

52. That, after seeing emergency lights flashing on the police vehicle behind me, which an emergency is required by New York State law to deploy such lights (see NYS VAT § 375.41.2) and with no emergency occurring, thus a violation of State code by the New York State Trooper following me, later to be known as defendant Mark A. Watson, after

finding a safe place, I pulled over, parked into a privately owned parking lot and at that

moment, my lawful Right to travel freely upon the public passageways, was arrested by

defendant Watson, presumably for "operating" a "motor vehicle" in violation of New York

State Vehicle and Traffic Laws, but in FACT, I was NOT operating a "motor vehicle" (as

described and defined above), thus Plaintiff was arrested WITHOUT JURISDICTION

(emphasis added), nor lawful authority with regards to this peaceful, law abiding man,

exercising his Constitutionally protected rights, previously confirmed via unrebutted

commercial affidavit contract sent to his boss, subsequently and further confirmed via the

unrebutted, commercial affidavit contract sent by Plaintiff, to defendant Watson.

53.     That, defendant Watson, exited his police vehicle walking up to my window,

asking for my driver's license, registration, etc., which I replied I didn't have any such

documents, as they are NOT required of me by law to travel upon the public passageways in

my used automobile, going about my non commercial, daily activities.

54.     That, after a couple minutes, a few other Troopers appeared on the scene, with

one of them snooping around my car, looking for stuff, as Plaintiff was being questioned by

defendant Watson.

55.     That, shortly thereafter, I was told by defendant Watson, without him having

jurisdiction, nor lawful authority with regards to my peaceful, law abiding self in the

situation at hand, as well as me NOT operating a "motor vehicle" (as described and defined

above), Plaintiff was under arrest for obstruction of governmental administration and ordered

to get out of my car, at which time, defendant Watson put handcuffs on me, forced me into

his patrol car, taken to the Trooper Station for processing, and was informed my private

property, household goods, used automobile was being towed, unlawfully and without jurisdiction, with regards to me and the issue at hand.

56.     That, after being kidnapped and taken away for further processing of my arrest, I was handed 8 tickets, one with notice on the UNIFORM APPEARANCE TICKET to appear in Syracuse City Court on June 16, 2021, at 9:30 am, as well as (7) seven unlawfully issued, due to me NOT operating a "motor vehicle" (described above), New York State Department of Motor Vehicles UNIFORM TRAFFIC TICKET'S, with an appearance date at the Salina Town Court on June 30th, 2021 at 5:00 pm.. (see EXHIBIT 3.00)

57.     That, all this peaceful, law abiding Citizen did, was traveling back to his mom's house, in the geographical location known as the County of Onondaga where I grew up and graduated high school, in the geographical location known as Solvay, New York, after an unassuming work day, connecting with business associate friends, minding my own business, and to have this happen in the Country called America, land of the Free, is a despicable, hijacking of our Constitutionally protected God given, unalienable Rights.

58.     That, during processing, I was also informed by defendant Watson my car was being towed by Car Magic, from the private property it was parked on, adding cruel and unusual punishment to the nature of my crime, which was no crime, NO INJURY (emphasis added) to anyone, yet my "legs" for travel so to speak, were cut out from under me, crippling me in my work and from my Constitutionally protected Right to free movement.

59.     That, who's the criminal here, causing damage to society, certainly not me.

60.     That, on or about June 1, 2021, I paid roughly a $640 ransom fee to Car Magic, in order to get my car back, towed to my mom's house, located at 510 N. Orchard Rd., Solvay, New York 13209.

61.     That, on or about June 2, 2021, pertaining to Plaintiff's commercial affidavit (contract offers) sent out on April 7, 2021, Plaintiff further sent notices of default to then Solvay Police Chief Allen Wood, NYS Police Superintendent Kevin P. Bruen, NYS Police Deputy Superintendent Steven Negrilli, NYS Sheriff's Association President Jeffrey Murphy and then Onondaga County Sheriff Eugene Conway, stating that due to your non response, and/or failure to rebut, or object to the facts stated therein, via acquiescence, constitutes authorization for the courts to find the facts therein, to be as presented, namely me being a lawful traveler absent a state issued drivers license, registration and insurance. (see EXHIBITS 2.20 - 2.24)

62.     That, on or about June 2, 2021, I sent defendant Watson a commercial Affidavit (contract offer), Demand For Lawful Authority/Jurisdiction, giving Defendant a reasonable time to respond to prove his lawful authority and jurisdiction with regards to me, which there was no response, rebuttal, nor objection, or dispute as to the facts stated therein, therefore via acquiescence, said commercial affidavit contract constitutes authorization for the courts to find the facts therein, to be as presented . (see EXHIBIT 3.10)

63.     That, on June 16th, 2021, I showed up to Syracuse City Court at the appropriate time, but to my surprise, the court clerk stated they had no case for me on this date, so I left.

64.     That, on June 19th, 2021, around 2:15 am, again exercising my right to travel in my same 2008 Honda Accord EX-L, used automobile, a.k.a. "mechanical horse", not being used for commercial purposes, when again, emergency lights were seen flashing behind me, while I was traveling North on North Orchard Rd..

65.     That, I paid no attention to the Solvay police vehicle behind me with its emergency lights flashing (an emergency is required by New York State law to deploy such

lights (see NYS VAT § 375.41.2) and with no emergency occurring, thus a violation of State code by the Solvay Police), other than to allow the police vehicle to pass and after the police vehicle didn't pass, I pulled into my mom's driveway at 510 N. Orchard Rd., which the police car followed me into, pulling up and parking behind me in the driveway.

66.     That, after parking in my mom's driveway, I exited my car, unarmed (as always) and peacefully walked to the entrance of the house, located on the right hand side of the garage.

67.     That, I did not pay any attention to anything that was going on behind me, minding my own business, not hearing any orders to stop from arresting Solvay Police officer, defendant Matthew W. Ryan, when at the moment I put my hand on the door knob and opened the side door to the garage, I felt a bullet go into my back, thought to be a taser, with a wire attached to it.

68.     That, I grabbed the taser wire attached to the bullet shot into my back by defendant Ryan, and as I walked into the garage, broke it off from being attached to the bullet and proceeded to enter my mom's house, with the bullet still stuck in my back.

69.     That, after roughly 5 police cars arriving on the scene, like a street gang looking for trouble, with emergency lights flashing (no emergency taking place authorizing deployment of such emergency lights, as required by law), there was much commotion in the driveway, waking up my 84 yr. old mother from her sleep, disturbing the peace with officers pounding on the house like wild animals, yelling for me to come outside.

70.     That, after roughly 30 minutes of the disturbance of the peace by the enraged Solvay Police officers, I noticed a tow truck pull up and unlawfully tow my car away from

my mother's private property, which shortly thereafter, the enraged Solvay and possibly Town of Geddes as well, the enraged gang of Police finally left the scene.

71. That, all this peaceful, law abiding Citizen did, was travel back to my mom's house, the place I grew up, in the location I graduated high school from after an unassuming night out, connecting with business associates, traveling on a well lit highway with nobody else in sight, minding my own business, and to have this happen twice in the Country called the United states of America, land of the Free, is appalling to say the least.

72. That, and to top it off, warrant an unarmed, peaceful man being shot in the back, in which I could've been killed, due to falling and hitting my head on the cement, because I was exercising my Constitutionally protected Freedoms, holy Toledo Batman, something really wrong is going on here, with the Police acting like they're NAZI's stricken with "Roid Rage".

73. That, my 84 yr. old mother was a nervous wreck from all the commotion, who from that moment on, till this day, has what I'd call her emotional symptoms to be, PTSD, as she's now deathly afraid every time I go out at night.

74. That, after going to bed, trying to get some sleep, my phone started ringing from a restricted number, which I assumed was the Solvay police keeping me from getting sleep, suspicion confirmed correct when I answered the phone and told defendant Ryan in a roundabout way he was bothering and harassing me, and had no lawful authority & jurisdiction for his actions, with regards to me, concerning the issue at hand.

75. That, defendant Ryan stated on the phone, the reason I was being chased, after defendant Ryan pulled out from hiding behind a parked work van at Patrick's Dry Cleaners, like a hunter at night in a tree stand jacking deer, was all because he spotted me traveling

with my lights, inadvertently not being fully deployed (omg, call the cavalry and arrest this criminal), while traveling upon the well lit, public passageway, in my used automobile, not being used for commercial purposes, thus, NOT a "motor vehicle" (as described and defined above), devoid of other cars late at night, and as such, defendant Ryan had no probable cause of a crime, due to me NOT "operating a "motor vehicle" (described and defined above), as well as notification labeled on my vanity plate stating such, thus no lawful authority and jurisdiction to require me to stop and speak with defendant Ryan chasing me with emergency lights flashing, which is also a violation by defendant Ryan, because there was no emergency, which an emergency is required by New York State law to deploy such lights (see NYS VAT § 375.41.2).

76.     That, later that day, Saturday June 19th, defendant Ryan again called and told me to come in by the end of the weekend for processing, or else I could have a warrant out for my arrest, which was taken as a threat of intimidation by me.

77.     That, the next day, I peacefully went down to the SOLVAY POLICE DEPARTMENT, located 507 Charles Ave., Solvay, NY 13209, under duress, threat of violence and threat of violence if I didn't show up, to be unlawfully processed and fingerprinted for the 12 unlawful, void of jurisdiction as required by law traffic citations, dated June 19, 2021 in the Village of Solvay I then was handed, further unlawfully arresting my Constitutionally protected right to travel, due to me NOT (emphasis added) operating a "motor vehicle" (as describe and defined above), which included a court date to appear in Solvay Village Court on July 8, 2021, at 4:00 pm. (see EXHIBIT 4.00)

78.     That, on or about June 21, 2021, I paid a $450+ ransom fee to get my household goods, used automobile towed back to my mom's house.

79.     That, on June 22, 2021, I sent defendant Watson a default notice, stating he missed on his opportunity to rebut and/or object within the allotted timeframe, to the facts stated therein the June 2, 2021 commercial Affidavit (contract offer), demanding his lawful authority and jurisdiction, with regards to my peaceful self, which now is an admission, via acquiescence, under tacit contract, that defendant Watson has no lawful authority, nor jurisdiction with regards to me and my peaceful activities, enjoying my God given rights, Constitutionally protected by both the U.S. and State of New York Constitution. (see EXHIBIT 3.20)

80.     That, on June 23, 2021, I sent arresting officer, defendant Matt Ryan a commercial Affidavit (contract offer), demanding his Lawful Authority/Jurisdiction for his actions, which he did not respond, nor rebut or object the accusations/statements of fact, made therein. (see EXHIBIT 4.10)

81.     That, on June 30, 2021, Plaintiff went to the Salina Town Court to answer the unlawful, void of jurisdiction charges, stemming from May 28, 2021, which at that time, the courthouse was closed, due to Covid-19 protocols, Plaintiff submitted noticing Hon. Andrew Piraino, a commercial Affidavit contract, Rebuttal of Presumptions in Complaint, Rebuttal to the Presumption of all Traffic Charges, declaring All Charges Void for Lack of Jurisdiction, to the Bailiff who was standing at the entrance, which he then proceeded to give to the court clerk inside and within a few minutes, Plaintiff received back a date stamped June 30, 2021, copy of the affidavit contract, filed into the case with the court. (see EXHIBIT 5.10)

82.     That, after receiving my filed copies, Plaintiff was told to give them an email address, go  and wait to get on a zoom call, which I proceeded to do.

83. That, after getting notification of the call, Plaintiff took the call, which was by Town of Salina judge Andrew Piraino, to which he stated he was recusing himself, due to his affiliation with Plaintiff's family and to wait for notification of a new venue, date and time.

84. That, on June 30, 2021, the clock concerning Plaintiff's right to a speedy trial, if there was jurisdiction (which there wasn't), stemming from the supposed traffic violations issued on May 28, 2021, started ticking right then, as the adjournment/delay was not requested by the defendant in that unlawful case.

85. That, on or about July 1, 2021, Plaintiff received an unsigned letter from the Solvay Village Court, dated June 29, 2021, which technically is "unofficial", due to it being unsigned, thus having no power for Plaintiff to adhere, stating the pending matter in Solvay Justice Court has been adjourned until July 21, 2021. (see EXHIBIT 6.10)

86. That, on July 14, 2021, Plaintiff filed with the Solvay Court clerk, a commercial Affidavit of Truth (contract offer), dated July 2, 2021, Rebuttal of Presumptions in Complaint, Rebuttal to the Presumption of All Traffic Charges, Notice All Charges Void for Lack of Jurisdiction. (see EXHIBIT 7.10)

87. That, on July 20, 2021, Plaintiff sent a notice of default to defendant Ryan, stating that he defaulted on his time limit to rebut, challenge, correct, and/or object to the stated claims in the commercial Affidavit contract sent to him on June 6, 2021, thus, via his acquiescence, authorized the courts to find the stated claims of fact, therein, to be as stated. (see EXHIBIT 4.20)

88. That, on July 21, 2021, Plaintiff Richard Sposato, the living breathing man, retaining all unalienable God given, Constitutionally protected rights, appeared specially, under duress, threat of violence and threat of violence if he didn't show up in the Solvay

Village Court, to answer to the unlawful charges, in an unlawful court proceeding, reiterating jurisdiction is challenged and all charges are VOID, by law, for want of jurisdiction.

89.     That, during that same court appearance, Kara A. LaSorsa, acting Village of Solvay judge, stated that she would talk with the Assistant District Attorney and let me know their response, adjourning the case until September 1, 2021, in order to give the Assistant District Attorney time to respond.

90.     That, on or about July 23, 2021, this Plaintiff received a letter July 22, 2021, from Solvay Court Clerk, Barbara Lenweaver, stating that they were putting this matter on the court calendar for a pretrial conference on August 18, 2021, where after being arrested and making a special appearance in court on July 18, 2021, I haven't been officially arraigned yet, signed with a pleading of not guilty, which now the court is proceeding without lawful authority and/or jurisdiction, with regards to me and the issue at hand, thus now is a violation of my Constitutionally protected right to due process. (see EXHIBIT 8.10)

91.     That, on July 28, 2021, this Plaintiff sent to Solvay Court Clerk Barbara Lenweaver, via USPS, return receipt #7021 0350 0001 2026 3426, a commercial Affidavit (contract offer), Demand for Lawful Authority and Jurisdiction For Their Action (to proceed with a judicial process, with regards to me and the issue at hand), concerning the scheduling of another court appearance for me to supposedly attend in court, on a case that is necessarily VOID, ab initio, for want of jurisdiction (as I was NOT "operating" a "motor vehicle" as described above, on the arrest date of June 19, 2021), thus overstepping her bounds of limited authority, outside of her jurisdiction, by her making a judicial determination that the case has jurisdiction to proceed with the issuance of notice via letter through the mail of an upcoming court date, when in fact, it DOES NOT (emphasis added) have jurisdiction to proceed,

regarding this Plaintiff's situation at hand (hence mail fraud), due to her actions pertaining to these frivolous, necessarily VOID charges. (see EXHIBIT 9.10)

92.     That, on August 18, 2021, this Plaintiff filed into the Solvay Village Court, a commercial Affidavit of Truth (contract offer), Rebuttal of Presumptions in Complaint, Rebuttal to the Presumption of all Traffic Charges, Notice: All Charges VOID for Lack of Jurisdiction dated August 6, 2021, as well as filing an Affidavit of Correction, Notice to ADA Alphonse Williams, Jurisdiction Challenged, All Charges VOID, ab initio, and did not appear that night in Solvay Village Court, as this Plaintiff is not required by law, due to jurisdiction having not been proven on the record by the prosecutor and/or plaintiff of that case, as required by law for the court to proceed. (see EXHIBIT 10.10)

93.     That, on or about August 24, 2021, this Plaintiff received an unsigned, notice by mail from the Solvay Village Court, dated August 19, 2021, stating due to the Defendant in that case failing to appear on August 18, 2021, the matter was rescheduled to September 8, 2021, along with threatening language of intimidation, that a Bench Warrant may be issued involving a criminal offense and that a Bench Warrant, WILL BE ISSUED if there has been (2) two non-appearances in a row. (see EXHIBITS 8.11 - 8.12)

94.     That, on September 7, 2021, this Plaintiff filed into the Village Of Solvay Court, a commercial Affidavit contract, dated September 2, 2021, Noticing Village of Solvay acting judge, defendant Kara A. LaSorsa, claiming a Violation of my Rights, Right To Due Process, Demanding a response within (7) seven days, Notice: All Charges VOID, Lack of Jurisdiction, Violation of Due Process, Case No. 21-349466 Closed. (see EXHIBIT 11.10)

95.     That, there was no response from Kara A. LaSorsa to this Plaintiff's commercial Affidavit (contract offer) dated September 2, 2021, filed with Solvay Village Court on

September 7, 2021, within the allotted time to respond, thus via acquiescence and/or failure to rebut, or object, all claims of fact therein, by law, are to be as stated.

96.   That, on September 22, 2021, roughly 11:15 am, this Plaintiff went down to the Solvay Village Court Clerk's office, to inquire about who sent this "unofficial", unsigned notice for defendant to appear in court that evening.

97.   That, this Plaintiff, after waiting around for approximately 10 minutes before anyone showed up at the window to attend to my needs, assistant court clerk and/or Village of Solvay employee, defendant Megan Cavaliere appeared, to which this Plaintiff showed her the unsigned notice to appear in Solvay Village Court that evening, sliding it under the window, asking who sent this, to which she rather rudely stated, "the court sent it".

98.   That, after hearing her response, this Plaintiff stated, "the court is a corporation and can't send anything on its own, so who sent it..?", to which she then went to the back of the room to sit at her desk.

99.   That, after returning to the window, defendant Cavaliere stated, "I told you who sent it, you have to appear tonight", with her proceeding to close the blind on me, going back to the seat at her desk in the back of the room.

100.   That, after being lied to, with an insufficient response, this Plaintiff tried to get her attention, needing to raise my voice slightly, such as any disgruntled customer would now that she's in the back of the room, to no avail, which after roughly 30 seconds, this Plaintiff proceeded to leave the premises on his own accord, without ever hearing defendant Cavaliere ask me to leave.

101. That, later that evening, this Plaintiff made a special appearance at the Solvay Village Court Wednesday night weekly meetings, at the 5:00 pm scheduled time on the notice, with 2 witness's, one named Carolyn Grund, the other Stephanie Ubowski.

102. That, after hearing the name Richard Sposato, in an unlawful court proceeding, without personal and/or subject matter jurisdiction with regards to me, Richard Sposato, this Plaintiff, the living breathing man, as well as the case already being deemed VOID, by law, walked up and stated he was hear via special appearance, under duress, threat of violence and threat of violence if he didn't show up.

103. That, this Plaintiff, due to facemasks being worn by all parties, including defendant Kara A. LaSorsa and the Assistant District Attorney, defendant Alphonse Williams, could not fully hear what was being said, thus after roughly (15) fifteen minutes in court, not fully understanding what had just transpired, except for hearing defendant LaSorsa stating she was unlawfully entering a "not guilty" plea on my behalf, which I then stated, I accept her not guilty determination, thus case over, which she proceeded to deny, subsequently abruptly adjourning the case until October 5, 2022.

104. That, this Plaintiff then noticed an 8.5" x 11" piece of paper laying upside down on the table I was standing at in the courtroom and picked it up for future inspection, and proceeded to leave the courtroom.

105. That, after exiting the courtroom and leaving the building, this Plaintiff was followed closely by 2 Solvay Police officers, defendants D. Czerow and Joseph Hardy rather peculiarly, so I asked them "what's up..?", with their response being "we need you to come down to get finger printed", to which I looked at them in disbelief and dismay, stating "I've already been finger printed" (for the unlawful charges dated June 19, 2021), to which they

replied, "we can do this another time", to which this Plaintiff had no idea what they were referring to and continued walking towards my ride.

106.    That, after the cops behind me walked away without incident, this Plaintiff made it to the car for his ride and after entering, looked at the paper picked up in court, and to this Plaintiff's surprise and dismay, it was an official document, charging not the man, but a legal fiction, cestui que trust, identified as RICHARD L SPOSATO, with Obstructing Governmental administration and Trespass, with accusation in the Complaint signed by municipal corporation employee, defendants Derek J. Czerow and signed arrested by defendant Joseph Hardy, as stated in his CNYLEADS Narrative Supplement 1 and New York State ARREST REPORT. (see EXHIBIT 11.50)

107.    That, on or about September 28, 2021, this Plaintiff received notice, dated September 27, 2021, of recusal for both Village of Solvay Court judges, Dan Matthews and defendant Kara A. LaSorsa, stating the case(s) will be moved to another court.

108.    That, on September 29, 2021, this Plaintiff sent a commercial Affidavit (contract offer), Rebuttal of Presumption in Complaint, All Charges Necessarily VOID, case # 21-489986, events happening on September 22, 2021, to defendants Kara LaSorsa, Megan Cavaliere and Derek Czerow, via USPS, return receipt, which all three defendants did not refute, nor object to within the allotted time frame of (21) twenty one days, hence a Notice of Default was sent out to defendant LaSorsa on 11/5/21 and defendant Cavaliere on 5/2/2022 stating they defaulted on their opportunity to rebut, or object, thus via acquiescence, the statements of facts therein the September 29, 2021 commercial Affidavit of Fact (a tacit agreement contract), will now be authorized by the courts, to be as presented. (see EXHIBITS 12.10 - 12.11 & 12.20 - 12.21)

109.    That, also on September 29, 2021, this Plaintiff sent, via USPS, return receipt #7021 0350 0001 2027 9175, a commercial Affidavit (contract offer), Demand For Lawful Authority and Jurisdiction For Your Actions, to defendant Derek Czerow, giving him (21) twenty one days to respond as to how I stated the events of September 22, 2021 happened, as well as demanding proof of his jurisdiction, with regards to me, which via acquiescence, he did not refute, object to, nor provide proof of his jurisdiction with regards to me, within the allotted time frame of (21) twenty one days, as Defendant Czerow refused the correspondence I sent to him, delivered to his Agent, the United States Postal Service, and as such, entered into this tacit agreement, authorized via the Postal rule. (see EXHIBIT 12.12)

110.    That, on October 21, 2021, this Plaintiff sent via USPS, received on 10/22/2021, another commercial Affidavit (contract offer), Rebuttal Presumption Of Operating a Motor Vehicle, Challenge Jurisdiction and Lawful Authority to Onondaga County District Attorney, William Fitzpatrick, demanding proof a drivers license is needed, proof that my used automobile is a "motor vehicle" for the purposes of travel in non commercial use, that the Onondaga County District Attorney and any of its employees have jurisdiction and lawful authority to prosecute me or any of my fellow men and women, falsely arrested and charged with any violation pertaining to the operation of a "motor vehicle" when traveling not in a commercial capacity, giving Fitzpatrick (30) thirty days in good faith to respond to my statements and defend a different position than mine, which he did not respond, and as such, this Plaintiff subsequently sent a Notice of Default to Fitzpatrick on September 28, 2022, via USPS tracking # 9590 9402 7789 2152 4112 43, received on September 30, 2022, stating he defaulted on his opportunity to rebut and/or object to my position, and now, the courts are to

find the facts therein my commercial Affidavit (contracted via tacit agreement), dated October 21, 2021, to be as stated. (see EXHITITS 13.10 & 13.20)

111.    That, on or about October 29, 2021, this Plaintiff received notice, issued by defendant Paul G. Carey of the Salina Town Court, dated October 28, 2021, stating a court date for RICHARD L SPOSATO to appear on November 4, 2021. ( see EXHIBIT 14.10)

112.    That, on November 1, 2021, this Plaintiff filed into the Salina Town Court, addressed to defendant Carey, a commercial Affidavit (contract offer), Demand For Lawful Authority/Jurisdiction, Notice: Jurisdiction Challenged, Case(s) VOID, pertaining to the May 28, 2021 false arrest by defendant Mark A. Watson on June 19, 2021, which actually I was mistaken (due to me having to combat all the attacks of my Constitutionally protected rights/freedoms, getting so overwhelming addressing all these unlawful, frivolous, necessarily VOID charges that somehow, in this supposedly free country of ours keep adding up), as that date was the false arrest by Solvay Police Matthew W. Ryan. (see EXHIBIT 15.10)

113.    That, on November 4, 2021, I did not appear at an unlawful proceeding, in the Salina Town Court, to answer the necessarily VOID, frivolous charges of Obstruction Government Administration and Trespass, stemming from defendants Cavaliere, Czerow and Hardy's malicious claims to destroy me, in the Village of Solvay, September 22, 2021, due to want of jurisdiction, stipulated as fact via unrebutted affidavits that are now in place.

114.    That, on or about November 6, 2021, this Plaintiff received an unlawful, threatening letter to appear in Salina Town Court on November 18, 2021, signed by defendant Paul G. Carey. (see EXHIBIT 16.10)

115.	That, on November 18, 2021, I filed with Salina Town Court clerk, addressed to defendant Paul G. Carey, a commercial Affidavit (contract offer), Demand For Lawful Authority/Jurisdiction, Notice: Jurisdiction Challenged, Case #'s 21100033.01 & 21100033.02 VOID, stemming from Solvay, September 22, 2021, followed up with a Notice of Default on May 18, 2022, thus tacitly agreed to via acquiescence, now authorizing the courts to find the fact stated therein, to be as presented, as well as a Notice: Wrong Case #'s on Previous Affidavit Notice: Wrong Case #'s On Previous Affidavit, correcting my mistake, correct #'s to be 21100113.01 - 21100113.07. (see EXHIBITS 17.10 - 17.11 & 17.20)

116.	That, on November 18, 2021, without the court first securing the required by law personal and subject matter jurisdiction necessary to proceed, this Plaintiff made a special appearance in Salina Town Court, under duress, threat of violence and threat of violence if I didn't show up, in this unlawful court proceeding under color of state law, violating this Plaintiff's right to life, liberty, property and due process of law, where no arresting officer, prosecuting ADA, nor Plaintiff appeared in court, wherein this Plaintiff was handed an unlawful Order of Protection pertaining to Village of Solvay assistant court clerk, defendant, Megan Cavaliere, unlawfully signed by defendant Paul G. Carey, which I was forced to sign, doing so under duress and threat of violence if I didn't sign, with an adjournment stated by defendant Carey practicing law from the bench, until December 2, 2021, shortly thereafter my forced Order of Protection signing.

117.	That, on November 22, 2021, this Plaintiff filed into the Salina Town Court directed to defendant Carey, a commercial Affidavit (contract offer), Demanding To Show Proof I'm Subject To Your Jurisdiction and Authority, Notice: All Signatures Cancelled ( re: Order Of Protection), Notice: Overstepping Your Lawful Authority, Notice: I Vehemently

Object and Do Not Consent To Further Proceedings On Pending Charges, Notice: Reiteration All Pending Charges Are Necessarily VOID by Law, Requiring Dismissal. (see EXHIBIT 18.10)

118.    That, on December 2, 2021, this Plaintiff made another special appearance in Salina Town Court, under duress, threat of violence and threat of violence if I didn't show up, for supposed mental evaluation by defendant Carey, to determine my competence to defend myself, which is funny because he is not a doctor, where again no arresting officer, prosecuting ADA, nor plaintiff in that case appeared in court, which after a short 3-4 questions were asked of me, defendant Carey abruptly adjourned the proceeding, this time for December 16, 2021.

119.    That, on December 16, 2021, Plaintiff sent to NYS Commission on Judicial Conduct, a complaint against defendant Paul G. Carey, further with a second complaint sent on January 6, 2022, stating defendant Carey did not have jurisdiction to proceed with any court actions, with regards to me and the issues at hand, thus all charges are VOID, by law, contract or otherwise, which subsequently nothing was done about his egregious, unlawful conduct and total disregard of the laws of this land. (see EXHIBITS 19.10 - 19.11)

120.    That, also on December 16, 2021, this Plaintiff filed with the Salina Town Court, an Affidavit of Truth, Notice: Bias or Prejudice of Judge, Notice: Demand Recusal and Change of Venue, RE: Eviction Case No.: 21090190, due to defendant Carey violating Plaintiff's Rights in his matters, concerning all these unlawful traffic violations bestowed upon him. (see EXHIBIT 20.10)

121.    That, on the evening of December 16, 2021, this Plaintiff did not appear at a supposed court proceeding for unlawful and necessarily VOID, traffic violations in Salina

Town Court, due to the Court not having jurisdiction proven, with regards to me, necessary by law to proceed, as stated in previous Affidavits filed into the Salina Town Court.

122.    That, on or about December 20, 2021, this Plaintiff received a notice of an, unlawful, due to want of jurisdiction, \*\*\*BENCH WARRANT\*\*\*, thus VOID, by law, sent by defendant Paul G. Carey, absent jurisdiction and/or the lawful authority to issue one, with regards to me and the issues at hand, thus Defendant's actions further confirm his continued violation of this Plaintiff's Constitutionally protected God given, unalienable Rights. (see EXHIBIT 21.10)

123.    That, on January 27, 2022, this Plaintiff received an email from Salina Town Court Clerk, Helene Jennes, stating that my motion (which actually was not a motion, but rather a demand), RE: Eviction case #21009190, for recusal and change of venue, concerning defendant Carey's impropriety and lack of confidence he would not be biased towards me, was denied, thus substantiating my case of his impropriety, again violating my Constitutionally protected Right to due process of law. (see EXHIBIT 22.10)

124.    That, on or about Monday, February 14, 2022, this Plaintiff received a phone call from a New York State Trooper, stating there was a Bench Warrant in place, advising me to turn myself in to the Salina Town Court.

125.    That, on February 17, 2021, this Plaintiff filed into the Salina Town Court, a Notice: Of Claim, Violation of Rights, Notice: Non Voluntarily Appearance to Court, pertaining to the unlawful, outstanding Bench Warrant, wherein that evening, I made a special appearance, under duress, threat of violence and threat of violence if I didn't show up, which again was a violation of my rights for want of jurisdiction, in which defendant Carey was not present, being replaced by Hon. Andrew Piraino, who has previously recused

himself, with regards to me, thus my appearance was adjourned, until March 10, 2022. (see EXHIBIT 23.10)

126.    That, on March 8, 2022, as Plaintiff was again exercising his Right to travel, in his 2008 Honda Accord used automobile, not using it for commercial purposes, when at approx. 9:00 pm, Plaintiff's Right to travel was once again unlawfully arrested, without jurisdiction, due to Plaintiff NOT "operating" a "motor vehicle" (as described and defined above), this time by Solvay Police officer, defendant Nicholas Elsenbeck, badge #5188, in Plaintiff's mom's driveway located at 510 N. Orchard Rd., Solvay, NY 13209, with another 7 unlawful traffic tickets issued not to the Plaintiff man, but to a legal fiction, cestui que trust identified as RICHARD L SPOSATO. (see EXHIBIT 24.00)

127.    That, on March 10, 2022, this Plaintiff showed up at the Salina Town Court, where to this point, no jurisdiction having been proven, noticing Andrew Piraino presiding, and as such, the Court Clerk told me it was not necessary to go into the courtroom, that it's adjourned until April 21, 2022.

128.    That, on March 11, 2022, this Plaintiff sent a commercial Affidavit of Truth (contract offer), Demand For Lawful Authority and Jurisdiction For Your Actions, Notice: Rebuttal To The Presumption of Guilt On All Charges, to defendant N. Elsenbeck, badge #5188, via USPS, return receipt #7021 1970 0000 5595 7501, which was refused by recipient defendant N. Elsenbeck and picked up by this Plaintiff on March 19, 2022, and further, on March 22, 2022, the issued tickets to the Defendant in that case were sent back to Solvay Village Court, marked VOID, Offer Not Accepted, to which at this time, no further action has been heard, regarding this incident. (see EXHIBITS 24.10 - 24.11)

129.     That, on March 16, 2022, this Plaintiff filed with the Salina Town Court, a Notice

of Motion, Motion For Summary Judgment and Affidavit In Support Of Motion For

Summary Judgment, RE: Warrant of Eviction, Case No.: 21090190. (see EXHIBIT 25.10)

130.     That, on March 18, 2022, at roughly 7:50 pm., as Plaintiff was again exercising

his Right to travel, in his 2008 Honda Accord used automobile, not being used for

commercial purposes, when Plaintiff's Constitutionally protected Right was once again

unlawfully taken away in the Town of Salina, this time by Onondaga County Sheriff,

defendant B. Lynch, badge #2864, who arrested Plaintiff, placed him in handcuffs for

roughly 45 minutes, with 7 traffic tickets to defendant in that case, RICHARD L SPOSATO.

131.     That, after getting handed 7 traffic issued to defendant RICHARD L SPOSATO,

Plaintiff's 2008 Honda Accord was again towed, authorized by Sheriff Lynch, this time by

MC's Towing and taken to their lot on 337 Riegel St., Syracuse, NY 13206, to be held for

ransom.

132.     That, on or about March 21, 2022, this Plaintiff paid the ransom fee of over $400,

to MC's towing and had his private property, a 2008 Honda Accord used automobile towed

to 510 N. Orchard Rd., Solvay, NY 13209.

133.     That, on March 23, 2022, this Plaintiff sent to the Salina Town Court, via USPS

first class mail, all 8 traffic tickets received on March 18, 2022, written on with the words,

VOID, Offer Not Accepted, For Good Cause, All rights Reserved, with signature "Richard-

Louis: Sposato, beneficiary". (see EXHIBIT 26.10)

134.     That, on March 30, 2022, this Plaintiff sent a commercial Affidavit of Truth

(contract offer), Demand For Lawful Authority, Rebuttal To the Presumption of Guilt On All

Charges, Notice of Fee Schedule, pertaining to the March 18, 2022 arrest of Plaintiff, by

Onondaga County Sheriff, defendant B. Lynch, badge #2864, via USPS, return receipt #7021 2720 0002 5356 5458, received on April 1, 2022, which to this date, has not been responded to, nor the Claims of Fact been rebutted, with a different position taken, to the facts therein stated. (see EXHIBIT 26.11)

135. That, on April 7, 2022, after this Plaintiff properly filing an affidavit, demanding recusal due to impropriety, with Salina Town Court Clerk Helene Jennes sending me an email on January 27, 2021 stating my recusal demand was denied, RE: Eviction Case No. 21090190, to which Paul G. Carey shall not have proceeded any further, and as such, improperly presided over the eviction hearing, thus unlawfully denying my Motion for Summary Judgment filed on March 16, 2022, without ever giving reason, nor proper notification.

136. That, on April 21, 2022, this Plaintiff showed up in the Salina Town Court at the scheduled time of 4:00 pm, pertaining to the previous supposed traffic violations dated May 28, 2021 and June 19, 2021, waited around until 4:15 pm, when after nobody having showed up, no cop, no plaintiff, no Assistant District Attorney, nor judge appearing, proceeded to leave and left.

137. That, on or about May 3, 2022, this Plaintiff received notice via mail, signed by defendant Paul G. Carey, that the traffic matters stemming from May 28, 2021, June 19, 2021 and charges stemming from Solvay, September 22, 2021 were schedule for Court action on May 5, 2022.

138. That, on May 5, 2022, without Salina Town Court having jurisdiction to proceed with action concerning these VOID charges, this Plaintiff attended Salina Town Court, appearing specially, under duress, threat of violence and threat of violence if he didn't show

up and after not understanding what was transpiring, stated he wasn't ready to proceed, at which time, defendant Paul G. Carey unlawfully adjourned the already deemed necessarily VOID case, by law, to May 19, 2022, further violating this Plaintiff's Constitutionally protected due process of law.

139. That, on May 12, 2022, defendant Paul G. Carey, unlawfully ordered a judgment against me for an eviction and to pay George Azzolino approx. $71,000. (see EXHIBIT 27.10)

140. That, on May 19, 2022, this Plaintiff once again made a special appearance in Salina Town Court for the named defendant, RICHARD L SPOSATO, under duress, threat of violence and threat of violence if he didn't show up, pertaining to unlawful and/or VOID traffic charges, whereas once again, no cop, ADA, or Plaintiff in that case appeared in court to rebut or object to any of the claims in this Plaintiff's statements, which this Plaintiff stated, "up until now, no jurisdiction has been proven on the record, **let the record reflect there's no jurisdiction.**", to which defendant in this case, Paul G. Carey responded, **"the record will reflect that"**.

141. That, further to the record reflecting no jurisdiction, defendant Carey asked me, pertaining to ALL (emphasis added) my case's, what type of trial would you like, Jury or Bench, to which I stated, "any trial that has jurisdiction, would be **by a Jury**", to which defendant Carey then scheduled a Trial for August 22, 2022, pertaining to the stated traffic charges, which I did not consent to, and once again, adjourned the necessarily VOID case, via no request from the plaintiff, nor defendant thereto, hence defendant Carey was practicing law from the bench, continuing a necessarily by law, a VOID case, absent

jurisdiction, further committing crimes against me and my property, with total disregard for my Constitutionally protected, unalienable God given rights. (see EXHIBIT 28.10)

142. That, on or about June 9, 2022, after being threatened with unlawful warrants for my arrest, stemming from supposedly violating an unlawful, technically VOID, Order of Protection against defendant Megan Cavaliere, this Plaintiff turned himself in to the SOLVAY POLICE DEPARTMENT, under duress and threat of violence if I didn't turn myself in.

143. That, during processing by Solvay Police, this Plaintiff was unlawfully forced, without jurisdiction with regards to me, to have my picture taken against my free will and to give his fingerprints.

144. That, on June 9, 2022, after processing by the Solvay Police, this Plaintiff was taken downtown to City Court in front of Judge Schiano for arraignment on the unlawful Order of Protection presumed to be violated, with an ADA forced upon me against my will, without my consent, and after some discussion, stated I challenged jurisdiction, with judge Schiano recusing himself right then and there, which led me to a further kidnapping and an unlawful night stay in jail, at the Onondaga County Justice Center.

145. That, on June 10, 2022, this Plaintiff again had an ADA forced upon, without consent, with the ADA saying God knows what to the presiding judge/chief administrator Schiano, to which after a while of this unauthorized and unlawful ADA representation speaking with the judge, any of which I heard, nor understood, was released from kidnapping and his false arrest under color of state law.

146. That, on June 16, 2022, this Plaintiff filed with the Salina Town Court, a commercial Affidavit (contract offer), Rebuttal Presumption of Guilt, pertaining to the

supposed violation of an unlawful Order of Protection contract, signed on November 18, 2021, subsequently canceled on November 22, 2021, along with a Notice: All charges VOID For Failure To State A Claim For Which Relief Can Be Granted. (see EXHIBIT 29.00)

147.    That, on June 16, 2022, this Plaintiff made another special appearance in Salina Town Court, under duress, threat of violence and threat of violence if I didn't show up, for the named defendant, cestui que Trust identified as RICHARD L SPOSATO (# omitted for confidentiality), to address a few new, unlawful charges, stemming from me supposedly violating the unlawful Order of Protection that this Plaintiff had just recently spent a night in jail for. (see EXHIBIT 18.10, Exhibit 1)

148.    That, During this time in court, this Plaintiff reminded defendant Carey that his municipal Town of Salina, admiralty/maritime, Article 1, corporate court, did not have jurisdiction over me, a man, with defendant Carey also stating he knew of the other traffic charges, set for a **Jury trial** and asked if I wanted to sever these charges, (which I previously stated "no", when Carey asked me if I wanted to put these charges together, with the other "traffic" charges), to which I again said, "no, I don't want any of these things together, I want them all separate", at which time, as always, with no cop, ADA, nor Plaintiff has showing up to court, defendant Carey adjourned this matter until July 14, 2022, without my consent, nor the DA's consent, thus defendant Carey once again proceeded without jurisdiction, further continuing defendant Carey's crime spree against this Plaintiff. (see EXHIBIT 28.11, pg. 4)

149.    That, on July 14, 2022, this Plaintiff again appeared specially in the Salina Town Court, as always, under duress, threat of violence and threat of violence if I didn't show up, in a corporate Court that doesn't have jurisdiction with me, a man, with all charges already deemed VOID, by law, due to lack of jurisdiction and/or the loss of jurisdiction needed to

proceed, which I reiterated to defendant Carey at this time, the charges are VOID, for violation of my due process.

150. That, this Plaintiff further stated the Order of Protection was unlawfully administered, due to defendant Carey's and/or his court not having jurisdiction with me, a man, with defendant Carey not giving me an opportunity to be heard, where once again, defendant Carey adjourned the case until August 25, 2022, on his own accord, not mine, with no cop, ADA, nor anyone showing up to prosecute the supposed charges of that case, stemming from a frivolous accusation on September 22, 2021, hence defendant Carey acted on his own accord, continuing his crime spree against me, while practicing of law from the bench. (see Exhibit 28.12, pg. 3)

151. That, the next day this Plaintiff went in to see the Salina Town Court Clerk, to ask about the supposed August 22, 2022 Trial date, to my surprise she stated, "you don't have to show up on that date", and as such the trial date concerning 3 cases of traffic charges mysteriously disappeared.

152. That, on Friday, July 29, 2022, Plaintiff met with Town of Salina Supervisor, Nick Paro, to notify him of and discuss the criminal actions his Town employee, defendant Paul G. Carey, was committing against me, to which Supervisor Paro just brushed off my plea for help, thus condoning Paul G. Carey's unlawful conduct against me.

153. That, directly after meeting with Nick Paro, I walked down the hallway to the Town of Salina clerk's office and filed a Notice of Liability, Town of Salina, Claim For Damages, Opportunity to settle, along with a short list Fee Schedule, enumerating costs for damages, totaling $4,906,000.00, giving Paro an opportunity to settle, within (30) thirty days for $1,000,000.00, which was not taken advantage of. (see EXHIBIT 29.10)

154.    That, on August 25, 2022, this Plaintiff, made another special appearance at

Salina Town Court, in propria persona, under duress, threat of violence and threat of violence

if I didn't show up, for the named defendant, a dead entity, commercial, cestui que trust,

identified as RICHARD L SPOSATO (# omitted for confidentiality), which during this time,

defendant Carey stated I made a motion last time to have all these cases together, which is a

blatant lie, bordering on Carey being senile and/or having diminished cognitive function, as I

specifically stated, "I object to that, I did not make a motion to put all my cases together", "I

specifically said I do not want my cases together", with defendant Carey stating, "I'm going

to grant that motion", which I did not make a motion, I made a statement, while once again

under his own accord, adjourning the case, without my wish to adjourn, nor without the

presence of an arresting cop, ADA or Plaintiff showing up that night, and as usual, defendant

Carey unlawfully continued practicing law from the bench, without jurisdiction to do so. (see

EXHIBIT 28.13, pg. 2-3)

155.    That, on September 29, 2022, this Plaintiff made another special appearance in

the Salina Town Court, under duress, threat of violence, threat of violence if I didn't show up

and reserve all Rights, after which and too my surprise, an ADA, defendant Jed Hudson, was

present at this time.

156.    That, for the first time in over 15 months, an ADA showed up to court to

prosecute these traffic case(s) (unlawfully), that have already been deemed VOID, for lack of

jurisdiction, and after a few words by defendant Carey trying to get defendant Hudson up to

speed, defendant Carey once again, not mine, nor by request of defendant Hudson, adjourned

the unlawful hearing on his own accord until October 20, 2022, continuing defendant Carey's

crime spree against this Plaintiff, with defendant Hudson now getting involved in this conspiracy.

157. That, on October 13, 2022, this Plaintiff sent a commercial contract offer, in the form of an Affidavit to ADA defendant Jed Hudson, Demand For Lawful Authority/Jurisdiction, Notice To Produce & Fee Schedule, All charges VOID, which after the allotted (10) ten days to answer, providing evidence otherwise, disputing my claims, and/or to rebut or object to my claims, defendant Hudson failed to respond, thus on October 27, 2022, I sent defendant Hudson a notice of default, whereas his failure in his opportunity to address my claims, via acquiescence, defendant Hudson tacitly agrees to this common law contract and the stated claims therein, including my fee schedule, for the damage he has done to me. (see EXHIBITS 30.10 & 30.20)

158. That, on October 20, 2022, this Plaintiff made another special appearance at Salina Town Court, which defendant Hudson again also appeared without him ever proving jurisdiction officially on the record, which is required for the court to proceed, as he did not enter evidence into the record within the required time limit, or ever, after me challenging jurisdiction, via Affidavits previously filed by me, demanding proof of jurisdiction from day 1, in which defendant Carey abruptly adjourned the unlawful proceeding once again, without my wish to adjourn, nor defendant Hudson's motioning for adjournment, with a next date to appear in Salina Town Court on October 27, 2022, once again continuing defendant Carey's crime spree against this Plaintiff.

159. That, on October 27, 2022, this Plaintiff made another special appearance, as always, under duress, threat of violence and threat of violence if I didn't show up, at which time defendant Carey stated a trial date, scheduled for November 18, 2022, with defendant

Carey again abruptly adjourning the unlawful hearing, without my wish to adjourn, nor

defendant Hudson's wish to adjourn, as defendant Hudson, nor arresting cop, or the Plaintiff

in that case were in court to prosecute the named defendant, further continuing to practice

law from the bench, with defendant Carey's continuing his crime spree against Plaintiff.

160.    That, on Friday, October 28, 2022, this Plaintiff went to the Salina Town Court

Clerk to get an official notice of the Trial date, which Salina town Court Clerk Helen Jennes

did supply me with an official notice of a Trial Date on November 18, 2022, but, to my

surprise, it stated a BENCH TRIAL. (see EXHIBIT 31.10)

161.    That, on October 31, 2022, this Plaintiff filed with the Salina Town Court, as well

as sending defendant Jed Hudson, via USPS, return receipt requested #7021 1970 0000 5596

7463, which was delivered on November 5, 2022, an commercial Affidavit of Truth (contract

offer), Notice: Bench Trial Offer Not Accepted, All Charges VOID For Lack Of Jurisdiction,

Notice Of Fee Schedule, which under the immediate time constraint, gave them 3 days to

respond, unless additional time was needed, which within reason, would be granted, and on

November 14, 2022, this Plaintiff filed with the Salina Town Court a Notice of Default on

their opportunity to rebut and/or object to any of the stated claims therein, and as a result of

both parties non response, via acquiescence, they've agreed to the facts therein, to be as

stated, while also agreeing to this Plaintiff's Fee Schedule for damages, due to their crimes,

trespasses, violation of Rights and/or torts done to me. (see EXHIBITS 32.10 & 32.20)

162.    That, on November 18, 2022, this Plaintiff again made a special appearance, in

Salina Town Court, in propria persona, for the named defendant, under duress, threat of

violence, and threat of violence if I didn't show up, retaining all Rights and waiving no rights

after crossing the BAR, along with 5 witness's showing up to watch the events as they

unfold, whose names are Carolyn Grund, Judy Winchell, Terry Lee, Rick Manzi and Patrick Minogue.

163.    That, during this unlawful court proceeding of a BENCH TRIAL, I objected to the fact a bench trial was to take place, yet defendant Carey tried to proceed, stating for defendant Hudson to begin his opening statement, which I vehemently objected to. (see EXHIBIT 28.14, pg. 2, line 22)

164.    That, after defendant Hudson spoke, with defendant Hudson willfully standing in court trying to prosecute me during his and/or defendant Carey's continued movement forward of this VOID case, this Plaintiff demanded to see proof of jurisdiction on the record, (see EXHIBIT 28.14, pg. 4, line 1-2), which no proof of jurisdiction was provided, yet defendant Carey stated, "I've already made a decision with regards to jurisdiction" (see EXHIBIT 28.14, pg. 4, lines 5-6), which by law, defendant Carey cannot move forward absent proof on the record, which there is no proof, which again, I stated there was no proof of jurisdiction on the record, needed for the court to proceed, which went in one ear and out the other, as usual of defendant Carey and his egregious violation of my rights and his Oath of office, which after a few minutes of me trying to protect my Rights, defendant Carey made a threatening statement to me, that I was very close to contempt of court. (see EXHIBIT 28.14, pg. 5, lines 9-12)

165.    That, which after a few more minutes of this Plaintiff's disdain of defendant Carey's egregious violation of rights, as well as his judicial canons he took an Oath to uphold, I stated, "let the record reflect there is no jurisdiction" (see EXHIBIT 28.14, pg. 15, lines 15-16), to which defendant Carey responded, "the record will reflect that" (see

EXHIBIT 28.14, PG. 15, line 18), thus, defendant Carey confirms there's no jurisdiction for the court to proceed and/or has been proceeding since day 1.

166.    That, this Plaintiff further stated to defendant Carey, "you have an Oath of Office right here, I want to submit this into the record" (see EXHIBIT 28.14, pg. 18, lines 2-3), which defendant Carey swore by Oath to protect the Constitution, of both the State and US Constitutions, to which defendant Carey a few moments later, ordered defendant Bailiff's Mike Quigley and defendant John Lyons to arrest me. (see EXHIBIT 28.14, pg. 19, line 5)

167.    That, defendants Quigley and Lyons proceeded to act upon Paul G. Carey's unlawful orders, handcuffing this Plaintiff (see EXHIBIT 28.14, pg. 19, lines 8-10), confirming defendant Carey's act of TREASON as stated therein court. (see EXHIBIT 28.14, pg. 19, lines 17-18)

168.    That, defendants Quigley and Lyons kidnapped this Plaintiff and took me outside the courtroom for roughly 90 minutes.

169.    That, after 90 minutes, this Plaintiff was brought back into the courtroom (see EXHIBIT 28.15, pg. 19, lines 24-25), with the opportunity to purge the record of the Contempt, if I apologized to the court (see EXHIBIT 28.14, pg. 22, lines 3-4), which I did apologize to the court for the way I had to act, in order to protect my Rights (see EXHIBIT 14, pg. 24, lines 21-25), which after a few more words explaining myself, which he accepted, defendant Carey stated he would purge the record of the Contempt. (see EXHIBIT 28.14, pg.27, lines 16-18)

170.    That, this Plaintiff was then taken out of handcuffs, with defendant Carey stating this trial was adjourned, to a non-trial court date of December 1, 2022, for what reason defendant Carey adjourned the proceeding, I do not know, nor why defendant Carey bundled

all my cases together for the December 1, 2022, unlawful court date, for further continuance of defendant Carey's crime spree against this Plaintiff. (see EXHIBIT 33.10)

171.    That, on December 1, 2022, this Plaintiff again, without the court first securing jurisdiction with regards to me and the situation at hand, made a special appearance in Salina Town Court, under duress, threat of violence and threat of violence if I didn't show up, reserving all Rights and waiving none after crossing the BAR., no cop, ADA, nor Plaintiff was at this court appearance, which is a continuance of the crimes being committed against me, including, but not limited to Human Trafficking and my Constitutionally protected God given right of due process being denied, which then said court appearance was abruptly adjourned, again not by me or the prosecutor, until February 9, 2023, for continuation of the unlawful "BENCH TRIAL" that defendant Carey tried to hold on November 18, 2022, extending his crime spree against this Plaintiff.

172.    That, on December 10, 2022, at approximately 6:10 pm., Plaintiff was again exercising his right to travel upon the public passageways, free and clear of the necessity to do so needing a State issued drivers license and registration, in his private used automobile, which I'll again refer to as my "mechanical horse", used automobile, not registered with the State of New York, nor any State for that matter, with a vanity plate on the back of, labeled "PR1V4T3, DOT EXEMPT, FOR NON COMMERCIAL USE ONLY", notifying any potential police officers that my private, used automobile is not within their limited scope of jurisdiction, as it's not being used for commercial purposes, thus NOT (emphasis added) a "motor vehicle", heading East on Rt.5/West Genesee St., when I noticed a Solvay Police officer, later to be known as, defendant Hunter A. Nerber, turn on his emergency lights behind me.

173. That, after and upon me finding a safe place to pull over, to which he arrested my right to travel, defendant Nerber exited his police vehicle, approaching my window, without probable cause of a crime being committed, nor suspicion of a crime, thus without jurisdiction with regards to me and the situation at hand, asked me for identification, drivers license, insurance, etc., to which this Plaintiff replied, I didn't have any of those, NOR WERE THEY REQUIRED (emphasis added) ( reiterating that FACT, as described above) to travel on the Federal highways/passageways, to which he responded with stern language, get out of the car, like a NAZI on a power trip.

174. That, this Plaintiff tried to reason with defendant Nerber, wanting to show him documents supporting my LAWFUL (emphasis added) position (as described above) of not needing a drivers license when only traveling, using the public passageways in a non commercial activity, to no avail.

175. That, shortly thereafter, this Plaintiff was then kidnapped, falsely arrested, put in handcuffs and placed in the backseat of officer Nerber's police vehicle and after sitting there for approx. (20) twenty minutes or so, I noticed a tow truck pull up, starting to hook my household goods, used automobile to his tow truck, to be taken away, later to be known taken to Advanced Recovery of NY, located on 6th North St., Syracuse, NY, denying me the rightful and lawful use of my private property.

176. That, this Plaintiff was then taken to the Solvay Police station for an unlawful processing, fingerprinting and pictures taken of me, and after roughly 1 hr. of processing by defendant Nerber, I was handed 15 unlawful tickets and then free to go.

177. That, on Monday, December 12, 2022, this Plaintiff called Advanced Recovery of NY to see about getting my private property used automobile and contents (which includes

items affixed to car, i.e. vanity plate) out of their impound lot, to which I was told there was a DA Hold on my car, dated 12/10/22, issued by the Solvay Police Department, stating that I'm the registered owner, but I'm not "registered with the NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES as the owner, I'm just the owner by a common law contract purchase, thus a falsification of the inventory report sheet, and that I needed a release, signed by the DA to get my car out. (see EXHIBIT 34.10)

178.    That, on or about Tuesday, December 13, 2022, this Plaintiff went down to the District Attorney's Office and filled out a Property Release form to recover my household goods, used automobile, specifically my 2008 Honda Accord, including all of the associated property and contents.

179.    That, on or about December 16, 2022, Plaintiff received the property release form I filled out, signed off by defendant Jeffrey Albert, with the unlawful and without jurisdiction stipulation, I could get my car ONLY (emphasis added) if I had proof of registration, insurance and the removal of an Ignition Interlock Device requirement (which had already expired and was unlawful to begin with) placed on the former drivers license, issued to the commercial in nature, cestui que trust identified as, RICHARD L SPOSATO (number # withheld for confidentiality). (see EXHIBIT 34.11)

180.    That, due to these conditions placed on the property release, Plaintiff's rightful use to his personal property has been further arrested by defendant Jeffrey D. Albert, to which as of this date, defendant Albert and/or the COUNTY OF ONONDAGA are still unlawfully arresting my Right of free use of my private property, including vanity plate, which is now considered stolen, with Plaintiff's right to file a police report on this matter being abridged.

181.    That, on or about January 25, 2023, Plaintiff received a letter from defendant Carey, stating he's granting my "motion" for a jury trial on all charges pending, the Trial (Bench) formerly scheduled for February 9, 2023, is hereby canceled, with a next court appearance scheduled for February 2, 2023, with no specific time of day to appear stated therein.

182.    That, on February 2, 2023, this Plaintiff made a Special Appearance in court, roughly 12:30 pm, via commercial Affidavit (contract offer), in writing, stating I demanded discovery, showing proof of my "motion" for a jury trial, reiterating there's no jurisdiction for this court to proceed with regards to me, and reiterating the case(s) are VOID, thus are dismissed by law, which up to the time of this writing, has never been responded to, like always.

183.    That, on February 21, 2023, Plaintiff received a letter from Solvay Police Department, stating there was a BENCH WARRANT (albeit unlawful) issued for my arrest, signed on February 9, 2023, by defendant Paul G. Carey.

184.    That, on March 2, 2023, this Plaintiff made a special appearance in the Salina Town Court, to address the unlawful BENCH WARRANT, with Hon. Andrew Piraino presiding, due to Carey being absent, who justifiably and lawfully, adjourned the proceeding until April 27, 2023, due to Piraino not having jurisdiction to adjudicate anything pertaining to me, after his recusal.

185.    That, it is clear, based on the fact Plaintiff has been summonsed in and out of the United States Court local system, over a period of 20+ months by defendants LaSorsa and Carey, without jurisdiction with regards to Plaintiff's situation at hand, nor a conviction on any of the pending, unlawful and necessarily void charges, Plaintiff has been a victim of the

crime called Human Trafficking, a modern day form of slavery, involving the illegal transport of individuals by force or deception for the purpose of activities in which others benefit financially, i.e. judges and DA's via their portions of fines and/or surcharges collected after a conviction at prosecution, defined as Peonage, Slavery, and/or Trafficking in Persons, found in 18 U.S. Code Chapter 77.

186. That, it is clear, based on ALL the FACTS provided herein as evidence and/or will be provided as evidence at TRIAL, displayed in the commercial Affidavit contracts herein enclosed as EXHIBITS, Defendant(s) local police officers, sheriff's, troopers, bailiff's, assistant district attorney's, court clerks and judges, lacked any jurisdiction to conspire to stop, arrest, process, prosecute or adjudicate a matter, with regards to Plaintiff, a man, and the situation at hand, within their corporate statutes and procedures, but they did so anyway, with defendant Carey abandoning all pretenses of acting with impartiality, or jurisdiction with regards to me, with defendant(s) Carey, et al, excluding all CORPORATE defendants herein and possibly defendant Cavaliere, taking an Oath of Office, swearing to support the Constitution of New York State, as well as the Constitution of the United States, faithfully discharging their duties thereof, but instead, they all disregarded that oath, abandoning all pretenses of acting in accordance with prosecutorial standards and/or laws for arrest.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### 18 U.S.C. § 241 - 242 & 42 U.S.C. § 1983

187. Plaintiff re-asserts and re-allege the allegations contained within the preceding paragraphs, as if set forth at length herein.

188.    That, the Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, guarantees "the right of the people to be secure in their persons, houses, papers, and affects, against unreasonable searches and seizures."

189.    That, title 18 U.S. Code § 241 - Conspiracy against rights, states, "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, in the free exercise or enjoyment of any right secured to him by the Constitution, or because of his having so exercised the same; or "If two or more persons go in disguise on the highway, or on the premise of another, with intent to prevent or hinder his free exercise or enjoyment of any right so secured", -- They shall be fined under this title or imprisoned not more that (10) ten years, or both.

190.    That, title 18 U.S. Code § 242 - Deprivation of rights under color of law, states, "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, to the deprivation of any rights, or immunities secured or protected by the Constitution, shall be fined under this title or imprisoned not more than one year, or both; and if such acts include the use, attempted use, or threatened use of a dangerous weapon, shall be fined under this title or imprisoned not more than (10) ten years, or both.

191.    That, on May 28, 2021, Defendant Mark A. Watson, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

192.    That, on June 19, 2021, Defendant Matthew W. Ryan, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

193. That, on March 8, 2022, Defendant Nicholas Elsenbeck, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

194. That, on March 18, 2022, Defendant B. Lynch, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

195. That, on December 10, 2022, Defendant H. Nerber, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

196. That, on or about December 16, 2022, Defendant Jeffrey Albert, violated this Right, under color of state law, when he signed for unlawful conditions put upon my property release form.

197. That, on the said aforementioned dates, Defendant(s) unlawfully and without jurisdiction, based on the facts of this case shown through the EXHIBITS herein, with regards to Plaintiff, a man, exercising his Constitutionally protected Rights, maliciously weaponized state, county and local police power, by commencing and continuing baseless traffic stops/arrests and investigations of Plaintiff.

198. That, Defendant(s) commenced the stated actions against Plaintiff in bad faith and without the necessary lawful authority and jurisdiction to do so, with regards to Plaintiff's immediate situation at hand, as outlined above in this complaint.

199. That, Defendant(s) knew or should've known their traffic stops, investigations, arrests, and further issuance of unlawful traffic tickets to Plaintiff, were unsupported, unjustified, and unfounded in fact or in law, due to want of jurisdiction with regards to the Plaintiff.

200. That, Defendant(s) actions were motivated by an improper training and purpose, namely their malice and desire to harass, intimidate, threaten, oppress, coerce and injure Plaintiff (and a host of others traveling daily in their used automobile, not being used for commercial purposes), for the exercising of his unalienable, Constitutionally protected Rights, granted by our creator, in order to control him and other People exercising their rights, in an attempt to injure and extort money out of the Plaintiff.

201. That, Defendant(s) flagrant misuse of state, county and/or local police powers, contravened Plaintiff's Constitutional rights and deprived Plaintiff from being secure in his persons, houses, papers and effects.

202. That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

203. That, as a direct and proximate result of Defendant(s) conduct, Plaintiff has suffered, and continues to suffer significant damage, with imminent and irreparable harm in

the form of deprivation of his constitutionally protected rights and immunities afforded under the Fourth Amendment, absent recourse, as secured by 42 U.S.C. § 1983.

204.    That, absent injunctive relief allowing Plaintiff to travel in his used automobile without a State issued license, nor registration or insurance, Plaintiff and the free People of this great land will continue to suffer irrevocable loss, harm and damage as a result of Defendant's deprivation of Plaintiff's constitutionally protected rights.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF THE FIFTH AND/OR FOURTEENTH AMMENDMENTS
## DUE PROCESS OF LAW
## 28 U.S.C. § 1343(4) - 42 U.S.C. § 1983

205.    Plaintiff re-assert and re-allege the allegations contained within the preceding paragraphs as if set forth at length herein.

206.    The Fifth Amendment to the United States Constitution, guarantees no person shall "be deprived of life, liberty, or property, without due process of law, enforceable pursuant to 28 U.S.C 1343(4), which guarantees any person "to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights", or is enforceable pursuant to 42 U.S.C § 1983.

207.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, guarantees "nor shall any state deprive any person of life, liberty, or property, without due process of law."

208.    That, an action for violation of constitutionally protected rights, such as those afforded under the Fourteenth Amendment, may be brought pursuant to 42 U.S.C. § 1983, which states that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. "

209.    That, Defendant(s) Watson, Ryan, Elsenbeck, Lynch and Nerber, violated these rights when they unlawfully stopped and arrested me and my used automobile, in his lawful travel, on the above stated dates, without jurisdiction and without due process being served.

210.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF THE FIFTH AND/OR FOURTEENTH AMENDMENTS
## DUE PROCESS OF LAW - ABUSE OF PROCESS
## 28 U.S.C. § 1343(4) - 42 U.S.C. § 1983

211.    Plaintiff re-assert and re-allege the allegations contained within the preceding paragraphs as if set forth at length herein.

212.    That, Defendant(s) Kara A. LaSorsa, and Paul G. Carey, Alphonse Williams, and Jed Hudson, as well as Mark F. Schroeder acting without the necessary lawful authority and jurisdiction to perform judicial, prosecutorial and administerial functions with regards to Plaintiff's situation at hand, maliciously weaponized local judicial power of Village and

Town Courts, the power of the District Attorney's office, and administrative powers of the Department of Motor Vehicles, by commencing and continuing baseless prosecution, as well as placing administrative strangleholds on Plaintiff, without jurisdiction to do so, in regards to Plaintiff and/or his situation at hand.

213. That, Defendant(s), with their continued unlawful issuance of the countless above mentioned Court appearance notices, with regards to this Plaintiff, by defendants Kara LaSorsa, Paul G. Carey and/or their employees, Defendant's intended to compel Plaintiff to be Human Trafficked in and out of the United States Court system.

214. That, Defendant(s) improper conduct and unlawful continuation of an unlawful legal proceeding, after jurisdiction has been challenged and without jurisdiction having been proven, on the record by the Plaintiff and/or prosecutor, as necessary by law to proceed, were done so without respect for the presumption of innocence, due process of law, and are further examples of Defendant(s) human trafficking of Plaintiff, as well as bias, prejudice, malicious and callous indifference for due process of the law, and as such, are abuse of process.

215. That, Defendant(s) flagrant misuse of Federal, State, and/or local judicial and investigatory powers, under color of state law, contravened Plaintiff's Constitutionally protected rights and deprived Plaintiff of life, liberty, and property without due process of law, and as such, are abuse of process.

216. That, Defendant(s) actions, including, but not limited to their abuse of criminal and civil process, and collective misconduct, deprived Plaintiff of due process of law and impermissibly infringed upon his Constitutionally protected, God given, unalienable rights.

217. That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with

regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful

authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the

enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from

criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES

NOT EXIST (emphasis added).

## AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF THE FIRST AMMENDMENT
### 42 U.S.C. § 1983

218.    That, Plaintiff re-asserts and re-alleges the allegations contained within the

preceding paragraphs as if set forth at length herein.

219.    That, the First Amendment to the United States Constitution, enforceable pursuant

to 42 U.S.C. § 1983, guarantees "The right of a citizen to free expression, to petition the

government and have access to the courts."

220.    That, under the First Amendment to the United States Constitution, a citizen has

the right to be free from governmental action taken to retaliate against the citizen's exercise

of First Amendment rights, or to deter the citizen from exercising those rights in the future.

221.    That, on the morning of September 22, 2021, at the Village of Solvay Court

Clerk's office, after Plaintiff engaged in a Constitutionally protected activity pertaining to

matters of business with the Solvay Village Court, defendant(s) Megan Cavaliere, Derek

Czerow, Joseph Hardy and Onondaga County ADA defendant Alphonse Williams, conspired

together to fabricate frivolous charges, in retaliation to the assertion of Plaintiff's Rights.

222.    That, on or about November 4, 2021, acting Town of Salina judge defendant Paul

G. Carey, signed an unlawful Order of Protection for defendant Megan Cavaliere, against

Plaintiff, based on heresy, frivolous and dubious claims, without merit or fact of any threats

made by Plaintiff against defendant Cavaliere, nor fear of perceived danger or injury in the future to defendant Cavaliere.

223.    That, Defendant(s) knew, or should've known, there was no justifiable legal, lawful or factual basis for the filing of a police report concerning the Plaintiff's business encounter that took place on September 22, 2021 at the Village of Solvay Court Clerk's office that morning, nor subsequent arrest and Order of Protection issued against Plaintiff.

224.    That, the Order of Protection, conspired by Defendant(s) imposed an undue burden on Plaintiff and violated his First Amendment right of a citizen to free expression, to petition the government and have access to the courts.

225.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### EXCESSIVE FORCE
### 42 U.S.C. § 1983

226.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

227.    That, on June 19, 2021, defendant, Matthew W. Ryan tried to initiate an unlawful arrest of a peaceful man, and in doing so, pointed and fired a potentially lethal weapon upon

Plaintiff, hitting an unarmed, peaceful Plaintiff in the back with a bullet, intentionally discharged from a taser gun.

228. That, Defendant acted forcibly in trying to unlawfully apprehend, arrest and imprison the Plaintiff, without Plaintiff's consent, nor lawful authority and jurisdiction with regards to the Plaintiff and situation at hand.

229. That, on June 19, 2021, defendant Ryan's deliberate use of excessive force, pursuant to the priority of the situation at hand, trying to unlawfully restrain Plaintiff from exercising his Constitutionally protected rights, was objectively unreasonable, egregiously forceful, and uncalled for.

230. That, at all relevant times, Defendant was acting individually and in his official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, his IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

### AS AND FOR A SIXTH CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST AND IMPRISONMENT
### 42 U.S.C. 1983

231. That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

232. That, defendant(s), Mark A. Watson, Matthew W. Ryan, B. Lynch, Nicholas Elsenbeck, Hunter Nerber, Paul G. Carey, Mike Quigley and John Lyons, violated Plaintiff's Constitutionally protected Fourth Amendment to the United States Constitution by

wrongfully and unlawfully arresting, detaining, and imprisoning Plaintiff, without a lawful warrant to arrest.

233.    That, on the aforementioned dates, Defendant(s) knowingly conspired with their colleagues, acted with malice in the wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and/or imprisonment of Plaintiff, as carried out without a valid warrant, without Plaintiff's consent and without probable cause, nor jurisdiction with regards to Plaintiff's situation at hand.

234.    That, defendant(s) Watson, Ryan, Lynch, Elsenbeck and Nerber, under the pretense of state law, knowingly conspired with their colleagues to falsify documents, purporting to be violations and crimes, under the pretense and color of state law, through the issuance of unlawful tickets and information documents, maliciously and unlawfully weaponizing the state's legal process upon Plaintiff, by commencing and continuing baseless traffic stops/arrests and investigations of Plaintiff.

235.    That, defendant(s) Carey, Quigley and Lyons, via the unlawful arrest and handcuffing of Plaintiff during an unlawful proceeding of a purported BENCH TRIAL, under the pretense and color of state law, knowingly conspired amongst themselves, to deprive Plaintiff of his Constitutionally protected Right.

236.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from

criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE SIXTH AMENDMENT**
**RIGHT TO A SPEEDY TRIAL**
**42 U.S.C. 1983**

237.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

238.    That, the Sixth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, guarantees "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."

239.    That, for over 15 months, no cop, ADA, nor plaintiff showed up in court to prosecute the case presumably against this Plaintiff, a man, with defendant(s) LaSorsa, Williams, Hudson and Carey proceeding with court actions without first securing jurisdiction proven on the record by the prosecution, as well as not being convicted for over 22+ months not, currently at the time of this submission without a trial date, is a violation of Plaintiff's right to a speedy trial.

240.    That, due to the Defendant(s) egregious lack of timely prosecution of Plaintiff, all pending charges pertaining to Plaintiff's situation at hand, must be deemed VOID, vacated and/or dismissed.

241.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from

criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

## AS AND FOR A EIGHTH CAUSE OF ACTION
### VIOLATION OF THE SEVENTH AMENDMENT
### RIGHT TO A JURY TRIAL
### 42 U.S.C. 1983

242.    Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

243.    That, the Seventh Amendment guarantees, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved, and no fact tried by a jury, shall otherwise re-examined in any Court of the United States, than according to the rules of the common law."

244.    That, during an unlawful court proceeding on November 18, 2022, in the Salina Town Court, Defendant Paul G. Carey, against my objection, and non consent, commenced a BENCH TRIAL, instead of calling for a Jury.

245.    That, at all relevant times, Defendant was acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

## AS AND FOR A NINTH CAUSE OF ACTION
## VIOLATION OF THE FOURTH AMENDMENT
## MALICIOUS PROSECUTION
## 42 U.S.C. 1983

246.　That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

247.　That, on the above stated dates, defendant(s) Watson, Ryan, Elsenbeck, Lynch, Nerber, while operating outside the limitations of their jurisdictional duties, made the unlawful, judicial determination I was guilty of a crime and/or violation of New York State Department of Motor Vehicles, without a verified complaint by one of the People of New York State, as police and/or Law Enforcement Officers work for the State and thus, are not one of the People of the State, they ARE the State.

248.　That, on the aforementioned dates, defendant(s) Williams, Hudson, LaSorsa and Carey, acted with malice in the wrongful, unjustifiable, and unlawful prosecution of the Plaintiff, as carried out without a verified complaint via one of the People of New York State, thus acted without jurisdiction to prosecute and/or commence and continue lawful proceedings, as required by law, and as such, acted maliciously in their unlawful prosecution.

249.　That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

## AS AND FOR A TENTH CAUSE OF ACTION
## MUNICIPAL "MONELL" LIABILITY
## 42 U.S.C. 1983

250.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

251.    That, defendant(s) VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, had in effect actual and/or de facto policies, practices, customs, and usages that were unconstitutional, or were deliberately indifferent toward the existence of such actual and/or de facto policies, practices, customs, and usages that were unconstitutional, causing Plaintiff to be deprived of his Constitutionally protected rights.

252.    That, defendant(s) VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, acting through their employees, agents, servants, and representatives, including, but not limited to defendant(s) LaSorsa, Osbeck, Ryan, Elsenbeck, Nerber, Hardy, Cavaliere, Watson, Carey, Lyons, Quigley, Lynch, Williams, Hudson, Albert and Schroeder, had in effect actual and/or de facto policies, practices, customs, and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein and caused the Plaintiff to be deprived of his Constitutionally protected Rights.

253.    That, defendant(s) VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, acting through their employees, agents, servants, and representatives, had in effect actual and/or de facto policies, practices, customs, and usages of failing to require its employees, agents, and servants including, but not limited to defendant(s) LaSorsa, Ryan, Elsenbeck, Nerber, Hardy,

Cavaliere, Watson, Carey, Lyons, Quigley, Lynch, Williams, Hudson, Albert and Schroeder, to comply with the rules and regulations of the VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, while also failing to require compliance with the United States Constitution, the New York State Constitution and the laws of the United States and the State of New York.

254. That, defendant(s) VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, have actual and/or de facto policies, practices, customs, and usages which are a formal policy endorsed by the municipality; persistent and widespread practice that amounts to a custom of which policymakers must have been aware; and/or are violation of Plaintiff's First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth, Constitutionally protected Rights, causing severe harm and damage to Plaintiff.

255. That, Plaintiff suffered severe harm, damage, and continues to be damaged, resulting from Defendant(s) policymakers failure to train its municipal employees, resulting in the direction of their employees unlawful actions against Plaintiff, including, but not limited to their Police employees unlawfully arresting many used automobiles and the people within said automobiles without probable cause or lawful justification, unlawful seizing of said persons property, misrepresenting or falsifying evidence, discouragement of Sheriff deputies, or employees of the Office of the Sheriff from filing police reports on corrupt governmental employees, as well as the revoking of Plaintiff's and others, New York State Department of Motor Vehicles issued Drivers License, albeit isn't necessary for travel, but is currently necessary to rent a used automobile while on vacation, which does nothing more

than to encourage said misconduct, while exhibiting deliberate indifference towards the Constitutionally protected rights of the Plaintiff.

256. That, Defendant(s), have actual or de facto policies that weaponize the legal process against Plaintiff and unsuspecting, peaceful citizens going about their daily life, with liberty, in pursuit of their happiness, in a perverted manner for the purpose of obtaining inappropriate, monetary objectives, which extort money from said Plaintiff and other people, placing undue stress, burden and hardship on said people who are lawfully exercising their Constitutionally protected right of free travel, on and about the Federal public passageways and/or highways.

257. That, the aforementioned actual and/or de facto policies, practices, customs, and usages under the pretense and color of state law, were a direct and proximate cause of the unconstitutional conduct alleged herein and caused the Plaintiff to be deprived of his Constitutionally protected rights.

258. That, defendant corporation(s), VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, are violating their corporate charters, by and without recourse, allowing their employees to commit crimes, depriving Plaintiff of his Constitutionally protected rights.

259. That, Plaintiff, sustained damages solely and wholly as a result of the aforesaid deliberate and egregious misconduct, allowed within Defendant(s) unconstitutional policies and customs, as stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment be awarded in his favor as follows:

a. For a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 declaring that Defendant(s) have violated Plaintiffs' rights, privileges and immunities under the First, Fourth, Sixth, Seventh and Fourteenth Amendments to the United States Constitution;

b. For an injunction, ordering the immediate release of Plaintiff's private property, a 2008 Honda Accord used automobile, including all its contents and vanity PR1V4T3 plate;

c. For an Order, restricting local Police, county Sheriff's and NYS Troopers from arresting peaceful Plaintiff while exercising his Right to travel;

d. For a declaratory judgment, vacating defendant Carey's judgment, RE: Eviction case #21090190, ordering payment of $71,250 to George Azzolino;

e. For an declaratory judgment, vacating convictions of four (4) guilty verdict(s), confirming Judgment void against RICHARD L SPOSATO, RE: case #17-506472, ;

f. For reinstatement of the New York State Drivers license issued to RICHARD L SPOSATO.

g. For a preliminary and permanent injunction, pursuant to 28 U.S.C. § 1651(a), 42 U.S.C. § 1983, Rule 65 of the Federal Rules of Civil Procedure, and Local Rule 65.1 granting Plaintiff relief from defendant Paul G. Carey's ongoing, unbounded abuse of my due process rights and enjoining him from being involved in any manner, in any civil or criminal actions against Plaintiff;

h. First CAUSE OF ACTION in the sum of One Hundred Fifteen Million, Eight Hundred Eighty Thousand Dollars and Zero Cents ($115,880,000.00) USD;

i. Second CAUSE OF ACTION in the sum of Thirty Six Million, Four Thousand Dollars and Zero Cents ($36,004,000.00) USD;

j. Third CAUSE OF ACTION in the sum of One Hundred Fifty Million, Two Hundred Eighty Thousand Dollars and Zero Cents ($150,280,000.00) USD;

k. Fourth CAUSE OF ACTION in the sum of Twenty Four Million, Three Hundred Thirty Five Thousand Dollars and Zero Cents ($24,335,000.00 USD;

l. Fifth CAUSE OF ACTION in the sum of Twenty Million Dollars and Zero Cents ($20,000,000.00) USD;

m. Sixth CAUSE OF ACTION in the sum of Five Million, Eight Hundred Thousand Dollars and Zero Cents ($5,800,000.00) USD;

n. Seventh CAUSE OF ACTION in the sum of Twelve Million Dollars and Zero Cents ($12,000,000.00) USD;

o. Eighth CAUSE OF ACTION in the sum of One Million Dollars and Zero Cents ($1,000,000.00) USD;

p. Ninth CAUSE OF ACTION in the sum of Twenty One Million Dollars and Zero Cents ($21,000,000.00) USD;

q. Tenth CAUSE OF ACTION in the sum of Three Hundred Eighty Five Million, Two Hundred Ninety Nine Thousand Dollars and Zero Cents ($385,299,000.00) USD;

r. Punitive damages, @ 5x compensatory, in the sum of One Billion, Nine Hundred Thirty One Million, Four Hundred Ninety Five Thousand Dollars and Zero Cents ($1,931,495,000.00) USD;

s. For an award of Plaintiff's attorney fees, costs, and disbursements;

t. For such other relief as the Court deems equitable, just, and proper.

April 25, 2023

By: _____

Richard Sposato
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
E-mail: richie@nusoundmusic.com
Telephone: 315-412-1776