UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Sposato, a.k.a. Richie Sposato, Richard L. Sposato, and Richard-Louis: Sposato )<br><br>Plaintiff, )<br>v. )<br> )<br>Paul G. Carey, individually and in his official capacity, )<br>Jed Hudson, individually and in his official capacity, )<br>John Lyons, individually and in his official capacity, )<br>Mike Quigley, individually and in his official capacity, )<br>Mark A. Watson, individually and in his official )<br>capacity, TOWN OF SALINA, Matthew W. )<br>Ryan, individually and in his official capacity, Nicholas )<br>Elsenbeck, individually and in his official capacity, )<br>Hunter Nerber, individually and in his official capacity, )<br>Megan Cavaliere, individually and in her official )<br>capacity, Derek J. Czerow, individually and in his )<br>official capacity, Joseph Hardy, individually and in his )<br>official capacity, VILLAGE OF SOLVAY, B. Lynch, )<br>individually and in his official capacity, Alphonse )<br>Williams, individually and in his official capacity, )<br>Jeffrey D. Albert, individually and in his official )<br>capacity, COUNTY OF ONONDAGA, Mark F. )<br>Schroeder, individually and in his official capacity, )<br>and NEW YORK STATE DEPARTMENT OF )<br>MOTOR VEHICLES, )<br> )<br>Defendant(s). )<br> ) | Civil Case No.: 5:23-cv-364<br>(Judges Initials) TJM / ATB<br><br><br>. Amended Complaint 2<br><br><br>**DEMAND TRIAL BY JURY**<br><br> |

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
DEC 1 5 2023
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

## **PREFACE**

This is the story and complaint of a locally born and raised, peaceful, man, a child

of God, named Richard "Richie" Sposato, Plaintiff in this case, who pledges allegiance to

the flag of the united states of America, and to the Republic for which it stands, one

nation, under God, indivisible, with Liberty and Justice for ALL. Plaintiff is a well known worldwide, bowling aficionado extraordinaire, who obeys all Laws that apply to him, such as the 10 Commandants and/or Natural Law, who goes about his unalienable Right to LIFE, Liberty and Due Process of Law, peacefully, fast, hard working, minding his own business, as to NOT bother the other People of this state, or any other state or country on the land we were born and live on called Earth, but for some reason, the above State actors pretend to have authority over this child of God with unalienable Rights, bringing cases unlawfully forward as the People of the state of New York, but those individuals are not the People of the state of New York, they are actually the Corporate STATE OF NEW YORK and/or the "State/STATE", and their CORPORATE employees, in disguise as the People.

But instead of this peaceful, hard working man being able to live out his dreams, freely and unencumbered, as His unalienable Rights are bestowed upon Him command, during his short time on earth, this peaceful man's LIFE has been unlawfully hijacked and taken away from Him, by a nefarious Corporate State, called the STATE OF NEW YORK and/or their employees, agents, agencies and Municipalities, with said State employee actors individually trespassing and/or conspiring to trespass on this Man's LIFE, without lawful authority and jurisdiction to do such egregious trespass(s), succinctly under the guise and Color of State Law, as stated below.

**COMES NOW**, this Plaintiff, Richard Sposato, a man who is pleading to get His LIFE and reputation back, brings forth the following causes of action and alleges the following:

## JURISDICITON AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 - Federal

question, since this case arises under the Constitution and laws of the United States, as well

as 42 U.S.C. § 1983. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §

1343(a)(3), a civil action for deprivation of rights secured by the Constitution of the United

States, (see Hagans v. Lavine, 415 U.S. 528 (1974)), and (4), To recover damages or to

secure equitable or other relief under any Act of Congress providing for the protection of

civil rights.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the

defendants reside in and performs their official duties in this District and a substantial part of

the events or omissions giving rise to Plaintiffs' claims occurred in this District. In the

alternative, to the extent 28 U.S.C. § 1391(b)(1) is not applicable, venue is proper in

accordance with 28 U.S.C.§ 1391(b)(2).

## THE PARTIES

3.      Plaintiff, Richard Sposato, the living, breathing, man, retaining all unalienable

God given, Constitutionally protected rights, with a mailing address, c/o 510 N. Orchard Rd.,

Solvay, New York [13209].

4.      That, upon information and belief, defendant, Paul G. Carey is acting as a Town

of Salina judge, an individual and taxpayer, with a business mailing address, 201 School Rd.,

Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

5.      That, upon information and belief, defendant, Jed Hudson, is an Onondaga

County Assistant District Attorney, an individual and taxpayer, with a business mailing

address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

6.      That, upon information and belief, defendant, John Lyons, is a bailiff for the Town of Salina, an individual and taxpayer, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

7.      That, upon information and belief, defendant, Mike Quigley, is a bailiff for the Town of Salina, an individual and taxpayer, with a business mailing address, 201 School Rd., Liverpool, NY, 13088. Defendant is being sued in his individual and official capacities.

8.      That, upon information and belief, defendant, Mark A. Watson, is a New York State Trooper, an individual and taxpayer, with a business mailing address, 101 N. Constellation Way, N. Syracuse, New York 13212. Defendant is being sued in his individual and official capacities.

9.      That, upon information and belief, defendant, TOWN OF SALINA is a government agency and a corporation, with a business mailing address, 201 School Rd., Liverpool, NY, 13088.

10.     That, upon information and belief, defendant, Kara A. LaSorsa, is Village of Solvay acting judge, an individual and taxpayer, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209. Defendant is being sued in her individual and official capacities.

11.     That, upon information and belief, defendant, Matthew W. Ryan, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

4

12.    That, upon information and belief, defendant, Nicholas Elsenbeck, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

13.    That, upon information and belief, defendant, Hunter Nerber, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

14.    That, upon information and belief, defendant, Megan Cavaliere, is a Village of Solvay employee, clerk or assistant clerk of the court, an individual and taxpayer, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209. Defendant is being sued in her individual and official capacities.

15.    That, upon information and belief, defendant, Derek John Czerow, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

16.    That, upon information and belief, defendant, Joseph Hardy, is a Village of Solvay police officer, an individual and taxpayer, with a business mailing address, 507 Charles Ave., Solvay, NY 13209. Defendant is being sued in his individual and official capacities.

17.    That, upon information and belief, defendant, VILLAGE OF SOLVAY, is a government agency and a corporation, with a business mailing address, 1100 Woods Rd., Solvay, NY 13209.

5

18.     That, upon information and belief, defendant, B. Lynch, is an Onondaga County Sheriff, badge #2864, an individual and taxpayer, with a business mailing address, 407 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

19.     That, upon information and belief, defendant, Alphonse Williams, is an Onondaga County Assistant District Attorney, an individual and taxpayer, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

20.     That, upon information and belief, defendant, Jeffrey D. Albert, is an Onondaga County Assistant District Attorney, an individual and taxpayer, with a business mailing address, 505 S. State St., Syracuse, NY 13202. Defendant is being sued in his individual and official capacities.

21.     That, upon information and belief, defendant, COUNTY OF ONONDAGA, is a government agency and a corporation, with a business mailing address, John H. Mulroy Civic Center, 14th Floor, Syracuse, NY 13202.

22.     That, upon information and belief, defendant, Mark F. Schroeder, is the Commissioner of Motor Vehicles, an individual and taxpayer, with a business mailing address, 6 Empire Plaza, Albany, NY 12228.

23.     That, upon information and belief, defendant, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, is a government agency and a corporation, with a business mailing address, 6 Empire Plaza, Albany, NY 12228.

**FACTS**

24.    That, I, Plaintiff Richard Sposato, the living breathing man, retaining all

unalienable God given and Constitutionally protected rights, not the legal fiction, commercial

entity, cestui que trust identified as RICHARD L SPOSATO (# withheld for confidentiality),

states he is a freedom and fun loving entrepreneur, born and raised on Earth and the land

called Onondaga county, former professional bowler, world renown bowling aficionado

extraordinaire, inducted on the Syracuse bowlers Hall of Fame, who created the most

technically advance bowling ball on earth, called the Buzzsaw, under the world renown

brand name Lane #1.

25.    That, Plaintiff, traveled the world promoting his product, moving to Paris, France

to do business for 7 months running a pro shop, traveling to many European countries

bowling tournaments along the way, loving life, so much so, Plaintiff met a young lady in the

Netherlands and got married there, before coming back to his home and newfound wife to

carry on his enjoyment of creating new products from his ideas, to further his business

endeavors.

26.    That, Plaintiff, while enjoying his Constitutionally protected freedoms, supporting

his love of helping others, spending his money locally with mom and pop businesses, going

out to eat at local restaurants, then enjoying the incredible live music scene we have right

here in town for everyone's entertainment, when suddenly, in his hometown, after a night out

helping friends, traveling to mom's house, minding his own business, was attacked out of

nowhere, at roughly 2:20 am, arrested in his mom's driveway, by a Solvay Police officer

Berg, interrogated without probable cause and handed 9 tickets, 2 of which were labeled with

some form of DWI.

7

27.    That, after a lengthy, drawn out case, in the middle of Plaintiff remodeling the former nightclub named Jolly Roger and Mac's Bad Art Bar live music venue, in Mattydale, NY, town of Salina, starting a new business venture, where this Plaintiff [was railroaded into having a public defender assigned to him] and further trial on August 23, 2018, was found guilty of 4 charges, including the higher one of DWI, after he was found not guilty of the lessor one of being .08 BAC [all without jurisdiction to do so, and as such, the charges and/or judgment is VOID, as explained below, seen in Plaintiff's factual EXHIBITS attached to this complaint].

28.    That, upon or after Plaintiff's 6 month sentencing on November 8, 2018, Mark Schroeder, Commissioner of the NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, and/or his defendant employer suspended and further revoked the driver's license issued to RICHARD L SPOSATO, defendant Schroeder's signature is seen clearly at the bottom right hand corner of Plaintiff's State of New York DEPARTMENT OF MOTOR VEHICLES, ABSTRACT OF DRIVING RECORD (see EXHIBIT 0.10) [confirming defendant Schroeder's personal involvement trespassing Plaintiff's Constitutionally protected Liberty, as well as his Defendant employer's policies and customs to defraud Plaintiff of his same Constitutionally protected Liberty, due to defendant NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES de facto customs and policies].

29.    That, Plaintiff spent a shortened 4 months [of cruel and unusual punishment] in jail, released early on good behavior at Onondaga County Penitentiary, in Jamesville, NY [for a crime Plaintiff didn't commit, as evidenced below in the definition of a "motor vehicle", thus lacking the necessary subject matter jurisdiction by law to proceed, and as such, all judgments therefore are VOID, ab initio (see EXHIBIT 0.11)], crippling Plaintiff of

his LIFE, reputation, business endeavors and property, for Plaintiff's action which caused

ZERO (emphasis added in caps) damage or injury to ANY person or property.

30.     That, the following cited common law, Federal and State statutes, codes and

definitions throughout this second amended complaint shall be construed as Judicial Notice

of Law, under the "Doctrine of Incorporation by Reference".

31.     That, Plaintiff, after doing much research, found the Federal definition of a

"motor vehicle" to be: (see EXHIBIT 0.50, pg. 3)

> 18 U.S. Code § 31 - Definitions (6) Motor vehicle - "every
> description of carriage or other contrivance propelled or
> drawn by mechanical power AND used for commercial
> purposes".

32.     That, further research shows, New York State Laws also state the definition of

"motor vehicle" to be: (see EXHIBIT 0.50, pg. 4)

> TRA - Transportation, Article 1 § 2 Definitions - 18.
> "Motor Vehicle" means a vehicle, machine, bus, tractor,
> truck trailer or semi-trailer, propelled or drawn by
> mechanical power and used upon the highways in the
> "transportation" (commercial activity) of property or
> passengers.

> [therefore, the term "motor vehicle" is something used in
> commerce, as the word "transportation" refers to
> commercial activity, and as such, New York State's
> definition of the term "motor vehicle", falls directly in line
> with the Federal definition of a "motor vehicle", as
> something being used for commercial purposes.]

33.     That, in U.S. Code, title  49 - U.S. Department of Transportation, which is the

regulation of "Commerce", thus all definitions pertain to commerce, i.e. definition of a

"driver" is found at : (see EXHIBIT 0.50, pg. 8)

49 CFR § 390.5 "Driver" means any "person" who
"operates" any commercial "motor vehicle".

[all "motor vehicles" are commercial, the Federal definition
of "operator" is (see driver), again relating to commerce.]

34.    That, Plaintiff has also found in the New York Consolidated Laws, Vehicle and

Traffic Law - VAT § 516, known as the Driver License Compact Agreement, was enacted

into law and entered into with all other jurisdictions joining therein in the form substantially

as follows: (see EXHIBIT 0.50, pg. 2, which NYS and/or its arm called NYS DMV an

agency of the State, consents to Federal jurisdiction therein)

DRIVER LICENSE COMPACT ARTICLE 1 FINDINGS
AND DECLARATIOIN OF POLICY (a) The party states
find that: (1) The safety of their streets and highways is
materially affected by the degree of compliance with state
and local laws and ordinances relating to the "operation" of
"motor vehicles" [hence, it is referring to some type of
vehicle "used for commercial purposes"].

ARTICLES OF DEFINITION
As used in this compact:
(a) "State" means a state, territory or possession of the
United States, as well as the District of Columbia.

[which means New York State is part of or under the
jurisdiction of the United States, and/or the United States
and the District of Columbia is a State, thus, she (the State
of New York) has consented to Federal jurisdiction and
Federal laws almost 60 yrs ago, since 1965, and as such,
Federal rules and definitions take precedence over State
definitions of words or phrases, including, but not limited
to - "motor vehicle", "driver", "operate", "operator",
"commerce", "traffic", "transportation"].

35.    That, this Plaintiff also found researching in U.S. Code > Title 49 > Subtitle IV >

Part B > chapter 131 > § 13102 - Definitions state: (see EXHIBIT 0.50, pg. 7)

(11) "the term household goods freight forwarder" means a freight forwarder of one or more of the following items: household goods, unaccompanied baggage, or "used automobile".

[therefore, a used automobile is nothing more than a household good, and as such, is not required to be licensed for possession, nor do any government regulations restrict the movement, as the U.S. government will gladly ship one privately owned automobile overseas for a serviceman.]

36.    That, in U.S. Code > Title 49 > Subtitle VI > Part B > Chapter 313 > § 13101 - Definitions states:

(2) "commerce" means trade, traffic, and transportation.

[therefore, it's highly plausible for any reasonable (wo)man or person to conclude that a "traffic" violation pertains to functioning in a commercial activity. Hence, having reasonably concluded traffic violations pertain to commerce, if one is not participating in a commercial activity, one cannot commit a "traffic" violation, as you would be outside the jurisdiction of commerce and/or the limited jurisdiction of the police, with regards to the regulation of trade, "traffic" and/or commerce on the public passageways/highways, all of which a "drivers license" IS REQUIRED (emphasis added).]

37.    That, Plaintiff further has found in the New York Consolidated Laws, Vehicle and Traffic Law - VAT § 501, there are basically five different classes of drivers licenses for adults and any such license shall be valid ONLY (emphasis added) for the operation of the type of vehicle specified for each class of license, namely, the five classes being class A, class B, class C, class D and class E. (see EXHIBIT 0.50, pg. 5)

11

38.     That, the New York State DMV class A, class B, class C and class E type licenses, listed in NYS VAT § 501 (see EXHIBIT 0.50 pg. 5), are all considered a commercial type of license, with each of these classes using the term "motor vehicle" in their description, as what is to be considered a valid vehicle to be "operated" under such class of license [which absolutely makes perfect sense, seeing that the term "motor vehicle' refers to "commercial use", falling directly in line as federally defined, in 18 U.S. Code § 31 - Definitions as outlined above], and further stating nowhere in its description, a class D license permits a person to "operate" a "motor vehicle", as federally defined, as it only states a person may "operate" a "passenger" or "limited use", "automobile".

39.     That, it is very peculiar for the class D license description to not have any mention the term "motor vehicle", in the description found in NYS VAT § 501, stating what type of vehicle is permitted to be used with a class D license, but instead uses the terms "passenger", "limited use" and "automobile" [which again, makes absolute perfect sense], falling directly in line with the Federal definition of the term "motor vehicle" [which is for commercial purposes, and as such, seeing as though the class D license is a NON-COMMERCIAL (emphasis added) license, the "motor vehicle" terminology is conveniently and correctly left out of the class D license description].

40.     That, after much research [I've concluded, as would any reasonably prudent man or woman conclude based on the facts], Plaintiff's used automobile, specifically a 2008 Honda Accord EX-L, not being used for commercial purposes, as defined, is NOT considered a "motor vehicle".

41.     That, to further confirm my research, finding that Plaintiff's 2008 Honda Accord EX-L used automobile is NOT a "motor vehicle", Plaintiff asked the New York State

Department of Motor Vehicles a question on online, dated 7/3/20, "is an individual with a class D license permitted to operate a motor vehicle", to which I received a reply on 7/27/20 stating, "Yes. As long as they are companied by a licensed driver". (see EXHIBIT 0.50, pg. 6)

42.    That, you and I, knowing we all can ride around town in our used automobile by ourselves, unaccompanied by any other person, going about our daily activities, not using it for commercial purposes, absolutely confirms the notion our everyday car/used automobile must NOT be a "motor vehicle".

43.    That, per New York State Vehicle and Traffic Law - VAT § 401, pertaining to the registration of Motor Vehicles, states: (see EXHIBIT 0.50. pg.9)

> 1. Registration by owners. a. No "motor vehicle" shall be "operated" or "driven" upon the public highways of this state without first being registered in accordance with the provisions of this article, except otherwise expressly provided in this chapter.

As stated, only "motor vehicles", "operated" or "driven" upon the public highways, must be registered [therefore, Plaintiff's 2008 Honda Accord, "used automobile" and everyone else's used automobile, not being used for commercial purposes, need NOT (emphasis added) be registered with the New York State Department of Motor Vehicles, same goes for the need of insurance, as the term "motor vehicle" doesn't apply to how the contrivance, propelled or drawn by mechanical power is produced, i.e. with a motor, it goes by the "use" of the vehicle], which is why for registration purposes in the New York State definition of Motor Vehicles, found in New York Consolidated Laws, Vehicle and Traffic Law - VAT § 125 & 311 states, "for the purposes of title four of this chapter (§ 401 pertaining to registration) the term motor vehicle shall exclude fire and police

vehicles", as they are not being used for commercial purposes (see EXHIBIT 0.50, pg. 10), even though they do contain a motor for propulsion.

44.    That, having said all that, it's incorrect for ANY (emphasis added) police officer to assume Plaintiff's or anyone else's car, used automobile, or whatever you want to call it (I like to call it a mechanical horse), is a "motor vehicle", just because it has a motor for propulsion.

45.    That, [having concluded what a "motor vehicle" is defined to be, which isn't your everyday used automobile, not being used for commercial purposes, now means] every local police officer, county Sheriff and/or State Trooper is improperly trained and/or trained with "deliberate indifference to the rights of the people whom they unlawfully come in contact with on the highways each and every day when exercising their Constitutionally protected right to travel upon the public passageways/highways", and as such, [unlawfully and WITHOUT JURISDICTION (emphasis added)] inflict much harm, damage and pain upon those same people, their property and ESTATE [by unlawfully] arresting, detaining, issuing [unlawful] traffic tickets, and further potentially having a non necessary for traveling State issued "drivers license" taken away from the free People where all power reigns, and to whom, many of which these same Police are hired to protect, are committing crimes against the free People of this and every other State, like NAZI's], just because of the People exercising their Constitutionally protected rights, which include the right to freely travel unencumbered.

46.    That, aforementioned above, is the reason Plaintiff travels with a vanity plate marked PR1V4T3, DOT EXEMPT, FOR NOON COMMERCIAL USE ONLY, so as in order to remove any reasonable suspicion by the Police on the highways, of a commission of

a traffic violation and/or somehow thought of Plaintiff being a "driver" or a "person" who "operates" or is "operating" a "motor vehicle" in violation of New York Vehicle and Traffic Laws, all of which quoted terms above pertain to commercial activity, which Plaintiff is not involved with, and as such, not "operating" a "motor vehicle", nor lawfully subject to the jurisdiction thereof, and/or the requirement of NYS VAT LAW's presuming Plaintiff needs State issued plates, licenses and the like rules, statutes and codes that pertain to "motor vehicles" and/or commercial activity upon the public highways, enumerated throughout the New York State Department of Transportation code and/or New York State Vehicle and Traffic Law.

47.    That, Plaintiff, when traveling freely throughout the day in a used automobile, not being used for commercial purposes, enjoying the pleasures of this Earth, in which God created for all to enjoy, endowing upon us these unalienable, Constitutionally protected rights to live as free men and women, most certainly follows all laws that apply to Him while going about His daily life, trying to bring peace and joy to all fellow men and women living on our mother Earth.

48.    That, unfortunately for some odd reason, the employees of New York State that are supposedly hired by the People, to protect them from criminals who do damage to them and/or their property, seem to have a problem with this Plaintiff exercising His God given, unalienable rights and freedoms, which are Constitutionally protected, in this land of the Free, called the United States of America, to which an Oath was sworn to protect these rights when getting hired, on land where He was born and can't understand why they're arresting His Constitutionally protected God given rights pertaining to the exercise of Freedom of travel, but instead, are actually arresting His rights, causing harm, inflicting as much damage

as humanly possible, like a terrorist, with much of the damage, but not all, enumerated in this complaint.

49.    That, on December 17, 2020, with Plaintiff's New York State DMV confirmed, newfound knowledge of the everyday used automobile NOT being a "motor vehicle", Plaintiff sent Mark F. Schroeder, the Commissioner of New York State Department of Motor Vehicles, Solvay Police Chief at the time Allen Wood, Onondaga County DA William Fitzpatrick, Onondaga County Sheriff at the time Eugene Conway, as well as Keith M. Corlett, Superintendent of New York State Police, a commercial Affidavit contract, Demanding proof of their Lawful Authority and Jurisdiction, for any Solvay Police officer, Onondaga County Sheriff and NYS Trooper to stop, detain and arrest People, individuals or persons, for sitting behind the wheel, steering, while moving or not, traveling in, or using an owned, or rental version of a passenger, personal or limited use automobile, while holding, using and/or being licensed with a NYS class D drivers license, or not holding, being unlicensed and/or without said, NYS class D drivers license, under the guise of said People, individuals or persons "operating" a "motor vehicle", giving said above individuals the opportunity within (30) thirty days, to rebut the stated claims therein. (see EXHIBITS 1.10 - 1.14)

50.    That, on March 18, 2021, a Notice of Default was sent by Plaintiff, to the same individuals listed above, stating that due to their acquiescence and/or failure to rebut, or object to the stated facts therein, the courts are authorized to find the facts in the above stated commercial Affidavit of Truth contract, dated December 17, 2020, to be as presented [namely that the parties mentioned therein, which facts therein flowing down to their employees as well, do not have any lawful authority, nor jurisdiction, with regards to my

**16**

peaceful self, going about my daily life as I see fit, with regards to my unalienable God given

rights, shared with us in the Declaration of Independence, protected by the Bill of Rights, the

U.S. Constitution, as well as the Constitution of the State of New York, including, but not

limited to Plaintiff's God given, unalienable right to life, liberty, and property, in the pursuit

of happiness]. (see EXHIBITS 1.20 - 1.24)

51.    That, Plaintiff lives His life in accordance with the principals and laws of nature,

endowed upon us by God, our creator, outlined in the 10 Commandments, causing no harm

to my fellow (wo)man, with these Truths eloquently written in the Declaration of

Independence, which states:

> "that all Men are created equal, that they are endowed by their
>
> Creator with certain unalienable Rights, that among these are Life,
>
> Liberty, and the Pursuit of Happiness----That to secure these Rights,
>
> Governments are instituted among Men, deriving their just Powers
>
> from the Consent of the Governed, that whenever any Form of
>
> Government becomes destructive of these Ends, it is the Right of the
>
> People to alter or to abolish it, and to institute new Government, laying
>
> its Foundation on such Principles, and organizing its Powers in such
>
> Form, as to them shall seem most likely to effect their Safety and
>
> Happiness."

52.    That, on April 7, 2021, Plaintiff sent via USPS, return receipt a commercial

Affidavit (contract offer), Demand For Lawful Authority/Jurisdiction, Notice of Lawful

Traveler to then Solvay Police Chief Allen Wood, New York State Police Superintendent

Kevin P. Bruen, New York State Police Deputy Superintendent Steven Negrilli, New York

State Sheriff's Association Commissioner Jeffrey Murphy, and Onondaga County Sheriff

Eugene Conway, stating Plaintiff is a Lawful Traveler, not needing a New York State drivers

license to travel on the public passageways in His private property, used automobile, not

using it for commercial purposes, with a subsequent Notice of Default sent to all of the above

named herein on June 2, 2021, stating that due to their acquiescence and/or failure to rebut,

or object to the claims stated in the April 7, 2021 commercial Affidavit (contract offer)

Notice of Lawful Traveler, the parties named therein, waived their opportunity to rebut

and/or object to the stated claims therein, claiming Plaintiff herein is a lawful traveler, needs

not a State issued drivers license to travel upon the public passageways, in any new or used

automobile, not being used for commercial purposes, which ultimately, went unanswered

within the allotted timeframe to respond. (see EXHIBITS 2.10 - 2.14)

53.      That, on Friday, May 28th, 2021, at about 7:10 pm., Plaintiff was exercising His

lawful, Constitutionally protected right to travel upon the public passageways [without the

need for a state issued license], in a private used automobile, not registered with the State of

New York, or any State for that matter, with a vanity plate on the back of the "used

automobile", labeled "PR1V4T3, DOT EXEMPT, FOR NON COMMERCIAL USE

ONLY", notifying any potential police officers that His private, used automobile is not

within their limited scope of jurisdiction pertaining only to "motor vehicles", i.e. a self

propelled vehicle that is being used for commercial purposes, signifying the used automobile

Plaintiff was riding around in and upon is NOT being used for commercial purposes [thus it

is NOT (emphasis added) a "motor vehicle"], which any reasonable person could conclude

should be enough notice to deter highway police from presuming otherwise.

54.    That, Plaintiff, after seeing emergency lights flashing on the police vehicle following behind Plaintiff, which an emergency is required by New York State law to deploy such lights (see NYS VAT § 375.41.2) and with no emergency occurring [thus a violation of State code by the New York State Trooper, later to be known as defendant Mark A. Watson], after finding a safe place pulled over, parked into a privately owned parking lot and at that moment, Plaintiff's lawful Right to travel freely upon the public passageways unencumbered, was arrested by defendant Watson [presumably for "operating" a "motor vehicle" in violation of New York State Vehicle and Traffic Laws, but in FACT, was NOT operating a "motor vehicle" (as described and defined above), thus Plaintiff was arrested WITHOUT JURISDICTION (emphasis added), nor PROBABLE CAUSE, thus NO lawful authority with regards to this peaceful, law abiding man, exercising his Constitutionally protected rights, previously confirmed via unrebutted commercial affidavit contract sent to his boss, subsequently and further confirmed via the unrebutted, commercial affidavit contract sent by Plaintiff, to defendant Watson].

55.    That, defendant Watson, exited his police vehicle walking up to Plaintiff's window, asking for a driver's license, registration, etc., which Plaintiff replied he didn't have any such documents [as they are NOT required by law to travel upon the public passageways in a used automobile, going about non commercial, daily activities].

56.    That, after a couple minutes, a few other Troopers appeared on the scene, with one of them snooping around Plaintiff's car, looking for stuff, as Plaintiff was being questioned by defendant Watson.

57.    That, shortly thereafter, Plaintiff was told by defendant Watson [without Defendant having jurisdiction, nor lawful authority with regards to Plaintiff's peaceful, law

19

abiding self in the situation at hand, as well as Plaintiff NOT operating a "motor vehicle" (as described and defined above)], Plaintiff was under arrest for obstruction of governmental administration and ordered to get out of the car, at which time, defendant Watson put handcuffs on Plaintiff and was forced into Defendant's patrol car, taken to the Trooper Station for processing, and was informed Plaintiff's private property, household goods, used automobile was being towed [unlawfully and without jurisdiction, with regards to Plaintiff and the issue at hand].

58.     That, after being [kidnapped and] taken away for further processing of Plaintiff's arrest, Plaintiff was handed 8 tickets, one with notice on the UNIFORM APPEARANCE TICKET to appear in Syracuse City Court on June 16, 2021, at 9:30 am, as well as (7) seven [unlawfully] issued, due to me NOT operating a "motor vehicle" (described above), New York State Department of Motor Vehicles UNIFORM TRAFFIC TICKET'S, with an appearance date at the Salina Town Court on June 30th, 2021 at 5:00 pm.. (see EXHIBIT 3.00)

59.     That, all this peaceful, law abiding Citizen did, was travel back to his mom's house, in the geographical location known as the County of Onondaga where Plaintiff grew up and graduated high school, in the geographical location known as Solvay, New York, after an unassuming work day, connecting with business associate friends, minding His own business [and to have this happen to Him in the Country called America, Land of the Free, is a despicable hijacking of our God given, unalienable and Constitutionally protected Rights].

60.     That, during processing, Plaintiff was also informed by defendant Watson his car was being towed by Car Magic, from the private property it was parked on [adding cruel and unusual punishment to the nature of His crime, which was no crime, NO INJURY (emphasis

added) to anyone, yet Plaintiff's "legs" for travel so to speak, were cut off from Him, crippling Plaintiff to work and Constitutionally protected Right to free movement unencumbered].

61.    That, who's the criminal here, causing damage to society [certainly not Plaintiff]..?

62.    That, on or about June 1, 2021, Plaintiff paid roughly a $640 ransom fee to Car Magic, to recover impounded car, having it towed to mom's house, located at 510 N. Orchard Rd., Solvay, New York 13209.

63.    That, on or about June 2, 2021, pertaining to Plaintiff's commercial affidavit (contract offers) sent out on April 7, 2021, Plaintiff further sent notices of default to then Solvay Police Chief Allen Wood, NYS Police Superintendent Kevin P. Bruen, NYS Police Deputy Superintendent Steven Negrilli, NYS Sheriff's Association President Jeffrey Murphy and then Onondaga County Sheriff Eugene Conway, stating that due to your non response, and/or failure to rebut, or object to the facts stated therein, via acquiescence, constitutes authorization for the courts to find the facts therein, to be as presented [namely me being a lawful traveler absent a state issued drivers license, registration and insurance]. (see EXHIBITS 2.20 - 2.24)

64.    That, on or about June 2, 2021, Plaintiff sent defendant Watson a commercial Affidavit (contract offer), Demand For Lawful Authority/Jurisdiction, giving Defendant a reasonable time to respond to prove his lawful authority and jurisdiction with regards to Plaintiff, which there was no response, rebuttal, nor objection, or dispute as to the facts stated therein [therefore via acquiescence, said commercial affidavit contract constitutes authorization for the courts to find the facts therein, to be as presented]. (see EXHIBIT 3.10)

65.    That, on June 16th, 2021, this Plaintiff showed up to Syracuse City Court at the appropriate time, but to His surprise, the court clerk stated they had no case for him on this date, so I left.

66.    That, on June 19th, 2021, around 2:15 am, [again exercising Plaintiff's right to travel] in the same 2008 Honda Accord EX-L, used automobile, a.k.a. "mechanical horse", not being used for commercial purposes, emergency lights were seen flashing from behind, while traveling North on North Orchard Rd..

67.    That, Plaintiff paid no attention to the Solvay police vehicle behind, with its emergency lights flashing [an emergency is required by New York State law to deploy such lights (see NYS VAT § 375.41.2) and with no emergency occurring thus a violation of State code by the Solvay Police, other than to allow the police vehicle to pass and after the police vehicle didn't pass] pulled into mom's driveway at 510 N. Orchard Rd., with defendant Ryan's police car following me also pulled into, pulling up and parking behind.

68.    That, after parking in mom's driveway, Plaintiff exited the car, unarmed (as always) and peacefully walked to the entrance of the house, located on the right hand side of the garage.

69.    That, Plaintiff did not pay any attention to what was transpiring behind, minding his own business, not hearing any orders to stop from arresting Solvay Police officer, defendant Matthew W. Ryan, as none were stated.

70.    That, at the moment Plaintiff put his hand on the door knob and opened the side door to the garage he was approaching to enter mom's house, he felt a bullet go into his back, thought to be a taser, with a wire attached to it.

71.    That, Plaintiff grabbed the taser wire attached to the bullet shot into his back by defendant Ryan, broke it off from being attached to the bullet and proceeded to enter mom's house, with the bullet still stuck in my back.

72.    That, after roughly 5 police cars arriving on the scene [like a street gang looking for trouble], with emergency lights flashing [no emergency taking place authorizing deployment of such emergency lights, as required by law NYS VAT § 375.41.2], there was much commotion in the driveway, waking up Plaintiff's 84 yr. old mother from her sleep, disturbing the peace with officers pounding on the house like wild animals, yelling for Plaintiff to come outside.

73.    That, after roughly 30 minutes of the disturbance of the peace by the enraged Solvay Police officers, Plaintiff noticed a tow truck pull up and [unlawfully] tow his car away from the private property it was lawfully parked on, which shortly thereafter, the enraged Solvay and possibly Town of Geddes police as well, finally left the scene.

74.    That, all this peaceful, law abiding Citizen did, was travel back to mom's house, the place he grew up, in the location He graduated high school from after an unassuming night out connecting with business associates, while traveling on a well lit highway with nobody else in sight, minding His own business [and to have this happen twice in the Country called the united states of America, Land of the Free, is appalling to say the least and to top it off, warrant an unarmed, peaceful man being shot in the back, in which Plaintiff could've been killed, due to falling and hitting his head on the cement steps, for exercising his Constitutionally protected Freedoms, holy Toledo Batman, something really wrong is going on here, with the Police acting like NAZI's stricken with "Roid Rage"].

75.     That, Plaintiff's 84 yr. old mother was a nervous wreck from all the commotion, who from that moment on, till this day, has what medical professional's would call her emotional symptoms to be PTSD, as she's now deathly afraid every time her Son goes out at night.

76.     That, after going to bed, trying to get some sleep, Plaintiff's phone started ringing from a restricted number, which was assumed to be Solvay police, now keeping Plaintiff from getting sleep, suspicion confirmed correct after answering the phone and telling defendant Ryan in a roundabout way he was bothering and harassing Plaintiff, and had no lawful authority & jurisdiction for his actions, with regards to the issue at hand.

77.     That, defendant Ryan stated on the phone, the reason for the chase, after defendant Ryan pulled out from hiding behind a parked work van at Patrick's Dry Cleaners [like a hunter at night in a tree stand jacking deer], was all because he spotted a car traveling with lights [inadvertently] not being fully deployed (omg, call the cavalry and arrest this criminal), while traveling upon the well lit, public passageway, in a used automobile, not being used for commercial purposes [thus, NOT a "motor vehicle" (as described and defined above), devoid of other cars on the road late that night, and as such, defendant Ryan had no probable cause of a crime, due to occupant of the car NOT "operating a "motor vehicle" (described and defined above)], as well as notification labeled on cars vanity plate stating such [thus no lawful authority and jurisdiction to require a stop to speak with defendant Ryan].

78.     That, later that day, Saturday June 19th, defendant Ryan again called, this time telling Plaintiff to come in by the end of the weekend for processing, or else could have a warrant out for arrest, which was taken as a threat and intimidation.

79.     That, the next day, Plaintiff peacefully went down to the SOLVAY POLICE
DEPARTMENT, located 507 Charles Ave., Solvay, NY 13209, under duress, threat of
violence and threat of violence if he didn't show up, was unlawfully processed and
fingerprinted for the 12 [unlawful, void of jurisdiction as required by law] traffic citations,
dated June 19, 2021 in the Village of Solvay, then was handed, further [unlawfully] arresting
his Constitutionally protected right to travel, which included a court date to appear in Solvay
Village Court on July 8, 2021, at 4:00 pm. (see EXHIBIT 4.00)

80.     That, on or about June 21, 2021, Plaintiff paid a $450+ ransom fee to get his
household goods, used automobile towed back to mom's house.

81.     That, on June 22, 2021, Plaintiff sent defendant Watson a default notice, stating
he missed on his opportunity to rebut and/or object within the allotted timeframe, to the facts
stated therein the June 2, 2021 commercial Affidavit (contract offer), demanding his lawful
authority and jurisdiction, with regards to Plaintiff's peaceful self. (see EXHIBIT 3.20)

82.     That, on June 23, 2021, Plaintiff sent arresting officer, defendant Matt Ryan a
commercial Affidavit (contract offer), demanding his Lawful Authority/Jurisdiction for his
actions, which he did not respond, nor rebut or object the accusations/statements of fact,
made therein. (see EXHIBIT 4.10)

83.     That, on June 30, 2021, Plaintiff went to the Salina Town Court to answer the
[unlawful, void of jurisdiction] charges, stemming from May 28, 2021, which at that time,
the courthouse was closed, due to Covid-19 protocols, Plaintiff submitted noticing Hon.
Andrew Piraino, a commercial Affidavit contract, Rebuttal of Presumptions in Complaint,
Rebuttal to the Presumption of all Traffic Charges, declaring All Charges Void for Lack of
Jurisdiction, to the Bailiff who was standing at the entrance, which he then proceeded to give

to the court clerk inside and within a few minutes, Plaintiff received back a date stamped June 30, 2021, copy of the affidavit contract, filed into the case with the court. (see EXHIBIT 5.10)

84.     That, after receiving my filed copies, Plaintiff was told to give them an email address, go and wait to get on a zoom call, which he proceeded to do.

85.     That, after getting notification of the call, Plaintiff took the call, which was by Town of Salina judge Andrew Piraino, to which he stated he was recusing himself, due to his affiliation with Plaintiff's family and to wait for notification of a new venue, date and time.

86.     That, on June 30, 2021, the clock started ticking concerning Plaintiff's right to a speedy trial, if there was jurisdiction (which there wasn't), stemming from the supposed traffic violations issued on May 28, 2021, as the adjournment/delay was not requested by the defendant in that unlawful case.

87.     That, on or about July 1, 2021, Plaintiff received an unsigned letter from the Solvay Village Court, dated June 29, 2021 [which technically is "unofficial", due to it being unsigned, thus having no power for Plaintiff to adhere], stating the pending matter in Solvay Justice Court has been adjourned until July 21, 2021. (see EXHIBIT 6.10)

88.     That, on July 14, 2021, Plaintiff filed with the Solvay Court clerk, a commercial Affidavit of Truth (contract offer), dated July 2, 2021, Rebuttal of Presumptions in Complaint, Rebuttal to the Presumption of All Traffic Charges, Notice All Charges Void for Lack of Jurisdiction. (see EXHIBIT 7.10)

89.     That, on July 20, 2021, Plaintiff sent a notice of default to defendant Ryan, stating that he defaulted on his time limit to rebut, challenge, correct, and/or object to the stated claims therein commercial Affidavit contract sent to him on June 6, 2021 [thus, via his

acquiescence, authorized the courts to find the stated claims of fact, therein, to be as stated].
(see EXHIBIT 4.20)

90.    That, on July 21, 2021, Plaintiff Richard Sposato, the living breathing man,
retaining all unalienable God given, Constitutionally protected rights, appeared specially,
under duress, threat of violence and threat of violence if he didn't show up in the Solvay
Village Court, to answer to the [unlawful] charges [in an unlawful court proceeding,
reiterating jurisdiction is challenged and all charges are VOID, by law, for want of
jurisdiction].

91.    That, during that same court appearance, Kara A. LaSorsa, acting Village of
Solvay judge, stated that she would talk with the Assistant District Attorney and let Plaintiff
know of their response, adjourning the case until September 1, 2021, in order to give the
Assistant District Attorney time to respond.

92.    That, on or about July 23, 2021, this Plaintiff received a letter July 22, 2021, from
Solvay Court Clerk, Barbara Lenweaver, stating that they were putting this matter on the
court calendar for a pretrial conference on August 18, 2021 [where after being arrested and
making a special appearance in court on July 18, 2021, Plaintiff hasn't been officially
arraigned yet and/or personally signed an official document with a pleading of not guilty, or
orally stated as much, which now the court is proceeding without lawful authority and/or
jurisdiction, with regards to Plaintiff and the issue at hand, in violation of Constitutionally
protected rights to due process]. (see EXHIBIT 8.10)

93.    That, on July 28, 2021, this Plaintiff sent to Solvay Court Clerk Barbara
Lenweaver, via USPS, return receipt #7021 0350 0001 2026 3426, a commercial Affidavit
(contract offer), Demand for Lawful Authority and Jurisdiction For Their Action (to proceed

with a judicial process, with regards to Him and the issue at hand), concerning the scheduling of another court appearance supposedly to attend in court [on a case that is necessarily VOID, ab initio, for want of jurisdiction (as Plaintiff was NOT "operating" a "motor vehicle" as described above, on the arrest date of June 19, 2021), thus overstepping her bounds of limited authority, outside the boundary of her jurisdiction, by her making a judicial determination that the case has jurisdiction to proceed with the issuance of notice via letter through the mail of an upcoming court date, when in fact, she and/or the Court DOES NOT (emphasis added) have jurisdiction to proceed with these frivolous charges, regarding this Plaintiff's situation at hand]. (see EXHIBIT 9.10)

94.    That, on August 18, 2021, this Plaintiff filed into the Solvay Village Court, a commercial Affidavit of Truth (contract offer), Rebuttal of Presumptions in Complaint, Rebuttal to the Presumption of all Traffic Charges, Notice: All Charges VOID for Lack of Jurisdiction dated August 6, 2021, as well as filing an Affidavit of Correction, Notice to ADA Alphonse Williams, Jurisdiction Challenged, All Charges VOID, ab initio, and did not appear that night in Solvay Village Court [as this Plaintiff is not required by law to appear, due to jurisdiction having not been proven on the record by the prosecutor and/or plaintiff of that case, as required by law for the court to proceed]. (see EXHIBIT 10.10)

95.    That, on or about August 24, 2021, this Plaintiff received an unsigned, notice by mail from the Solvay Village Court, dated August 19, 2021, stating due to the Defendant in that case failing to appear on August 18, 2021, the matter was rescheduled to September 8, 2021, along with threatening language of intimidation, that a Bench Warrant may be issued involving a criminal offense and that a Bench Warrant, WILL BE ISSUED if there has been (2) two non-appearances in a row. (see EXHIBITS 8.11 - 8.12)

96.     That, on September 7, 2021, this Plaintiff filed into the Village Of Solvay Court, a commercial Affidavit contract, dated September 2, 2021, Noticing Village of Solvay acting judge, defendant Kara A. LaSorsa, claiming a Violation of my Rights, Right To Due Process, Demanding a response within (7) seven days, Notice: All Charges VOID, Lack of Jurisdiction, Violation of Due Process, Case No. 21-349466 Closed. (see EXHIBIT 11.10)

97.     That, there was no response from Kara A. LaSorsa to this Plaintiff's commercial Affidavit (contract offer) dated September 2, 2021, filed with Solvay Village Court on September 7, 2021, within the allotted time to respond [thus via acquiescence and/or failure to rebut, or object, all claims of fact therein, by law, are to be as stated].

98.     That, on September 22, 2021, roughly around 11:15 am, this Plaintiff went down to the Solvay Village Court Clerk's office, to inquire about who sent this [unofficial], unsigned notice (see EXHIBIT 11.10, sub EXHIBIT 1) for defendant Richard L. Sposato to appear in court that evening.

99.     That, this Plaintiff, after waiting around for approximately 10 minutes before anyone showed up at the window to attend to my needs, assistant court clerk and/or Village of Solvay employee, defendant Megan Cavaliere appeared, to which this Plaintiff showed her the unsigned notice to appear in Solvay Village Court that evening, sliding it under the window, asking who sent this, to which she rather rudely stated, "the court sent it".

100.    That, after hearing her response, this Plaintiff stated, "the court is a corporation and can't send anything on its own, so who sent it..?", to which she then went to the back of the room to sit at her desk.

101.    That, after returning to the window, defendant Cavaliere stated, "I told you who sent it, you have to appear tonight", with her proceeding to close the blind on me, going back to the seat at her desk in the back of the room.

102.    That, after being lied to, with an insufficient response, this Plaintiff tried to get her attention, needing to raise my voice slightly, such as any disgruntled customer would now that she's in the back of the room, to no avail, which after roughly 30 seconds, this Plaintiff proceeded to leave the premises on his own accord, without ever hearing defendant Cavaliere ask me to leave. (See EXHIBITS 12.10-11)

103.    That, later that evening, this Plaintiff made a special appearance at the Solvay Village Court Wednesday night weekly meetings, at the 5:00 pm scheduled time on the notice, with 2 witness's, one named Carolyn Grund, the other Stephanie Ubowski.

104.    That, after hearing the name Richard Sposato [in an unlawful court proceeding, without personal and/or subject matter jurisdiction with regards to his situation at hand, Richard Sposato, this Plaintiff, the living breathing man, as well as the case already being deemed VOID, by law], walked up and stated he was here via special appearance, under duress, threat of violence and threat of violence if he didn't show up.

105.    That, this Plaintiff, due to facemasks being worn by all parties, including defendant Kara A. LaSorsa and the Assistant District Attorney, defendant Alphonse Williams, could not fully hear, nor understand what was being said, thus after roughly (15) fifteen minutes in court, not fully understanding what had just transpired, except for hearing defendant LaSorsa stating she was [unlawfully] entering a "not guilty" plea on my behalf, which Plaintiff then stated, "I accept your not guilty determination, thus case over", which

defendant LaSorsa proceeded to deny, subsequently abruptly adjourning the case until October 5, 2022.

106.    That, this Plaintiff then noticed an 8.5" x 11" piece of paper laying upside down on the table I was standing at in the courtroom and picked it up for future inspection, and proceeded to leave the courtroom. (see EXHIBIT 12.00)

107.    That, after exiting the courtroom and leaving the building, this Plaintiff was followed closely by 2 Solvay Police officers, defendants D. Czerow and Joseph Hardy rather peculiarly, so I asked them "what's up..?", with their response being "we need you to come down to get finger printed", to which I looked at them in disbelief and dismay, stating "I've already been finger printed" (for the unlawful charges dated June 19, 2021), to which they replied, "we can do this another time", to which this Plaintiff had no idea what they were referring to and continued walking towards my ride.

108.    That, after the cops behind walked away without incident, this Plaintiff made it to the car for his ride and after entering, looked at the paper picked up in court, and to this Plaintiff's surprise and dismay, it was an official document, charging [not the man, but a legal fiction, cestui que trust, identified as] RICHARD L SPOSATO, with Obstructing Governmental administration and Trespass, with accusation in the Complaint signed by municipal corporation employee, defendants Derek J. Czerow and signed arrested by defendant Joseph Hardy, as stated in his CNYLEADS Narrative Supplement 1 and New York State ARREST REPORT. (see EXHIBIT 11.50)

109.    That, on or about September 28, 2021, this Plaintiff received notice, dated September 27, 2021, of recusal for both Village of Solvay Court judges, Dan Matthews and defendant Kara A. LaSorsa, stating the case(s) will be moved to another court.

31

110.    That, on September 29, 2021, this Plaintiff sent a commercial Affidavit (contract offer), Rebuttal of Presumption in Complaint, All Charges Necessarily VOID, case # 21-489986, events happening on September 22, 2021, to defendants Kara LaSorsa, Megan Cavaliere and Derek Czerow, via USPS, return receipt, which all three defendants did not refute, nor object to within the allotted time frame of (21) twenty one days, hence a Notice of Default was sent out to defendant LaSorsa on 11/5/21 and defendant Cavaliere on 5/2/2022 stating they defaulted on their opportunity to rebut, or object, thus via acquiescence, the statements of facts therein the September 29, 2021 commercial Affidavit of Fact (a tacit agreement contract), will now be authorized by the courts, to be as presented. (see EXHIBITS 12.10 - 12.11 & 12.20 - 12.21)

111.    That, also on September 29, 2021, this Plaintiff sent, via USPS, return receipt #7021 0350 0001 2027 9175, a commercial Affidavit (contract offer), Demand For Lawful Authority and Jurisdiction For Your Actions, to defendant Derek Czerow, giving him (21) twenty one days to respond as to how the stated therein events of September 22, 2021 happened, as well as demanding proof of his jurisdiction, with regards to Plaintiff, which via acquiescence, he did not refute, object to, nor provide proof of his jurisdiction as demanded within the allotted time frame of (21) twenty one days, as Defendant Czerow refused the correspondence sent to him, delivered to his Agent, the United States Postal Service, and as such, entered into this tacit agreement, authorized via the Postal rule. (see EXHIBIT 12.12)

112.    That, on October 21, 2021, this Plaintiff sent via USPS, received on 10/22/2021, another commercial Affidavit (contract offer), Rebuttal Presumption Of Operating a Motor Vehicle, Challenge Jurisdiction and Lawful Authority to Onondaga County District Attorney, William Fitzpatrick, demanding proof a drivers license is needed, proof that Plaintiff's used

automobile is a "motor vehicle" for the purposes of travel in non commercial use, that the

Onondaga County District Attorney and any of its employees have jurisdiction and lawful

authority to prosecute Him or any of his fellow men and women, falsely arrested and charged

with any violation pertaining to the operation of a "motor vehicle" when traveling not in a

commercial capacity, giving Fitzpatrick (30) thirty days in good faith to respond to the

statements and defend a different position than stated therein, which he did not respond, and

as such, this Plaintiff subsequently sent a Notice of Default to Fitzpatrick on September 28,

2022, via USPS tracking # 9590 9402 7789 2152 4112 43, received on September 30, 2022,

stating he defaulted on his opportunity to rebut and/or object to Plaintiff's position, and now,

the courts are to find the facts therein commercial Affidavit (contracted via tacit agreement),

dated October 21, 2021, to be as stated. (see EXHITITS 13.10 & 13.20)

113.    That, on or about October 29, 2021, this Plaintiff received notice, issued by

defendant Paul G. Carey of the Salina Town Court, dated October 28, 2021, stating a court

date for RICHARD L SPOSATO to appear on November 4, 2021. ( see EXHIBIT 14.10)

114.    That, on November 1, 2021, this Plaintiff filed into the Salina Town Court,

addressed to defendant Carey, a commercial Affidavit (contract offer), Demand For Lawful

Authority/Jurisdiction, Notice: Jurisdiction Challenged, Case(s) VOID, pertaining to the May

28, 2021 false arrest of Plaintiff by defendant Mark A. Watson on June 19, 2021, which

actually was mistakenly stated (due to me having to combat all the attacks of my

Constitutionally protected rights/freedoms, getting so overwhelming addressing all these

[unlawful, frivolous, necessarily VOID] charges that somehow, in this supposedly free

country of ours keep adding up), as that date was the false arrest by Solvay Police Matthew

W. Ryan. (see EXHIBIT 15.10)

115.    That, on November 4, 2021, Plaintiff did not appear at scheduled [an unlawful] proceeding, in the Salina Town Court, to answer the necessarily VOID, frivolous charges] of Obstruction Government Administration and Trespass, stemming from defendants Cavaliere, Czerow and Hardy's [malicious] claims to destroy Plaintiff, in the Village of Solvay, September 22, 2021 [due to want of jurisdiction, stipulated as fact via unrebutted affidavits that are now in place].

116.    That, on or about November 6, 2021, this Plaintiff received a [unlawful, threatening] letter to appear in Salina Town Court on November 18, 2021, signed by defendant Paul G. Carey. (see EXHIBIT 16.10)

117.    That, on November 18, 2021, Plaintiff filed with Salina Town Court clerk, addressed to defendant Paul G. Carey, a commercial Affidavit (contract offer), Demand For Lawful Authority/Jurisdiction, Notice: Jurisdiction Challenged, Case #'s 21100033.01 & 21100033.02 VOID, stemming from Solvay, September 22, 2021, followed up with a Notice of Default on May 18, 2022 [thus tacitly agreed to via acquiescence, now authorizing the courts to find the fact stated therein, to be as presented], as well as a Notice: Wrong Case #'s on Previous Affidavit Notice: Wrong Case #'s On Previous Affidavit, correcting mistake, correct #'s to be 21100113.01 - 21100113.07. (see EXHIBITS 17.10 - 17.11 & 17.20)

118.    That, on November 18, 2021 [without the Court first securing the required by law, personal and subject matter jurisdiction necessary to proceed], this Plaintiff made a special appearance in Salina Town Court, under duress, threat of violence and threat of violence if he didn't show up, where no arresting officer, prosecuting ADA, nor Plaintiff appeared in court, wherein this Plaintiff was handed an Order of Protection pertaining to Village of Solvay assistant court clerk, defendant, Megan Cavaliere, signed by defendant Paul G. Carey, was

forced to sign, doing so under duress and threat of violence if he didn't sign, with an

adjournment stated by defendant Carey until December 2, 2021, shortly thereafter my forced

Order of Protection signing.

119.    That, on November 22, 2021, this Plaintiff filed into the Salina Town Court

directed to defendant Carey, a commercial Affidavit (contract offer), Demanding To Show

Proof [Plaintiff is] Subject [to defendant Carey's] Jurisdiction and Authority, Notice: All

Signatures Cancelled ( re: Order Of Protection), Notice: Overstepping Your Lawful

Authority, Notice: I Vehemently Object and Do Not Consent To Further Proceedings On

Pending Charges, Notice: Reiteration All Pending Charges Are Necessarily VOID by Law,

Requiring Dismissal. (see EXHIBIT 18.10)

120.    That, on December 2, 2021, this Plaintiff made another special appearance in

Salina Town Court, under duress, threat of violence and threat of violence if not showing up,

for a supposed mental evaluation by defendant Carey, to determine competence to defend his

self [which is funny because defendant Carey is not a doctor], where again no arresting

officer, prosecuting ADA, nor plaintiff in that case appeared before that Court, which after a

short 3-4 questions were asked, defendant Carey abruptly adjourned the proceeding, this time

for December 16, 2021.

121.    That, on December 16, 2021, Plaintiff sent to NYS Commission on Judicial

Conduct, a complaint against defendant Paul G. Carey, further with a second complaint sent

on January 6, 2022, stating defendant Carey did not have jurisdiction to proceed with any

court actions, with regards to Plaintiff and the issues at hand [thus all charges are VOID, by

law, contract or otherwise], which subsequently nothing was done about his egregious,

unlawful conduct and total disregard of the laws of this land. (see EXHIBITS 19.10 - 19.11)

122.    That, also on December 16, 2021, this Plaintiff filed with the Salina Town Court, an Affidavit of Truth, Notice: Bias or Prejudice of Judge, Notice: Demand Recusal and Change of Venue, RE: Eviction Case No.: 21090190 [due to defendant Carey violating Plaintiff's Rights in his matters, concerning all these unlawful traffic violations bestowed upon him]. (see EXHIBIT 20.10)

123.    That, on the evening of December 16, 2021, this Plaintiff did not appear at a supposed court proceeding [unlawful and necessarily VOID] for traffic violations in Salina Town Court [due to the Court not having jurisdiction proven, with regards to me, necessary by law to proceed, as stated in previous undisputed Affidavits of FACT filed into the Salina Town Court].

124.    That, on or about December 20, 2021, this Plaintiff received notice of a ***BENCH WARRANT***[unlawful, thus VOID, by law], sent by defendant Paul G. Carey, absent jurisdiction and/or the lawful authority to issue one, with regards to me and the issues at hand [thus Defendant's actions further confirm his continued violation of this Plaintiff's Constitutionally protected God given, unalienable Rights.] (see EXHIBIT 21.10)

125.    That, on January 27, 2022, this Plaintiff received an email from Salina Town Court Clerk, Helene Jennes, stating that his motion (which actually was not a motion, but rather a demand), RE: Eviction case #21009190, for recusal and change of venue, concerning defendant Carey's impropriety and lack of confidence he would not be biased towards me, was denied, thus substantiating my case of his impropriety [again violating Plaintiff's Constitutionally protected Right to due process of law]. (see EXHIBIT 22.10)

126.   That, on or about Monday, February 14, 2022, this Plaintiff received a phone call from a New York State Trooper, stating a Bench Warrant for Richard L. Sposato was in place, purportedly advising this Plaintiff to turn himself in to the Salina Town Court.

127.   That, on February 17, 2021, this Plaintiff, filed into the Salina Town Court, a Notice: Of Claim, Violation of Rights, Notice: Non Voluntarily Appearance to Court, pertaining to the unlawful, outstanding Bench Warrant, and that evening, made a special appearance, under duress, threat of violence and threat of violence if not showing up [which again was a violation of my rights for want of jurisdiction], which defendant Carey was not present, being replaced by Hon. Andrew Piraino, who has previously recused himself from this action, thus the appearance was adjourned, until March 10, 2022. (see EXHIBIT 23.10)

128.   That, on March 8, 2022, Plaintiff was again exercising his Right to travel, in his 2008 Honda Accord used automobile, not using it for commercial purposes, when at approx. 9:00 pm, Plaintiff's Right to travel was once again unlawfully arrested, without jurisdiction, due to Plaintiff NOT "operating" a "motor vehicle" (as described and defined above), this time by Solvay Police officer, defendant Nicholas Elsenbeck, badge #5188, in Plaintiff's mom's driveway located at 510 N. Orchard Rd., Solvay, NY 13209, with another 7 unlawful traffic tickets issued not to the Plaintiff man, but to a legal fiction, cestui que trust identified as RICHARD L SPOSATO. (see EXHIBIT 24.00)

129.   That, on March 10, 2022, this Plaintiff showed up at the Salina Town Court, where to this point, no jurisdiction having been proven, noticing Andrew Piraino again presiding, and as such, the Court Clerk told me it was not necessary to go into the courtroom, that it's adjourned until April 21, 2022.

130.    That, on March 11, 2022, this Plaintiff sent a commercial Affidavit of Truth (contract offer), Demand For Lawful Authority and Jurisdiction For Your Actions, Notice: Rebuttal To The Presumption of Guilt On All Charges, to defendant N. Elsenbeck, badge #5188, via USPS [Defendant's Agent], return receipt #7021 1970 0000 5595 7501, which was refused by recipient defendant N. Elsenbeck and picked up by this Plaintiff on March 19, 2022, and further, on March 22, 2022, the issued tickets to the Defendant in that case were sent back to Solvay Village Court, marked VOID, Offer Not Accepted, to which at this time, no further action has been heard, regarding this incident. (see EXHIBITS 24.10 - 24.11)

131.    That, on March 16, 2022, this Plaintiff filed with the Salina Town Court, a Notice of Motion, Motion For Summary Judgment and Affidavit In Support Of Motion For Summary Judgment, RE: Warrant of Eviction, Case No.: 21090190. (see EXHIBIT 25.10)

132.    That, on March 18, 2022, at roughly 7:50 pm., as Plaintiff was again exercising his Right to travel, in above stated used automobile and use, when Plaintiff's Constitutionally protected Right was once again [unlawfully] taken away in the Town of Salina, this time by Onondaga County Sheriff, defendant B. Lynch, badge #2864, who arrested Plaintiff, placed him in handcuffs for roughly 45 minutes, with 7 traffic tickets to defendant in that case, RICHARD L SPOSATO.

133.    That, after getting handed 7 traffic issued to defendant RICHARD L SPOSATO, Plaintiff's 2008 Honda Accord was again towed, authorized by Sheriff Lynch, this time by MC's Towing and taken to their lot on 337 Riegel St., Syracuse, NY 13206, to be held for ransom.

134.    That, on or about March 21, 2022, this Plaintiff paid the ransom fee of over $400, to MC's towing and had his private property, a 2008 Honda Accord used automobile towed to 510 N. Orchard Rd., Solvay, NY 13209.

135.    That, on March 23, 2022, this Plaintiff sent to the Salina Town Court, via USPS first class mail, all 8 traffic tickets received on March 18, 2022, written on with the words, VOID, Offer Not Accepted, For Good Cause, All rights Reserved, with signature "Richard-Louis: Sposato, beneficiary". (see EXHIBIT 26.10)

136.    That, on March 30, 2022, this Plaintiff sent a commercial Affidavit of Truth (contract offer), Demand For Lawful Authority, Rebuttal To the Presumption of Guilt On All Charges, Notice of Fee Schedule, pertaining to the March 18, 2022 arrest of Plaintiff, by Onondaga County Sheriff, defendant B. Lynch, badge #2864, via USPS, return receipt #7021 2720 0002 5356 5458, received on April 1, 2022, which to this date, has not been responded to, nor the Claims of Fact been rebutted, with a different position taken, to the facts therein stated. (see EXHIBIT 26.11)

137.    That, on April 7, 2022, after this Plaintiff properly filing an affidavit, demanding recusal due to impropriety, with Salina Town Court Clerk Helene Jennes sending me an email on January 27, 2021 stating recusal demand was denied, RE: Eviction Case No. 21090190, to which Paul G. Carey shall not have proceeded any further, and as such, improperly presided over the eviction hearing, thus [unlawfully] denying my Motion for Summary Judgment filed on March 16, 2022, without ever giving reason, nor proper notification.

138.    That, on April 21, 2022, this Plaintiff showed up in the Salina Town Court at the scheduled time of 4:00 pm, pertaining to the previous supposed traffic violations dated May

28, 2021 and June 19, 2021, waited around until 4:15 pm, when after nobody having showed

up, no cop, no plaintiff, no Assistant District Attorney, nor judge appearing, proceeded to

leave and left.

139.    That, on or about May 3, 2022, this Plaintiff received notice via mail, signed by

defendant Paul G. Carey, that the traffic matters stemming from May 28, 2021, June 19, 2021

and charges stemming from Solvay, September 22, 2021 were schedule for Court action on

May 5, 2022.

140.    That, on May 5, 2022, this Plaintiff attended Salina Town Court[without Salina

Town Court having jurisdiction to proceed with action concerning these VOID charges],

appearing specially, under duress, threat of violence and threat of violence if he didn't show

up and after not understanding what was transpiring, stated he wasn't ready to proceed, at

which time, defendant Paul G. Carey [unlawfully] adjourned the already deemed necessarily

VOID case, by law, to May 19, 2022 [further violating this Plaintiff's Constitutionally

protected due process of law].

141.    That, on May 12, 2022, defendant Paul G. Carey, [unlawfully] ordered a

judgment against Plaintiff for an eviction and to pay George Azzolino approx. $71,000. (see

EXHIBIT 27.10)

142.    That, on May 19, 2022, this Plaintiff once again made a special appearance in

Salina Town Court for the named defendant, RICHARD L SPOSATO, under duress, threat

of violence and threat of violence if he didn't show up, pertaining to [unlawful and/or VOID]

traffic charges, whereas once again, no cop, ADA, or Plaintiff in that case appeared in court

to rebut or object to any of the claims in this Plaintiff's statements, which this Plaintiff stated,

"up until now, no jurisdiction has been proven on the record, **let the record reflect there's**

no jurisdiction.", to which defendant in this case, Paul G. Carey responded, **"the record will reflect that"**.

143.    That, further to the record reflecting no jurisdiction, defendant Carey asked me, pertaining to ALL (emphasis added) my case's, what type of trial would you like, Jury or Bench, to which I stated, "any trial that has jurisdiction, would be **by a Jury**", to which defendant Carey then scheduled a Trial for August 22, 2022, pertaining to the stated traffic charges, which I did not consent to, and once again, adjourned the necessarily VOID case, via no request from the plaintiff, nor defendant thereto [hence defendant Carey was practicing law from the bench], continuing a [necessarily by law VOID] case, [absent jurisdiction], [further committing crimes against Plaintiff and hi property], with total disregard for Plaintiff's Constitutionally protected, unalienable God given rights. (see EXHIBIT 28.10)

144.    That, on or about June 9, 2022, after being threatened with [unlawful] warrants for arrest, stemming from supposedly violating an [unlawful, technically VOID] Order of Protection against defendant Megan Cavaliere, this Plaintiff turned himself in to the SOLVAY POLICE DEPARTMENT, under duress and threat of violence if not.

145.    That, during processing by Solvay Police, this Plaintiff was [unlawfully] forced, [without jurisdiction with regards to Plaintiff's situation at hand], to have his picture taken against his free will and to give fingerprints.

146.    That, on June 9, 2022, after processing by the Solvay Police, this Plaintiff was taken downtown to City Court in front of Judge Schiano for arraignment on the [unlawful] Order of Protection presumed to be violated, with an ADA forced upon against will, nor without consent, and after some discussion, stated Plaintiff challenged jurisdiction, with

judge Schiano recusing himself right then and there, which led to further kidnapping and an [unlawful] night stay in jail, at the Onondaga County Justice Center.

147.    That, on June 10, 2022, this Plaintiff again had an ADA forced upon, without consent, with the ADA saying God knows what to the presiding judge/chief administrator Schiano, to which after a while of this [unauthorized and unlawful] ADA representation speaking with the judge, not any of which I heard, nor understood, was released [from kidnapping and false arrest under color of state law].

148.    That, on June 16, 2022, this Plaintiff filed with the Salina Town Court, a commercial Affidavit (contract offer), Rebuttal Presumption of Guilt, pertaining to the supposed violation of an [unlawful] Order of Protection contract, signed on November 18, 2021, subsequently canceled on November 22, 2021, along with a Notice: All charges VOID For Failure To State A Claim For Which Relief Can Be Granted. (see EXHIBIT 29.00)

149.    That, on June 16, 2022, this Plaintiff made another special appearance in Salina Town Court, under duress, threat of violence and threat of violence if not showing up, for the named defendant, cestui que Trust identified as RICHARD L SPOSATO (# omitted for confidentiality), to address a few new, [unlawful] charges, stemming from supposedly violating the [unlawful] Order of Protection that this Plaintiff had just recently spent a night in jail for. (see EXHIBIT 18.10, Exhibit 1)

150.    That, During this time in court, this Plaintiff reminded defendant Carey that his municipal Town of Salina, admiralty/maritime, Article 1, corporate court, did not have jurisdiction over me, a man, with defendant Carey also stating he knew of the other traffic charges, set for a **Jury trial** and asked if I wanted to sever these charges, (which Plaintiff previously stated "no" to, when Carey asked if Plaintiff wanted to put these charges together,

with the other "traffic" charges), to which Plaintiff again said, "no, I don't want any of these

things together, I want them all separate", at which time, as always, with no cop, ADA, nor

Plaintiff has showing up to court, defendant Carey adjourned this matter until July 14, 2022,

without my consent, nor the DA's consent [thus defendant Carey once again proceeded

without jurisdiction, further continuing defendant Carey's crime spree against this Plaintiff].

(see EXHIBIT 28.11, pg. 4)

151.    That, on July 14, 2022, this Plaintiff again appeared specially in the Salina Town

Court, as always, under duress, threat of violence and threat of violence if he didn't show up,

[in a corporate Court that doesn't have jurisdiction with a man], [with all charges already

deemed VOID, by law, due to lack of jurisdiction and/or the loss of jurisdiction needed to

proceed], which I reiterated to defendant Carey at this time, the charges are VOID, for

violation of my due process.

152.    That, this Plaintiff further stated the Order of Protection was unlawfully

administered, due to defendant Carey's and/or his court not having jurisdiction with me, a

man, with defendant Carey not giving me an opportunity to be heard, where once again,

defendant Carey adjourned the case until August 25, 2022, on his own accord, not Plaintiff's,

with no cop, ADA, nor anyone showing up to prosecute the supposed charges of that case,

stemming from [frivolous[ accusation on September 22, 2021 [hence defendant Carey acted

on his own accord (continuing his crime spree against me), while practicing of law from the

bench]. (see Exhibit 28.12, pg. 3)

153.    That, the next day this Plaintiff went in to see the Salina Town Court Clerk, to ask

about the supposed August 22, 2022 Trial date, to his surprise she stated, "you don't have to

show up on that date", and as such the trial date concerning 3 cases of traffic charges mysteriously disappeared.

154.    That, on Friday, July 29, 2022, Plaintiff met with Town of Salina Supervisor, Nick Paro, to notify him of and discuss the criminal actions his Town employee, defendant Paul G. Carey, was committing against, to which Supervisor Paro just brushed off his plea for help, thus condoning Paul G. Carey's [unlawful] conduct against me.

155.    That, directly after meeting with Nick Paro, Plaintiff walked down the hallway to the Town of Salina clerk's office and filed a Notice of Liability, Town of Salina, Claim For Damages, Opportunity to settle, along with a short list Fee Schedule, enumerating costs for damages, totaling $4,906,000.00, giving Paro an opportunity to settle, within (30) thirty days for $1,000,000.00, which was not taken advantage of. (see EXHIBIT 29.10)

156.    That, on August 25, 2022, this Plaintiff, made another special appearance at Salina Town Court, in propria persona, under duress, threat of violence and threat of violence if not showing up, for the named defendant, a dead entity, commercial, cestui que trust, identified as RICHARD L SPOSATO (# omitted for confidentiality), which during this time, defendant Carey stated Plaintiff made a motion last time to have all these cases together [which is a blatant lie, bordering on Carey being senile and/or having diminished cognitive function],to which Plaintiff specifically stated, "I object to that, I did not make a motion to put all my cases together", "I specifically said I do not want my cases together", with defendant Carey stating, "I'm going to grant that motion", which Plaintiff did not make a motion, but rather a statement, while once again under his own accord, adjourning the case, without this Plaintiff's wish to adjourn, nor without the presence of an arresting cop, ADA or

Plaintiff in that case showing up that night [defendant Carey unlawfully continued practicing

law from the bench, without jurisdiction to do so]. (see EXHIBIT 28.13, pg. 2-3)

157.    That, on September 29, 2022, this Plaintiff made another special appearance in

the Salina Town Court, under duress, threat of violence, threat of violence if not showing up

and reserve all Rights, after which and surprised, an ADA, defendant Jed Hudson, was

present at this time.

158.    That, for the first time in over 15 months, an ADA showed up to court to

prosecute these traffic case(s) [unlawfully], [that have already been deemed VOID, for lack

of jurisdiction], and after a few words by defendant Carey trying to get defendant Hudson up

to speed, defendant Carey once again, adjourned the [unlawful] hearing on his own accord

until October 20, 2022 [continuing defendant Carey's crime spree against this Plaintiff, with

defendant Hudson now getting involved in this conspiracy].

159.    That, on October 13, 2022, this Plaintiff sent a commercial contract offer, in the

form of an Affidavit to ADA defendant Jed Hudson, Demand For Lawful

Authority/Jurisdiction, Notice To Produce & Fee Schedule, All charges VOID, which after the

allotted (10) ten days to answer, providing evidence otherwise, disputing the claims, and/or to

rebut or object to the claims therein, defendant Hudson failed to respond, thus on October 27,

2022, Plaintiff sent defendant Hudson a notice of default [whereas his failure in his

opportunity to address the claims, via acquiescence, defendant Hudson tacitly agrees to this

common law contract and the stated claims therein, including my fee schedule, for the damage

he has done to me]. (see EXHIBITS 30.10 & 30.20)

160.    That, on October 20, 2022, this Plaintiff made another special appearance at

Salina Town Court, which defendant Hudson again also appeared [without him ever proving

jurisdiction officially on the record, which is required for the court to proceed, as he did not

enter evidence into the record within the required time limit, or ever, after me challenging

jurisdiction, via Affidavits previously filed by me, demanding proof of jurisdiction from day

1], in which defendant Carey abruptly adjourned the [unlawful] proceeding once again, on

his own accord, with a next date to appear in Salina Town Court on October 27, 2022 [once

again continuing defendant Carey's crime spree against this Plaintiff] .

161.    That, on October 27, 2022, this Plaintiff made another special appearance, as

always, under duress, threat of violence and threat of violence if I not showing up, at which

time defendant Carey stated a trial date, scheduled for November 18, 2022, with defendant

Carey again abruptly adjourning the unlawful hearing on his own accord again, as defendant

Hudson, nor arresting cop, or the Plaintiff in that case were in court to prosecute the named

defendant [further continuing to practice law from the bench, with defendant Carey's

continuing his crime spree against Plaintiff].

162.    That, on Friday, October 28, 2022, this Plaintiff went to the Salina Town Court

Clerk to get an official notice of the Trial date, which Salina town Court Clerk Helen Jennes

did supply with an official notice of a Trial Date on November 18, 2022, but, to surprise,

stated a BENCH TRIAL. (see EXHIBIT 31.10)

163.    That, on October 31, 2022, this Plaintiff filed with the Salina Town Court, as well

as sending defendant Jed Hudson, via USPS, return receipt requested #7021 1970 0000 5596

7463, which was delivered on November 5, 2022, an commercial Affidavit of Truth (contract

offer), Notice: Bench Trial Offer Not Accepted, All Charges VOID For Lack Of Jurisdiction,

Notice Of Fee Schedule, which under the immediate time constraint, gave them 3 days to

respond, unless additional time was needed, which within reason, would be granted, and on

November 14, 2022, this Plaintiff filed with the Salina Town Court a Notice of Default on their opportunity to rebut and/or object to any of the stated claims therein [as a result of both parties non response, via acquiescence, they've agreed to the facts therein, to be as stated, while also agreeing to this Plaintiff's Fee Schedule for damages, due to their crimes, trespasses, violation of Rights and/or torts done to Plaintiff]. (see EXHIBITS 32.10 & 32.20)

164.    That, on November 18, 2022, this Plaintiff again made a special appearance, in Salina Town Court, in propria persona, for the named defendant, under duress, threat of violence, and threat of violence if not showing up, retaining all Rights and waiving no rights after crossing the BAR, along with 5 witness's showing up to watch the events as they unfold, whose names are Carolyn Grund, Judy Winchell, Terry Lee, Rick Manzi and Patrick Minogue.

165.    That, during this [unlawful] court proceeding of a BENCH TRIAL, I objected to the fact a bench trial was to take place, yet defendant Carey tried to proceed, stating for defendant Hudson to begin his opening statement, which I vehemently objected to. (see EXHIBIT 28.14, pg. 2, line 22)

166.    That, after defendant Hudson spoke, with defendant Hudson willfully standing in court trying to prosecute Plaintiff during his and/or defendant Carey's continued movement forward of this [VOID] case, this Plaintiff demanded to see proof of jurisdiction on the record, (see EXHIBIT 28.14, pg. 4, line 1-2), which no proof of jurisdiction was provided, yet defendant Carey stated, "I've already made a decision with regards to jurisdiction" (see EXHIBIT 28.14, pg. 4, lines 5-6) [which by law, defendant Carey cannot move forward absent proof on the record], which there is no proof, which again, I stated there was no proof of jurisdiction on the record, needed for the court to proceed, which went in one ear and out

the other [as usual of defendant Carey and his egregious violation of my rights and his Oath

of office], which after a few minutes of me trying to protect my Rights, defendant Carey

made a [threatening] statement to me, that I was very close to contempt of court. (see

EXHIBIT 28.14, pg. 5, lines 9-12)

167.    That, which after a few more minutes of this Plaintiff's disdain of defendant

Carey's egregious violation of rights, as well as his judicial canons he took an Oath to

uphold, stated, "let the record reflect there is no jurisdiction" (see EXHIBIT 28.14, pg. 15,

lines 15-16), to which defendant Carey responded, "the record will reflect that" (see

EXHIBIT 28.14, PG. 15, line 18) [thus, defendant Carey confirms there's no jurisdiction for

the court to proceed and/or has been proceeding since day 1].

168.    That, this Plaintiff further stated to defendant Carey, "you have an Oath of Office

right here, I want to submit this into the record" (see EXHIBIT 28.14, pg. 18, lines 2-3),

which defendant Carey swore by Oath to protect the Constitution, of both the State and US

Constitutions, to which defendant Carey a few moments later, ordered defendant Bailiff's

Mike Quigley and defendant John Lyons to arrest this Plaintiff. (see EXHIBIT 28.14, pg. 19,

line 5)

169.    That, defendants Quigley and Lyons proceeded to act upon Paul G. Carey's

[unlawful] orders, handcuffing this Plaintiff (see EXHIBIT 28.14, pg. 19, lines 8-10)

[confirming defendant Carey's act of TREASON in open court]. (see EXHIBIT 28.14, pg.

19, lines 17-18)

170.    That, defendants Quigley and Lyons kidnapped this Plaintiff and took him outside

the courtroom for roughly 90 minutes.

171.    That, after 90 minutes, this Plaintiff was brought back into the courtroom (see EXHIBIT 28.15, pg. 19, lines 24-25), with the opportunity to purge the record of the Contempt, if Plaintiff apologized to the court (see EXHIBIT 28.14, pg. 22, lines 3-4), which he did apologize to the court for the way he had to act, in order to protect his Rights (see EXHIBIT 14, pg. 24, lines 21-25), which after a few more words explaining defendantCarey he accepted, stated he would purge the record of the Contempt. (see EXHIBIT 28.14, pg.27, lines 16-18)

172.    That, this Plaintiff was then taken out of handcuffs, with defendant Carey stating this trial was adjourned, to a non-trial court date of December 1, 2022, for what reason defendant Carey adjourned the proceeding, I do not know, nor why defendant Carey bundled all the different cases together for the December 1, 2022, unlawful court date, for further continuance of defendant Carey's crime spree against this Plaintiff. (see EXHIBIT 33.10)

173.    That, on December 1, 2022, this Plaintiff again [without the court first securing jurisdiction with regards to me and the situation at hand], made a special appearance in Salina Town Court, under duress, threat of violence and threat of violence if not showing up, reserving all Rights and waiving none after crossing the BAR., no cop, ADA, nor Plaintiff was at this court appearance [which is a continuance of the crimes being committed against me, including, but not limited to Human Trafficking and my Constitutionally protected God given right of due process being denied], which then said court appearance was abruptly adjourned, again solely by defendant Carey, until February 9, 2023, for continuation of the [unlawful] "BENCH TRIAL" that defendant Carey tried to hold on November 18, 2022 [extending his crime spree against this Plaintiff].

49

174.    That, on December 10, 2022, at approximately 6:10 pm., Plaintiff was again exercising his right to travel upon the public passageways, free and clear of the necessity to do so needing a State issued drivers license and registration, in his private used automobile, which again is referred to as a "mechanical horse", not registered with the State of New York, nor any State for that matter, with a vanity plate on the back of, labeled "PR1V4T3, DOT EXEMPT, FOR NON COMMERCIAL USE ONLY" [notifying any potential police officers that the private, used automobile is not within their limited scope of jurisdiction, as it's not being used for commercial purposes, thus NOT (emphasis added) a "motor vehicle"], heading East on Rt.5/West Genesee St., when I noticed a Solvay Police officer, later to be known as, defendant Hunter A. Nerber, turn on his emergency lights behind me.

175.    That, after and upon Plaintiff finding a safe place to pull over [to which he arrested my right to travel], defendant Nerber exited his police vehicle, approaching my window, [without probable cause of a crime being committed, nor suspicion of a crime, thus without jurisdiction with regards to me and the situation at hand], asked me for identification, drivers license, insurance, etc., to which this Plaintiff replied, I didn't have any of those [NOR WERE THEY REQUIRED (emphasis added) ( reiterating that FACT, as described above) to travel on the Federal highways/passageways], to which he responded with stern language, get out of the car, like a NAZI on a power trip.

176.    That, this Plaintiff tried to reason with defendant Nerber, wanting to show him documents [supporting my LAWFUL (emphasis added) position (as described above)] of not needing a drivers license when only traveling, using the public passageways in a non commercial activity, to no avail.

177.    That, shortly thereafter, this Plaintiff was then [kidnapped, falsely arrested], put in handcuffs and placed in the backseat of officer Nerber's police vehicle and after sitting there for approx. (20) twenty minutes or so, noticed a tow truck pull up, starting to hook the [household goods] used automobile to his tow truck, then taken away, later to be known taken to Advanced Recovery of NY, located on 6th North St., Syracuse, NY [denying me the rightful and lawful use of my private property].

178.    That, this Plaintiff was then taken to the Solvay Police station for [an unlawful] processing, fingerprinting and pictures taken, and after roughly 1 hr. of processing by defendant Nerber, was handed 15 [unlawful] tickets and then free to go.

179.    That, on Monday, December 12, 2022, this Plaintiff called Advanced Recovery of NY to see about getting his private property used automobile and contents (which includes items affixed to car, i.e. vanity plate) out of their impound lot, to which I was told there was a DA Hold on, dated 12/10/22, issued by the Solvay Police Department, stating that Plaintiff is the registered owner, but is not "registered with the NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES as the owner, I'm just the owner via common law contract purchase [thus a falsification of the inventory report sheet], and that I needed a release, signed by the DA to get my car out. (see EXHIBIT 34.10)

180.    That, on or about Tuesday, December 13, 2022, this Plaintiff went down to the District Attorney's Office and filled out a Property Release form to recover his [household goods] used automobile, specifically a 2008 Honda Accord, including all of the associated property and contents.

181.    That, on or about December 16, 2022, Plaintiff received the filled out property release form, signed off by defendant Jeffrey Albert, with the [unlawful and without

jurisdiction] stipulation, Plaintiff could get car ONLY (emphasis added) if it had proof of registration, insurance and the removal of an Ignition Interlock Device requirement [which had already expired and was unlawful to begin with] placed on the former drivers license, issued to [the commercial in nature, cestui que trust identified as], RICHARD L SPOSATO (number # withheld for confidentiality). (see EXHIBIT 34.11)

182.    That, due to these conditions placed on the property release, Plaintiff's rightful use to his personal property has been further arrested by defendant Jeffrey D. Albert [to which as of this date, defendant Albert and/or the COUNTY OF ONONDAGA are still unlawfully arresting my Right of free use of my private property, including vanity plate], which is now considered stolen, with Plaintiff's right to file a police report on this matter being abridged.

183.    That, on or about January 25, 2023, Plaintiff received a letter from defendant Carey, stating he's granting my "motion" for a jury trial on all charges pending, the Trial (Bench) formerly scheduled for February 9, 2023, is hereby canceled, with a next court appearance scheduled for February 2, 2023, with no specific time of day to appear stated therein.

184.    That, on February 2, 2023, this Plaintiff made a Special Appearance in court, roughly 12:30 pm, via commercial Affidavit (contract offer), in writing, stating and demanded discovery, showing proof of "motion" for a jury trial [reiterating there's no jurisdiction for this court to proceed with regards to me, and reiterating the case(s) are VOID, thus are dismissed by law], which up to the time of this writing, has never been responded to, like always.

185.    That, on February 21, 2023, Plaintiff received a letter from Solvay Police Department, stating there was a BENCH WARRANT (albeit unlawful) issued for arrest, signed on February 9, 2023, by defendant Paul G. Carey.

186.    That, on March 2, 2023, this Plaintiff made a special appearance in the Salina Town Court, to address the [unlawful] BENCH WARRANT, with Hon. Andrew Piraino presiding, due to Carey being absent, who [justifiably and lawfully] adjourned the proceeding until April 27, 2023 [due to Piraino not having jurisdiction to adjudicate anything pertaining to me, after his recusal].

187.    That, Plaintiff was acquitted at trial of all (3) three Criminal Contempt 2nd charges, pertaining to an unlawful Order of Protection issued against Plaintiff, in favor of Defendant Cavaliere.

188.    That, all traffic and related charges herein stated against Plaintiff have been dismissed and/or must be dismissed, as per Certificates of Dispositions, although (1) one case, (7) seven charges occurring on March 8, 2022 is still not documented as of this date. (see EXHIBIT 35)

## CONCLUSION

189.    That, it is clear, based on the fact Plaintiff has been summonsed in and out of the United States Court local system over 2+ years, in violation of STATE statute and codes, by defendants LaSorsa and Carey all without jurisdiction with regards to Plaintiff's situation at hand, nor a conviction on any of the pending, unlawful and necessarily void charges, with all charges herein against Plaintiff having been dismissed or acquitted of, Plaintiff has been a victim of the crime called Human Trafficking, a modern day form of slavery, involving the illegal transport of individuals by force or deception for the purpose of activities in which

others benefit financially, i.e. judges and DA's via their portions of fines and/or surcharges collected after a conviction at prosecution, defined as Peonage, Slavery, and/or Trafficking in Persons, found in 18 U.S. Code Chapter 77.

190.    That, it is clear, based on ALL the FACTS provided herein as evidence and/or will be provided as evidence at TRIAL [if Summary judgment in Plaintiffs favor doesn't come before], displayed in the commercial Affidavit contracts herein enclosed as EXHIBITS, Defendant(s) local police officers, sheriff's, troopers, bailiff's, assistant district attorney's, court clerks and judges, all STATE employees, lacked any jurisdiction to conspire to and/or stop, arrest, process, prosecute or adjudicate a matter, with regards to Plaintiff, a man, and the situation at hand, within their corporate statutes and procedures, but they did so anyway, with defendant Carey abandoning all pretenses of acting with impartiality, or jurisdiction with regards to me, with defendant(s) Carey, et al, excluding all CORPORATE defendants herein and possibly defendant Cavaliere, taking an Oath of Office, swearing to support the Constitution of New York State, as well as the Constitution of the United States, faithfully discharging their duties thereof, but instead, all Defendant(s) disregarded that oath, abandoning all pretenses of acting in accordance with prosecutorial standards and/or laws for arrest.

## AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### 18 U.S.C. § 241 - 242 & 42 U.S.C. § 1983

191.    Plaintiff re-asserts and re-allege the allegations contained within the preceding paragraphs, as if set forth at length herein.

192.    That, the Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, guarantees "the right of the people to be secure in their persons, houses, papers, and affects, against unreasonable searches and seizures."

193.    That, title 18 U.S. Code § 241 - Conspiracy against rights, states, "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, in the free exercise or enjoyment of any right secured to him by the Constitution, or because of his having so exercised the same; or "If two or more persons go in disguise on the highway, or on the premise of another, with intent to prevent or hinder his free exercise or enjoyment of any right so secured", -- They shall be fined under this title or imprisoned not more that (10) ten years, or both.

194.    That, title 18 U.S. Code § 242 - Deprivation of rights under color of law, states, "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, to the deprivation of any rights, or immunities secured or protected by the Constitution, shall be fined under this title or imprisoned not more than one year, or both; and if such acts include the use, attempted use, or threatened use of a dangerous weapon, shall be fined under this title or imprisoned not more than (10) ten years, or both.

195.    That, on May 28, 2021, Defendant Mark A. Watson, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

196.    That, on June 19, 2021, Defendant Matthew W. Ryan, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

197.    That, on March 8, 2022, Defendant Nicholas Elsenbeck, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

198.    That, on March 18, 2022, Defendant B. Lynch, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

199.    That, on December 10, 2022, Defendant H. Nerber, violated this Right, under the color of state law and with the threatened use of a deadly weapon, gun affixed to the side of his person, when he unlawfully arrested me and my used automobile, during my lawful travel.

200.    That, on or about December 16, 2022, Defendant Jeffrey Albert, violated this Right, under color of state law, when he signed for unlawful conditions put upon my property release form.

201.    That, on the said aforementioned dates, Defendant(s) unlawfully and without jurisdiction, based on the facts of this case shown through the EXHIBITS herein, with regards to Plaintiff, a man, exercising his Constitutionally protected Rights, maliciously weaponized state, county and local police power, by commencing and continuing baseless traffic stops/arrests and investigations of Plaintiff.

202.    That, Defendant(s) commenced the stated actions against Plaintiff in bad faith and without the necessary lawful authority and jurisdiction to do so, with regards to Plaintiff's immediate situation at hand, as outlined above in this complaint.

203.    That, Defendant(s) knew or should've known their traffic stops, investigations, arrests, and further issuance of unlawful traffic tickets to Plaintiff, were unsupported, unjustified, and unfounded in fact or in law, due to want of jurisdiction with regards to the Plaintiff.

204.    That, Defendant(s) actions were motivated by an improper training and purpose, namely their malice and desire to harass, intimidate, threaten, oppress, coerce and injure Plaintiff (and a host of others traveling daily in their used automobile, not being used for commercial purposes), for the exercising of his unalienable, Constitutionally protected Rights, granted by our creator, in order to control him and other People exercising their rights, in an attempt to injure and extort money out of the Plaintiff.

205.    That, Defendant(s) flagrant misuse of state, county and/or local police powers, contravened Plaintiff's Constitutional rights and deprived Plaintiff from being secure in his persons, houses, papers and effects.

206.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

207.    That, as a direct and proximate result of Defendant(s) conduct, Plaintiff has suffered, and continues to suffer significant damage, with imminent and irreparable harm in

the form of deprivation of his constitutionally protected rights and immunities afforded under the Fourth Amendment, absent recourse, as secured by 42 U.S.C. § 1983.

208.  That, absent injunctive relief allowing Plaintiff to travel in his used automobile without a State issued license, nor registration or insurance, Plaintiff and the free People of this great land will continue to suffer irrevocable loss, harm and damage as a result of Defendant's deprivation of Plaintiff's constitutionally protected rights.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF THE FIFTH AND/OR FOURTEENTH U.S. AMMENDMENTS**
**DUE PROCESS OF LAW**
**28 U.S.C. § 1343(4) - 42 U.S.C. § 1983**

209.  Plaintiff re-assert and re-allege the allegations contained within the preceding paragraphs as if set forth at length herein.

210.  The Fifth Amendment to the United States Constitution, guarantees no person shall "be deprived of life, liberty, or property, without due process of law, enforceable pursuant to 28 U.S.C 1343(4), which guarantees any person "to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights", or is enforceable pursuant to 42 U.S.C § 1983.

211.  The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, guarantees "nor shall any state deprive any person of life, liberty, or property, without due process of law."

212.  That, an action for violation of constitutionally protected rights, such as those headlined in this section, including but not limited to being afforded under the Fourteenth Amendment, may be brought pursuant to 42 U.S.C. § 1983, which states that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or

58

Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

213.    That, Defendant(s) Watson, Ryan, Elsenbeck, Lynch and Nerber, violated these rights when they unlawfully stopped and arrested me and my used automobile, in his lawful travel, on the above stated dates, without jurisdiction and without due process being served.

214.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF THE FIFTH AND/OR FOURTEENTH AMENDMENTS
### DUE PROCESS OF LAW - ABUSE OF PROCESS
### 28 U.S.C. § 1343(4) - 42 U.S.C. § 1983

215.    Plaintiff re-assert and re-allege the allegations contained within the preceding paragraphs as if set forth at length herein.

216.    That, Defendant(s) Kara A. LaSorsa, and Paul G. Carey, Alphonse Williams, and Jed Hudson, as well as Mark F. Schroeder acting without the necessary lawful authority and jurisdiction to perform judicial, prosecutorial and administerial functions with regards to Plaintiff's situation at hand, maliciously weaponized local judicial power of Village and

Town Courts, the power of the District Attorney's office, and administrative powers of the

Department of Motor Vehicles, by commencing and continuing baseless prosecution, as well

as placing administrative strangleholds on Plaintiff, without jurisdiction to do so, in regards

to Plaintiff and/or his situation at hand.

217.    That, Defendant(s), with their continued unlawful issuance of the countless above

mentioned Court appearance notices, with regards to this Plaintiff, by defendants Kara

LaSorsa, Paul G. Carey and/or their employees, Defendant's intended to compel Plaintiff to

be Human Trafficked in and out of the United States Court system.

218.    That, Defendant(s) improper conduct and unlawful continuation of an unlawful

legal proceeding, after jurisdiction has been challenged and without jurisdiction having been

proven, on the record by the Plaintiff and/or prosecutor, as necessary by law to proceed, were

done so without respect for the presumption of innocence, due process of law, and are further

examples of Defendant(s) human trafficking of Plaintiff, as well as bias, prejudice, malicious

and callous indifference for due process of the law, and as such, are abuse of process.

219.    That, Defendant(s) flagrant misuse of Federal, State, and/or local judicial and

investigatory powers, under color of state law, contravened Plaintiff's Constitutionally

protected rights and deprived Plaintiff of life, liberty, and property without due process of

law, and as such, are abuse of process.

220.    That, Defendant(s) actions, including, but not limited to their abuse of criminal

and civil process, and collective misconduct, deprived Plaintiff of due process of law and

impermissibly infringed upon his Constitutionally protected, God given, unalienable rights.

221.    That, at all relevant times, Defendant(s) were acting individually and in their

official capacity, under the pretense and color of state law, all without jurisdiction with

regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful

authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the

enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from

criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES

NOT EXIST (emphasis added).

## AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF THE FIRST AMMENDMENT
### 42 U.S.C. § 1983

222.    That, Plaintiff re-asserts and re-alleges the allegations contained within the

preceding paragraphs as if set forth at length herein.

223.    That, the First Amendment to the United States Constitution, enforceable pursuant

to 42 U.S.C. § 1983, guarantees "The right of a citizen to free expression, to petition the

government and have access to the courts."

224.    That, under the First Amendment to the United States Constitution, a citizen has

the right to be free from governmental action taken to retaliate against the citizen's exercise

of First Amendment rights, or to deter the citizen from exercising those rights in the future.

225.    That, on the morning of September 22, 2021, at the Village of Solvay Court

Clerk's office, after Plaintiff engaged in a Constitutionally protected activity pertaining to

matters of business with the Solvay Village Court, defendant(s) Megan Cavaliere, Derek

Czerow, Joseph Hardy and Onondaga County ADA defendant Alphonse Williams, conspired

together to fabricate frivolous charges, in retaliation to the assertion of Plaintiff's Rights.

226.    That, on or about November 4, 2021, acting Town of Salina judge defendant Paul

G. Carey, signed an unlawful Order of Protection for defendant Megan Cavaliere, against

Plaintiff, based on heresy, frivolous and dubious claims, without merit or fact of any threats

made by Plaintiff against defendant Cavaliere, nor fear of perceived danger or injury in the future to defendant Cavaliere.

227.    That, Defendant(s) knew, or should've known, there was no justifiable legal, lawful or factual basis for the filing of a police report concerning the Plaintiff's business encounter that took place on September 22, 2021 at the Village of Solvay Court Clerk's office that morning, nor subsequent arrest and Order of Protection issued against Plaintiff.

228.    That, the Order of Protection, conspired by Defendant(s) imposed an undue burden on Plaintiff and violated his First Amendment right of a citizen to free expression, to petition the government and have access to the courts.

229.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### EXCESSIVE FORCE
### 42 U.S.C. § 1983

230.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

231.    That, on June 19, 2021, defendant, Matthew W. Ryan tried to initiate an unlawful arrest of a peaceful man, and in doing so, pointed and fired a potentially lethal weapon upon

Plaintiff, hitting an unarmed, peaceful Plaintiff in the back with a bullet, intentionally discharged from a taser gun.

232.    That, Defendant acted forcibly in trying to unlawfully apprehend, arrest and imprison the Plaintiff, without Plaintiff's consent, nor lawful authority and jurisdiction with regards to the Plaintiff and situation at hand.

233.    That, on June 19, 2021, defendant Ryan's deliberate use of excessive force, pursuant to the priority of the situation at hand, trying to unlawfully restrain Plaintiff from exercising his Constitutionally protected rights, was objectively unreasonable, egregiously forceful, and uncalled for.

234.    That, at all relevant times, Defendant was acting individually and in his official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, his IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

## AS AND FOR A SIXTH CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST AND IMPRISONMENT
### 42 U.S.C. 1983

235.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

236.    That, defendant(s), Mark A. Watson, Matthew W. Ryan, B. Lynch, Nicholas Elsenbeck, Hunter Nerber, Paul G. Carey, Mike Quigley and John Lyons, violated Plaintiff's Constitutionally protected Fourth Amendment to the United States Constitution by

wrongfully and unlawfully arresting, detaining, and imprisoning Plaintiff, without a lawful warrant to arrest.

237.    That, on the aforementioned dates, Defendant(s) knowingly conspired with their colleagues, acted with malice in the wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and/or imprisonment of Plaintiff, as carried out without a valid warrant, without Plaintiff's consent and without probable cause, nor jurisdiction with regards to Plaintiff's situation at hand.

238.    That, defendant(s) Watson, Ryan, Lynch, Elsenbeck and Nerber, under the pretense of state law, knowingly conspired with their colleagues to falsify documents, purporting to be violations and crimes, under the pretense and color of state law, through the issuance of unlawful tickets and information documents, maliciously and unlawfully weaponizing the state's legal process upon Plaintiff, by commencing and continuing baseless traffic stops/arrests and investigations of Plaintiff.

239.    That, defendant(s) Carey, Quigley and Lyons, via the unlawful arrest and handcuffing of Plaintiff during an unlawful proceeding of a purported BENCH TRIAL, under the pretense and color of state law, knowingly conspired amongst themselves, to deprive Plaintiff of his Constitutionally protected Right.

240.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from

criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES

NOT EXIST (emphasis added).

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE SIXTH AMENDMENT**
**RIGHT TO A SPEEDY TRIAL**
**42 U.S.C. 1983**

241.    That, Plaintiff re-asserts and re-alleges the allegations contained within the

preceding paragraphs as if set forth at length herein.

242.    That, the Sixth Amendment to the United States Constitution, enforceable

pursuant to 42 U.S.C. § 1983, guarantees "In all criminal prosecutions, the accused shall

enjoy the right to a speedy and public trial."

243.    That, for over 15 months, no cop, ADA, nor plaintiff showed up in court to

prosecute the case presumably against this Plaintiff, a man, with defendant(s) LaSorsa,

Williams, Hudson and Carey proceeding with court actions without first securing jurisdiction

proven on the record by the prosecution, as well as not being convicted for over 22+ months

not, currently at the time of this submission without a trial date, is a violation of Plaintiff's

right to a speedy trial.

244.    That, due to the Defendant(s) egregious lack of timely prosecution of Plaintiff, all

pending charges pertaining to Plaintiff's situation at hand, must be deemed VOID, vacated

and/or dismissed.

245.    That, at all relevant times, Defendant(s) were acting individually and in their

official capacity, under the pretense and color of state law, all without jurisdiction with

regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful

authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the

enclosed  EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from

65

criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

## AS AND FOR A EIGHTH CAUSE OF ACTION
### VIOLATION OF THE SEVENTH AMENDMENT
### RIGHT TO A JURY TRIAL
### 42 U.S.C. 1983

246.    Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

247.    That, the Seventh Amendment guarantees, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved, and no fact tried by a jury, shall otherwise re-examined in any Court of the United States, than according to the rules of the common law."

248.    That, during an unlawful court proceeding on November 18, 2022, in the Salina Town Court, Defendant Paul G. Carey, against my objection, and non consent, commenced a BENCH TRIAL, instead of calling for a Jury.

249.    That, at all relevant times, Defendant was acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

66

## AS AND FOR A NINTH CAUSE OF ACTION
### VIOLATION OF THE FOURTH AMENDMENT
### MALICIOUS PROSECUTION
### 42 U.S.C. 1983

250.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

251.    That, on the above stated dates, defendant(s) Watson, Ryan, Elsenbeck, Lynch, Nerber, while operating outside the limitations of their jurisdictional duties, made the unlawful, judicial determination I was guilty of a crime and/or violation of New York State Department of Motor Vehicles, without a verified complaint by one of the People of New York State, as police and/or Law Enforcement Officers work for the State and thus, are not one of the People of the State, they ARE the State.

252.    That, on the aforementioned dates, defendant(s) Williams, Hudson, LaSorsa and Carey, acted with malice in the wrongful, unjustifiable, and unlawful prosecution of the Plaintiff, as carried out without a verified complaint via one of the People of New York State, thus acted without jurisdiction to prosecute and/or commence and continue lawful proceedings, as required by law, and as such, acted maliciously in their unlawful prosecution.

253.    That, at all relevant times, Defendant(s) were acting individually and in their official capacity, under the pretense and color of state law, all without jurisdiction with regards to Plaintiff's situation at hand, and as such, due to Defendant(s) not having lawful authority and/or jurisdiction for their actions, supported as FACT (emphasis added) in the enclosed EXHIBITS herein to be used at trial, their IMMUNITY (emphasis added) from criminal or civil action claims for damages, actual, presumed, implied or otherwise, DOES NOT EXIST (emphasis added).

## AS AND FOR A TENTH CAUSE OF ACTION
### MUNICIPAL "MONELL" LIABILITY
### 42 U.S.C. 1983

254.    That, Plaintiff re-asserts and re-alleges the allegations contained within the preceding paragraphs as if set forth at length herein.

255.    That, defendant(s) VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, acting through their employees, agents, servants, and representatives, including, but not limited to defendant(s) LaSorsa, Osbeck, Ryan, Elsenbeck, Nerber, Hardy, Cavaliere, Watson, Carey, Lyons, Quigley, Lynch, Williams, Hudson, Albert and Schroeder, had and/or still have in effect formal, actual and/or de facto policies, practices, customs, and usages which were/are unconstitutional and a direct and proximate cause of the unconstitutional conduct alleged herein, causing Plaintiff to be deprived of his Constitutionally protected Rights.

256.    That, more specifically, the stated Defendant(s) herein, acting under the color of state law, without jurisdiction over the People of this state, or any other state, had and/or do have formal de facto policies and customs to direct Defendant(s) to misguide the People of this state called New York, such as, the perceived necessity and requirement for EVERYONE to get a [unnecessary] driver's license to travel, defrauding persons like this Plaintiff of their Right to travel unencumbered, when in FACT and in Federal Law, a driver's license is ONLY necessary for persons wanting to use the public passageways and/or highways for commercial purposes, in their now called "motor vehicle"[previous to their license their used automobile is NOT a "motor vehicle" as Federally defined], once commencement of commercial activity on the highways begin, or intend to commence, as stated above herein, which is in violation of our U.S. and State Constitutionally protected

Right against State actors trespassing our Right to Life, Liberty and property without due process of law.

257.   That, defendant(s) VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, acting through their employees, agents, servants, and representatives, had and/or still have in effect formal, actual and/or de facto policies, practices, customs, and usages authorizing the execution of these policies through their employees, agents, and servants including, but not limited to the above stated STATE employed Defendant(s), to stop, falsely arrest, ticket[issuance of unlawful Bills of Attainder], assault, maliciously prosecute and cruelly punish otherwise law abiding Citizens using their usage Right to public passageways [Federal-National Highway System], in violation of U.S. and State Constitutionally protected rights to LIFE, LIBERTY and PROPERTY, without due process of law, enumerated extensively throughout this seconded amended complaint.

258.   That, defendant(s) VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, have actual and/or de facto policies, practices, customs, and usages set in place via State, Agency, and Municipal directors, which are FORMAL policies endorsed and carried out by the STATE employee Defendant's actions, seen throughout every day on the highways stopping, falsely arresting, ticketing, assaulting, maliciously prosecuting and cruelly punishing the peaceful Citizens going about their busy day; making these persistent and widespread actions of these tortfeasors mentioned above, as well as in the courthouses month after month, amounting to a custom of which policymakers are aware of, must be aware and/or must have been aware; in violation of this Plaintiff's and other Citizens First, Fourth, Fifth, Sixth,

69

Seventh, Eighth, and Fourteenth, Constitutionally protected Rights, causing severe harm and damage to Plaintiff and many other Citizens along the was.

259.    That, Plaintiff suffered severe harm, damage, and continues to be damaged, resulting from STATE, Agency and Municipal Defendant(s) policymakers failure to train its employees regarding the unalienable God given and/or Constitutionally protected Rights of peaceful Citizens, resulting in the direction of their employees unlawful actions against Plaintiff and other Citizens, as stated above, including, but not limited to their Law Enforcement Officer employees falsely arresting many used automobiles and the people within said automobiles without probable cause, jurisdiction or lawful authority for their actions, unlawful seizing of said persons property, misrepresenting or falsifying evidence, discouragement of Sheriff deputies, or employees of the Office of the Sheriff from filing police reports on corrupt governmental employees, revoking of Plaintiff's and others, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES issued Drivers License [albeit not necessary for travel, but is currently necessary to rent a used automobile while on vacation], as well as the District and/or Assistant District Attorney's refusal to prosecute these tortfeasers, which does nothing more than to encourage said misconduct, continually year after year depriving Plaintiff and other Citizens of their Constitutionally protected rights enumerated throughout herein second amended complaint.

260.    That, Defendant(s), have deliberately and formally instituted actual or de facto policies that weaponize the legal process against Plaintiff and unsuspecting, peaceful citizens going about their daily life, with liberty, in pursuit of their happiness, in a perverted manner for the purpose of obtaining inappropriate, monetary objectives, which extort money from said Plaintiff and other people, placing undue stress, burden and hardship on said people who

are lawfully exercising their Constitutionally protected right of free travel, on and about the Federal public passageways and/or highways, because if it wasn't deliberate, these unlawful actions being committed by Defendant municipality's tortfeasor employees would've stopped a long, long time ago, but they haven't.

261.    That, the aforementioned formal, actual and/or de facto policies, practices, customs, and usages under the pretense and color of state law, were a direct and proximate cause of the unconstitutional conduct and deliberate indifference to the rights of the persons whom Defendant(s) untrained employees come in contact with on an everyday basis, including this Plaintiff, as well as other Citizens, of the alleged tortious conduct stated herein, causing Plaintiff and many others to be deprived of their Constitutionally protected rights.

262.    That, defendant corporation(s), VILLAGE OF SOLVAY, TOWN OF SALINA, COUNTY OF ONONDAGA, and NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, are violating their corporate charters, by and without recourse, allowing their directed tortfeasor employees to commit the aforementioned crimes, depriving Plaintiff and many others of their Constitutionally protected rights.

263.    That, Plaintiff, and many other sustained damages solely and wholly as a result of the aforesaid deliberate, directed and egregious misconduct, through the moving for of the Defendant Municipality, State or Agency, listed above, through their State, Agency and/or municipal employees, as condoned within Defendant(s) unconstitutional policies and customs, enumerated throughout their extensive list of New York State, their Agency(s) and Municipal statutes and codes, trespassing against Plaintiff's Rights, as stated herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment be awarded in his favor as follows:

a.  For a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 declaring that
    Defendant(s) have violated Plaintiffs' rights, privileges and immunities under the
    First, Fourth, Sixth, Seventh and Fourteenth Amendments to the United States
    Constitution;

b.  For an injunction, ordering the immediate release of Plaintiff's private property, a
    2008 Honda Accord used automobile, including all its contents and vanity
    PR1V4T3 plate;

c.  For an Order, restricting local Police, county Sheriff's and NYS Troopers from
    arresting peaceful Plaintiff while exercising his Right to travel;

d.  For a declaratory judgment, vacating defendant Carey's judgment, RE: Eviction
    case #21090190, ordering payment of $71,250 to George Azzolino;

e.  For injunctive relief, vacating convictions of four (4) guilty verdict(s),
    confirming Judgment void against RICHARD L SPOSATO, RE: case #17-
    506472, ;

f.  For injunctive relief, reinstatement of the New York State Drivers license issued
    to RICHARD L SPOSATO.

g.  For a preliminary and permanent injunction, pursuant to 28 U.S.C. § 1651(a), 42
    U.S.C. § 1983, Rule 65 of the Federal Rules of Civil Procedure, and Local Rule
    65.1 granting Plaintiff relief from defendant Paul G. Carey's ongoing, unbounded
    abuse of my due process rights and enjoining him from being involved in any
    manner, in any civil or criminal actions against Plaintiff;

h.  For injunctive relief, dismissing all charges currently pending in Salina Town Court.

i.  First CAUSE OF ACTION in the sum of One Hundred Fifteen Million, Eight Hundred Eighty Thousand Dollars and Zero Cents ($115,880,000.00) USD;

j.  Second CAUSE OF ACTION in the sum of Thirty Six Million, Four Thousand Dollars and Zero Cents ($36,004,000.00) USD;

k.  Third CAUSE OF ACTION in the sum of One Hundred Fifty Million, Two Hundred Eighty Thousand Dollars and Zero Cents ($150,280,000.00) USD;

l.  Fourth CAUSE OF ACTION in the sum of Twenty Four Million, Three Hundred Thirty Five Thousand Dollars and Zero Cents ($24,335,000.00 USD;

m.  Fifth CAUSE OF ACTION in the sum of Twenty Million Dollars and Zero Cents ($20,000,000.00) USD;

n.  Sixth CAUSE OF ACTION in the sum of Five Million, Eight Hundred Thousand Dollars and Zero Cents ($5,800,000.00) USD;

o.  Seventh CAUSE OF ACTION in the sum of Twelve Million Dollars and Zero Cents ($12,000,000.00) USD;

p.  Eighth CAUSE OF ACTION in the sum of One Million Dollars and Zero Cents ($1,000,000.00) USD;

q.  Ninth CAUSE OF ACTION in the sum of Twenty One Million Dollars and Zero Cents ($21,000,000.00) USD;

r.  Tenth CAUSE OF ACTION in the sum of Three Hundred Eighty Five Million, Two Hundred Ninety Nine Thousand Dollars and Zero Cents ($385,299,000.00) USD;

s.  Punitive damages, @ 5x compensatory, in the sum of One Billion, Nine Hundred

Thirty One Million, Four Hundred Ninety Five Thousand Dollars and Zero Cents

($1,931,495,000.00) USD;

t.  For an award of Plaintiff's time/fees as that of an attorney, costs, and

disbursements;

u.  For such other relief as the Court deems equitable, just, and proper.


December 15, 2023


By: _____

Richard Sposato, sui juris
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
E-mail: richie@nusoundmusic.com
Telephone: 315-412-1776