# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Richard Sposato

    vs                          Case No.    5:23-cv-0364 (GTS/MJK)

Matthew W. Ryan

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable MITCHELL J. KATZ, United States Magistrate Judge, on July 16, 2024, at 11: AM. The Courtroom Deputy for Judge Katz will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before 08/01/24.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before 09/30/24.

3. **DISCOVERY**: All discovery in this action shall be completed on or before 02/20/25. **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before 04/01/25. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before __11/15/24__ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before __01/06/25__ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before __01/20/25__ (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before __7/31/24__. Mediation must be completed on or before __10/1/24__.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before __3/17/25__. It is anticipated that the trial will take approximately __3__ days to complete. The parties request that the trial be held in __Syracuse__, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand?** __X__ (YES) _____ (NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
   The Plaintiff claims a violation of his Constitutional Rights, FOURTH AMENDMENT.

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
    The Plaintiff has served Defendant Ryan and the Court has jurisdiction.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
    Plaintiff alleges on June 19, 2021, Defendant Ryan violated his right, under the color of state law, and with the threatened use of a deadly weapon (gun).  Defendant contends he made a lawful stop of the vehicle, that Plaintiff admits was not registered in New York and upon Plaintiff's failure to follow the Officer's commands, attempted to use reasonable force to stop the fleeing Plaintiff.

12. **What factual and legal issues are genuinely in dispute?**
    Whether Officer Ryan used reasonable force on the Plaintiff.  Whether Officer Ryan is entitled to Qualified Immunity.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**
    Motion practice will likely occur upon completion of depositions of the parties.

14. **What specific relief do the parties seek?  What are the damages sought?**
    The Plaintiff seeks monetary damages for the alleged use of force on the Plaintiff.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**
    The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**
    The parties jointly agree that discovery will be needed to address the following subjects:
    Whether the Officer's attempt to use force was excessive and whether Plaintiff actually suffered any damages.

    C. **Discovery Sequence**
    Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
    Discovery will follow common procedure with the service of paper discovery, then proceed to party depositions and then expert disclosure.

D. **Written Discovery**
Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.
<u>Plaintiff intends to use Interrogatories and will comply with Rules.</u>
_____

E. **Depositions**
Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
Depositions at this stage will be of Plaintiff and Defendant Ryan.
_____
_____

F. **Experts**
Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The Plaintiff will consider a Police Expert to address the use of force.  The Defendant Ryan may consider use of a Police Practices Expert depending on the Plaintiff's testimony.   The disclosure should follow the described time requirements.
_____

G. **Electronic Discovery**
Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.
The parties do not anticipate any electronic discovery.
_____
_____

H. **Protective Orders**
   If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
   The Defendant will seek a Protective Order for Officer Ryan's personnel file and requests for Police Policy(ies) and Procedures. It is Defendant's position these issues would be irrelevant to the claims made against Officer Ryan.

I. **Anticipated Issues Requiring Court Intervention**
   Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
   This needs to be determined after Plaintiff determines his claim(s). It is anticipated from Defendant's review of the allegations, that Plaintiff will seek discovery into matters beyond the sole surviving claim, the use of force (as the Court has dismissed all other allegations).

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**
    The use of force claim may not be resolved by stipulations. The parties will keep this option in mind as the parties proceed.

17. **Are there any related cases pending before the Judges of this Court?**
    No

18. **In Class Actions, when and how will the class be certified?**
    Not applicable to claim.

19. **What are the prospects for settlement?  Please check below the prospect for settlement:**

    1 __X__  2 ____  3 ____  4 ____  5 ____  6 ____  7 ____  8 ____  9 ____  10 ____
    (Very unlikely →    →    →    →    →    →    Likely)

    A.  Settlement cannot be evaluated prior to _____11/01/24_____ (Date).

B. How can settlement efforts be assisted?
   The Plaintiff making a demand that reflects what "damages" he sustained.

   *(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

   A. Reviewed General Order #47                                   Yes __X__ No ____

   B. Reviewed the List of Court Approved                          Yes __X__ No ____
      Mediators available on the NDNY website?

   C. Prepared to discuss with the Court, at the                   Yes __X__ No ____
      conference, whether your case should be
      opted out of the program?

   D. Discussed the time frame needed to                           Yes __X__ No ____
      complete Mandatory Mediation?

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on ___June 25, 2024___
and was attended by:                                         (Date)

Richard Sposato                          for plaintiff(s)

Paul V. Mullin, Esq. for defendant(s) ___Matthew W. Ryan___

_____ for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*