U.S. DISTRICT COURT COPY

F I L E D

OCT 1 0 2024

AT_____ O'CLOCK_____
John M. Domurad. Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Richard Sposato,     )
                 )
       Plaintiff,     )
                 )
   v.            )
                 )
                 )
                 )
Paul G. Carey, et al,     )
                 )
       Defendant(s).     )

Civil Case No.: 5:23cv-364
(Judges Initials) GTS / MJK

**NOTICE OF MOTION RULE 60.1**
FOR RELIEF FROM JUDGMENT
TO CERTIFY APPEALABILITY
OF PREVIOUS DECISION
(DOC. 32)

PLEASE TAKE NOTICE, that upon the Affidavit in Support of Motion to certify

appealability of adverse decision (doc. 32), on motion (doc. 23) for reconsideration, a

motion pursuant to FRCP Rule 60.1 will be made for relief from judgment (doc. 32), to

certify the ability to appeal that decision dated May 14, 2024 of Trial judge Glenn T.

Suddaby, based on the need to correct his clear error of law, and/or to prevent manifest

injustice.

Dated: October 10, 2024

                 Respectfully submitted,

       By: _Richard Sposato_____

           Richard Sposato, pro se Plaintiff
           c/o 510 N. Orchard Rd.
           Solvay, New York [13209]
           richie@nusoundmusic.com
           315-412-1776

U.S. DISTRICT COURT N.D. OF N.Y.

**FILED**

OCT 1 0 2024

AT_____ O'CLOCK_____
John M. Domurad. Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Richard Sposato,                                )
                                                )    Civil Case No.: 5:23cv-364
                    Plaintiff,                  )    (Judges Initials) GTS / MJK
                                                )
        v.                                      )
                                                )    **LOCAL RULE 60.1 MOTION:**
Paul G. Carey, et al,                           )    FOR RELIEF FROM JUDGMENT
                                                )    DENYING APPEALABILITY
                    Defendant(s).               )

**NOW COMES** the above-named Richard Sposato, Petitioner herein, and moves for relief from Trial judge Glenn T. Suddaby's judgment dated May 14, 2024 (doc. 32), denying Plaintiff his appealability for the reason an appeal would not be in good faith.

## MEMORANDUM OF LAW

1.  18 U.S. Code, PART 1, CHAPTER 2 AIRCRAFT and MOTOR

    VEHICLES, §31 (a) Definitions - (6) Motor Vehicle: The term "motor

    vehicle" means every description of carriage or other contrivance

    propelled or drawn by mechanical power AND USED FOR

    COMMERCIAL PURPOSES [emphasis added] on the highways in the

    transportation of passengers, passengers and property, or property or

    cargo. (see EXHIBIT 1, pg. 3)

2.  New York State definition of a "motor vehicle" is found at NY VAT 125,

    stating: "Every vehicle operated or driven upon a public highway which is

    propelled by any power other than muscular power", [the remainder

    excluded for non relevance]. (see EXHIBIT 1, pg. 12)

3. Supremacy Clause U.S. Constitution Article VI, Clause 2: This

Constitution, and the Laws of the United States which shall be made in

Pursuance thereof; and all Treaties made, or which shall be made, under

the Authority of the United States, shall be the supreme Law of the Lane;

and the Judges in every State shall be bound thereby, any Thing in the

Constitution or Laws of any State to the Contrary notwithstanding. (see

EXHIBIT 1, pg. 3a)

The above Motion for Relief pursuant to FRCP Rule 60.1, is applicable to this court by application of Article VI of the United States Constitution.

Dated: October 10, 2024

Respectfully submitted,

By: _Richard P Sposato_

Richard Sposato, pro se Plaintiff
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
E-mail: richie@nusoundmusic.com
315-412-1776

2

# EXHIBIT 1

Cornell Law School

# LII Legal Information Institute

Quick search by citation:

**Title** [enter title] **Section** [section] [Go!]

# 18 U.S. Code Chapter 2 - AIRCRAFT AND MOTOR VEHICLES

U.S. Code    Notes

prev | next

§31. Definitions
§32. Destruction of aircraft or aircraft facilities
§33. Destruction of motor vehicles or motor vehicle facilities
§34. Penalty when death results
§35. Imparting or conveying false information
§36. Drive-by shooting
§37. Violence at international airports
§38. Fraud involving aircraft or space vehicle parts in interstate or foreign commerce
§39. Traffic signal preemption transmitters
§39A. Aiming a laser pointer at an aircraft
§39B. Unsafe operation of unmanned aircraft
§40. Commercial motor vehicles required to stop for inspections
§40A. Operation of unauthorized unmanned aircraft over wildfires

(a) **Definitions.**—In this chapter, the following definitions apply:

(4) IN FLIGHT.—The term "in flight" means—

(A) any time from the moment at which all the external doors of an aircraft are closed following embarkation until the moment when any such door is opened for disembarkation; and

(B) in the case of a forced landing, until competent authorities take over the responsibility for the aircraft and the persons and property on board.

(5) IN SERVICE.—The term "in service" means—

(A) any time from the beginning of preflight preparation of an aircraft by ground personnel or by the crew for a specific flight until 24 hours after any landing; and

(B) in any event includes the entire period during which the aircraft is in flight.

(6) MOTOR VEHICLE.—
The term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo.

pg. 3

 Cornell Law School

L **Legal Information Institute**

About LII ▶  Get the law ▶  Lawyer directory

LII > U.S. Constitution Annotated > Article VI. Supreme Law > Clause II > **Overview of Supremacy Clause**

prev | <u>next</u>

## ArtVI.C2.1 Overview of Supremacy Clause

Article VI, Clause 2:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Supremacy Clause was a response to problems with the Articles of Confederation (the Articles), which governed the United States from 1781 to 1789. The Articles conspicuously lacked any similar provision declaring federal law to be superior to state law. As a result, during the Confederation era, federal statutes did not bind state courts in the absence of state legislation implementing them. To address this issue and related political difficulties, the Confederation Congress called for a convention in 1787 to revise the Articles. While the Supremacy Clause was not a source of major disagreement at the Constitutional Convention that followed, it generated intense controversy during debates over the Constitution's ratification. But advocates of federal supremacy prevailed. The Constitution was ratified in 1788 with the Supremacy Clause.[1]

The Supremacy Clause is among the Constitution's most significant structural provisions. In the late eighteenth and early nineteenth centuries, the Supreme Court relied on the Clause to establish a robust role for the federal government in managing the nation's affairs. In its early cases, the Court invoked the Clause to conclude that federal treaties and statutes superseded inconsistent state laws. These decisions enabled the young Republic to enforce the treaty ending the Revolutionary War, charter a central bank, and enact other legislation without interference from recalcitrant states.[2]

# New York Consolidated Laws, Vehicle and Traffic Law - VAT § 125. Motor vehicles

Current as of January 01, 2021 | Updated by FindLaw Staff





Every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power, except (a) electrically-driven mobility assistance devices operated or driven by a person with a disability, (a-1) electric personal assistive mobility devices operated outside a city with a population of one million or more, (b) vehicles which run only upon rails or tracks, (c) snowmobiles as defined in article forty-seven of this chapter, and (d) all terrain vehicles as defined in article forty-eight-B of this chapter. For the purposes of title four of this chapter, the term motor vehicle shall exclude fire and police vehicles other than ambulances. For the purposes of titles four and five of this chapter the term motor vehicles shall exclude farm type tractors and all terrain type vehicles used exclusively for agricultural purposes, or for snow plowing, other than for hire, farm equipment, including self-propelled machines used exclusively in growing, harvesting or handling farm produce, and self-propelled caterpillar or crawler-type equipment while being operated on the contract site.





# New York Consolidated Laws, Vehicle and Traffic Law - VAT § 311. Definitions

Current as of January 01, 2021 | Updated by FindLaw Staff

### Search New York Codes



Search by Keyword or Citation

Enter Keyword or Citation

SEARCH





As used in this article:

1.    The term "superintendent" shall mean the superintendent of financial services of this state.

2.    The term "motor vehicle" shall be defined as in section one hundred twenty-five of this chapter, except that it shall also include trailers, semi-trailers and tractors other than tractors used exclusively for agricultural purposes, and shall exclude fire and police vehicles, farm equipment, including self-propelled machines used exclusively in growing, harvesting or handling farm produce, tractors used exclusively for agricultural purposes, or for snow plowing other than for hire, and self-propelled caterpillar or crawler-type equipment while being operated on the contract site.

FILED

OCT 1 0 2024

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Sposato, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Paul G. Carey, et al, | ) |
| | ) |
| Defendant(s). | ) |

Civil Case No.: 5:23cv-364
(Judges Initials) GTS / MJK

**AFFIDAVIT IN SUPPORT** OF
MOTION TO CERTIFY
APPEALIBILITY OF DOC. 32

I, Richard Sposato, Plaintiff in the above action, make this affidavit in support of my

FRCP Rule 60.1 motion to reverse Trial judge Glenn T. Suddaby's adverse decision dated

May 14, 2024 (doc. 32), on previous Motion for Reconsideration, dated March 4, 2024

(doc. 23), denying the right to appeal, based on his presumption any appeal would not be

taken in good faith, and do hereby state:

1.   That, I, Richard Sposato, of sound mind and soul, plaintiff in Civil

     Case No.: 5:23-cv-364, do hereby claim Glenn T. Suddaby has

     made a fatal error of law, needing to correct his clear error,

     preventing manifest injustice.

2.   That, Federal judge Glenn T. Suddaby, did not use the root/controlling

     Federal definition of a "motor vehicle", pursuant to the Supremacy Clause,

     clearly found at Title 18, U.S. Code, Part 1, Chapter 2 - AIRCRAFT and

     MOTOR VEHICLES, §31(a) - Definitions (6), Motor Vehicles, which

     states: The term "motor vehicle" means every description of carriage or

     other contrivance propelled or drawn by mechanical power AND USED

1

FOR COMMERCIAL PURPOSES [emphasis added] on the highways in the transportation of passengers, passengers and property, or property or cargo.

3. That, Suddaby does not know what the definition and/or controlling definition of a "motor vehicle" is, found at 18, U.S. Code Part 1, Chapter 2, 31(a) (6), whereas Suddaby presumably used the State definition of a "motor vehicle", found at NY VAT 125, which is CONTRARY to the Federal definition, which pursuant to the Supremacy Clause, the Federal definition stands as the controlling definition.

**Wherefore**, as you can see, I've clearly pointed out the applicable laws pertaining to this case, which in good faith, clearly state a meritorious path. Suddaby's decision is an ABUSE OF DISCRETION and a CLEAR ERROR OF LAW which mandates correction, in order to prevent manifest of injustice.

I affirm this 10th day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true to the best of my abilities, and I understand that this document may be filed in an action or proceeding in a court of law.

Respectfully submitted,

By: _Richard Sposato_

Richard Sposato, pro se Plaintiff
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
E-mail: richie@nusoundmusic.com
315-412-1776

2

**AFFIRMATION OF SERVICE**

U.S. DISTRICT COURT - N.D. OF N.Y.

**F I L E D**

OCT 1 0 2024

AT_____ O'CLOCK_____
John M. Domurad. Clerk - Syracuse

**STATE OF NEW YORK**    )

                        ss.

**COUNTY OF ONONDAGA )**

I, Richard-Louis: Sposato, a man, deposes and affirms, that I served these 4 documents, (1) **Notice of Motion 60.1: To Certify Appealability, (2) Local Rule 60.1 Motion For Relief From Judgment Denying Appealability, (3) Affidavit In Support Of Motion To Certify Appealability and (4) Affirmation Of Service,** on defendant Matthew W. Ryan's counsel, Paul V. Mullin, Esq., located at:

> **Sugarman Law Firm, LLP**
> ATTN: Paul V. Mullin
> 211 West Jefferson St.
> Syracuse, NY 13202

via a certified Return receipt, with the forgoing in a manila wrapper, deposited with the USPS on October 10, 2024, via Certified Return Receipt, number 9589 0710 5270 2108 6487 61.

I affirm the 10th day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

All rights Reserved,

By: _Richard-Louis: Sposato_

Richard-Louis: Sposato
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
E-mail: richie@nusoundmusic.com
315-412-1776

1