UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Richard Sposato, )
)  Civil Case No.: 5:23cv-364
    Plaintiff, )  (Judges Initials) GTS / MJK
)
v. )
)  **AFFIDAVIT IN SUPPORT OF**
MATTHEW W. RYAN, individually and in his, )  **MOTION FOR SUMMARY**
official capacity, )  **JUDGMENT (LR 7.1(b)(2))**
    Defendant(s). )

I, Richard Sposato, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am the Plaintiff in this case, and I submit this affidavit in support of my Motion for Summary Judgment under Federal Rule of Civil Procedure 56.

2. This affidavit is based on my personal knowledge and a review of the discovery materials, police reports, and court documents related to this case.

## II. FACTUAL BACKGROUND

A. The Incident on June 19, 2021

3. On June 19, 2021, at approximately 2:00 AM, I was traveling west on West Genesee St. to my mother's home in my 2008 Honda EX-L used automobile at 510 N. Orchard Rd., Solvay, NY.

4. Defendant, Officer Matthew W. Ryan, was on duty with the Village of Solvay Police Department at the time, parked [in front of Patrick's Dry Cleaners, in their parking lot, behind their work vans] in the 2200 block of W. Genesee St.

5. Defendant later stated that he began following me because my vehicle's headlights were not fully deployed.

1

6. At no time was I speeding, driving recklessly, or engaging in any conduct that posed a danger to others.

7. After signaling, I turned right on N. Orchard Rd., with Defendant following me.

8. A short time afterwards, almost to my mom's house, to my surprise, Defendant turned on his emergency lights.

9. I slowed down and stayed to the right of the road for Defendant to pass, but he did not pass.

10. As I approached my mother's home, I pulled into the driveway, exited my vehicle, and began walking toward the side door of the garage.

11. Defendant Ryan followed me into my mom's driveway in his police cruiser, at which time I had exited my car and started walking to the side door of the garage, as this is the entrance way to my mom's house.

B. The Use of Force Against Me

12. As I reached the side door, Defendant Ryan discharged his Taser into my back, despite the fact that I was unarmed, not resisting or fleeing arrest, as in my mind I had done nothing worthy of an arrest, nor posed a threat to Defendant Ryan or anyone else.

13. The Taser probe made direct contact with my back, as confirmed by photographic evidence obtained from the police report and discovery materials.

14. I was able to break off the wire of the Taser and enter my mother's home.

15. Defendant Ryan and other officers pounded on the house windows and doors for approximately 30 minutes, demanding that I come outside.

16. At no time did Defendant Ryan or any other officer have a search warrant or arrest warrant authorizing them to enter private property.

17. The police eventually left without arresting me that night.

C. My Arrest on June 20, 2021

18. Later that morning as I was trying to sleep, I received multiple phone calls from Defendant Ryan, trying to confirm I wasn't hit and/or needed medical attention, which I was hit, but in no need of medical attention.

19. Later that day or the next day on June 20, 2021, I received another phone call and was instructed to turn myself in at the Solvay Police Department by 7:00 pm that evening of Sunday, June 20, 2021, that Defendant would be there, which I did voluntarily show up under duress.

20. When I arrived at the station on June 20, 2021, I was arrested, booked, fingerprinted, and given an appearance ticket.

D. Dismissal of All Criminal Charges

21. All charges related to the June 19 and June 20, 2021 incidents were dismissed with prejudice.

22. The dismissal order/Certificate of Disposition confirms that I was not convicted of any offense, did not enter a plea deal, and did not pay any fines or surcharges. (see Doc. xxx)

23. The fact that all charges were dismissed demonstrates that there was no legal justification for Defendant Ryan's use of force or the subsequent arrest.

### III. PROCEDURAL BACKGROUND

A. Defendant's Failure to Verify Admissions

24. On January 15, 2025, I served Requests for Admission (RFAs) on Defendant pursuant to Federal Rule of Civil Procedure 36. (See ATTACHMENT 1)

3

25. On February 12, 2025, Defendant, through his attorney, served responses to the RFAs. (See ATTACHMENT 2)

26. However, Defendant failed to verify his Responses to the Requests For Admissions under oath, as required by FRCP 36(a)(3), as he only verified he has read the Request For Admissions.

27. Under FRCP 36(a)(3), unverified responses are deemed admitted, meaning the following facts are conclusively established:
   a) Defendant was on duty the night of the incident.
   b) Defendant initiated the stop due to a minor traffic issue (headlights not fully deployed).
   c) Defendant entered private property (Plaintiff's mother's driveway) without a warrant.
   d) Defendant discharged his Taser into Plaintiff's back.
   e) Plaintiff was unarmed and did not threaten, resist, or attack Defendant.

B. Defendant's Failure to Provide Body Camera Footage

28. I requested body camera footage of the incident through discovery.

29. Defendant has failed to produce any video evidence, despite the expectation that such footage should exist.

30. Under FRCP 37(e), failure to preserve relevant evidence may result in sanctions or an adverse inference instruction against Defendant.

## IV. CONCLUSION

31. Because Defendant's RFAs must be deemed admitted, and because undisputed evidence (photographs, police reports, and court records) proves excessive force was used, there is no genuine dispute of material fact in this case.

32. Plaintiff is entitled to summary judgment as a matter of law under FRCP 56.

33. Plaintiff respectfully requests that this Court:

   i. Grant summary judgment in Plaintiff's favor.

   ii. Find that Defendant's use of force was excessive and unconstitutional.

   iii. Find that Defendant's warrantless entry was unlawful under the Fourth Amendment.

   iv. Award damages, including compensatory and punitive damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing to the best of my ability is true and correct.

Dated: March 5, 2025

Respectfully submitted,

By: *(signature)*
Richard Sposato, Plaintiff Pro Se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776