FILED

MAR - 5 2025

AT_____ O'CLOCK
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

Richard Sposato,                                    )
                                                    )
            Plaintiff,                              )
                                                    )
    v.                                              )
                                                    )
MATTHEW W. RYAN, individually and in his,           )
official capacity,                                  )
            Defendant(s).                           )
_____

Civil Case No.: 5:23cv-364
(Judges Initials) GTS / MJK

**STATEMENT OF MATERIAL
FACTS LR 7.1(b)(3)**

I, Plaintiff Richard Sposato, pursuant to Local Rule 7.1(b)(3), submits this Statement of

Material Facts in support of my Motion for Summary Judgment:

**I. THE INCIDENT ON JUNE 19, 2021**

1. On June 19, 2021, at approximately 2:00 AM, Defendant Matthew W. Ryan was on duty
   as a police officer for the Village of Solvay Police Department. *(See Defendant's
   Response to Plaintiff's Request for Admissions ("RFAs"),* MSJ Exhibit 1, #1)

2. Defendant observed Plaintiff Richard Sposato traveling in the Village of Solvay and
   followed him due to an alleged headlight violation. *(See* MSJ Exhibit 1, #3).

3. Plaintiff drove to his mother's home at 510 N. Orchard Rd., Solvay, NY, and pulled into
   the driveway. *(See Plaintiff's Affidavit In Support Of Motion For SJ, par. #10).*

4. Defendant Ryan entered Plaintiff's mother's private driveway without a warrant. *(See
   Photograph of Defendant's Police Car in Driveway,* MSJ Exhibit 2; *Plaintiff's Affidavit,
   In Support Of Motion For SJ, par. #11).*

5. Plaintiff exited his vehicle and walked toward the side entrance of his mother's home.
   *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #11).*

6. As Plaintiff reached the side entrance, Defendant Ryan deployed his department-issued Taser, striking Plaintiff in the back. *(See* Exhibit 1, #8*; See Photographs of Taser Probe Embedded in Plaintiff's Back,* MSJ Exhibit 4*)*.

7. Plaintiff was unarmed and posed no threat to Defendant Ryan or any other officers at the scene. *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #12 )*.

8. Defendant Ryan and multiple other officers pounded on the home's windows and doors for approximately 30 minutes, demanding that Plaintiff come outside. *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #15, See* Exhibit 5 [video 20210619_025542]*)*.

9. Defendant Ryan did not have a search warrant or an arrest warrant at the time of the incident. *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #16)*.

10. Plaintiff did not exit the home, and officers left the scene without arresting him that night. *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #14-17)*.

## II. PLAINTIFF'S ARREST ON JUNE 20, 2021

11. On June 20, 2021, Plaintiff received multiple phone calls from law enforcement, including Defendant Ryan, requesting that he turn himself in. *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #18-19)*.

12. Plaintiff voluntarily went to the Solvay Police Department later that day, where he was arrested, booked, fingerprinted, and issued an appearance ticket. *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #19-20; See Arrest Report, Exhibit 4)*.

## III. DISMISSAL OF ALL CRIMINAL CHARGES

13. All charges against Plaintiff stemming from the June 19–20, 2021 incidents were dismissed with prejudice. *(See* MSJ Exhibit 5*)*.

2

14. Plaintiff did not enter into a plea agreement and was not required to pay fines, surcharges, or restitution. *(See* MSJ Exhibit 5*).*

15. The dismissal of all charges confirms that there was no legal basis for Plaintiff's arrest or for the use of force against him.

## IV. DEFENDANT'S FAILURE TO VERIFY ADMISSIONS

16. On January 15, 2025, Plaintiff served Defendant Ryan with Requests for Admission pursuant to FRCP 36. *(See Plaintiff's Affidavit, In Support Of Motion For SJ, par. #24; See* MSJ Exhibit 6*).*

17. On February 12, 2025, Defendant responded to Plaintiff's Requests for Admission but failed to properly verify his responses under oath. *(See* Exhibit 1, pg. 5*).*

18. Under FRCP 36(a)(3), failure to verify responses results in all matters being deemed admitted. *(See Plaintiff's Memorandum of Law, pg. 3, citing FRCP 36(a)(3); United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987)).*

## V. DEFENDANT'S FAILURE TO PRODUCE BODY CAMERA FOOTAGE

19. Defendant Ryan failed to provide any body camera footage of the incident, stating in an Interrogatory Question response, Solvay Police did not equip their officers with body cams on the day of June 19, 2021. *(See* MSJ Exhibit 6, response #11*).*

20. Defendant has not offered any justification for the absence of body camera footage from the incident. *(See* MSJ Exhibit 6, response #11a*).*

21. Defendant Ryan has failed to provide any evidence that contradicts Plaintiff's claims and/or supports his defense.

## VI. CONCLUSION

22. Because Defendant's Response's For Admissions must be deemed admitted, and because

undisputed evidence (photographs, police reports, and court records) proves excessive

force was used, there is no genuine dispute of material fact in this case.

23. Plaintiff is entitled to summary judgment as a matter of law under FRCP 56.

Dated: March 5, 2025

Respectfully submitted,

By: _____

Richard Sposato, Plaintiff Pro Se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776

# MSJ EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
══════════════════════════════════════════════

Richard Sposato,

                                                        **RESPONSE TO**
                                              **REQUEST FOR ADMISSIONS**
                        Plaintiff,                       (GTS/MJK)

v.                                                  Case No.: 5:23-cv-364

Matthew W. Ryan, individually and in his official
capacity,

                        Defendant.

══════════════════════════════════════════════

Defendant, Matthew W. Ryan, individually and in his official capacity, by and through his

attorneys, Sugarman Law Firm, LLP, hereby respond to Plaintiff's Request for Admissions dated

January 15, 2025, as follows:

1.      Admit that on June 19, 2021 at approximately 2:00 a.m., you were working your

law enforcement shift for the Village of Solvay Police Department.

        **Response:       Admit**

2.      Admit that on June 19, 2021, approximately 2:00 a.m., you were parked in front of

Patrick's Dry Cleaners (now Brian's Dry Cleaning).

**Response:       Admit that Officer was parked in the 2200 Block of West Genesee Street
at approximately 2:15 a.m.**

3.      Admit that on June 19, 2021, you saw a maroon colored used automobile (Plaintiffs

car) pull up to the stop light on Genesee Street and Fay Road, with its lights not fully deployed.

**Response:       Admit that Officer observed a Maroon Honda Accord travelling on
West Genesee Street without its headlights on. The Officer cannot admit or deny the
characterization of an "used automobile".**

4.    Admit that further, as the light turned green and Plaintiffs car left the light, you started following this car because its lights were not fully turned on.

**Response:    Admit that one of the reasons the Officer followed the plaintiff's car was because the headlights of the vehicle were not on. The Officer continued to follow the vehicle for other reasons also.**

5.    Admit that as Plaintiffs car immediately left its parked position, it did not squeal the tires.

**Response:    The Officer is unable to admit or deny as the request is unclear what parked position is being referenced.**

6.    Admit that you followed Plaintiff onto his mom's (sic) driveway located at 510 North Orchard Road with your lights turned on.

**Response:    Admit that the Officer pursued the plaintiff's vehicle with emergency lights activated to the address of 510 North Orchard Road and is unable to admit or deny with personal knowledge of whom the plaintiff's mother is.**

7.    Admit that after Plaintiff pulled in his mom's (sic) driveway and exited his car, Plaintiff started walking to the side door of his mom's house, which is the entryway to the garage/house.

**Response:    The Officer is unable to admit or deny with personal knowledge of who the plaintiff's mother is. Deny the characterization that the plaintiff walked to the entryway to the house/garage as the Officer observed the plaintiff running in the driveway away from the Officer.**

8.    Admit that on June 19, 2025, as Plaintiff reached for the side door, you shot the Plaintiff in the back with your issued taser gun.

**Response:** **Admit the Officer attempted unsuccessfully to deploy the department issued Taser on the plaintiff after issuing commands to the plaintiff.**

9.    Admit that roughly an hour or so after the incident of Plaintiff being shot in the back, walking away from you parked in his mom's driveway, you called Plaintiffs cell phone at least 2 times to try to talk with the Plaintiff, now after 3:00 a.m.

**Response:** **Admit that the Officer contacted the plaintiff via cell phone to seek cooperation with the plaintiff and confirm with the plaintiff that he was not struck with a taser deployment and that he was offered and denied the need for any medical treatment.**

10.    Admit that after contacting Plaintiff by phone on June 19, 2021, you called Plaintiff again later that day, or on June 20, 2021, recommending Plaintiff come down to the station and turn himself in by the evening of June 20, 2021, that you would be there to book Plaintiff.

**Response:** **Admit.**

11.    Admit that around 7:00 p.m. on June 20, 2021, the Plaintiff came down to the Solvay Police station on his own accord, located at 507 Charles Avenue, where he sat in a cell for some time at the station during processing.

**Response:** **The Officer can neither admit nor deny this request as he has no personal knowledge of this request.**

12.    Admit that on the evening of June 20, 2021, while Plaintiff was sitting in a cell at the station, you arrested, charged, booked and fingerprinted Plaintiff (see Attachment 1).

**Response:** **Admit the plaintiff was arrested, and released and issued appearance tickets to return to Court to commence the criminal proceeding at a later date.**

Dated: February 12, 2025

Paul V. Mullin, Esq.
Bar Roll No.: 2033520
**SUGARMAN LAW FIRM, LLP**
*Attorneys for Matthew W. Ryan, individually*
 *and in his official capacity*
211 West Jefferson Street
Syracuse, New York 13202
Telephone: (315) 474-2943
*pmullin@sugarmanlaw.com*

TO:    Richard Sposato, Pro Se
       c/o 510 North Orchard Road
       Solvay, New York 13209
       Telephone: (315) 412-1776

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
════════════════════════════════════

Richard Sposato,

                    Plaintiff,

        v.                                                    Case No.: 5:23-cv-00364
                                                                        (GTS/MJK)
Matthew W. Ryan, individually and in his official
capacity,

                    Defendant.

════════════════════════════════════

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK      )
                       )ss:
COUNTY OF ONONDAGA)

        Matthew W. Ryan, Individually and in his Official Capacity, being duly sworn, deposes

and says that deponent is the Defendant in the within action; that deponent has read the foregoing

Request for Admission and knows the contents thereof; that the same is true to deponent's own

knowledge, except as to the matters therein stated to be alleged upon information and belief, and

as to those matters deponent believes it to be true.

                                        _____
                                        Matthew W. Ryan

Sworn to before me this
_11_ day of February, 2025.

_____
Notary Public

┌─────────────────────────────────┐
│           AMBER SLITER            │
│ Notary Public - State of New York │
│          No. 01SL0006749          │
│    Qualified in Oswego County     │
│ My Commission Expires 04/28/2027  │
└─────────────────────────────────┘

# MSJ EXHIBIT 2



# MSJ EXHIBIT 3







# MSJ EXHIBIT 4

| 1. NYSID No. 09123767Q | 2. OBTS No. | | **New York State ARREST REPORT** | | 3. Case No. 21-349466 | | 4. Ref. No. 00059347 | 4b. |
|---|---|---|---|---|---|---|---|---|
| 5. FBI No. 54005KB2 | 6. Arrest No. 21340-43 | | 7. Agency 08 - SOLVAY | | 8. Division/Precinct Patrol | | 4a. | |

**DEFENDANT INFORMATION**

9. Name (Last, First, Middle): Sposato, Richard L.

10. Alias / Nickname / Maiden Name (Last, First, Middle): ------

11. Phone Number: 315-412-1776

12. Street Number and Name, Building No., Apt. No.: 510 N. Orchard Rd.

13. City, State, Zip (C ☐ T ☐ V ☒ ): Solvay, NY 13209

14. Residence Status: ☒ Resident ☐ Non-Resident   ☐ Foreign Non-Resident ☐ Unk

15. Place of Birth: Syracuse, NY

16. Date of Birth: /1961   17. Age: 59   18. Sex: ☒ M ☐ F ☐ U

19. Race: ☒ White ☐ Black ☐ Asian ☐ Indian ☐ Other ☐ Unknown

20. Ethnic: ☒ Non Hispanic ☐ Unknown   ☐ Hispanic

21. Skin: ☐ Light ☐ Dark ☒ Medium ☐ Other ☐ Unknown

22. Height: 6' 0"   23. Weight: 250   24. Hair: Black   25. Eyes: Bro

26. Glasses: ☐ Yes ☒ No ☐ Contacts

27. Build: ☐ Small ☐ Med ☒ Large

28. Marital Status: ☐ Married ☒ Single ☐ Separated ☐ Divorced ☐ Widowed ☐ Unk   ☐ Common Law

29. U.S. Citizen: ☒ Yes ☐ No

30. Citizen of: USA

31. Social Security No.: -7925   32. Education: 13   33. Religion: Catholic   34. Occupation: Self-employed

35. Employed: ☒ Yes ☐ No

36. Scars / Marks / Tattoos (Describe): ------

**ARREST INFORMATION**

37. Arresting Officer: Ryan   38. ID No.: 0021   39. Assisting Officer: ---   40. ID No.: ---   41. Arrest Date: 06/20/2021   42. Time: 2100hrs

43. Location of Arrest (C ☐ T ☐ V ☒ ): 507 Charles Ave. Solvay, NY

44. Juvenile: ☐ Juv - No Further Process ☐ Yes ☒ No

45. Condition of Defendant At Arrest: ☐ Impaired Drugs ☐ Mental Dis ☐ Impaired Alco ☐ In/ill ☒ App Normal

46. Weapon(s) at Arrest: ------

47. Co-defendants Arrest No.: ------

48. Miranda: ☐ Yes ☒ No   49. Miranda By: ------ Mo ☐ Day ☐ Yr

50. Miranda Date: ------

51. Miranda Time: ------

52. Statements: ☐ Written ☒ None ☐ Verbal

53. Status: ☐ Bail / ROR ☐ Parole ☐ Probation

54. Search Warrant: ☐ Yes ☒ No

55. ID Procedure: ☐ Line Up ☐ Photo ☒ None ☐ Show Up

56. Arraignment Court: Solvay Court

57. Arraignment Judge Presiding

58. Date: 07/08/2021   59. Time: 1600hrs

60. Property: ☐ Yes ☒ No   61. Evidence: ☒ Yes ☐ No   61a. Processed By: Ryan   61b. Disposition: BEAST

62. Incident No.: 21-349466

63. Arrestee Status: ☐ ROR ☐ Cash Bail ☐ Police Bail ☐ Bail Bond   ☐ Held ☒ App Tkt ☐ Rel to 3rd Party

64. Bail Amount: ------   65. Bondsman: ------

66. Photo No.: 218000

67. Arrest Type: ☐ PW ☐ IW ☐ SUM ☒ CIP ☐ COMP ☐ OP ☐ FC ☐ VOP ☐ BW ☐ AW ☐ OT

68. Warrant No.: ------

69. Arrest FOA: ☐ Yes ☒ No   70. Other Agency: ------

71. F/P Taken: ☒ Yes ☐ No

72. Location of Offense (C ☐ T ☐ V ☒ ): Solvay/Onondaga, NY

73. Offense Date: 06/19/2021

74. No. Offenders: 1   75. No. Victims: 1   76. Return Court: Solvay

77. Return Judge Presiding

78. Return Date: 07/08/2021   79. Time: 1600

80. Defendant/Case TOT Agency: ------

80a. Officer's Name: ------

80b. ID No.: ------

81. Time: ------

82. Date: ------ Mo ☐ Day ☐ Yr

**CHARGE INFORMATION**

| 83. Law | Article & Section | SUB | CL | CAT | DEG | ATT | NAME OF OFFENSE | CTS | NCIC CODE | Age | VICTIM Sex Handicap | ASSOC. NO. | TYPE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PL | 195.05 | --- | A | M | 2 | N | Obstructing Gov't Administration 2nd | 1 | | | | 72971 | APP UTT OTH |
| PL | 205.30 | --- | A | M | -- | N | Resisting Arrest | 1 | | | | 72973 | APP UTT OTH |
| VTL | 511 | 2a2 | A | M | 2 | N | AUO 2nd | 1 | | | | SV12D8QX53 | APP UTT OTH |
| VTL | 1198 | 9D | U | M | -- | N | Interlock Restriction | 1 | | | | SV12D8QXDG | APP UTT OTH |
| VTL | 401 | 1A | -- | I | -- | N | Unregistered Motor Vehicle | 1 | | | | SV12D8QXFV | APP UTT OTH |
| VTL | 319 | 1U | -- | I | -- | N | Operating w/o Insurance | 1 | | | | SV12D8QXGT | APP UTT OTH |

**ASSOCIATED PERSONS INFORMATION**

84. Person Type: EM=Employer OT=Other CH=Child SP=Spouse PA=Parent CD=Co-Defendant AS=Associate SC=School LA=Lawyer PO=Parole Officer PR=Probation Officer VI=Victim WI=Witness RE=Relative CO=Complainant RP=Religious Person DR=Doctor

| Type | Name (Last, First, Middle) | Street Number and Name | City, State, Zip | Phone Number |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**NARRATIVE**

85. On 6/20/21 a 2100hrs. the defendant was arrested at Solvay PD for the above listed charges. Defendant was issued and released on related UTT's and appearance tickets returnable to Solvay Court on 7/8/21 at 1600hrs.

Additional Charges as follows:

VTL 1163-B    Insufficient Turn Signal

VTL 1120-A    Failed to Keep Right

VTL 375-2a1   No/Inadequate Lights

VTL 1102      Failed to Comply with a Lawful Order

VTL 306-B     Uninspected Motor Vehicle

VTL 1180-D    Speed in Zone

86. Arresting Officer's Signature   87. ID No.: 0021   88. Supervisor's Signature Sgt. R.   89. ID No.: 9047   94. 1 Page of

90. Arrest Made As A Result Of a SAFIS Latent Print Identification? ☐ Yes ☒ No ☐ Unknown   91. ------   92. ------   93. ------ pages

Defense Discovery Package 07/22/2021 12:00 Richie@rnosoundnnu516.com Law. Copyright © 1993 by NYS Div of Criminal Justice Services

Printed by DALHUNI on 07/22/21 at 11:18:57

# MSJ EXHIBIT 5

# CERTIFICATE OF DISPOSITION

**STATE OF NEW YORK**
**ONONDAGA COUNTY**

**SALINA TOWN COURT**
**CRIMINAL PART**

PEOPLE OF THE STATE OF NEW YORK

VS.

RICHARD L. SPOSATO;   Defendant

CASE NO: 21100126

| | |
|---|---|
| Date of Birth:        /1961 | JC501 no: 69665104N |
| Date of Arrest:   06/19/2021 | NYSID no: 09133767Q |
| Adjudication Date:  08/28/2023 | |
| Sentence Date:     /  / | |
| Disposition Date:  08/28/2023 | |

| Section Charged | Section Disposed | Ticket No & Description | Disposition | Fine | Civil-Fee | Surchg |
|---|---|---|---|---|---|---|
| PL 195.05 | PL 195.05 | OBS GOVT ADMN 2 | DISM | 0.00 | 0.00 | 0.00 |
| PL 205.30 | PL 205.30 | RESIST ARREST | DISM | 0.00 | 0.00 | 0.00 |
| VTL 0511 2AA | VTL 0511 2AA | SV12D8QX53 UNLIC OPERATION | DISM | 0.00 | 0.00 | 0.00 |
| VTL 1198 9D | VTL 1198 9D | SV12D8QXDG INTERLOCK VIOL | DISM | 0.00 | 0.00 | 0.00 |
| VTL 1120 0A | VTL 1120 0A | SV12D8QXP9 FAIL KEEP RIGHT | DISM | 0.00 | 0.00 | 0.00 |
| VTL 0319 01U | VTL 0319 01U | SV12D8QXGT INSURANCE VIOL | DISM | 0.00 | 0.00 | 0.00 |
| VTL 1102 | VTL 1102 | SV12D8QXZL FAIL COMP ORDER | DISM | 0.00 | 0.00 | 0.00 |
| VTL 1180 0D | VTL 1180 0D | SV12D8QXK7 Speeding 40/30 | DISM | 0.00 | 0.00 | 0.00 |
| VTL 0401 01A | VTL 0401 01A | SV12D8QXFV REGISTRATN VIO | DISM | 0.00 | 0.00 | 0.00 |
| VTL 1163 0B | VTL 1163 0B | SV12D8QXM3 TURN SIGNAL VIO | DISM | 0.00 | 0.00 | 0.00 |
| VTL 0306 B | VTL 0306 B | SV12D8QXJ6 NO INSP CERT | DISM | 0.00 | 0.00 | 0.00 |
| VTL 0375 2A1 | VTL 0375 2A1 | SV12D8QXSJ VIOL-LIGHTS | DISM | 0.00 | 0.00 | 0.00 |

DR# 21349466

Upon a proper request for an official statement of disposition,
I certify that the above named defendant having appeared before
this court was charged as shown above. Each of the charges was
disposed of as indicated.

Dated: The 26th day of September 2023

_____
Clerk for Hon. Paul G. Carey

NOTE: A copy of the request will be filed with this certificate
in the case records.

# MSJ EXHIBIT 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
==========================================

Richard Sposato,

           Plaintiff,

v.

Matthew W. Ryan, individually and in his official
capacity,

           Defendant.

==========================================

**RESPONSE TO FIRST
INTERROGATORIES**

Case No.:  5:23-cv-00364
(GTS/MJK)

    Defendant, Matthew W. Ryan, individually and in his official capacity, by and through his
attorneys, Sugarman Law Firm, LLP, hereby respond to Plaintiff's First Set of Interrogatories
dated September 27, 2024, as follows:

**General Objections**

    By responding to these demands, Defendant does not concede the materiality of the subject
of the subject to which it refers. Defendant's responses are made expressly subject to, and without
waiving or intending to waive any questions or objections as to the competency, relevance,
materiality, privilege or admissibility as evidence or for any other purpose, of any of the documents
or information produced, or the subject matter thereof, in any proceeding including the trial or any
subsequent proceeding.

    Defendant objects to the extent that Plaintiff demands information and/or documents which
are protected by the attorney-client privilege or work-product privilege or which constitute
material prepared for litigation purposes.

Sugarman Law Firm, LLP  •  211 West Jefferson Street  •  Syracuse, NY 13202

Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute waiver of any privilege or of another ground for objecting to discovery, with respect to such document or information or the information contained in any document or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Defendant also objects in the entirety to any request for documents that is not limited in time.

Defendant objects in the entirety to any request for information which is not in its possession, custody or control.

Defendant is continuing to search for information responsive to Plaintiff's demands and, therefore, reserves the right to supplement its response to each demand with additional information, if and when such information becomes available to Defendant's counsel. Defendant also reserve the right to object to the future disclosure of such information.

Defendant objects to these demands to the extent they exceed the scope of the CPLR or seek to impose obligations on Defendant beyond the requirements of those rules.

Defendant reserves the right to make any further applicable objection whether or not said objection is delineated above. The above objections in no way waive Defendant' right to make applicable objections as the course of the matter progresses.

## RESPONSES

1.    Please explain why, or why not, you agree with each of the above definitions listed in (i) - (iv)..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes.

2.    Please explain why yes, or why no, STATE OF NEW YORK is or is not a corporation located in the UNITED STATES..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes.

a.    What law, statute, code or contract makes "a man", i.e. Plaintiff in this case, obligated to follow either STATE OF NEW YORK or UNITED STATES corporate codes and statutes..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes. Moreover, the Defendant is unable to determine what the Plaintiff is asking as the Interrogatory does not make sense.

3.    Please explain why contracts are, or are not VOID for non full disclosure, supporting your position with law, statutes, codes, or jurisprudence..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes. Moreover, the Defendant is unable to determine what contract the Plaintiff is referring to. Upon information and belief, there was no contract in place between the Defendant and the Plaintiff at the time relevant to the issues in this case.

4.      In all your years as a Solvay cop, how many times have you discharged your assigned pistol and taser gun, listing the dates for each discharge..?

**RESPONSE**: In addition to this incident, Officer Ryan deployed his Taser on April 5, 2012, which has been sealed by the Court; February 21, 2015, which has been sealed by the Court; and on December 22, 2020.

a.      What were the initial crimes being committed or suspected being committed, as per the call to action for each of those instances..?

**RESPONSE**: See Response to 4 above.

5.      Please explain why, or why not the North Orchard Rd. area is a high crime section compared to other areas in the Village of Solvay..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for an expert opinion and/or operation of law which is properly an issue for expert disclosure. Moreover, the Defendant is unable to render an opinion without further information as to what the Plaintiff considers high crime and/or what other areas he is referring to. The Defendant does not intend to offer an opinion on crime statistics, socioeconomic conditions or reasons for crime in the community as that is all beyond the scope of the matter before this Court. Moreover, the comparison of areas in the Village of Solvay will not lead to relevant evidence on whether the use of force was reasonable.

6.      Why do they put street lights on roads, such [a]s I-690, W. Genesee St., and others..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for an expert opinion and/or operation of law which is properly an issue for expert disclosure. Moreover, the Defendant is not a party to the reasoning and or discretionary decisions why a municipality

may or may not choose to light a street. As a Police Officer one does not control or administer lighting decisions. Moreover, the decision to light a street is irrelevant to the issues before this Court.

      7.     If a road has street lights, such as W. Genesee St. in front of Westvale Plaza, please explain why it would be highly possible, or why it would not be possible to see a car at night on the road from a distance of 50 yards..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for an expert opinion and/or operation of law which is properly an issue for expert disclosure. Moreover, the Defendant is unable to determine what is being asked, and it seems to be a hypothetical question which is inappropriate for an Interrogatory. However, without waiving any objections, in this case the Plaintiff's car was observed and Plaintiff has admitted to operating his vehicle in the area he describes.

      8.     What was the initial reason you pulled out from your stake out position at Patrick's Dry Cleaners and followed Plaintiff traveling in his maroon Honda Accord, used automobile..?

**RESPONSE**: The Defendant objects to the characterization of "your stake out". However, without waiving the objection, the Defendant answers, on June 19, 2021 at about 0215hrs. while working unit 4301A, I was parked in the 2200 block of W. Genesee St. conducting vehicle and traffic enforcement when I observed a maroon Honda Accord traveling westbound on W. Genesee St. and stop at the red light at the intersection of Fay Road. My attention was drawn to the vehicle because I noticed that it did not have its lights on. When the light turned green, the vehicle accelerated quickly and was traveling in excess of 40mph, confirmed by the HR Falcon RADAR unit assigned to Solvay PD vehicle 302, in a clearly posted 30mph zone. I pulled behind the vehicle as it approached N. Orchard Rd., in which it made an abrupt right turn onto N. Orchard Rd. without

signaling the turn. I then activated my emergency lights to conduct a vehicle and traffic stop of the vehicle, however the vehicle continued traveling north while maintaining its speed. As I followed the vehicle with my emergency lights and siren activated, the vehicle was traveling down the center of the roadway and still failed to yield. The vehicle then made an abrupt left turn into the driveway of 510 N. Orchard Rd.

9.     At 2:15 in the morning in the Village of Solvay, on the roads of W. Genesee St. and N. Orchard Rd., on a scale of 0-10, with O being no cars on the road and 10 being the roads are congested with cars, how would you rate the situation at this time on each road..?

**RESPONSE**: The Defendant objects to this demand as it fails to specify when the road conditions are being viewed. Moreover, the witness is being asked to make an expert opinion of speculative conditions. The NYS DOT or County DOT or other municipalities may have the traffic count numbers. As the question is written, the Defendant cannot guess car counts. Moreover, the number of cars on the road is not relevant to the use of force issue before this Court nor will it lead to relevant evidence on the night in question.

10.     Why, at what point did you deploy your emergency lights in an attempt to stop[arrest] Plaintiff in his used automobile, stating the emergency..?

**RESPONSE**: On June 19, 2021 at about 0215hrs. while working unit 4301A, I was parked in the 2200 block of W. Genesee St. conducting vehicle and traffic enforcement when I observed a maroon Honda Accord traveling westbound on W. Genesee St. and stop at the red light at the intersection of Fay Rd. My attention was drawn to the vehicle because I noticed that it did not have its lights on. When the light turned green, the vehicle accelerated quickly and was traveling in excess of 40mph, confirmed by the HR Falcon RADAR unit assigned to Solvay PD vehicle 302, in a clearly posted 30mph zone. I pulled behind the vehicle as it approached N. Orchard Rd., in which it made an abrupt right turn onto N. Orchard Rd. without signaling the turn. I then activated

my emergency lights to conduct a vehicle and traffic stop of the vehicle, however, the vehicle continued traveling north while maintaining its speed. As I followed the vehicle with my emergency lights and siren activated, the vehicle was traveling down the center of the roadway and still failed to yield. The vehicle then made an abrupt left turn into the driveway of 510 N. Orchard Rd.

11.   Are Solvay cops required to wear body camera's during their shift on duty and turn them on during an interaction with a suspect, going to a call and/or during a stop[arrest attempt]..?

**RESPONSE**: On the day of the incident in question the Solvay Police did not equip their Officers with body worn cameras.

a.   Why weren't body cameras turned on in this instance with Plaintiff, on the morning of June 19, 2021..?

**RESPONSE**: On the day of the incident in question the Solvay Police did not equip their Officers with body worn cameras.

12.   Please explain in detail, what crime Plaintiff committed or was suspected of committing, which was a an emergency situation and/or a threat to the public or yourself on the morning of June 19, 2021, necessitating you to discharge your taser gun's bullet into the midsection of Sposato's lower back..?

**RESPONSE**: The Defendant objects to the Interrogatory as it calls for a legal opinion and mischaracterizes the Police equipment used. This Officer did not discharge a gun, nor was a bullet discharged. The Plaintiff's actions in refusing to stop, refusing to comply with lawful orders, and fleeing the scene contributed to the Officer's decision to attempt to use his Taser which was an unsuccessful deployment of the Taser probe.

13.     Approximately how many backup cars and total policemen do you recall were on the premises or in front of 510 N. Orchard Rd. during this altercation at 2:15 in the morning..?

**RESPONSE**: At the time of the initial encounter with the Plaintiff, the Officer was the only Officer on the scene. After the incident occurred multiple agencies and Officers arrived at the scene, and upon information and belief, up to 5 to 7 other Officers at one time or another may have come to the scene after the incident the Plaintiff complains.

14.     In your experience as a Solvay cop, how many times has ALL the charges pertaining to one of your stops been completely dismissed..?

**RESPONSE**: This Officer does not maintain a record of the Court dispositions, nor does he have access to the Court cases, and as such, is unable to answer this question.

15.     In your opinion, would you say the traffic charges you claimed Plaintiff violated are fairly cut and dry and/or easy to prosecute, i.e. driving without a license/aggravated unlicensed operation, no insurance, no registration, etc..?

**RESPONSE**: The Defendant objects to this question as this Officer is unable to determine what is meant by "fairly cut and dry and/or easy to prosecute". The likely calls for a legal opinion of the District Attorney who prosecutes the cases before the Court.

16.     What are your thoughts as to why all the charges you filed against Plaintiff on the morning of June 19, 2021 have been completely dismissed..?

**RESPONSE**: This Officer did not participate in the decision to dismiss charges and as such cannot offer an opinion as to the ultimate disposition of the charges. The Officer does note that this Court has found that there was probable cause for the charges that were filed.

17.     If a businessman was charged with multiple crimes and/or offenses, i.e. 50+, was brought into court 20 times, almost once every month over a 2 1/2 yr. timeframe, then having all

charges dismissed, in your opinion, please explain why that person, his reputation and/or his business would not have been damaged in some capacity..?

**RESPONSE**: This Officer is not qualified to offer opinions on business reputation and is unable to offer an opinion as requested.

Answering Defendant reserves the right to supplement or further respond to these demands upon completion of additional discovery.

DATED: November 13, 2024

Paul V. Mullin, Esq.
Bar Roll No.: 2033520
Sugarman Law Firm, LLP
  Matthew W. Ryan, individually
  and in his official capacity
211 West Jefferson St.
Syracuse, NY 13202
315-474-2943
pmullin@sugarmanlaw.com

TO:     Richard Sposato, Pro Se
        c/o 510 North Orchard Road
        Solvay, NY 13209
        315-412-1776

## **VERIFICATION**

STATE OF NEW YORK    )
COUNTY OF ONONDAGA) ss:

    I, Matthew W. Ryan, individually and in his official capacity, being duly sworn, deposes and says, that deponent is a Defendant in the within action, that deponent has read the foregoing Response to First Set of Interrogatories and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

DATED: November 13, 2024

                                       _____
                                       Matthew W. Ryan, individually
                                       and in his official capacity

STATE OF NEW YORK    )
COUNTY OF ONONDAGA) ss:

    On November 13, 2024, before me, the undersigned, personally appeared, Matthew W. Ryan, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                         Notary Public

                                         Mary B. Koloski
                                  Notary Public, State of New York
                         Qualified in Onondaga Co. No.01KO4732257
                              Commission Expires April 30, 20__