Case 5:23-cv-00364-GTS-MJK   Document 81-4   Filed 03/05/25   Page 1 of 5

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR - 5 2025
AT_____ O'CLOCK
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Sposato, | ) |
|       Plaintiff, | ) Civil Case No.: 5:23cv-364 |
| | ) (Judges Initials) GTS / MJK |
| v. | ) |
| | ) **MEMORANDUM OF LAW** |
| MATTHEW W. RYAN, individually and in his, | ) **IN SUPPORT OF MOTION FOR** |
| official capacity, | ) **SUMMARY JUDGMENT (FRCP 56)** |
|       Defendant(s). | ) |

Plaintiff Richard Sposato respectfully submits this Memorandum of Law in support of his Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**I. INTRODUCTION**

This case arises from the unconstitutional use of excessive force and warrantless entry onto private property by Defendant Officer Matthew W. Ryan, in violation of the Fourth Amendment. On June 19, 2021, Defendant shot Plaintiff in the back with his department issued taser gun without justification as Plaintiff attempted to enter his mother's home after driving there. Defendant had no legal basis for his actions and failed to verify responses to Plaintiff's Requests for Admission (RFAs), which must now be deemed admitted under FRCP 36(a)(3).

Because the material facts are undisputed, and because the legal issues are clear, Plaintiff moves for summary judgment on the following grounds:

1. All Requests for Admission must be deemed admitted because Defendant failed to verify his responses in violation of FRCP 36(a)(3).

2. Photographic evidence proves that the Taser probe made direct contact with Plaintiff's back, confirming that force was used against an unarmed, non-threatening individual.

1

3. Defendant unlawfully entered private property without a warrant, violating the Fourth Amendment , see *Florida v. Jardines*, 569 U.S. 1 (2013).

4. All criminal charges against Plaintiff were dismissed with prejudice, confirming that no lawful basis existed for Defendant's actions.

Because no genuine dispute of material fact exists, Plaintiff is entitled to summary judgment as a matter of law under FRCP 56.

## II. STATEMENT OF FACTS

Plaintiff incorporates by reference his Statement of Material Facts (SMF) pursuant to NDNY Local Rule 7.1(b)(3), which establishes the following undisputed facts:

1. Defendant followed Plaintiff's vehicle for a minor headlight violation, which is not an arrestable offense.
2. Plaintiff arrived at his mother's home, pulled into the driveway, and exited the vehicle.
3. Defendant entered private property (Plaintiff's mother's driveway) without a warrant.
4. Defendant discharged his department-issued Taser into Plaintiff's back.
5. Plaintiff was unarmed, non-threatening, and did not resist or flee.
6. All charges against Plaintiff were dismissed with prejudice.

Because Defendant's failure to verify his RFAs results in automatic admissions under FRCP 36(a)(3), there is no dispute of material fact in this case.

## III. LEGAL STANDARD

### A. Summary Judgment Standard Under Rule 56

2

Summary judgment is appropriate under FRCP 56(a) when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the moving party shows an absence of disputed facts, the burden shifts to the opposing party to produce specific evidence demonstrating a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, Defendant's failure to verify RFAs eliminates any factual dispute, requiring summary judgment in Plaintiff's favor.

**IV. ARGUMENT**

**A. Defendant's Unverified RFAs Must Be Deemed Admitted Under FRCP 36(a)(3)**

Under FRCP 36(a)(3), if a party fails to properly verify responses to Requests for Admission, all matters therein are automatically deemed admitted. Courts consistently hold that unverified responses are the same as no response at all. In *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987), failure to verify RFAs results in automatic admissions. In *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981), unverified responses must be stricken and deemed admitted.

Because Defendant failed to verify his RFA responses, all key facts, including his warrantless entry, use of a Taser, and Plaintiff's non-threatening status, must be deemed admitted.

**B. Defendant's Use of Force Was Excessive Under the Fourth Amendment**

Excessive force claims are analyzed under *Graham v. Connor*, 490 U.S. 386 (1989), which considers:

1. The severity of the alleged crime.
2. Whether the suspect posed a threat.

3

3. Whether the suspect was actively resisting arrest.

Here, all three *Graham* factors support a finding of excessive force:

a) Plaintiff was stopped for a minor headlight violation, which is not an arrestable offense.

b) Plaintiff was unarmed and posed no threat to officers or the public.

c) Plaintiff was not resisting or attempting to flee.

Since Defendant tased an unarmed, non-threatening individual, the use of force was excessive and unconstitutional.

## C. Defendant's Warrantless Entry Violated the Fourth Amendment

Under *Florida v. Jardines*, 569 U.S. 1 (2013), police officers may not enter private property without a warrant unless exigent circumstances exist. Here, Defendant entered Plaintiff's mother's private driveway without a warrant and no exigent circumstances to do so. This illegal entry directly led to the use of excessive force. Because Defendant's presence on the property was unlawful, his subsequent use of force was also unconstitutional.

## D. All Criminal Charges Against Plaintiff Were Dismissed

All charges stemming from the incident were dismissed with prejudice. Plaintiff did not enter into a plea agreement and was not required to pay fines, confirming that there was no legal basis for Defendant's use of force or subsequent arrest.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court:

1. Grant summary judgment in favor of Plaintiff.

2. Deem all Requests for Admission admitted under FRCP 36(a)(3).

3. Declare that Defendant's warrantless entry was unlawful under the Fourth Amendment.

4. Find that Defendant's use of force was unconstitutional.

5. Award compensatory and punitive damages.

6. Reimburse Plaintiff for all court costs, fee's, postage and travel and other related expenses.

7. Award customary and usual legal defense fee's for this size case to Plaintiff.

8. Grant further relief as this court deems just and proper.

Dated: March 5, 2025

Respectfully submitted,

By: *(signature)*
Richard Sposato, Plaintiff Pro Se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776