# LETTER/CORRESPONDENCE TO JUDGE
# RE: March 18, 2025 Extension Of Time Letter Granted



March 21, 2025

To:    US District Court Northern District
Attn: Judge Suddaby
James M. Hanley Federal Building
100 S. Clinton St.
Syracuse, NY 13261

                RE:    Sposato v. Matthew W. Ryan
                         Civil Case No. 5:23-cv-364 (GTS-MJK)

**TO THE HONORABLE COURT:**

I, Richard Sposato, respectfully moves this Court for reconsideration of its March 18, 2025 Order (Dkt. No. 83) granting Defendant's request for an extension of time to file an opposition to Plaintiff's motion for summary judgment and any cross-motion. Plaintiff requests that the Court vacate its decision, reinstate the original briefing schedule, or modify the Order for the following reasons:

**I. Plaintiff Was Denied an Opportunity to Respond Before the Court's Ruling**

The Defendant's letter-motion for an extension (Dkt. No. 82) was filed on March 18, 2025, at 3:23 PM, and the Court granted the request less than two hours later, at 5:19 PM the same day (Dkt. No. 83). Plaintiff did not receive a copy of Defendant's request until March 19, 2025, via regular mail and submitted his opposition the very next day, March 20, 2025. However, by that time, the Court had already granted the extension, depriving Plaintiff of the ability to argue against it.

1

**Legal Authority Supporting Plaintiff's Right to Respond Before a Ruling**

- In Mathews v. Eldridge, 424 U.S. 319 (1976), the Supreme Court held that due process requires that a party be given a meaningful opportunity to be heard before an adverse ruling is made. Here, Plaintiff was denied the opportunity to oppose Defendant's request before the Court ruled, violating my due process rights.

- Similarly, in Fuentes v. Shevin, 407 U.S. 67 (1972), the Supreme Court held that a court must allow both parties to argue before issuing an order affecting their rights. Since Plaintiff was not given this opportunity, the extension order should be reconsidered.

- In Griffin v. Aluminum Co. of America, 564 F.2d 1171 (5th Cir. 1977), the court held that a party must be given notice and a chance to respond before a court grants procedural motions, such as extensions of time, unless there is an emergency. No emergency existed here, so Plaintiff should have been allowed to respond before the extension was granted.

**II. The Basis for the Extension is Now Moot**

The Defendant's only justification for requesting the extension was that Plaintiff needed time to review his deposition transcript. However, Plaintiff expedited his review and returned the signed transcript on March 20, 2025, eliminating the basis for the extension.

**Legal Authority Supporting Reconsideration Due to Changed Circumstances**

- In Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245 (2d Cir. 1992), the court ruled that a motion for reconsideration is warranted when new evidence emerges that was not available at the time of the original ruling. At the time the Court granted Defendant's extension, it was unaware that Plaintiff would complete his transcript review within days. This new fact changes the circumstances and warrants reconsideration.

- In Hollis v. Dep't of Corrections, 560 F. Supp. 2d 920 (C.D. Cal. 2008), the court held that a prior order should be vacated if the reasons for granting it no longer exist. Since Plaintiff already returned his transcript, the Court's reason for allowing the extension is now moot, and the extension should be reconsidered.

### III. Extensions Should Only Be Granted for Good Cause

Under Federal Rule of Civil Procedure 6(b), extensions of time must be supported by "good cause." In Lujan v. National Wildlife Federation, 497 U.S. 871 (1990), the Supreme Court emphasized that "good cause must be based on a legitimate need for additional time, not mere convenience."

Here, the Defendant's sole reason for requesting an extension, Plaintiff's pending transcript review, no longer exists. Without that justification, Defendant cannot meet the "good cause" requirement, and the extension should be vacated.

### IV. Request for Relief

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Vacate or modify its March 18, 2025 Order (Dkt. No. 83) granting Defendant's extension request; and

2. Reinstate the original briefing schedule for Defendant's opposition to Plaintiff's motion for summary judgment; or

3. Modify the response date to reflect the actual need, giving an additional 3 days from original March 26, 2025 date, due to the time tolled from the time Defendant filed this motion on March 18, 2025, until Plaintiff responded on March 21, 2025, now rendering the additional days moot, as Plaintiff provided Defendant the requested signed deposition on March 20, 2021, which was the sole reason asking for more time.

3

4. For such further relief this court deems just and proper.

For the foregoing reasons, this motion to reinstate the original response date or modify the date to reflect a 3 day extension from the original date to compensate for the time tolled during Defendant's motion request, should be granted.

Respectfully submitted,

_____
Richard Sposato, Plaintiff
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
United States of America
richie@nusoundmusic.com
315-412-1776


cc:   Sugarman Law Firm
      Paul V. Mullin
      211 W. Jefferson St.
      Syracuse, NY 13202

4

# AFFIRMATION OF SERVICE

**STATE OF NEW YORK** )

                               ss.

**COUNTY OF ONONDAGA** )

I, Richard-Louis: Sposato, a man, deposes and affirms, that I served this (1) one document, **Response Motion To Decision On Letter Motion Requesting Extension Of Time** on defendant Matthew W. Ryan's counsel, Paul V. Mullin, Esq., located at:

    **Sugarman Law Firm, LLP**
    ATTN: Paul V. Mullin
    211 West Jefferson St.
    Syracuse, NY 13202

via hand delivery at the front desk of the above listed address.

I affirm the 21th day of March, 2025, under the penalties of perjury under the laws of the United States of America which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: March 21, 2025

                                                       By: _____
                                                                Richard-Louis: Sposato