U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR 31 2025
AT____ O'CLOCK____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Sposato, | ) |
|         Plaintiff, | ) Civil Case No.: 5:23cv-364 |
| | ) (Judges Initials) GTS / MJK |
| v. | ) |
| | ) SUPPLEMENTAL |
| | ) MEMORANDUM OF |
| | ) LAW IN SUPPORT OF |
| | ) MOTION FOR RECUSAL |
| MATTHEW W. RYAN, individually and in his, | ) GLENN T. SUDDABY |
| official capacity, | ) LR 7.1(a)(1) |
|         Defendant(s). | ) |

## I. INTRODUCTION

Plaintiff Richard Sposato respectfully submits this Supplemental Memorandum of Law in further support of his Motion for Recusal of trial judge Glenn T. Suddaby pursuant to 28 U.S.C. § 455(a), which mandates recusal where a judge's impartiality might reasonably be questioned.

This supplement highlights new facts and controlling case law that further demonstrate that the Court's continued extension of Defendant's deadline, despite the mootness of the underlying justification, creates a reasonable perception of partiality. Specifically, the Court's reliance on the unsigned deposition transcript to justify an extension was improper and procedurally unnecessary because Plaintiff did not rely on the deposition in support of his Motion for Summary Judgment.

## II. NEW FACTS AND CHANGED CIRCUMSTANCES

### Court Reinstated the Same Deadlines Without Addressing Mootness or Irrelevance

1

1. On March 26, 2025, the Court vacated its original March 18, 2025, Order (Dkt. No. 83) after acknowledging that the order was issued before Plaintiff had a reasonable opportunity to respond.

2. However, despite vacating the initial order, the Court reinstated the same extended deadlines for Defendant's response, disregarding the fact that the basis for the extension had become moot.

3. In fact, based on controlling case law, the basis for the extension was moot from the outset.

4. *Carmona v. Toledo*, 215 F.3d 124 (1st Cir. 2000), explicitly holds that:

   "When a party does not rely on a deposition for its motion, the lack of signature or certification on the transcript is irrelevant to the consideration of the motion."

5. Plaintiff did not rely on Defendant's deposition transcript in support of his Motion for Summary Judgment or his Statement of Material Facts. Therefore:

   i. The Court's reliance on the status of the deposition transcript as a justification for granting an extension was irrelevant and procedurally improper from the very beginning.

   ii. Since the extension was never necessary, the Court's subsequent decision to reinstate the extended deadlines on March 26, 2025, despite being made aware that the basis for the extension was moot, creates an even stronger appearance of partiality.

6. This failure to correct the initial error after acknowledging it raises serious due process concerns and further supports Plaintiff's request for recusal.

## III. LEGAL AUTHORITY SUPPORTING RECUSAL

**A. *Carmona v. Toledo*, 215 F.3d 124 (1st Cir. 2000) – Controlling Authority**

*In Carmona v. Toledo*, 215 F.3d 124 (1st Cir. 2000), the First Circuit explicitly held that, "When a party does not rely on a deposition for its motion, the lack of signature or certification on the transcript is irrelevant to the consideration of the motion."

Here, Plaintiff did not rely on Defendant's deposition in support of his Motion for Summary Judgment.

Therefore, the status of the deposition transcript was irrelevant to the Court's consideration of the motion, and the Court's reliance on this fact to justify an extension for Defendant was procedurally improper from the beginning.

## B. Extension Granted Without Cause Creates Appearance of Bias

The Court's decision to extend deadlines based on irrelevant grounds creates a reasonable perception of partiality. Recusal is required where a judge's actions would cause "an objective, disinterested observer" to question the judge's impartiality.

In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988), the Court stated: "Recusal is required where an objective, disinterested observer fully informed of the facts would entertain significant doubt that justice would be done in the case."

In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883 (2009), "The probability of actual bias or even an appearance of bias mandates recusal where impartiality may be reasonably questioned."

In this case:

a) An objective observer would reasonably question the fairness of continuing to grant extensions based on moot and irrelevant factors.

b) The Court's actions create the appearance that Defendant's requests are being treated more favorably without proper cause.

3

## IV. THE COURT'S ACTIONS CREATE AN APPEARANCE OF PARTIALITY

**Inconsistent Application of Legal Standards**

By granting Defendant's extension based on irrelevant grounds while ignoring Plaintiff's timely objections and subsequent filings, the Court has applied inconsistent standards that contribute to the appearance of bias.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Disqualify or recuse Judge Glenn T. Suddaby from further proceedings pursuant to 28 U.S.C. § 455(a).

2. Vacate the March 26, 2025, Order (Dkt. No. 87).

3. Reinstate the Original Briefing Schedule, or alternatively modify the deadlines to reflect the time tolled for Defendant's request for an extension, which was unnecessary from the outset.

4. Grant any other relief the Court deems just and proper in the interest of fairness and impartiality.

Dated: March 31, 2025

Respectfully submitted,

By: /s/ Richard Sposato
Richard Sposato, Plaintiff Pro Se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776

4

# AFFIRMATION OF SERVICE

STATE OF NEW YORK    )

                          ss.

COUNTY OF ONONDAGA )

                                                  Civil Case No.: 5:23cv-364

I, Richard-Louis: Sposato, a man, deposes and affirms, that I served this (1) one document, **Supplemental Memorandum Of Law in Support Of Motion For Recusal,** on defendant Matthew W. Ryan's counsel, Paul V. Mullin, Esq., located at:

> **Sugarman Law Firm, LLP**
> ATTN: Paul V. Mullin
> 211 West Jefferson St.
> Syracuse, NY 13202

via hand delivery at the front desk of the above listed address.

I affirm the 31th day of March, 2025, under the penalties of perjury under the laws of the United States of America which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: March 31, 2025

                                                          By: _/s/ Richard-Louis: Sposato_
                                                              Richard-Louis: Sposato