UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD SPOSATO,

                        Plaintiff,       **DECLARATION OF PAUL V. MULLIN, ESQ.**

v.       Case No.: 5:23-cv-364 (GTS/MJK)

MATTHEW W. RYAN, Individually and in his Official Capacity,

                        Defendant.
_____

I, Paul V. Mullin, pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury:

1. I am an attorney duly licensed to practice in the State of New York and before this Court, and a partner with the Sugarman Law Firm, LLP, attorneys for defendant Matthew W. Ryan, Individually and in his Official Capacity ("Officer Ryan").

2. I am fully familiar with the matters set forth herein, and I make this affirmation in opposition to the motion of *pro se* plaintiff Richard Sposato, which was filed with this Court on March 5, 2025, and which seeks, *inter alia*, an order granting summary judgment in his favor pursuant to Fed. R. Civ. P. 56. This declaration is also submitted in support of Officer Ryan's cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56, which seeks dismissal of the plaintiff's Amended Complaint, in its entirety and with prejudice.

**RELEVANT PROCEDURAL HISTORY**

3. The plaintiff commenced this action through the filing of a Complaint on March 23, 2023. See Doc. No. 1. He asserted ten causes of action against twenty-five individuals and entities, and alleged that his constitutional rights were violated in connection with multiple traffic stops in 2021 and 2022. As relevant to the instant motion, the plaintiff alleged that on June 19,

2021, Officer Ryan of the Solvay Police Department improperly initiated a traffic stop of his vehicle and then engaged in excessive force by tasing him in the back.

4. On March 23, 2023, the plaintiff filed a motion for leave to proceed *in forma pauperis*. See Doc. No. 2.

5. In an Order and Report-Recommendation filed on April 10, 2023, a copy of which is attached as **Exhibit A**, Magistrate Judge Andrew T. Baxter granted the plaintiff's motion to proceed *in forma pauperis* and, after conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), recommended that all of his claims be dismissed with prejudice, except his constitutional excessive force claim against Officer Ryan. See also Doc. No. 6.

6. Instead of filing objections to Judge Baxter's Order and Report-Recommendation, the plaintiff filed an Amended Complaint on April 25, 2023, a copy of which is attached as **Exhibit B**. See also Doc. No. 7.[1] He also filed a motion to recuse Judge Baxter. See Doc. No. 8.

7. In his Amended Complaint, the plaintiff asserted ten causes of action against eighteen defendants. With respect to Officer Ryan, he again asserted claims for false arrest and excessive force relating to the traffic stop on June 19, 2021. See Exhibit B, ¶¶ 64-77.

8. The plaintiff alleged that on June 19, 2021, at approximately 2:15 a.m., he was "exercising [his] right to travel" in his "used automobile, a.k.a. 'mechanical horse'" on North Orchard Road when he saw emergency lights flashing behind him. See Exhibit B, ¶ 64. The plaintiff alleged that he "paid no attention to the Solvay police vehicle behind [him] with its

---

[1] The plaintiff's Complaint is attached without exhibits. As originally filed, the Amended Complaint was accompanied by nearly 800 pages of exhibits. See Doc. No. 7. On August 7, 2023, the plaintiff filed additional documents that were identified as exhibits to the Amended Complaint, and on September 12, 2023, he filed documents that were identified as corrected exhibits. See Doc. Nos. 11, 14. He also filed another exhibit on August 12, 2024. See Doc. No. 51.

2

emergency lights flashing . . . other than to allow the police vehicle to pass." See Exhibit B, ¶ 65. He alleged that when the police vehicle did not pass him, he pulled into his mother's driveway at 510 North Orchard Road, and the police vehicle pulled into the driveway behind him. See Exhibit B, ¶ 65.

9. The plaintiff alleged that he "exited [his] car, unarmed (as always) and peacefully walked to the entrance of the house, located on the right hand side of the garage." See Exhibit B, ¶ 66. The plaintiff alleged that he "did not pay any attention to anything that was going on behind [him]" and that he did not "hear[] any orders to stop" from Officer Ryan, and that when he put his hand on the door knob and opened the side door to the garage, he "felt a bullet go into [his] back, thought to be a taser, with a wire attached to it." See Exhibit B, ¶ 67. The plaintiff claimed that he "grabbed the taser wire attached to the bullet" and, as he walked into the garage, "broke it off from being attached to the bullet and proceeded to enter [his] mom's house, with the bullet still in [his] back." See Exhibit B, ¶ 68.

10. In a Decision and Order filed on June 26, 2023, Judge Thomas J. McAvoy concluded that because the plaintiff was entitled to amend his Complaint once as of right, Judge Baxter's findings and conclusions with respect to the original Complaint were essentially moot. Judge McAvoy recommitted the matter to Judge Baxter so that he could conduct an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and directed that the plaintiff's motion to recuse be presented to Judge Baxter for his determination in the first instance. See Doc. No. 9.

11. In an Order and Report-Recommendation filed on July 27, 2023, a copy of which is attached as **Exhibit C**, Judge Baxter denied the plaintiff's recusal motion and again recommended that all of his claims be dismissed with prejudice, except his excessive force claim

against Officer Ryan. See also Doc. No. 10.[2]

12. Judge Baxter again recommended dismissal of the plaintiff's claims against Officer Ryan to the extent they arose from the initial traffic stop because it was "clear that probable cause existed for defendant Ryan to initiate the traffic stop." See Exhibit C, p. 8. As Judge Baxter had observed in his prior Order and Report-Recommendation in April 2023, the plaintiff's own allegations established the existence of probable cause because he admitted that he violated at least three provisions of the Vehicle & Traffic Law (*i.e.*, operating a vehicle without a proper license plate in violation of Vehicle & Traffic Law § 402; driving a motor vehicle without a license in violation of Vehicle & Traffic Law § 509(1); and operating an unregistered vehicle in violation of Vehicle & Traffic Law § 401). See Exhibit A, pp. 4-8.

13. Although Judge Baxter permitted the plaintiff's excessive force claim against Officer Ryan to proceed, he offered the following analysis:

> In this case, plaintiff has made clear his complete disregard for various state and local laws governing his right to operate a motor vehicle on public roads, as well as his disregard for the authority of local and state law enforcement to enforce said traffic rules. It is, in fact, plaintiff's admitted and baseless evasion of these established laws that renders the majority of his claims against the various law enforcement defendants meritless. To this end, the court recognizes plaintiff's admission that he blatantly ignored the repeated commands of defendant Ryan during the June 19th traffic stop when he exited his car, turned away from defendant Ryan, and walked up his mother's driveway, with the intention of entering her home. However, mindful of the obligation to liberally construe a pro se litigant's pleadings, this court finds that plaintiff's Eighth Amendment excessive force claim against defendant Ryan survives initial review, solely as to the issue of whether the alleged use of the

---

[2] Judge Baxter also advised the plaintiff that any amended complaint filed before this Court ruled on his recommendations would be stricken as premature and not considered by the Court. See Exhibit C, pp. 19-20. The plaintiff nonetheless filed a Second Amended Complaint on August 11, 2023, and a Third Amended Complaint on December 15, 2023. See Doc. Nos. 13, 15. This Court struck both of those filings in its Decision and Order filed on February 15, 2024. See Doc. No. 19, pp. 26-28. As such, the Amended Complaint remains the operative pleading in this case.

taser on plaintiff was reasonable under the circumstances.
See Exhibit C, p. 9. Judge Baxter also noted that he was expressing no opinion as to whether the plaintiff's excessive force claim against Officer Ryan could withstand dispositive motion practice. See Exhibit C, p. 9 n.2.

14. In a Decision and Order filed on February 15, 2024, a copy of which is attached as **Exhibit D**, this Court affirmed Judge Baxter's decision to deny the plaintiff's recusal motion, and accepted Judge Baxter's recommendations in their entirety. See also Doc. No. 19.

15. In its Decision and Order, this Court rejected the plaintiff's "sovereign citizen" claims that he was not bound by the laws of the State of New York and that he was not required to have a driver's license, registration, and license plate, and characterized those legal theories and propositions as "legally frivolous." See Exhibit D, pp. 9-12.

16. This Court also agreed with Judge Baxter that it was "'clear that probable cause existed for defendant Ryan to initiate the traffic stop,' making the traffic stop lawful." This Court concluded that because probable cause existed, the plaintiff did not have the option to disobey Officer Ryan's directive to stop his vehicle, or to avoid engaging with Office Ryan once the plaintiff pulled into his mother's driveway, at least to address the ordinary inquiries incident to a traffic stop. See Exhibit D, pp. 15-17.

17. Therefore, following this Court's Decision and Order, all of the plaintiff's claims were dismissed with prejudice except his excessive force claim against Officer Ryan, which was allowed to proceed. See Exhibit D.[3]

---

[3] The plaintiff subsequently filed a motion for reconsideration, which this Court denied in a Text Order filed on May 14, 2024. See Doc. Nos. 23, 32. On October 10, 2024, the plaintiff made a motion to "to certify appealability of adverse decision" and for "relief from judgment," which this Court denied on November 4, 2024. See Doc. Nos. 63, 66, 68-69. The plaintiff also filed an appeal to the Second Circuit, which was dismissed for lack of jurisdiction in an Order filed on February

18.     Officer Ryan filed an Answer to the Amended Complaint on April 1, 2024, a copy of which is attached as **Exhibit F**. See Doc. Nos. 29-30.

19.     On July 16, 2014, a scheduling order was filed that required, *inter alia*, discovery to be completed by February 20, 2025, and dispositive motions to be filed by April 1, 2025. See Doc. No. 44.

20.     The plaintiff was deposed on February 5, 2025, and a copy of his transcript is attached as **Exhibit G**.

21.     The exhibits from the plaintiff's deposition are attached as follows:

| | |
|---|---|
| Deposition Exhibit 1 | **Exhibit H** |
| Deposition Exhibit 2 | **Exhibit I** |
| Deposition Exhibit 3 | **Exhibit J** |
| Deposition Exhibit 4 | **Exhibit K** |
| Deposition Exhibit 5 | **Exhibit L** |

22.     Officer Ryan was not deposed in this case and, since the discovery deadline in the scheduling order has already passed, the plaintiff has now waived any such deposition. A declaration from Officer Ryan is submitted in support of this motion.

23.     The plaintiff's response to Officer Ryan's First Set of Interrogatories is attached as **Exhibit M**.

24.     The plaintiff's response to Officer Ryan's First Set of Requests for Production of Documents and Things is attached as **Exhibit N**.

---

27, 2025, a copy of which is attached as **Exhibit E**. See Doc. No. 25. Discovery proceeded while the plaintiff's appeal was pending because, as Magistrate Judge Mitchell J. Katz observed in a Text Order filed on May 15, 2014, the Decision and Order from which the plaintiff appealed was not immediately appealable and this Court retained jurisdiction over the case. See Doc. No. 34.

25.	Officer Ryan's response to the plaintiff's First Interrogatories is attached as **Exhibit O**.

26.	Officer Ryan's response to the plaintiff's Request for Admissions is attached as **Exhibit P**, along with a copy of the plaintiff's demand.

27.	On March 18, 2025, Officer Ryan filed a letter motion with this Court, requesting a 30-day extension to file his opposition to the plaintiff's motion for summary judgment and any cross-motion for summary judgment.  See Doc. No. 82.

28.	In a Text Order filed on March 18, 2025, this Court granted Officer Ryan's letter motion and set April 25, 2025 as the new deadline for him to file opposition and any cross-motion for summary judgment.  See Doc. No. 83.

29.	After this Court issued its Text Order, the plaintiff filed opposition to Officer Ryan's letter motion, as well as a letter motion for reconsideration.  See Doc. Nos. 84, 86.

30.	In a Text Order filed on March 26, 2025, a copy of which is attached as **Exhibit Q**, this Court granted in part and denied in part the plaintiff's motion for reconsideration.  This Court vacated its Text Order of March 18, 2025 because it was issued before the plaintiff had a reasonable opportunity to respond to Officer Ryan's letter motion for an extension.  However, this Court again granted Officer's Ryan's letter request, and again set April 25, 2025 as the deadline for Officer Ryan to file his opposition to the plaintiff's motion for summary judgment and any cross-motion for summary judgment.  See also Doc. No. 87.[4] [5]

---

[4] On March 26, 2025, the plaintiff filed an additional letter-motion, which this Court denied as moot in light of its March 26, 2025 Text Order.  See Doc. Nos. 88-89.

[5] On March 28, 2025, the plaintiff filed a motion to recuse this Court, which Officer Ryan opposed. See Doc. Nos. 90-93.  This was the third recusal motion the plaintiff filed in this case, and the second directed at this Court.  See Doc. Nos. 8, 38.  The plaintiff's prior recusal motions have all been denied.  See Doc. Nos. 10, 19, 54.

## **LEGAL ARGUMENT**

31. For the reasons set forth in the accompanying Memorandum of Law, the plaintiff's motion should be denied in its entirety and with prejudice. In addition, Officer Ryan's cross-motion for summary judgment should be granted, and the plaintiff's Amended Complaint should be dismissed in its entirety and with prejudice.

32. I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, your deponent respectfully requests an Order denying the plaintiff's motion in its entirety and with prejudice, granting Officer Ryan's cross-motion for summary judgment and dismissing the plaintiff's Amended Complaint in its entirety and with prejudice, and for such other and further relief as this Court deems just and proper.

Dated: April 25, 2025

*S/Paul V. Mullin*
Paul V. Mullin, Esq.
Bar Roll. No. 501346
**SUGARMAN LAW FIRM, LLP**
Attorneys for Officer Ryan
Office and Post Office Address
211 West Jefferson Street
Syracuse, New York 13202
Telephone: (315) 474-2943
Facsimile: (315) 474-0235
pmullin@sugarmanlaw.com