UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Richard Sposato, | ) | |
| | ) | Civil Case No.: 5:23-cv-364 |
| | ) | (Judges Initials) GTS / MJK |
| Plaintiff, | ) | |
| v. | ) | RESPONSE BY PLAINTIFF |
| | ) | TO FIRST INTERROGATORIES |
| Paul G. Carey, et al | ) | OF DEFENDANT RYAN |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff, Richard Sposato, by his own submission, submits the following answers to Defendant Matthew W. Ryan's First Set of Interrogatories pursuant to the Federal Rules of Civil Procedure Rule 33(b), presented to Plaintiff by defendant Matthew W. Ryan, through his Attorney Paul V. Mullin, subject to the following general objection, which are incorporated into each specific response, as follows:

## General Objections

A. Plaintiff objects to the interrogatories to the extent that they seek information or documents that are protected by agent privilege, the work product doctrine under FRCP Rule 26(b)(3), or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not constitute a waiver of any applicable privilege or protection.

B. Plaintiff objects to the interrogatories to the extent that they are overly broad, unduly burdensome, or seek information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case.

1

C. Plaintiff objects to the interrogatories to the extent that they seek information already in Defendant's possession, custody, or control, or equally available to Defendant through other means.

D. Plaintiff objects to the interrogatories to the extent that they seek legal conclusions, speculation, or information that is not within Plaintiff's personal knowledge.

E. Plaintiff objects to the interrogatories to the extent that they purport to impose obligations beyond those required by the applicable rules of procedure or law.

**Reservation of Rights**

F. Plaintiff's responses are made based on information and documents reasonably available at the time of this response. Plaintiff reserves the right to supplement or amend these responses as additional information becomes available or as required by law or court order.

G. By responding to these interrogatories, Plaintiff does not waive any objections or rights to object to the admissibility, relevance, or materiality of the information provided at trial or in any other proceeding.

H. Plaintiff expressly reserves the right to assert additional objections should subsequent review or discovery reveal grounds for such objections.

**Interpretation of Terms**

I. Plaintiff expressly reserves the right to assert additional objections should subsequent review or discovery reveal grounds for such objections.

## Supplementation

J. Plaintiff reserves the right to supplement these responses as discovery continues, consistent with Rule 33 of the Federal Rules of Civil Procedure, and as required by law or court order.

## RESPONSES

1. State the full name, date of birth, age, Social Security Number, marital status, residence address, phone number, and if applicable, business address, and phone number of Plaintiff.

   **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that the requested information is already within Defendant's possession or control and is readily accessible to defendant Ryan. Plaintiff further objects to defendant Ryan's access and knowledge of Plaintiff's Social Security Number, provided in his LEADS discovery report, and admits his residence to be the United States of America.

2. State whether Plaintiff is making a claim for lost wages, and if so, specify the name and address of the employer(s), the amount of time claimed to have been lost from employment, the salary, and the actual loss of earning, if any.

   **RESPONSE:** No, Plaintiff is not making a claim for lost wages.

3. State whether Plaintiff has ever been involved in any other legal action, whether civil or criminal, as a plaintiff, defendant, or witness. If the answer is affirmative, describe the nature of each such action, the name and address of the court where the action is/was pending, and the date of the action.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad and seeks information that is not relevant to the claims or defenses in this case, nor proportional to the needs of the case, as required by Federal rule of Civil Procedure 26(b)(1), and states any relevant legal actions can be located in public records.

4. State the names, addresses, and telephone number of any witness known to you, or anyone acting on your behalf or their behalf: (a) who have heard or claim to have heard or have any knowledge of the events or happenings which are referred to in the Complaint; (b) who have or claim to have any knowledge concerning the injuries or damages sustained by you or others in the incident; and (c) assisted you in making any report of the incident.

**RESPONSE:**

    **(a)** Carolyn Grund, 510 N. Orchard Rd., Solvay, NY 13209, 315-488-9521.

    **(b)** Carolyn Grund

    **(c)** None.

5. Specify whether Plaintiff was diagnosed with any physical, emotional, mental, and/or psychological conditions and/or disabilities, or any other disability, physical or otherwise, at the time of the incident underlying this action or following it and, if the answer is "yes", specify the following:

    (a) each diagnosis;

    (b) the name of the provider that made such diagnosis;

(c) the name(s) of the provider(s) that rendered treatment for such diagnosis; and

(d) the treatment, including, but not limited to, pharmacological and therapeutic treatment.

**RESPONSE:** Yes, Plaintiff was diagnosed with physical pain, emotional stress and mental anguish, which has left a lasting, negative mental impression in his head.

**(a)** diagnosis has been rendered too often to count, or remember.

**(b)** Plaintiff provides his own medical attention concerning his general health on a daily basis, as needed to perform his life duties.

**(c)** Plaintiff renders his own treatment concerning his daily, physical and mental health.

**(d)** Plaintiff takes over the counter phamacological pain medication, as well as therapeutic body massages and general spa treatments, as needed.

6. State in specific, factual detail each act or omission allegedly committed by Defendant that amounts to excessive force, as alleged in the Fifth Cause of Action in the Amended Complaint.

**RESPONSE:** As I exited my modern day mechanical horse/autohorse in my mother's driveway, I started walking along towards the garage entrance way on the side of the house, entering a cement pathway after leaving the driveway area, when all of a sudden, after reaching the cement step in the side of the house, I

5

felt a bullet hit me in the back, midsection of my body, shot via a Taser Gun by defendant Ryan, which after reaching back to feel what hit me, now feeling the bullet stuck in my back, tethered to a wire, I grabbed the wire and ripped its connection off the end of the bullet.

7. State in specific, factual detail each act or omission allegedly committed by Defendant that amounts to failure to intervene, as alleged in the Fifth Cause of Action in the Amended Complaint.

**RESPONSE:** As stated in answer to question #6, Defendant's Taser action upon Plaintiff using excessive force, constitutes his failure to intervene in the protection of Plaintiff's rights and/or Defendant's commission of a felony pursuant to 18 U.S. Code 242.

8. State the amounts of money which Plaintiff or someone on his behalf has been compelled to expend for:

    (a) physicians;

    (b) physical therapy;

    (c) chiropractors;

    (d) hospitals;

    (e) nursing services;

    (f) medicines;

    (g) x-rays, MRI's, CT scans and other diagnostic testing; and

    (h) other expenses.

**RESPONSE:**

    (a) - (g) None.

(h) Lost Opportunities - 3 1/2 years time focusing on this case is time lost promoting the licensing of Plaintiff's Copyright, VAu 1-191-451, estimated at $1,000,000 average per year, per license, x(1) one license per year = $3,500,000, plus other intangible amounts of lost entrenpreneurial opportunities.

9. State whether the cost of any medical care, dental care, Custodial care, rehabilitative services, loss of earnings or any other economic loss (collectively referred to herein as "economic loss") alleged to have been sustained by Plaintiff may be replaced or indemnified by any collateral source available to them (e.g. insurance, workers' compensation benefits, social security benefits, employers benefit's plans, etc.).

If the answer is in the affirmative, provide a statement setting forth the following: (a) the amount or amounts that have been paid to Plaintiff to date from any collateral source as replacement or indemnification for any such economic loss, identifying the source for each such payment; (b) the amount of premiums or other contributions paid by Plaintiff to any collateral source identified hereinabove for the two-year period immediately preceding the accrual of Plaintiffs cause of action; (c) the amount or amounts of any future economic loss for which Plaintiff is entitled to receive replacement or indemnification from any collateral source pursuant to contract or otherwise enforceable agreement, subject only to continued payment of premiums or other contributions by Plaintiff; (d) the amount or amounts of premiums for which Plaintiff is obligated to pay to any collateral source as consideration

for the continued receipt of future benefits identified hereinabove; and (e) the name, address, and policy number of each collateral source provider.

**RESPONSE:** No replacement or indemnification of economic loss by any collateral sources.

10. State whether Plaintiff previously sustained injuries to any body parts allegedly injured in this incident, and if so, describe with particularity said injuries.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad and seeks information that is not relevant to the claims or defenses in this case, nor proportional to the needs of the case, as required by Federal rule of Civil Procedure 26(b)(1).

11. State whether Plaintiff previously received treatment for any mental health and/or psychiatric conditions that he is alleging were worsened here, and if so, describe with particularity said conditions and identify with whom Plaintiff treated.

**RESPONSE:** Plaintiff denies having any prior mental health and/or psychiatric conditions requiring treatment, that were, or could've been, affected by the unlawful, egregious actions of the Defendant.

12. Describe in detail all special damages allegedly suffered by Plaintiff. This shall include, but is not limited to, any economic loss and out-of-pocket expenses claimed to have been incurred as a result of the allegations.

**RESPONSE:** On top of answer to question #8, estimated 550 miles back and

forth to court x $.655 mile = $360.26, plus Court costs/filing fees/postage amounting to a fair estimate of $1,500.

13. Please state whether or not Plaintiff was ever arrested or convicted of any criminal offense. If there was any such arrest or conviction, state the date of the incident, the nature of the charge or charges brought, the jurisdiction where the arrest or conviction occurred, and the final outcome of the matter.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad and seeks information that is not relevant to the claims or defenses in this case, nor proportional to the needs of the case, as required by Federal rule of Civil Procedure 26(b)(1), and states any relevant legal actions can be located in public records.

14. State any other item of loss or damage claimed by Plaintiff.

**RESPONSE:** Plaintiff lost right to Liberty and use of car for 2 days when it was ordered towed by Defendant, as well as Plaintiff's vanity plate attached to Plaintiff's autohorse. Tow cost $400, plus 24 hour loss of liberty/use of autohorse x $100 hr. = $2,400, vanity plate replacement cost $20.

15. Set forth the full name, address, job title, and employer of each person answering or assisting in answering these Interrogatories on behalf of Plaintiff.

**RESPONSE:** Plaintiff, Richard Sposato, personally answered and affirmed these Interrogatories. No other person assisted in answering these Interrogatories.

## CERTIFICATION

I, Richard Sposato, pro se Plaintiff, certify, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 22, 2024.

DATED: November 22, 2024

By: *[signature]*

Richard Sposato, sui juris, pro se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
United States of America
E-mail: richie@nusoundmusic.com
Telephone: 315-412-1776