UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Richard Sposato,             )

                                )           Civil Case No.: 5:23-cv-364

                                )           (Judges Initials) GTS / MJK

                 Plaintiff,       )

        v.                            )           RESPONSE BY PLAINTIFF

                                )           TO FIRST SET OF REQUESTS

Paul G. Carey, et al             )           FOR PRODUCTION OF

                                )           DOCUMENTS AND THINGS

                 Defendant(s).     )           BY DEFENDANT RYAN

---

        Plaintiff, Richard Sposato, pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure, submits the following responses and objections to Defendant's Requests

for Production of Documents and Things. Plaintiff responds to the requests subject to the

following general objections and qualifications, which are incorporated into each specific

response, whether stated therein or not. By providing responses and producing

documents, Plaintiff does not waive, and expressly reserves, any of the following rights

and objections:

## **Reservation of Objections**

        A.    Plaintiff reserves the right to assert objections, including but not limited to

objections based on relevance, overbreadth, undue burden, vagueness, ambiguity,

privilege, i.e., agent privilege, the work product doctrine under FRCP Rule 26(b)(3), or

other applicable privileges, or any other grounds permitted by law. Any inadvertent

disclosure of information protected by privilege or immunity shall not constitute a waiver

of such protections.

## Incomplete or Ongoing Discovery

B.     Plaintiff's responses are based on the information and documents currently available and identified after a reasonable search. Discovery is ongoing, and Plaintiff reserves the right to supplement or amend responses as additional facts, documents, or information become available.

## Scope Limitations

C.     Plaintiff objects to any request that seeks information or documents beyond the scope permitted by Rule 26(b)(1), including those that are irrelevant to any party's claims or defenses, disproportionate to the needs of the case, or not reasonably calculated to lead to the discovery of admissible evidence.

## Confidentiality and Privacy

D.     Plaintiff objects to any request that seeks disclosure of information that is confidential, proprietary, or implicates Plaintiff's privacy rights. Disclosure of such materials, if required, shall be subject to an appropriate protective order.

## Form of Production

E.     Plaintiff reserves the right to produce documents in the form in which they are ordinarily maintained or in a reasonably usable form, consistent with Rule 34(b)(2)(E). To the extent Defendant requests production in a specific format, Plaintiff reserves the right to object to such format as unreasonable or unduly burdensome.

## No Admission of Relevance or Authenticity

F.     By producing or identifying documents, Plaintiff does not admit that any such documents are relevant, admissible, or authentic for purposes of trial or any other proceeding.

**Burden of Production**

G.     Plaintiff objects to any request that imposes an undue burden or expense,

including requests that are duplicative, cumulative, or impose unreasonable costs on

Plaintiff.

**Third Party Documents**

H.     Plaintiff objects to any request that improperly seeks documents or

information not within Plaintiff's possession, custody, or control, including those held by

third parties. Plaintiff is under no obligation to obtain documents from third parties unless

required by law.

**Objection Without Waiver**

I.     To the extent Plaintiff provides responses or produces documents despite

objections, such actions shall not constitute a waiver of objections as to relevance, scope,

privilege, or any other basis.

**REQUEST**

1.     Any and all documents, notes, records, emails, text messages, audio

recordings, video recordings, and/or social media posts that relate to, reflect on, refer to,

concern, or pertain to the matters alleged in the Amended Complaint involving any the

Defendant.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: The request is overly broad and vague as to scope

and time frame, and it fails to specify or limit the documents or communications sought.

The terms "relate to," "reflect on," "refer to," "concern," or "pertain to" are ambiguous

and subject to differing interpretations, rendering compliance unduly burdensome and impractical.

Undue Burden and Proportionality: Plaintiff objects to this request as overly burdensome and disproportionate to the needs of the case under Rule 26(b)(1), as it seeks an indeterminate universe of documents, many of which may be irrelevant to any party's claims or defenses.

Relevance: Plaintiff objects to this request to the extent it seeks documents or communications that are not relevant to the claims or defenses in this matter or that are unlikely to lead to the discovery of admissible evidence.

Privacy and Confidentiality: Plaintiff objects to the extent the request seeks information protected by Plaintiff's right to privacy, as well as any confidential or privileged communications.

Privilege: Plaintiff objects to this request to the extent it seeks documents protected by agent privilege, the work product doctrine under FRCP Rule 26(b)(3), or other applicable privileges.

Plaintiff will produce non-privileged, responsive documents that are in Plaintiff's possession, custody, or control, to the extent such documents are identified after a reasonable search and are relevant to the claims or defenses in this matter. Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) as additional information or documents become available.

To the extent that privileged materials exist, Plaintiff will provide a privilege log in compliance with Rule 26(b)(5).

2.    Any and all documents, notes, audio recordings, video recordings,

records, emails, text messages, or social media messages memorializing all oral statements made by any of the Defendant concerning the events underlying this action, including any testimony given at any trial related to the allegations made in the Amended Complaint.

        **RESPONSE:** Plaintiff objects to this request on the following grounds:

        Overbreadth and Vagueness: The request is overly broad and vague in its scope, particularly concerning the undefined terms "any and all documents," "memorializing," and "events underlying this action." The request fails to specify a time frame or clarify which statements by the Defendant are sought.

        Relevance: Plaintiff objects to this request to the extent it seeks information not relevant to the claims or defenses in this matter or information that is not proportional to the needs of the case under Rule 26(b)(1).

        Duplicative Nature: Plaintiff objects to the extent this request seeks information that is already within Defendant's possession, custody, or control, that are relevant to the issue, such as social media pics, posts and of the like sort, and are readily accessible to defendant Ryan.

        Plaintiff will produce any non-privileged, responsive documents, notes, or recordings in Plaintiff's possession, custody, or control that memorialize statements made by Defendant concerning the events underlying this action, to the extent such documents exist, are identified after a reasonable search, and are not already in Defendant's possession. Plaintiff reserves the right to supplement this response as additional documents or information are discovered.

        3.    Any and all written statement(s) made by the Defendant, whether signed

or unsigned, concerning the events or allegations in the Amended Complaint.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Duplicative Nature: Plaintiff objects to the extent this request seeks documents or written statements that are already in the possession, custody, or control of the Defendant, including any statements Defendant authored or otherwise possesses.

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad and vague, particularly with respect to the undefined terms "any and all written statement(s)" and the lack of a time frame or specificity regarding the type of written statements sought.

Relevance: Plaintiff objects to the extent this request seeks written statements that are not relevant to the claims or defenses in this matter or are not proportional to the needs of the case under Rule 26(b)(1).

Undue Burden: Plaintiff objects to the request to the extent it imposes an undue burden by requiring Plaintiff to locate every written statement made by Defendant, particularly if such statements are already in Defendant's possession or control.

Plaintiff will produce any non-privileged, responsive documents in Plaintiff's possession, custody, or control that constitute written statements made by Defendant concerning the events or allegations in the Amended Complaint, to the extent such documents exist, are identified after a reasonable search, and are not already in Defendant's possession.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) if additional documents are discovered.

To the extent Defendant seeks copies of their own signed or unsigned statements, Plaintiff objects to producing such documents if they are already within Defendant's possession or readily accessible to Defendant.

    4.    Copies of all photographs, slides, videos, films, or other visual representations of:

    (a) The scene of the incident which is the subject of the litigation;

    (b) The incident and/or events which are the subject of the litigation;

    (c) All instrumentalities involved; and

    (d) The damages and injuries sustained. In furtherance of this demand any photographs, slides or other visual representations produced shall include the identity of the individual(s) taking the photograph, slide, film or other visual representation, when it was taken, and where it was taken. This demand shall be deemed continuing and shall require the immediate production of any photographs, slides, or other visual representations responsive to this demand.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad and vague, particularly with respect to "all instrumentalities involved" and "other visual representations," as these terms are undefined and may encompass an unreasonably wide range of materials.

Undue Burden and Proportionality: Plaintiff objects to the request as unduly burdensome and disproportionate to the needs of the case under Rule 26(b)(1) to the extent it seeks materials beyond Plaintiff's possession, custody, or control or duplicates information that is already in Defendant's possession or equally available to Defendant.

Privacy and Relevance: Plaintiff objects to the request to the extent it seeks materials that are irrelevant to the claims or defenses in this matter, or that may contain private or sensitive information unrelated to the litigation.

Continuing Nature of the Demand: Plaintiff objects to the continuing nature of this request as improper to the extent it attempts to impose obligations on Plaintiff beyond what is required under Rule 26(e), which governs the supplementation of discovery responses.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will produce any non-privileged photographs, slides, videos, films, or other visual representations in Plaintiff's possession, custody, or control that are responsive to this request, specifically:

(a) Images of the scene of the incident, if such images exist.

(b) Visual representations of the incident or events, if such representations exist.

(c) Images of instrumentalities involved in the incident, if such images exist and are reasonably identified.

(d) Images depicting damages or injuries sustained, to the extent such images exist and are reasonably identified.

Plaintiff will identify, to the best of Plaintiff's ability, the individual(s) who created or captured the images, as well as when and where such images were taken, if known.

Plaintiff objects to the production of duplicative materials already in Defendant's possession, custody, or control and reserves all rights to object to the admissibility of such materials at trial or other proceedings.

5. The names and addresses of each and every witness to:

    (a) The incident and/or events which are the subject of this action;

    (b) Any admission(s) by any of the Defendant;

    (c) Any other element reflecting on liability; and

    (d) Any Damages.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to this request as overly broad and vague, particularly with respect to the phrase "each and every witness" and the undefined terms "any other element reflecting on liability" and "any damages." The request fails to specify time frames or contexts, making it unclear and overly burdensome.

Relevance: Plaintiff objects to this request to the extent it seeks information that is not relevant to the claims or defenses in this case or that is not proportional to the needs of the case under Rule 26(b)(1).

Privacy and Confidentiality: Plaintiff objects to providing private contact information of any individuals without appropriate safeguards or a protective order to ensure their privacy.

Premature Disclosure of Expert Witnesses: Plaintiff objects to the extent this request may be interpreted as seeking the disclosure of expert witnesses, which is governed by Rule 26(a)(2) and the court's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

(a) Plaintiff identifies the following individuals who are known to have witnessed the incident and/or events underlying this action: Carolyn Grund - Address

already provided. All cops who were on the scene as witness to this travesty, Plaintiff believes Defendant has and/or can search through privilege police data bases for their information requested herein.

(b) Plaintiff believes same cops who were on the scene as witness to this travesty, Defendant has and/or can search though privilege police data bases for their information requested herein.

(c) Plaintiff believes same cops who were on the scene as witness to this travesty, and believes Defendant has and/or can search though privilege police data bases for their information requested herein.

(d) Plaintiff believes same cops who were on the scene as witness to this travesty, and believes Defendant has and/or can search though privilege police data bases for their information requested herein.

Plaintiff will supplement this response in accordance with Rule 26(e) if additional witnesses are identified.

Plaintiff reserves the right to object to the disclosure of certain witnesses, including expert witnesses, until required by Rule 26(a)(2) or the court's scheduling order.

6.    Copies of medical reports and records regarding the care and treatment of Plaintiff for all conditions and/or disabilities alleged to be related to the allegations in the Amended Complaint.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

HIPAA Compliance: Plaintiff objects to the extent the request seeks records protected under the Health Insurance Portability and Accountability Act (HIPAA)

without proper safeguards or a court order ensuring their confidentiality and use solely for litigation purposes.

Plaintiff further states, there are no medical reports or records regarding the care and treatment pertaining to the conditions and/or disabilities related to this Complaint, and as such, this request is moot.

7.    Duly executed and acknowledged authorizations (blank copies attached) for all providers that Plaintiff treated with in connection with the allegations in the Amended Complaint, permitting the undersigned attorneys to obtain and copy all records and all reports, as well as ARONS authorizations permitting the undersigned attorneys to speak with the providers.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Privacy and Confidentiality: Plaintiff objects to this request as it seeks unrestricted access to sensitive medical records and communications, which may include information irrelevant to the claims and damages at issue, in violation of Plaintiff's privacy rights and protections under the Health Insurance Portability and Accountability Act (HIPAA).

Improper Delegation to Opposing Counsel (ARONS Authorizations): Plaintiff objects to the request for ARONS authorizations, which would allow Defendant's attorneys to engage in direct, unsupervised ex parte communications with Plaintiff's healthcare providers. Such communications are unnecessary for obtaining relevant medical records and may interfere with Plaintiff's relationship with those providers.

Violation of HIPAA Protections: Plaintiff objects to the extent this request fails to include safeguards required under HIPAA, such as the use of specific protective

orders or court oversight, to ensure the confidentiality of Plaintiff's medical records and prevent misuse.

Plaintiff further states, there are no [professional medical] "providers" that Plaintiff treated with in connection with the allegations in the Amended Complaint, and as such, this request is moot.

8.   Duly executed and acknowledged authorizations (blank copies attached) for all pharmacies at which prescriptions for Plaintiff were filled for conditions and/or disabilities alleged to be related to the allegations in the Amended Complaint, permitting the undersigned attorneys to obtain and copy all records and all reports.

**RESPONSE:** Plaintiff states, there are no pharmacies at which prescriptions were filled for Plaintiff's conditions and/or disabilities related to the allegations in the Amended Complaint, and as such, this request is moot.

9.   Any and all documents or records that Plaintiff has obtained through Freedom of Information Law (FOIL) requests, including the original request(s), any communication(s) or correspondence regarding the FOIL request, and any denial(s) of a FOIL request, regarding any of the events described in the Amended Complaint and/or any of the parties.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will produce documents in Plaintiff's possession, custody, or control that were obtained through FOIA requests that are directly relevant to the allegations in the Amended Complaint or the parties. Specifically, Copies of the FOIA requests Plaintiff sent, if such records are in Plaintiff's possession, copies of

any responsive communications or records received as a result of the FOIA request, if such records exist and are in Plaintiff's possession, and any related appeal sent by Plaintiff, if such records are in Plaintiff's possession. (see ATTACHMENT 1).

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) should additional responsive documents or records be identified. Also, Plaintiff objects to producing duplicative records that Defendant could obtain directly from the relevant public agencies through its own FOIA requests.

10. Copies of any and all documents, records, filings, including pleadings, discovery, and court decisions related to any other prior litigation involving Plaintiff.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Relevance and Proportionality: Plaintiff objects to the request as overly broad, irrelevant, and disproportionate to the needs of this case under Rule 26(b)(1). The request seeks information unrelated to the claims or defenses in this action, and information about prior litigation does not necessarily bear on the allegations in the current Amended Complaint.

Privacy and Confidentiality: Plaintiff objects to this request to the extent it seeks disclosure of sensitive, confidential, or privileged information, including documents that may be subject to protective orders or confidentiality agreements in prior litigation.

Overbreadth: Plaintiff objects to this request as overly broad and unduly burdensome because it fails to limit the scope of prior litigation to matters relevant to the claims or defenses in this case, and instead seeks "any and all" records from "any other prior litigation."

Publicly Available Information: Plaintiff objects to this request to the extent it seeks documents that are publicly available, such as court filings or decisions, which Defendant can obtain through its own inquiry without burdening Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents in Plaintiff's possession, custody, or control related to prior litigation that is directly relevant to the claims or defenses in this case, if any exist. Plaintiff objects to producing records or documents from unrelated prior litigation or matters irrelevant to the current action.

11. All documents exchanged between Plaintiff and anyone Plaintiff has talked to about being a witness in this lawsuit, including but not limited to:

(a) Notes or other documents made by Plaintiff for its own use that relate in any manner to any of the allegations encompassed by the Amended Complaint; and

(b) Written or oral communications between Plaintiff and any individual with knowledge of any of the matters alleged in the Amended Complaint or other pleadings in this case, or whom Plaintiff intends to call as a witness at a trial of this matter.

Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to this request as overly broad, vague, and unduly burdensome. The request seeks "all documents" and includes undefined terms such as "relate in any manner" and "any individual with knowledge," making it unclear what is specifically sought and potentially encompassing an unreasonably wide scope of materials.

Work Product Doctrine: Plaintiff objects to this request to the extent it seeks documents, notes, or other materials prepared by Plaintiff in anticipation of litigation or

for trial, which are protected by the work product doctrine under Rule 26(b)(3).

Relevance and Proportionality: Plaintiff objects to the request as disproportionate to the needs of the case and as seeking information not relevant to the claims or defenses under Rule 26(b)(1).

Privacy and Confidentiality: Plaintiff objects to the extent this request seeks private or sensitive communications that are not directly relevant to the claims or defenses in this matter.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

(a) Notes or Other Documents for Plaintiff's Use: Plaintiff objects to the production of any notes or documents prepared solely for Plaintiff's personal use in anticipation of litigation or trial as protected under the work product doctrine.

(b) Written or Oral Communications with Witnesses: Plaintiff will produce non-privileged, responsive written communications in Plaintiff's possession, custody, or control that were exchanged with individuals whom Plaintiff intends to call as witnesses at trial and that are directly related to the allegations in the Amended Complaint.

Plaintiff objects to producing any privileged communications or documents protected under the work product doctrine, including Plaintiff's personal notes or mental impressions regarding witnesses or the case. If any responsive documents are withheld based on privilege, Plaintiff will provide a privilege log as required under Rule 26(b)(5).

Plaintiff reserves the right to supplement this response in accordance with

Rule 26(e) as additional relevant and responsive materials are identified or if trial witnesses are determined.

12. Copies of all social media posts regarding the events described in the Amended Complaint and/or his mental or physical health as a result.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad and vague, particularly regarding "all social media posts" without limitation to time frame, platform, or scope. The phrase "regarding the events described in the Amended Complaint" is also overly broad and ambiguous.

Relevance and Proportionality: Plaintiff objects to this request as disproportionate to the needs of the case under Rule 26(b)(1). Social media posts unrelated to the claims, allegations, or defenses in this case are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Undue Burden: Plaintiff objects to the request as unduly burdensome to the extent it seeks to require Plaintiff to search through all social media platforms and posts without specific guidance or limitation.

Subject to and without waving the foregoing objections, Plaintiff will produce non-privileged social media posts in Plaintiff's possession or control that are directly relevant to the events described in the Amended Complaint or that reference Plaintiff's alleged mental or physical health directly related to those events, to the extent such posts exist and are identified after reasonable search.

But, since Plaintiff's former social platform, i.e. Facebook/Meta, has disabled Plaintiff's Richie Sposato account where former post's were found, which some posts

and/or pics from that account are listed in Defendant's LEADS Report, no further access to his account is available to Plaintiff, therefore, this request is also moot.

13. Copies of any and all written reports or investigative materials concerning the subject matter of this litigation prepared in the regular course of business operations or practices of any person, firm, corporation, association, or other public or private entity.

This demand shall be deemed continuing and shall require the immediate production of any documents or information responsive to the demand.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad and vague. The terms "any and all written reports or investigative materials" and "concerning the subject matter of this litigation" are not sufficiently defined and could include irrelevant, redundant, or unrelated materials.

Relevance and Proportionality: Plaintiff objects to the request as disproportionate to the needs of the case under Rule 26(b)(1) to the extent it seeks information unrelated to the claims, defenses, or damages alleged in the Amended Complaint.

Work Product Doctrine: Plaintiff objects to the request to the extent it seeks materials prepared in anticipation of litigation, which are protected by the work product doctrine under Rule 26(b)(3).

Privacy and Confidentiality: Plaintiff objects to the extent this request seeks information or materials that are confidential, private, or protected by privilege or other legal protections.

Continuing Nature of the Demand: Plaintiff objects to the continuing nature of the demand as improper. Plaintiff will supplement responses as required under Rule 26(e) but is not obligated to provide "immediate production" beyond the scope of the Rules.

Subject to and without waiving the foregoing objections, Plaintiff is not currently in possession of any non-privileged written reports or investigative materials prepared in the regular course of business operations or practices by any entity concerning the subject matter of this litigation.

Plaintiff will produce any responsive, non-privileged documents or materials within Plaintiff's possession, custody, or control if such materials are identified after a reasonable search and found to be directly relevant to the claims or defenses in this case.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) as additional relevant and responsive materials are identified. To the extent any responsive materials are withheld based on privilege, Plaintiff will provide a privilege log as required under Rule 26(b)(5).

14. Pursuant to 42 U.S.C. § 1395y(b)(8), 42 C.F.R. § 411.23, and the FRCP, the undersigned hereby demands that Plaintiff set forth in writing the following information and furnish duly executed authorizations, if applicable:

(a) A statement as to whether or not he is a Medicare and/or Medicaid recipient;

(b) If the response to (a) is affirmative, set forth the date when he became a beneficiary;

(c) If the response to (a) is affirmative, set forth the applicable health

insurance claim number (HICN);

(d) If the response to (a) above is negative, provide a statement as to whether or not he intends to apply for Medicare/Medicaid benefits;

(e) If he is a Medicare/Medicaid beneficiary or intends to apply for Medicare/Medicaid benefits in the future, set forth the date of the incident giving rise to the injury or injuries for which Medicare/Medicaid benefits are received or will be sought;

(f) If he is a Medicare/Medicaid beneficiary or intends to apply for Medicare/Medicaid benefits in the future, set forth his injury or injuries for which Medicare/Medicaid benefits are received or will be sought;

(g) If he is a Medicare/Medicaid beneficiary or intends to apply for Medicare/Medicaid benefits in the future, set forth a description of the incident giving rise to the injury or injuries; and

(h) In the event that he is not a beneficiary or intended beneficiary with respect to Medicare/Medicaid benefits, set forth the name and address of the actual claimant (such as an Estate or a parent on behalf of an infant)."

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad, vague, and unduly burdensome. The request seeks an extensive amount of information without adequately tailoring the scope to matters directly relevant to the claims or defenses in this case.

Privacy and Confidentiality: Plaintiff objects to this request to the extent it seeks sensitive, personal information, including Plaintiff's Medicare/Medicaid status,

health insurance claim numbers (HICN), and medical history, without adequate safeguards to protect Plaintiff's privacy.

Relevance and Proportionality: Plaintiff objects to the request as disproportionate to the needs of the case under Rule 26(b)(1). The request seeks information that is not directly relevant to the claims or defenses or reasonably calculated to lead to the discovery of admissible evidence.

Improper Request for Future Intentions: Plaintiff objects to portions of this request that demand information about Plaintiff's potential future application for Medicare/Medicaid benefits, as such speculation is irrelevant and not subject to discovery.

Duplication of Public Information: Plaintiff objects to providing a description of the incident giving rise to this litigation when such information has already been detailed in the pleadings and Amended Complaint.

Unnecessary Authorizations: Plaintiff objects to the demand for "duly executed authorizations" as unnecessary and invasive to the extent Defendant seeks private medical or insurance information without a showing of relevance or proper justification.

Subject to and without waiving the foregoing objections, Plaintiff states:

(a) That he is a Medicaid recipient.

(b) That he does not need to provide this information because Plaintiff is not claiming benefits related to this litigation.

(c) Plaintiff objects to providing the HICN as private and sensitive information irrelevant to the litigation and protected under privacy laws.

(d) Plaintiff objects to this request as speculative and irrelevant.

(e) The date of the incident giving rise to this litigation has already been disclosed in the Amended Complaint.

(f) Plaintiff states that Plaintiff's claimed injuries are detailed in the Amended Complaint. Plaintiff is not aware of any Medicare/Medicaid benefits currently received for those injuries, or any Medicare/Medicaid benefits that will be sought regarding this issue in the future.

(g) Plaintiff states that a detailed description of the incident is included in the Amended Complaint and previously served discovery responses.

(h) Plaintiff objects to this request as irrelevant to the current litigation and not proportional to the needs of the case.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) should additional relevant and responsive information become available.

15. State the name(s) and address(es) of Plaintiffs family physician(s) from 2015 to the present.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to this request as overly broad and vague. The term "family physician(s)" is not clearly defined and may include providers unrelated to the claims or damages in this case.

Relevance and Proportionality: Plaintiff objects to this request as disproportionate to the needs of the case under Rule 26(b)(1) to the extent it seeks information about medical providers unrelated to the injuries, conditions, or damages alleged in the Amended Complaint.

Privacy and Confidentiality: Plaintiff objects to the extent this request seeks information about medical providers that may implicate private medical records or treatments unrelated to the claims or damages in this litigation, thereby invading Plaintiff's privacy.

Subject to and without waiving the foregoing objections, Plaintiff will identify the name(s) and address(es) of any medical providers, including family physicians, who provided treatment for injuries or conditions directly related to the allegations and damages described in the Amended Complaint. Currently there are none. Plaintiff objects to providing information about physicians or treatments unrelated to this litigation.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) should additional relevant and responsive information become available.

16. Furnish HIPAA compliant medical authorizations (blank authorizations attached) to obtain the medical records of any and all medical care providers provided in response to paragraph 15.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to this request as overly broad and vague to the extent it seeks unrestricted medical authorizations without limitation to the injuries, conditions, or damages alleged in the Amended Complaint.

Relevance and Proportionality: Plaintiff objects to the request as disproportionate to the needs of the case under Rule 26(b)(1). The request seeks authorizations that could result in the disclosure of medical records unrelated to the claims or defenses in this case.

Privacy and Confidentiality: Plaintiff objects to this request to the extent it seeks access to sensitive and private medical records unrelated to the injuries or conditions at issue in this litigation. Such an invasion of privacy is improper absent a specific showing of relevance.

No Blanket Authorization Requirement: Plaintiff objects to the demand for blanket authorizations as improper under discovery rules, which do not require Plaintiff to waive all rights to medical privacy.

Subject to and without waiving the foregoing objections, Plaintiff will provide narrowly tailored, HIPAA-compliant authorizations for medical care providers identified in response to paragraph 15, limited to records and information directly related to the injuries, conditions, or damages alleged in the Amended Complaint.

Plaintiff objects to furnishing authorizations that would allow for the collection of medical records unrelated to the claims or damages in this litigation. Plaintiff reserves the right to request a protective order under Rule 26(c) to safeguard the confidentiality of medical information and to restrict the use of such information to this litigation.

17. Furnish an original authorization for Plaintiffs Social Security file, if applicable, (blank authorizations attached) and further permitting the Defendant and his counsel to examine, obtain, or make copies of the Social Security file.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Relevance and Proportionality: Plaintiff objects to this request as overly broad and disproportionate to the needs of the case under Rule 26(b)(1). The entirety of Plaintiff's Social Security file is unlikely to be relevant to the claims or defenses in this litigation.

Privacy and Confidentiality: Plaintiff objects to the request as it seeks access to Plaintiff's sensitive and confidential Social Security information, including potentially unrelated and irrelevant financial and medical information, which is protected by privacy laws.

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad, as it does not specify or limit the portions of the Social Security file being sought to matters directly related to the claims or damages alleged in the Amended Complaint.

Undue Burden: Plaintiff objects to the extent this request places an undue burden on Plaintiff to produce a blanket authorization allowing unrestricted access to Plaintiff's Social Security file.

Subject to and without waiving the foregoing objections, Plaintiff will not provide a blanket authorization for the release of the entire Social Security file. However, Plaintiff will provide relevant portions of the Social Security file, if applicable and in Plaintiff's possession, custody, or control, that are directly related to the claims, injuries, or damages alleged in the Amended Complaint.

Plaintiff reserves the right to request a protective order under Rule 26(c) to limit the use and disclosure of any Social Security information to this litigation.

Plaintiff further objects to the examination of the Social Security file by Defendant or his counsel absent a court order narrowly limiting the scope of such access to relevant information.

18.   The identity of Plaintiffs employer(s) at the time of the loss and current employer, including the current address for each and executed, acknowledged, and written authorizations (blank authorizations attached) permitting the Defendant and the

undersigned to examine, obtain, or make copies of any and all employment records.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad, vague, and unduly burdensome. The demand for "any and all employment records" is not limited in scope to relevant time periods or matters related to the claims or damages alleged in the Amended Complaint.

Relevance and Proportionality: Plaintiff objects to the request as disproportionate to the needs of the case under Rule 26(b)(1). The request seeks employment records that are irrelevant to the claims or defenses in this litigation.

Privacy and Confidentiality: Plaintiff objects to this request to the extent it seeks access to private and sensitive information contained in employment records, such as salary history, performance reviews, disciplinary actions, or other information unrelated to the litigation.

Undue Burden and Fishing Expedition: Plaintiff objects to this request as an improper fishing expedition designed to uncover irrelevant or overly invasive information rather than seek discovery directly related to the case.

Improper Demand for Blanket Authorizations: Plaintiff objects to the demand for blanket authorizations allowing unrestricted access to Plaintiff's employment records as overly intrusive and unnecessary.

Subject to and without waiving the foregoing objections, Plaintiff will provide the identity and current addresses of Plaintiff's employer(s) at the time of the loss and current employer, if applicable, and will produce non-privileged, relevant employment records in Plaintiff's possession, custody, or control that directly relate to the claims,

injuries, or damages alleged in the Amended Complaint.

Plaintiff objects to providing blanket authorizations permitting the Defendant or counsel unrestricted access to Plaintiff's employment records. Plaintiff will consider executing narrowly tailored authorizations that limit disclosure to records directly relevant to this litigation, such as records of absences, job restrictions, or accommodations resulting from the injuries alleged in the Amended Complaint.

Plaintiff reserves the right to request a protective order under Rule 26(c) to safeguard the confidentiality of any disclosed employment records and to ensure they are used solely for purposes of this litigation.

Plaintiff further reserves the right to supplement this response in accordance with Rule 26(e) if additional responsive and relevant information becomes available.

19.   Copies of tax transcripts and/or records for 2020 to present until the present for Plaintiff, if a lost wage claim is being made.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to this request as overly broad to the extent it seeks complete tax records for the requested years without limitation to information directly related to Plaintiff's claim for lost wages.

Privacy and Confidentiality: Plaintiff objects to this request as it seeks disclosure of private and sensitive financial information, including tax records unrelated to the claims or damages alleged in this case. Such disclosure is intrusive and requires appropriate safeguards to ensure confidentiality.

Relevance and Proportionality: Plaintiff objects to this request as disproportionate to the needs of the case under Rule 26(b)(1). The request seeks

comprehensive tax records, much of which may be irrelevant to Plaintiff's lost wage claim.

Subject to and without waiving the foregoing objections, If Plaintiff's claim for lost wages is determined to require substantiation, Plaintiff is willing to produce non-privileged portions of relevant tax records or transcripts for the years 2020 to the present, limited to documents or sections reflecting income, earnings, or employment-related information necessary to evaluate the claim for lost wages.

Plaintiff will redact any unrelated or sensitive information, such as unrelated deductions, personal expenses, or non-income-related financial details, before production.

Plaintiff reserves the right to request a protective order under Rule 26(c) to ensure the confidentiality and restricted use of tax records in this litigation.

Currently, Plaintiff has not made any claim for lost wages, nor does he foresee doing so in the future, therefore, this request is moot.

20.  Copies of any and all written diaries or logs made at the time of and since the incident that relate to care and treatment for any alleged injuries or the subject matter of this action.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to this request as overly broad and vague, particularly concerning the undefined terms "relate to care and treatment" and "subject matter of this action." The request appears to seek an indeterminate range of materials without sufficient limitation or clarity.

Relevance and Proportionality: Plaintiff objects to this request as

disproportionate to the needs of the case under Rule 26(b)(1). The request seeks documents that may not be relevant to the claims or defenses in this action or necessary for determining the facts in dispute.

Work Product Doctrine: Plaintiff objects to the extent this request seeks documents or materials created in anticipation of litigation or for trial, such as personal notes or logs reflecting Plaintiff's mental impressions, legal strategies, or communications. These materials are protected under Rule 26(b)(3).

Privacy: Plaintiff objects to this request to the extent it seeks disclosure of personal, sensitive, or irrelevant information contained in diaries or logs that are unrelated to the claims or injuries alleged in this action.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive portions of written diaries or logs in Plaintiff's possession, custody, or control that were created contemporaneously with or since the incident and that specifically relate to Plaintiff's care and treatment for injuries alleged in the Amended Complaint.

Plaintiff objects to producing portions of any diaries or logs that are unrelated to the care and treatment of the alleged injuries or that reflect Plaintiff's personal thoughts, mental impressions, or privileged communications prepared in anticipation of litigation.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) should additional relevant and responsive materials be identified.

Plaintiff further states that real men, such as he, do not keep written diaries or logs, and as such, this request is moot.

21.   Copies of all expert reports and information pursuant to F.R.C.P. 26.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks expert reports or information not yet required to be disclosed under the court's scheduling order or the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objection, Plaintiff has not retained any expert witnesses as of the date of this response. Plaintiff will comply with the disclosure requirements of FRCP 26(a)(2), including producing expert reports and related information, if and when Plaintiff retains any expert witnesses and as required by the court's scheduling order.

Plaintiff reserves the right to supplement this response in accordance with FRCP 26(e) and to disclose additional expert witnesses, reports, or related information as necessary and in compliance with the court's scheduling order.

22.   With respect to a witness who is retained or specially employed to provide expert testimony in the case, a written report prepared and a written statement specifying:

(a) The identity of each person whom you expect to call as an expert witness at trial;

(b) The subject matter on which each expert is expected to testify, including the substance of the facts and opinions upon which each expert is expected to testify, including among other things, the basis for the expert's opinion, identify and attach all documents and data seen and/or used by the expert prior to formation of his opinions; and

(c) The qualifications of each person whom you expect to call as an

expert witness at trial and a summary of the grounds for each expert's opinion, including among other things, expert's educational background, work experience, related experience in the field the expert will be testifying, articles and publications written, names and locations of all legal actions where testimony was given or consultation was given in similar type cases as the case involved herein.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks expert disclosures prior to the deadlines set forth in the court's scheduling order or the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections:

(a) Plaintiff has not retained or specially employed any expert witnesses to provide testimony in this case at this time. If Plaintiff retains an expert witness, Plaintiff will disclose the identity of the expert in accordance with FRCP 26(a)(2)(B) and the deadlines established by the court's scheduling order.

(b) Plaintiff has not yet identified any expert witnesses or the subject matter on which any such expert is expected to testify. Plaintiff will comply with the requirements of FRCP 26(a)(2) by providing a written report and disclosing all facts, opinions, and supporting data relied upon by any retained expert in accordance with the court's scheduling order.

(c) As Plaintiff has not retained any expert witnesses at this time, there are no qualifications, backgrounds, or prior testimonies to disclose. Plaintiff will provide this information for any retained or specially employed expert

witnesses in compliance with FRCP 26(a)(2)(B) and the court's scheduling deadlines.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) and to disclose additional expert witnesses or information as necessary and permitted by the court's scheduling order.

23.    Copies of all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims, unless solely for impeachment.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to this request as overly broad and vague, particularly with respect to "all documents, data compilations, and tangible things," as the request is not limited in scope, time frame, or relevance to the claims or defenses in this case.

Relevance and Proportionality: Plaintiff objects to this request to the extent it seeks information or materials that are not relevant to the claims or defenses in this litigation or that are disproportionate to the needs of the case under Rule 26(b)(1).

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents, data compilations, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support Plaintiff's claims, to the extent such materials have been identified and are relevant to the allegations in the Amended Complaint. These may include:

(a)    Documents related to Plaintiff's medical care and treatment for

injuries alleged in this case.

(b) Photographs or other visual representations relevant to the events described in the Amended Complaint.

(c) Relevant communications, if any, including emails or letters, that support Plaintiff's claims.

(d) Any additional evidence Plaintiff intends to rely upon, excluding materials used solely for impeachment.

24. Copies of the documents or evidentiary material, not privileged or protected from disclosure, on which Plaintiffs computation of any category of damages claimed is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Overbreadth and Vagueness: Plaintiff objects to the request as overly broad and vague to the extent it seeks "any category of damages" without specifying particular categories of damages or limiting the scope of the request.

Relevance and Proportionality: Plaintiff objects to the extent the request seeks materials that are not relevant to the claims or defenses in this case or are disproportionate to the needs of the case under Rule 26(b)(1).

Premature Demand for Certain Damages Evidence: Plaintiff objects to this request to the extent it seeks a complete and final computation of damages before discovery is complete and before expert disclosures or testimony have been provided.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents and evidentiary materials in Plaintiff's possession, custody,

or control that support Plaintiff's computation of damages for the categories of damages currently identified, which may include:

(i) Medical records and bills from healthcare providers reflecting treatment received and the cost of such treatment, to the extent such records have been obtained.

(ii) Pay stubs, tax records, or other evidence of income loss or reduction, if a claim for lost wages is made. No claim for lost wages has been made, nor expected to be made in the future.

(iii) Plaintiff will rely on testimony and descriptions of the injuries and their impact on Plaintiff's life to support these non-economic damages. Supporting documentation, if any, will be provided as identified.

(iv) If other specific categories of damages are claimed, Plaintiff will produce non-privileged documents as necessary to support those claims.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) as additional evidence or documents are obtained or as the damages computation is updated.

To the extent any materials are withheld based on privilege or other protection, Plaintiff will provide a privilege log as required under Rule 26(b)(5).

25.  Copies of all documents which Plaintiff intends to introduce as evidence at trial of this action, if not otherwise provided herein.

**RESPONSE:** Plaintiff objects to this request on the following grounds:

Premature Disclosure: Plaintiff objects to this request as premature to the extent it seeks identification or production of all documents to be introduced at trial

prior to the close of discovery, the filing of pretrial disclosures, or compliance with court-imposed deadlines for the submission of trial exhibits.

Overbreadth: Plaintiff objects to this request as overly broad to the extent it seeks "all documents" without limitation to relevance or scope related to the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, relevant documents in Plaintiff's possession, custody, or control that Plaintiff reasonably expects to introduce as evidence at trial, to the extent such documents have been identified at this stage of the litigation. Specifically:

(1) Medical records and bills related to the care and treatment of injuries alleged in the Amended Complaint. Currently there are none, nor are any expected to be found in the future.

(2) Documents and correspondence relevant to the events described in the Amended Complaint.

(3) Photographs, videos, or other visual evidence supporting Plaintiff's claims.

Plaintiff reserves the right to supplement this response in accordance with Rule 26(e) as discovery progresses and additional evidence is identified.

Plaintiff further reserves the right to finalize the list of documents to be introduced at trial in accordance with the court's scheduling order, including compliance with Rule 26(a)(3) pretrial disclosure requirements.

26. Copy of Plaintiffs driver's license that was valid at the times referenced in Plaintiffs Amended Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it assumes facts not in evidence, specifically that Plaintiff had a valid driver's license at the times referenced in the Amended Complaint.

Subject to and without waiving the foregoing objection, Plaintiff did not have a valid driver's license at the times referenced in the Amended Complaint, as evidenced by defendant Ryan's arrest and ticketing of Plaintiff, nor per written law is a drivers license required of Plaintiff to ride around town on the public ways in his private property, modern day mechanical horse/autohorse and/or used automobile, not using it for commercial purposes and, therefore, is unable to produce any such document.

27. Vehicle registration that was valid at the times referred to in Plaintiffs Amended Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it assumes facts not in evidence, specifically that Plaintiff possessed a valid vehicle registration at the times referred to in the Amended Complaint.

Subject to and without waiving the foregoing objection, Plaintiff did not possess a valid vehicle registration at the times referenced in the Amended Complaint, nor per written Federal and NYS VAT laws was Plaintiff required to register his modern day mechanical horse/autohorse/used automobile and/or used passenger type contrivance to move about the public ways and, therefore, is unable to produce any such document.

28. The Taser probe that Plaintiff references in this Amended Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it assumes that Plaintiff is in possession of the Taser probe referenced in the Amended Complaint.

Subject to and without waiving the foregoing objection, Plaintiff does not have the Taser probe referenced in the Amended Complaint in Plaintiff's possession, custody, or control and is therefore unable to produce it.

Plaintiff reserves the right to supplement this response if additional information about the location or custody of the Taser probe becomes known.

29. Any government papers Plaintiff possesses that establish the legality of his operation of the vehicle referenced in the Amended Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it assumes facts not in evidence, specifically that Plaintiff possesses government papers establishing the legality of the operation of the vehicle referenced in the Amended Complaint.

Publicly Available Information: Plaintiff objects to this request to the extent it seeks documents that are publicly available, such as written law, court filings or decisions, which Defendant can obtain through its own inquiry without burdening Plaintiff.

Duplicative Nature: Plaintiff objects to the extent this request seeks documents or written statements that are already in the possession, custody, or control of the Defendant, including any statements Defendant authored or otherwise possesses.

PLEASE TAKE FURTHER NOTICE, that Plaintiff reserves the right to supplement or amend this and all these responses as additional information or documents become available or as required under Rule 26(e) of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE, that Plaintiff also reserves all objections to the admissibility of any documents or information provided herein for purposes of trial or other proceedings.

## CERTIFICATION

I, Richard Sposato, pro se Plaintiff, certify, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 22, 2024.

DATED: November 22, 2024

By: _____

Richard Sposato, sui juris, pro se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
United States of America
E-mail: richie@nusoundmusic.com
Telephone: 315-412-1776

**ATTACHMENT 1**

# FOIA REQUEST

Dated: October 24, 2024

Melinda Petrarca [Custodian of Records]
201 School Rd.
Liverpool, NY 13088

Dear Melinda,

Under the New York Freedom of Information Law, N.Y. Pub. Off. Law sec. 84 et seq., I requesting to obtain copies of public records, that pursuant to Part 200, Uniform Rules for N.Y. State Trial Courts, Section 200.23(a)(13): Recordkeeping requirements for town and village courts, each town and village court shall maintain: (13) each disposition after trial and each disposition other than by trial **and the reasons therefor**.

More specifically, I'm requesting the documentation of the specific reasons why each of these cases were dismissed, pursuant to NY Trial Court Rule 200.23(a)(13):
CASE NO: 21100113
CASE NO: 21100126
CASE NO: 23090126
CASE NO: 22050031
CASE NO: 23040253
CASE NO: 22060131
CASE NO: 21100033

If there are any fees for searching or copying these records, please inform me of the cost. However, I would also like to request a waiver of all fees, if applicable, in that the disclosure of the requested information is my personal record.

The New York Freedom of Information Law requires a response time of (5) five business days. If access to the records I'm requesting will take longer to produce, please inform me of such delay and the reason therefor.

If you deny any or all of this FOIA request, please cite each specific exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to me under the law.

Respectfully requested,

By: *Richard-Louis: Sposato*
Richard-Louis: Sposato
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776

# APPEAL DENIAL
# OF FOIA REQUEST

Dated: November 15, 2024


To:    Melinda Petrarca [Custodian of Records]
      201 School Rd.
      Liverpool, NY 13088

      Paul G. Carey
      201 School Rd.
      Liverpool, NY 13088

      Nicholas Paro
      201 School Rd.
      Liverpool, NY 13088


Dear All,

This is an appeal pursuant to N.Y. Public Officers Law §89(4)(a), for the denial of my request made on October 14, 2024, for the production of the Reason For Disposition as stated in my prior request, which read...

*"Under the New York Freedom of Information Law, N.Y. Pub. Off. Law sec. 84 et seq., I'm requesting to obtain copies of public records, that pursuant to Part 200, Uniform Rules for N.Y. State Trial Courts, Section 200.23(a)(13): Recordkeeping requirements for town and village courts, each town and village court shall maintain: (13) each disposition after trial and each disposition other than by trial **and the reasons therefor**.*

*More specifically, I'm requesting the documentation of the specific reasons why each of these cases were dismissed, pursuant to NY Trial Court Rule 200.23(a)(13):*
*CASE NO: 21100113*
*CASE NO: 21100126*
*CASE NO: 23090126*
*CASE NO: 22050031*
*CASE NO: 23040253*
*CASE NO: 22060131*
*CASE NO: 21100033*

*If there are any fees for searching or copying these records, please inform me of the cost. However, I would also like to request a waiver of all fees, if applicable, in that the disclosure of the requested information is my personal record.*

*The New York Freedom of Information Law requires a response time of (5) five business days. If access to the records I'm requesting will take longer to produce, please inform me of such delay and the reason therefor.*

*If you deny any or all of this FOIA request, please cite each specific exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to me under the law."*

N.Y. Public Officers Law §89(4)(a) states: Except as provided in subdivision five of this section, any person denied access to a record may within thirty days appeal in writing such denial to the head, chief executive or governing body of the entity, or the person therefor designated by such head, chief executive, or governing body, who shall within ten business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought. In addition, each agency shall immediately forward to the committee on open government a copy of such appeal when received by the agency and the ensuing determination thereon. Failure by an agency to conform to the provisions of subdivision three of this section shall constitute a denial.

By law, you are now required to provide me within (10) ten business days, a reason for further denial, or provide access to the record[s] I'm seeking.

In addition, please be advised that the Freedom of Information Law directs agencies to send all appeals and the determinations that follow to the Committee on Open Government, Department of State, One Commerce Plaza, 99 Washington Ave., Albany, New York 12231.

Sincerely,

Richard-Louis: Sposato
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776

SUPREME COURT
ONONDAGA COUNTY
STATE OF NEW YORK

---

Richard Sposato,                )
         Petitioner,       )     Index No.: SU-2023-007389
                           )
                           )
      v.                    )     **NOTICE OF MOTION 3124**:
                           )     TO COMPELL ANSWER
                           )     OF FOIA REQUEST
                           )
Paul G. Carey, et al,          )
                           )
        Respondent(s).   )
                           )

**Filed & Entered**

**NOV − 8 2024**

Onondaga County Clerks Office

---

## NOTICE TO AGENT IS NOTICE TO PRINCIPAL
## NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Motion By:                       Richard-Louis: Sposato
                                   c/o 510 N. Orchard Rd.
                                   Solvay, New York [13209]

Return Date:                   December 12, 2024, 10:00 a.m.

Relief Requested:            Answer to FOIA request, submitted
                                   to Salina Court Clerk Melinda Petrarca,
                                   requesting Reason For Disposition[s],
                                   per Part 200, Uniform Rules for N.Y.
                                   Trial Courts, Section 200.23(a)(13)

Supporting Papers:          Affirmation in Support of Motion To
                                   Compel, FOIA Request

Nature Of Action:            Discovery

Dated: November 8, 2024

Respectfully Submitted,

By: _Richard-Louis: Sposato_

Richard-Louis: Sposato
c/o 510 N. Orchard Rd.
Solvay, NY [13209]
315-412-1776

To:    Salina Court Clerk
Melinda Petrarca
201 School Rd.
Liverpool, NY 13088

John E. Heisler Jr.
Attorney for Respondent Jed Hudson
Onondaga County Law Department
John H. Mulroy Civic Center, 10th Floor
421 Montgomery St.
Syracuse, NY 13202

Timothy A. Frateschi
Attorney for Respondent Paul G. Carey
505 S. State St., Rm. 420
Syracuse, NY 13202

# Affirmation of Service

**STATE OF NEW YORK** )

Filed & Entered

NOV - 8 2024

Onondaga County Clerks Office

SS.

**COUNTY OF ONONDAGA** )

    I, Richard-Louis: Sposato, a man, over 18 years of age, deposes and affirms, that I served these (3) three documents, **Notice Of Motion 3124, Motion To Compel Answer To FOIA Request Reason For Disposition, and Affirmation Of Service** on Salina Court Clerk and Counsel for Respondents:

**Salina Court Clerk**
Attn: Melinda Petrarca
201 School Rd.
Liverpool, NY 13088
CRR# 9589 0710 5270 2108 6560 87

**Timothy A. Frateschi**
Attorney for Respondent Paul G. Carey
505 S. State St., Rm. 420
Syracuse, NY 13202
CRR# 9589 0710 5270 2108 6560 94

**John E. Heisler Jr.**
Attorney for Respondent Jed Hudson
Onondaga County Law Department
John H. Mulroy Civic Center, 10th Floor
421 Montgomery St.
Syracuse, NY 13202

via a certified Return receipt, with the forgoing in a white wrapper, deposited with the USPS on November 8, 2024, via Certified Return Receipt number's listed above.

I affirm the 8th day of November, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

All rights Reserved,

By: _Richard-Louis: Sposato_

Richard-Louis: Sposato



**SUPREME COURT CHAMBERS**
**ONONDAGA COUNTY COURTHOUSE**
**401 MONTGOMERY STREET, ROOM 313**
**SYRACUSE, NEW YORK 13202**
Telephone: (315) 671-1196
Fax: (315) 266-4388

Filed & Entered

NOV 14 2024

Onondaga County Clerks Office

**Hon. Joseph E. Lamendola**
Supreme Court Justice

**Melissa C. Stearns**
Principal Law Clerk

**Terri M. Cooper**
Secretary to Judge

November 13, 2024

Richard Sposato
510 N. Orchard Road
Solvay, New York  13209

RE:   Index No. SU-2023-007389
        Sposato v. Carey, et al.

Mr. Sposato:

We are in receipt of your Notice of Motion seeking to compel discovery/disclosure pursuant to CPLR §3124 with respect to Index No. SU-2023-007389.  By Order dated December 21, 2023, the case was dismissed. As a result of that dismissal, there is no action pending upon which discovery or disclosure may be Ordered pursuant to CPLR §3124. Further, as there is no pending action before the Court, the Court does not have jurisdiction to hear your motion. Therefore, your Notice of Motion cannot be scheduled for argument nor heard by this Court and is deemed a nullity.  You would need to commence a new action to seek such relief.

Thank you,

Hon. Joseph E. Lamendola, JSC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Richard Sposato,                  )
                                     )           Civil Case No.: 5:23-cv-00364
              Plaintiff,     )           (Judges Initials) GTS / MJK
      v.                  )
                                     )
                                   )         **NOTICE OF SUBPOENA**
Paul G. Carey, et al        )
                                   )
           Defendant(s).    )
                                   )

## NOTICE TO AGENT IS NOTICE TO PRINCIPAL
## NOTICE TO PRIINCIPAL IS NOTICE TO AGENT

**PLEASE TAKE NOTICE,** that plaintiff, Richard Sposato, a.k.a. Richard-Louis:

Sposato, hereby provides Notice Of Subpoena for Melinda Petrarca, Salina Town Court

Clerk of acting Salina Town Court judge Paul G. Carey, to produce Documents pursuant

to recording requirements under *Uniform Rules for N.Y. State Trial Courts, Section*

*200.23(a)(13): Recordkeeping requirements for town and village courts, each town and*

*village court shall maintain: (13) each disposition after trial and each disposition other*

*than y trial and **the reasons therefor***, specifically the Other Than Trial - Reason For

Disposition for CASE NO's: 21100113, 21100126, 23090126, 22050031, 23040253,

22060131, and 21100033.


These documents are Germaine and crucial to Plaintiff's appeal now needed in

this case, as they may render unknown information upon which the Court has previously

1

misinterpreted in its decision, causing a preliminary dismissal of all but (1) one Plaintiff's

causes of actions.

November 20, 2024

Respectfully submitted,

By: _Richard Sposato_

Richard Sposato, sui juris, pro se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
United States of America
E-mail: richie@nusoundmusic.com
Telephone: 315-412-1776

To:     Paul V. Mullin
        211 W. Jefferson St.
        Syracuse, NY 13202

# UNITED STATES DISTRICT COURT
for the

Northern District of New York ☑

| | |
|---|---|
| Richard Sposato | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:23-cv-00364 |
| Paul G. Carey | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Melinda Petrarca, Salina Town Court Clerk-Paul G. Carey

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Reason For Disposition-Other Than Trial: CASE NO's: 21100113, 21100126, 23090126, 22050031, 23040253, 22060131, and 21100033

| Place: Salina Town Court Clerks Office | Date and Time: 12/17/2024 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2024

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Richard Sposato
_____ , who issues or requests this subpoena, are:
Richard Sposato, pro se, c/o 510 N. Orchard Rd., Solvay, New York [13209] 315-412-1776

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# AFFIRMATION OF SERVICE

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 2 0 2024
AT____ O'CLOCK
John M. Domurad. Clerk - Syracuse

**STATE OF NEW YORK** )

                    ss.

**COUNTY OF ONONDAGA** )

I, Richard-Louis: Sposato, a man, over the age of 18, deposes and affirms, that I served these (3) three documents, **Notice Of Subpoena, Intended Subpoena and Affirmation Of Service** on defendant Matthew W. Ryan's counsel, Paul V. Mullin, Esq., located at:

> **Sugarman Law Firm, LLP**
> ATTN: Paul V. Mullin
> 211 West Jefferson St.
> Syracuse, NY 13202

via a certified Return receipt, with the forgoing in a white wrapper, deposited with the USPS on November 20, 2024, via Certified Return Receipt, number 9589 0710 5270 2108 6561 31.

I affirm the 20th day of November, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

By: _____

Richard-Louis: Sposato

1