UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
=======================================

Richard Sposato,

                Plaintiff,

    v.

Matthew W. Ryan, individually and in his official capacity,

                Defendant.

=======================================

**RESPONSE TO FIRST INTERROGATORIES**

Case No.: 5:23-cv-00364 (GTS/MJK)

Defendant, Matthew W. Ryan, individually and in his official capacity, by and through his attorneys, Sugarman Law Firm, LLP, hereby respond to Plaintiff's First Set of Interrogatories dated September 27, 2024, as follows:

### **General Objections**

By responding to these demands, Defendant does not concede the materiality of the subject of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence or for any other purpose, of any of the documents or information produced, or the subject matter thereof, in any proceeding including the trial or any subsequent proceeding.

Defendant objects to the extent that Plaintiff demands information and/or documents which are protected by the attorney-client privilege or work-product privilege or which constitute material prepared for litigation purposes.

Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute waiver of any privilege or of another ground for objecting to discovery, with respect to such document or information or the information contained in any document or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Defendant also objects in the entirety to any request for documents that is not limited in time.

Defendant objects in the entirety to any request for information which is not in its possession, custody or control.

Defendant is continuing to search for information responsive to Plaintiff's demands and, therefore, reserves the right to supplement its response to each demand with additional information, if and when such information becomes available to Defendant's counsel. Defendant also reserve the right to object to the future disclosure of such information.

Defendant objects to these demands to the extent they exceed the scope of the CPLR or seek to impose obligations on Defendant beyond the requirements of those rules.

Defendant reserves the right to make any further applicable objection whether or not said objection is delineated above. The above objections in no way waive Defendant' right to make applicable objections as the course of the matter progresses.

## **RESPONSES**

1. Please explain why, or why not, you agree with each of the above definitions listed in (i) - (iv)..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes.

2. Please explain why yes, or why no, STATE OF NEW YORK is or is not a corporation located in the UNITED STATES..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes.

a. What law, statute, code or contract makes "a man", i.e. Plaintiff in this case, obligated to follow either STATE OF NEW YORK or UNITED STATES corporate codes and statutes..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes. Moreover, the Defendant is unable to determine what the Plaintiff is asking as the Interrogatory does not make sense.

3. Please explain why contracts are, or are not VOID for non full disclosure, supporting your position with law, statutes, codes, or jurisprudence..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for a legal opinion and/or operation of law which is properly an issue for the Court to determine applicability and meaning of definitions defined by statutes. Moreover, the Defendant is unable to determine what contract the Plaintiff is referring to. Upon information and belief, there was no contract in place between the Defendant and the Plaintiff at the time relevant to the issues in this case.

4. In all your years as a Solvay cop, how many times have you discharged your assigned pistol and taser gun, listing the dates for each discharge..?

**RESPONSE**: In addition to this incident, Officer Ryan deployed his Taser on April 5, 2012, which has been sealed by the Court; February 21, 2015, which has been sealed by the Court; and on December 22, 2020.

    a. What were the initial crimes being committed or suspected being committed, as per the call to action for each of those instances..?

**RESPONSE**: See Response to 4 above.

5. Please explain why, or why not the North Orchard Rd. area is a high crime section compared to other areas in the Village of Solvay..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for an expert opinion and/or operation of law which is properly an issue for expert disclosure. Moreover, the Defendant is unable to render an opinion without further information as to what the Plaintiff considers high crime and/or what other areas he is referring to. The Defendant does not intend to offer an opinion on crime statistics, socioeconomic conditions or reasons for crime in the community as that is all beyond the scope of the matter before this Court. Moreover, the comparison of areas in the Village of Solvay will not lead to relevant evidence on whether the use of force was reasonable.

6. Why do they put street lights on roads, such [a]s I-690, W. Genesee St., and others..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for an expert opinion and/or operation of law which is properly an issue for expert disclosure. Moreover, the Defendant is not a party to the reasoning and or discretionary decisions why a municipality

may or may not choose to light a street. As a Police Officer one does not control or administer lighting decisions. Moreover, the decision to light a street is irrelevant to the issues before this Court.

7. If a road has street lights, such as W. Genesee St. in front of Westvale Plaza, please explain why it would be highly possible, or why it would not be possible to see a car at night on the road from a distance of 50 yards..?

**RESPONSE**: The Defendant objects to this demand. This demand is improper as it calls for an expert opinion and/or operation of law which is properly an issue for expert disclosure. Moreover, the Defendant is unable to determine what is being asked, and it seems to be a hypothetical question which is inappropriate for an Interrogatory. However, without waiving any objections, in this case the Plaintiff's car was observed and Plaintiff has admitted to operating his vehicle in the area he describes.

8. What was the initial reason you pulled out from your stake out position at Patrick's Dry Cleaners and followed Plaintiff traveling in his maroon Honda Accord, used automobile..?

**RESPONSE**: The Defendant objects to the characterization of "your stake out". However, without waiving the objection, the Defendant answers, on June 19, 2021 at about 0215hrs. while working unit 4301A, I was parked in the 2200 block of W. Genesee St. conducting vehicle and traffic enforcement when I observed a maroon Honda Accord traveling westbound on W. Genesee St. and stop at the red light at the intersection of Fay Road. My attention was drawn to the vehicle because I noticed that it did not have its lights on. When the light turned green, the vehicle accelerated quickly and was traveling in excess of 40mph, confirmed by the HR Falcon RADAR unit assigned to Solvay PD vehicle 302, in a clearly posted 30mph zone. I pulled behind the vehicle as it approached N. Orchard Rd., in which it made an abrupt right turn onto N. Orchard Rd. without

signaling the turn. I then activated my emergency lights to conduct a vehicle and traffic stop of the vehicle, however the vehicle continued traveling north while maintaining its speed. As I followed the vehicle with my emergency lights and siren activated, the vehicle was traveling down the center of the roadway and still failed to yield. The vehicle then made an abrupt left turn into the driveway of 510 N. Orchard Rd.

9. At 2:15 in the morning in the Village of Solvay, on the roads of W. Genesee St. and N. Orchard Rd., on a scale of 0-10, with O being no cars on the road and 10 being the roads are congested with cars, how would you rate the situation at this time on each road..?

**RESPONSE**: The Defendant objects to this demand as it fails to specify when the road conditions are being viewed. Moreover, the witness is being asked to make an expert opinion of speculative conditions. The NYS DOT or County DOT or other municipalities may have the traffic count numbers. As the question is written, the Defendant cannot guess car counts. Moreover, the number of cars on the road is not relevant to the use of force issue before this Court nor will it lead to relevant evidence on the night in question.

10. Why, at what point did you deploy your emergency lights in an attempt to stop[arrest] Plaintiff in his used automobile, stating the emergency..?

**RESPONSE**: On June 19, 2021 at about 0215hrs. while working unit 4301A, I was parked in the 2200 block of W. Genesee St. conducting vehicle and traffic enforcement when I observed a maroon Honda Accord traveling westbound on W. Genesee St. and stop at the red light at the intersection of Fay Rd. My attention was drawn to the vehicle because I noticed that it did not have its lights on. When the light turned green, the vehicle accelerated quickly and was traveling in excess of 40mph, confirmed by the HR Falcon RADAR unit assigned to Solvay PD vehicle 302, in a clearly posted 30mph zone. I pulled behind the vehicle as it approached N. Orchard Rd., in which it made an abrupt right turn onto N. Orchard Rd. without signaling the turn. I then activated

my emergency lights to conduct a vehicle and traffic stop of the vehicle, however, the vehicle continued traveling north while maintaining its speed. As I followed the vehicle with my emergency lights and siren activated, the vehicle was traveling down the center of the roadway and still failed to yield. The vehicle then made an abrupt left turn into the driveway of 510 N. Orchard Rd.

11. Are Solvay cops required to wear body camera's during their shift on duty and turn them on during an interaction with a suspect, going to a call and/or during a stop[arrest attempt]..?

**RESPONSE**: On the day of the incident in question the Solvay Police did not equip their Officers with body worn cameras.

a. Why weren't body cameras turned on in this instance with Plaintiff, on the morning of June 19, 2021..?

**RESPONSE**: On the day of the incident in question the Solvay Police did not equip their Officers with body worn cameras.

12. Please explain in detail, what crime Plaintiff committed or was suspected of committing, which was a an emergency situation and/or a threat to the public or yourself on the morning of June 19, 2021, necessitating you to discharge your taser gun's bullet into the midsection of Sposato's lower back..?

**RESPONSE**: The Defendant objects to the Interrogatory as it calls for a legal opinion and mischaracterizes the Police equipment used. This Officer did not discharge a gun, nor was a bullet discharged. The Plaintiff's actions in refusing to stop, refusing to comply with lawful orders, and fleeing the scene contributed to the Officer's decision to attempt to use his Taser which was an unsuccessful deployment of the Taser probe.

13. Approximately how many backup cars and total policemen do you recall were on the premises or in front of 510 N. Orchard Rd. during this altercation at 2:15 in the morning..?

**RESPONSE**: At the time of the initial encounter with the Plaintiff, the Officer was the only Officer on the scene. After the incident occurred multiple agencies and Officers arrived at the scene, and upon information and belief, up to 5 to 7 other Officers at one time or another may have come to the scene after the incident the Plaintiff complains.

14. In your experience as a Solvay cop, how many times has ALL the charges pertaining to one of your stops been completely dismissed..?

**RESPONSE**: This Officer does not maintain a record of the Court dispositions, nor does he have access to the Court cases, and as such, is unable to answer this question.

15. In your opinion, would you say the traffic charges you claimed Plaintiff violated are fairly cut and dry and/or easy to prosecute, i.e. driving without a license/aggravated unlicensed operation, no insurance, no registration, etc..?

**RESPONSE**: The Defendant objects to this question as this Officer is unable to determine what is meant by "fairly cut and dry and/or easy to prosecute". The likely calls for a legal opinion of the District Attorney who prosecutes the cases before the Court.

16. What are your thoughts as to why all the charges you filed against Plaintiff on the morning of June 19, 2021 have been completely dismissed..?

**RESPONSE**: This Officer did not participate in the decision to dismiss charges and as such cannot offer an opinion as to the ultimate disposition of the charges. The Officer does note that this Court has found that there was probable cause for the charges that were filed.

17. If a businessman was charged with multiple crimes and/or offenses, i.e. 50+, was brought into court 20 times, almost once every month over a 2 1/2 yr. timeframe, then having all

charges dismissed, in your opinion, please explain why that person, his reputation and/or his business would not have been damaged in some capacity..?

**RESPONSE**: This Officer is not qualified to offer opinions on business reputation and is unable to offer an opinion as requested.

Answering Defendant reserves the right to supplement or further respond to these demands upon completion of additional discovery.

DATED: November 13, 2024

Paul V. Mullin, Esq.
Bar Roll No.: 2033520
Sugarman Law Firm, LLP
  Matthew W. Ryan, individually
  and in his official capacity
211 West Jefferson St.
Syracuse, NY  13202
315-474-2943
pmullin@sugarmanlaw.com

TO:    Richard Sposato, Pro Se
        c/o 510 North Orchard Road
        Solvay, NY  13209
        315-412-1776