UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD SPOSATO,

                              Plaintiff,

       v.

MATTHEW W. RYAN, Individually and in his Official
Capacity,

                       Defendant.

_____

**OFFICER RYAN'S RESPONSE
TO PLAINTIFF'S STATEMENT
OF MATERIAL FACTS**
Case No.: 5:23-cv-364
(GTS/MJK)

       Defendant Matthew W. Ryan, Individually and in his Official Capacity ("Officer Ryan"),

offers the following response to the Statement of Material Facts of *pro se* plaintiff Richard Sposato,

pursuant to Local Rule 56.1(b):

       1.      Admit.

       2.      Admit in part and deny in part.  Admit that Officer Ryan observed a maroon Honda

Accord ("vehicle") that was traveling westbound on West Genesee Street without its headlights

on, and that Officer Ryan followed the vehicle for multiple reasons, one of which was that the

vehicle did not have its headlights on, in violation of Vehicle & Traffic Law § 375(2)(a)(1).  See

Declaration of Officer Ryan ("Ryan Dec."), ¶¶ 3-5, 20; Exhibit A to Ryan Dec., p. 5.  Deny that

when Officer Ryan saw the vehicle, and when Officer Ryan followed the vehicle, he was aware

that the vehicle was operated by the plaintiff.  See Ryan Dec., ¶ 9; Exhibit A to Ryan Dec., p. 5.

       3.      Admit in part and deny in part.  Admit that Officer Ryan pursued the plaintiff's

vehicle with his emergency lights and sirens activated to the address of 510 North Orchard Road,

where the plaintiff turned into the driveway and parked his vehicle.  See Ryan Dec., ¶¶ 5-9; Exhibit

A to Ryan Dec., p. 5.  Deny that Officer Ryan was aware that 510 North Orchard Road was the

plaintiff's mother's house.  See Exhibit P to Declaration of Paul V. Mullin, Esq. ("Mullin Dec."), ¶ 6.

4.    Admit in part and deny in part.  Admit that on June 19, 2021, Officer Ryan did not have a search warrant or an arrest warrant for the plaintiff.  Admit that Officer Ryan entered the driveway of 510 North Orchard Road on June 19, 2021 in pursuit of the plaintiff, who fled from Officer Ryan's attempt to effectuate a traffic stop.  See Ryan Dec., ¶¶ 8-10; Exhibit A to Ryan Dec., p. 5.  Deny that Officer Ryan was legally required to possess a warrant to enter the driveway of 510 North Orchard Road.  See Exhibit D to Mullin Dec., pp. 15-17.

5.    Admit in part and deny in part.  Admit that the plaintiff exited his vehicle and fled toward the house at 510 North Orchard Road.  See Ryan Dec., ¶ 9; Exhibit A to Ryan Dec., p. 5.  Deny that the plaintiff walked, and state that he ran.  See Ryan Dec., ¶ 9; Exhibit A to Ryan Dec., p. 5.  Deny that Officer Ryan was aware that 510 North Orchard Road was the plaintiff's mother's house.  See Exhibit P to Mullin Dec., ¶ 6.

6.    Admit in part and deny in part.  Admit that Officer Ryan deployed his department-issued Taser X26 ("Taser") while the plaintiff was fleeing and attempting to enter 510 North Orchard Road.  See Ryan Dec., ¶ 12; Exhibit A to Ryan Dec., p. 5; Exhibit C to Ryan Dec.  Deny that Officer Ryan deployed his Taser as the plaintiff reached the side entrance of the house.  See Ryan Dec., ¶¶ 10-12; Exhibit A to Ryan Dec.  Admit that one Taser probe made contact with the plaintiff's back.  See Ryan Dec., ¶¶ 12-14; Exhibit A to Ryan Dec., p. 5; Exhibit C to Ryan Dec.  Because both of the Taser probes did not make contact with the plaintiff's body, the plaintiff did not receive any electrical charge from the Taser, and this was an ineffective and unsuccessful use by Officer Ryan of his Taser.  See Ryan Dec., ¶ 14; Exhibit C to Ryan Dec.; Exhibit G to Mullin Dec. ("Plaintiff Tr."), p. 15 line 24 – p. 16 line 2; Exhibit P to Mullin Dec., ¶ 8.

7.     Officer Ryan can neither admit nor deny, based on his own personal knowledge, the plaintiff's claim that he was unarmed at the time of the incident.  Deny that the plaintiff "posed no threat" to Officer Ryan.  The plaintiff, who admits that he engaged in conduct that violated the Vehicle & Traffic Law, and who was aware that he was being pursued in his vehicle and on foot by a police officer, was fleeing from law enforcement contact and ignored verbal commands to stop and show his hands.  See Ryan Dec., ¶¶ 3-12, Exhibit A to Ryan Dec., p. 5; Exhibit B to Mullin Dec. ("Am. Comp."), ¶¶ 65, 75; Exhibit P to Mullin Dec., ¶ 3; Plaintiff Tr., p. 21 lines 2-15, p. 22 lines 6-11, p. 25 line 25 – p. 26 line 19, p. 26 line 20 – p. 28 line 18, p. 29 lines 2-24, p. 34 lines 9-15, p. 35 lines 12-14, p. 38 line 20 – p. 40 line 7, p. 41 line 14 – p. 43 line 11, p. 65 line 6 – p. 66 line 20, p. 69 lines 3-13; Exhibits I and J to Mullin Dec. Deny that there were "other officers at the scene" when Officer Ryan deployed his Taser.  See Ryan Dec., ¶¶ 3-12.

8.     This allegation is not material to the plaintiff's motion for summary judgment because the only remaining claim against Officer Ryan is for excessive force, and the force at issue occurred before the plaintiff went into the house (and then refused to come back out) and before additional law enforcement arrived.  See Exhibit D to Mullin Dec.; Ryan Dec., ¶ 15; Exhibit A to Ryan Dec., p. 5; Am. Comp., ¶¶ 67-69.  Additionally, this Court has already concluded that because there was probable cause for the traffic stop, the "plaintiff did not have the option to . . . avoid engaging with Ryan once plaintiff pulled into his mother's driveway, at least to address the ordinary inquiries of a traffic stop."  See Exhibit D to Mullin Dec., pp. 15-17.

9.     Admit in part and deny in part.  Admit that on June 19, 2021, Officer Ryan did not have a search warrant or an arrest warrant for the plaintiff.  Deny that Officer Ryan was legally required to possess a warrant at any time during his interaction with the plaintiff on June 19, 2021. See Exhibit D to Mullin Dec., pp. 15-17.

10.    This allegation is not material to the plaintiff's motion for summary judgment because the only remaining claim against Officer Ryan is for excessive force, and the force at issue occurred before the plaintiff went into the house (and then refused to come back out) and before additional law enforcement arrived and then left the scene.  See Exhibit D to Mullin Dec.; Ryan Dec., ¶ 15; Exhibit A to Ryan Dec., p. 5; Am. Comp., ¶¶ 67-69.  Additionally, this Court has already concluded that because there was probable cause for the traffic stop, the "plaintiff did not have the option to . . . avoid engaging with Ryan once plaintiff pulled into his mother's driveway, at least to address the ordinary inquiries of a traffic stop."  See Exhibit D to Mullin Dec., pp. 15-17.

11.    Admit that Officer Ryan contacted the plaintiff by telephone on June 19, 2021, and that during that telephone call, Officer Ryan asked the plaintiff if he needed medical attention, and the plaintiff said no.  See Ryan Dec., ¶ 16; Exhibit A to Ryan Dec., p. 5; Exhibit C to Ryan Dec., p. 3; Plaintiff Tr., p. 61 lines 16-19; Exhibit P to Mullin Dec., ¶ 9.  Additionally, this Court has already concluded that because there was probable cause for the traffic stop, the "plaintiff did not have the option to . . . avoid engaging with Ryan once plaintiff pulled into his mother's driveway, at least to address the ordinary inquiries of a traffic stop."  See Exhibit D to Mullin Dec., pp. 15-17.

12.    This allegation is not material to the plaintiff's motion for summary judgment because the only remaining claim against Officer Ryan is for excessive force, and the force at issue occurred before the plaintiff was processed, issued tickets, charged, and/or prosecuted.  See Exhibit D to Mullin Dec., pp. 15-17; Am. Comp., ¶¶ 67-77.  Admit that the plaintiff presented himself to the Solvay Police Department on June 20, 2021, where he was processed and issued tickets relating to the incident on June 19, 2021.  See Exhibit A to Ryan Dec., p. 5; see also Ryan Dec., ¶¶ 20-21; Exhibits D and E to Ryan Dec.

13.    This allegation is not material to the plaintiff's motion for summary judgment because the only remaining claim against Officer Ryan is for excessive force, and the force at issue occurred before the plaintiff was processed, issued tickets, charged, and/or prosecuted.  See Exhibit D to Mullin Dec., pp. 15-17; Am. Comp., ¶¶ 67-77.

14.    This allegation is not material to the plaintiff's motion for summary judgment because the only remaining claim against Officer Ryan is for excessive force, and the force at issue occurred before the plaintiff was processed, issued tickets, charged, and/or prosecuted.  See Exhibit D to Mullin Dec., pp. 15-17; Am. Comp., ¶¶ 67-77.

15.    Officer Ryan objects to this assertion because legal argument does not belong in a statement of material facts pursuant to Local Rule 56.1(b).  See Stone v. Town of Cicero, 2024 WL 1219691, *6 n.2 (N.D.N.Y. 2024) (Suddaby, J.) (stating that "a statement of material facts is not the place for assertion of legal arguments").  Further, this allegation is not material to the plaintiff's motion for summary judgment because the only remaining claim against Officer Ryan is for excessive force, and the force at issue occurred before the plaintiff was processed, issued tickets, charged, and/or prosecuted.  See Exhibit D to Mullin Dec., pp. 15-17; Am. Comp., ¶¶ 67-77. Officer Ryan also denies this assertion for the reasons set forth in his Memorandum of Law.

16.    Admit.

17.    Officer Ryan objects to this assertion because legal argument does not belong in a statement of material facts pursuant to Local Rule 56.1(b).  See Stone, 2024 WL 1219691 at *6 n.2.  However, Officer Ryan admits that he timely served his response to the plaintiff's Request for Admission on February 12, 2025.  Officer Ryan otherwise denies this assertion for the reasons set forth in his Memorandum of Law.  Officer Ryan's response to the plaintiff's Request for

Admission was proper and complied with Fed. R. Civ. P. 36(a)(3) because it was signed by his attorney, Paul V. Mullin, Esq. See Exhibit P to Mullin Dec.

18.     Officer Ryan objects to this assertion because legal argument does not belong in a statement of material facts pursuant to Local Rule 56.1(b). See Stone, 2024 WL 1219691 at *6 n.2. Officer Ryan also denies this assertion for the reasons set forth in his Memorandum of Law. Officer Ryan's response to the plaintiff's Request for Admission was proper and complied with Fed. R. Civ. P. 36(a)(3) because it was signed by his attorney, Paul V. Mullin, Esq. See Exhibit P to Mullin Dec.

19.     Admit.

20.     Deny. Officer Ryan has explained that there is no body camera footage of the incident on June 19, 2021 because, on that date, the Solvay Police Department did not equip its officers with body worn cameras. See Exhibit O to Mullin Dec., ¶ 11.

21.     Officer Ryan objects to this assertion because legal argument does not belong in a statement of material facts pursuant to Local Rule 56.1(b). See Stone, 2024 WL 1219691 at *6 n.2. Officer Ryan also denies this assertion for the reasons set forth in his factual and legal submissions in opposition to the plaintiff's motion for summary judgment and in support of his cross-motion for summary judgment.

22.     Officer Ryan objects to this assertion because legal argument does not belong in a statement of material facts pursuant to Local Rule 56.1(b). See Stone, 2024 WL 1219691 at *6 n.2. Officer Ryan also denies this assertion for the reasons set forth in his factual and legal submissions in opposition to the plaintiff's motion for summary judgment and in support of his cross-motion for summary judgment.

23.    Officer Ryan objects to this assertion because legal argument does not belong in a statement of material facts pursuant to Local Rule 56.1(b).  See Stone, 2024 WL 1219691 at *6 n.2.  Officer Ryan also denies this assertion for the reasons set forth in his factual and legal submissions in opposition to the plaintiff's motion for summary judgment and in support of his cross-motion for summary judgment.

Dated: April 25, 2025

S/Paul V. Mullin
Paul V. Mullin, Esq.
Bar Roll. No. 501346
SUGARMAN LAW FIRM, LLP
Attorneys for Officer Ryan
Office and Post Office Address
211 West Jefferson Street
Syracuse, New York 13202
Telephone: (315) 474-2943
Facsimile:  (315) 474-0235
pmullin@sugarmanlaw.com