UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Richard Sposato,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　Civil Case No.: 5:23cv-364
　　　　　　Plaintiff,　　　　　　　　　)　(Judges Initials) GTS / MJK
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　)　**NOTICE OF**
　　　　　　　　　　　　　　　　　　　)　**MOTION TO STRIKE DEFENDANT'S**
MATTHEW W. RYAN, individually and in his,　)　**CROSS MOTION FOR SUMMARY**
official capacity,　　　　　　　　　　　)　**JUDGMENT FOR FAILURE TO**
　　　　　　　　　　　　　　　　　　　)　**COMPLY WITH LOCAL RULE 56.2**
　　　　　　Defendant(s).　　　　　　　)

---

PLEASE TAKE NOTICE that upon the accompanying Motion to Strike or Deny Defendant's Motion for Summary Judgment, the Memorandum of Law in Support thereof, and all prior pleadings and proceedings had herein, the undersigned will move this Court, at a date and time to be determined by the Court, for an order:

1. Striking or denying Defendant's Motion for Summary Judgment pursuant to Local Rule 56.2 of the Northern District of New York and *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001), due to Defendant's failure to serve the required Rule 56.2 notice upon Plaintiff, a pro se litigant;

2. Together with such other and further relief as the Court may deem just and proper.

Dated: May 15, 2025

　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Richard Sposato, Plaintiff Pro Se
　　　　　　　　　　　　　　　　　　　　　c/o 510 N. Orchard Rd.
　　　　　　　　　　　　　　　　　　　　　Solvay, New York [13209]
　　　　　　　　　　　　　　　　　　　　　richie@nusoundmusic.com
　　　　　　　　　　　　　　　　　　　　　315-412-1776

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Sposato,<br><br>      Plaintiff,<br><br>v.<br><br>MATTHEW W. RYAN, individually and in his, official capacity,<br><br>      Defendant(s). | Civil Case No.: 5:23cv-364<br>(Judges Initials) GTS / MJK<br><br>**MOTION TO STRIKE DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH LOCAL RULE 56.2** |

NOW COMES the Plaintiff, Richard Sposato, appearing *pro se*, and respectfully moves this Honorable Court to strike or deny Defendant's Motion for Summary Judgment pursuant to Local Rule 56.2 of the Northern District of New York and the Second Circuit's ruling in *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001). In support of this motion, Plaintiff states as follows:

### POINT I:
### Defendant's Failure to Serve Required Notice

Defendant failed to serve Plaintiff with the mandatory "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion," as required under N.D.N.Y. Local Rule 56.2. The rule requires that the moving party's counsel, not the Court, provide this notice to a pro se litigant at the time the summary judgment motion is filed.

### POINT II:
### Resulting Prejudice to Plaintiff

Due to Defendant's failure to serve the required notice under Local Rule 56.2, Plaintiff was not made aware of the procedural obligation to respond specifically to the Statement of

1

Material Facts under Local Rule 56.1 at the time the summary judgment motion was served. As a result, Plaintiff submitted an early, incomplete response.

Although the Court subsequently issued a notice and granted Plaintiff an extension to respond by May 16, 2025, the Defendant's original non-compliance created unnecessary confusion and procedural disadvantage to Plaintiff.

### POINT III:
### Binding Second Circuit Precedent Requires Vacatur Absent Proper Notice

The Second Circuit in *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001), clearly held that failure to provide a pro se litigant with notice of the requirements of Rule 56 and the consequences of noncompliance will result in vacatur of summary judgment, no matter how meritorious the motion may be, unless the movant demonstrates, or it is otherwise clear, that the pro se party was independently aware of those requirements.

The Court reiterated that even in the absence of demonstrable prejudice, its practice is to vacate summary judgment dismissals where the pro se litigant was unaware of the need to properly respond to the motion.

Here, Defendant failed to provide the required notice under Local Rule 56.2, and Plaintiff lacked awareness of the Rule 56 obligations at the time the motion was served.

Accordingly, vacatur or denial of the summary judgment motion is the appropriate remedy.

### RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

a) Strike or deny Defendant's Motion for Summary Judgment due to non-compliance with Local Rule 56.2.

WHEREFORE, Plaintiff asks that this Court grant the relief requested and provide such further relief as justice may require.

Dated: May 15, 2025

Respectfully submitted,

By: *[signature]*
Richard Sposato, Plaintiff Pro Se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776