UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Sposato, | Civil Case No.: 5:23cv-364 |
| Plaintiff, | (Judges Initials) GTS / MJK |
| v. | **MEMORANDUM OF LAW** |
| | **IN SUPPORT OF** |
| | **MOTION TO STRIKE DEFENDANT'S** |
| MATTHEW W. RYAN, individually and in his, | **CROSS MOTION FOR SUMMARY** |
| official capacity, | **JUDGMENT FOR FAILURE TO** |
| | **COMPLY WITH LOCAL RULE 56.2** |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiff Richard Sposato, proceeding *pro se*, respectfully submits this Memorandum of Law in support of his motion to strike or deny Defendant's Motion for Summary Judgment. Defendant failed to serve the Plaintiff with the mandatory notice required by Local Rule 56.2 of the Northern District of New York, thereby prejudicing Plaintiff's ability to respond meaningfully to the motion. The Court should strike or deny the motion, or alternatively permit Plaintiff to refile a proper opposition upon receipt of the required notice.

## II. LEGAL STANDARD

Local Rule 56.2 provides that when a party moves for summary judgment against a pro se litigant, counsel for the moving party must serve a specific written notice informing the litigant of the consequences of failing to respond. This requirement is designed to protect the rights of pro se litigants and ensure fairness in proceedings that may terminate their claims.

Federal courts, including the Second Circuit, have strictly enforced this requirement. In *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001), the Court held that summary judgment must not be granted against a pro se litigant unless the litigant is first served with

proper Rule 56 notice. This notice must inform the litigant that factual assertions made by the moving party may be deemed admitted if not properly controverted.

## III. ARGUMENT
### A. Defendant Violated Local Rule 56.2

Defendant failed to serve Plaintiff with the required notice under Local Rule 56.2. The obligation is unambiguous: "Counsel for the moving party shall send a notice to the pro se litigant..." The Court's issuance of a notice cannot cure this procedural deficiency, as the Rule places the duty squarely on the moving party.

### B. Plaintiff Was Prejudiced by the Violation

Because Plaintiff did not receive the mandatory notice, he submitted an early response to the motion without knowing he was required to respond to the Statement of Material Facts under Local Rule 56.1(b). This procedural error directly undermined his ability to challenge the motion and risks summary judgment being granted against him by default.

### C. The Second Circuit Requires Vacatur When Proper Notice Is Not Given to Pro Se Litigants

In *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001), the Second Circuit unequivocally stated:

> "We take this opportunity to remind district courts and litigants who move for summary judgment against pro se litigants that the failure to provide the pro se party with notice of the requirements of Rule 56 of the Federal Rules of Civil Procedure, and the consequences of noncompliance therewith, will result in vacatur of the summary judgment, no matter how meritorious, unless the movant shows (or it is obvious to the court) that the pro se was aware of this rule's requirements."

Here, the Defendant made no such showing, nor was Plaintiff aware of the requirements of Rule 56 at the time Defendant filed his motion. Although the Court later issued a notice and allowed

additional time, the original noncompliance cannot be retroactively cured by the Court's intervention. As the *Irby* court further emphasized:

> "...although Irby suffered no prejudice here, we reemphasize that our practice is to vacate summary judgment dismissals against a pro se litigant when the pro se is unaware of the consequences of failing to adequately respond to the motion for summary judgment."

Therefore, under the controlling precedent in *Irby*, the failure by Defendant's counsel to serve the required notice at the time of filing mandates vacatur or denial of the motion for summary judgment as a matter of law and procedural fairness.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court strike or deny Defendant's Motion for Summary Judgment for failure to comply with Local Rule 56.2, in accordance with the binding authority of *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001).

Dated: May 15, 2025

Respectfully submitted,

By: _[signature]_
Richard Sposato, Plaintiff Pro Se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776
