UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RICHARD SPOSATO,

                         Plaintiff,

    v.

                                     Case No.: 5:23-cv-364
                                     (GTS/MJK)

MATTHEW W. RYAN, Individually and in his Official
Capacity,

                         Defendant.

_____

## DEFENDANT MATTHEW W. RYAN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR DENY OFFICER RYAN'S CROSS-MOTION FOR SUMMARY JUDGMENT

Paul V. Mullin, Esq.
Bar Roll. No. 501346
**SUGARMAN LAW FIRM, LLP**
Attorneys for Matthew W. Ryan
Office and Post Office Address
211 West Jefferson Street – Suite 20
Syracuse, New York 13202
Telephone: (315) 474-2943
Facsimile:  (315) 474-0235
pmullin@sugarmanlaw.com

## TABLE OF CONTENTS

LEGAL ARGUMENT

     POINT I

     THE PLAINTIFF'S MOTION TO STRIKE OR DENY OFFICER RYAN'S CROSS-
     MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ................................ 1

CONCLUSION ................................................................................................................. 7

<u>**MEMORANDUM OF LAW IN OPPOSITION**</u>

The following Memorandum of Law is respectfully submitted on behalf of defendant Matthew W. Ryan, Individually and in his Official Capacity ("Officer Ryan"), in opposition to the motion of *pro se* plaintiff Richard Sposato to strike or deny Officer Ryan's cross-motion for summary judgment on the ground that Officer Ryan allegedly failed to comply with Local Rule 56.2. For all of the reasons set forth below, the plaintiff's motion should be denied.

**LEGAL ARGUMENT**

**THE PLAINTIFF'S MOTION TO STRIKE OR DENY OFFICER RYAN'S CROSS-MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED**

Local Rule 56.2 provides as follows:

> When moving for summary judgment against a *pro se* litigant, the moving party shall inform the *pro se* litigant of the consequences of failing to respond to the summary judgment motion. Counsel for the moving party shall send a notice to the *pro se* litigant that a motion for summary judgment seeks dismissal of some or all of the claims or defenses asserted in their complaint or answer and that the *pro se* litigant's failure to respond to the motion may result in the Court entering a judgment against the *pro se* litigant. For the recommended Notification of the Consequences of Failing to Respond to a Summary Judgment Motion, visit the District's webpage at Notification of Consequences.

Embedded within this Local Rule is a link that, when clicked, takes the user to a page on this Court's website, where a PDF is available of a document entitled "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion." This document instructs *pro se* litigants that if they do not file a proper response to a motion for summary judgment, the Court may dismiss some or all of their claims. It also provides instructions for preparing a proper response to a summary judgment motion, including, *inter alia*, the need to file a response to the movant's statement of material facts, and warnings that a failure to do so properly may result in the Court deeming the movant's factual statements to be admitted. <u>See</u> Exhibit A to Declaration

1

of Paul V. Mullin, Esq. ("Mullin Declaration").

The plaintiff's motion should be denied because when Officer Ryan cross-moved for summary judgment on April 25, 2025, he complied with Local Rule 56.2 by serving this "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" on the plaintiff. This document is listed in the Certificate of Service that Officer Ryan filed with this Court. See Exhibits A and B to Mullin Declaration. An affidavit or certificate of service constitutes prima facie evidence that effective service was made. See, e.g., Howard Johnson Int'l, Inc. v. Wang, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998). Further, submitted herewith is a declaration from Dana M. Henshaw, the paralegal who packaged and sealed the box of opposition/cross-motion papers that were served on the plaintiff by regular mail on April 25, 2025. As set forth in Ms. Henshaw's declaration, she included a copy of the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" in that package. See Declaration of Dana M. Henshaw. The plaintiff's motion should, therefore, be denied because Officer Ryan fully complied with Local Rule 56.2.

However, even if this Court concludes that Officer Ryan did not comply with Local Rule 56.2, or that there are questions regarding his compliance, this Court should still deny the plaintiff's motion. The plaintiff takes the position that under the Second Circuit's decision in Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001), a motion for summary judgment made against a *pro se* party must automatically be denied if the movant fails to serve the notice contemplated by Local Rule 56.2. This is not, however, the rule the Second Circuit articulated in Irby and its progeny.

In Irby, the Second Circuit held that the failure to provide a *pro se* party with notice of the requirements of Fed. R. Civ. P. 56, and the consequences for not complying with that rule, will

2

result in vacatur of an order granting summary judgment "unless the movant shows (or it is obvious to the court) that the *pro se* was aware of this rule's requirements." <u>See</u> 262 F.3d at 413. In other words, even if a movant fails to serve a notice, his motion for summary judgment will not be denied, and an order granting his motion for summary judgment will not be vacated, so long as the *pro se* party had actual notice of the consequences of failing to comply with Rule 56's requirements. <u>Id.</u> at 414.

Further, this notice does not necessarily need to come in the form of a document served by the moving party. As the Second Circuit stated in <u>Irby,</u> either the moving party *or* the District Court should supply the *pro se* litigant with notice of Rule 56's requirements. <u>See also</u> <u>Cruz v. Armstrong,</u> 20 Fed. App'x 95, 96 (2d Cir. 2011) ("If the adversary of the *pro se* fails to give such notice, the court is required to provide it."). Additionally, even if no formal documentary notice is provided to the *pro se* litigant, a motion for summary judgment will not be denied if "the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." <u>See</u> <u>Irby,</u> 262 F.3d at 314 (quotation marks omitted).

The Second Circuit's ruling in <u>Irby</u> actually requires the plaintiff's motion to be denied for several reasons. First, even if Officer Ryan did not serve a notice on the plaintiff, this Court undoubtedly did. On April 29, 2025, this Court sent the plaintiff a "Notice of Due Date to Respond to Cross-Motion for Summary Judgment," and the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion." The "Notice of Due Date" informed the plaintiff, *inter alia*, that the deadline for him to oppose Officer Ryan's cross-motion for summary judgment was May 16, 2025, and stated in bold print that his failure to respond to that motion may result in his case being dismissed.

Second, even if notice was not provided by either Officer Ryan or this Court, that failure

was harmless because the plaintiff "has demonstrated a clear understanding of the nature and consequences of a summary judgment motion and the need to set forth all available evidence demonstrating a genuine dispute over material facts." See Thomas v. Jacobs, 2024 WL 631404, *1 (2d Cir. 2024); see also Irby, 262 F.3d at 314; Jova v. Smith, 582 F.3d 410, 414 (2d Cir. 2009). "To determine whether a *pro se* party had such an understanding," this Court should "examine the record as a whole." See Forsyth v. Federation Employment & Guidance Service, 409 F.3d 565, 571 (2d Cir, 2005), *abrogated on other grounds by* Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618 (2007). This includes an examination of the papers submitted by the *pro se* party and his participation in the court proceedings. See id.

A *pro se* plaintiff may be deemed to lack the requisite understanding where, for example, he provides only a single paragraph, or a single page, in response to a motion for summary judgment, and fails to submit any evidence of his own. See, e.g., Jacobs, 2024 WL 631404 at *1; Vital v. Interfaith Medical Center, 168 F.3d 615, (2d Cir. 1999). Such cases should, however, be contrasted with cases like Forsyth, 409 F.3d 565, an employment discrimination case in which the *pro se* plaintiff was held to have possessed the requisite understanding. The plaintiff in that case submitted a seven-page affidavit in opposition to the defendants' motion for summary judgment in which he set forth the majority of the critical facts of his case and made arguments that reflected an understanding of his denial of promotion claim; where he submitted a seven-page affidavit in opposition to the District Court's order that he show cause why summary judgment should not be granted, in which he cited case law and provided a legal analysis of the relevant concept of similarly-situated employees; and where he attached four exhibits to his affidavit and provided facts on the issue of similarly-situated employees.

The Second Circuit reached a similar conclusion in M.B. v. Reish, 119 F.3d 230 (2d Cir.

4

1997), a case in which the *pro se* plaintiff alleged violations of his constitutional rights arising out of prison disciplinary actions.  The plaintiff in <u>M.B.</u> responded to the defendants' motion for summary judgment with a twenty-seven-page declaration of facts with 104 pages of exhibits, a forty-page memorandum of law, a counter statement of facts pursuant to the District Court's local rules, a request for further discovery, and even a cross-motion for summary judgment in his favor. The plaintiff also made statements in his papers that demonstrated that he "understood the consequences of a summary judgment motion and the requirements of a successful response." This included statements that

> his papers were intended to show 'clear factual disputes preventing summary judgement,' that he was addressing [defendants'] assertions and 'providing documentary support' for his counter-assertions 'whenever and where ever [sic] possible,' and that 'there seems to exist a material issue of fact which presents a genuine issue to be tried, which precludes summary judgment.'

<u>Id.</u> at 232.

In this case, the plaintiff's submissions clearly and unambiguously demonstrate that he "understood his responsibilities under Rule 56," and that he was "aware of the ramifications of the adjudication of the summary judgment motion against him."  <u>See</u> <u>Forsyth</u>, 409 F.3d at 571-72. This series of motion practice began with a motion for summary judgment made by the *plaintiff*. In support of that motion, the plaintiff filed a five-page affidavit as well as a four-page statement of material facts to which he attached six exhibits.  <u>See</u> Doc. Nos. 81-2, 81-3.  He also filed a five-page memorandum of law, in which he provided legal analysis and cited cases in support of multiple arguments, including an argument that Officer Ryan's response to his Request for Admission was defective and that all of his assertions should be deemed admitted under Fed. R. Civ. P. 36(a)(3), and an argument that Officer Ryan's conduct constituted excessive force under the seminal Supreme Court case of <u>Graham v. Connor</u>, 490 U.S. 386 (1989).  <u>See</u> Doc. No. 81-4.

5

After Officer Ryan opposed his motion and cross-moved for summary judgment, the plaintiff filed a Reply Memorandum of Law that was thirteen pages long. That Reply Memorandum of Law included both a Statement of Additional Material Facts, and a nine-point legal argument in which he cited multiple cases and argued that Officer Ryan's opposition "fail[ed] to raise any genuine dispute of material fact," and that he was "entitled to judgment as a matter of law." See Doc. No. 97. The plaintiff also filed a twenty-three-page response to Officer Ryan's Statement of Material Facts, and an additional declaration with which he provided a USB flash drive that contained additional photographs and video footage. See Doc. No. 99. There can, therefore, be absolutely no doubt that the plaintiff clearly understood his responsibilities under Rule 56.

Finally, there is no merit to the plaintiff's argument that he was prejudiced by the alleged lack of a Local Rule 56.2 notice. The plaintiff claims that because this notice was allegedly not served, he "was not aware of the procedural obligation to respond specifically to the Statement of Material Facts under Local Rule 56.1 at the time the summary judgment motion was served," and, as a result, he "submitted an early, incomplete response." See Doc. No. 98, pp. 1-2. However, the plaintiff's submission of a Statement of Material Facts in support of his own motion, and a Statement of Additional Material Facts in his Reply Memorandum of Law, belie his claim that he was unaware of the procedural requirements of Rule 56. Moreover, and in any event, the plaintiff *did* submit a timely response to Officer Ryan's Statement of Material Facts, which was more than twenty pages long. Although this Court originally set May 2, 2025 as the deadline for the plaintiff's reply/opposition papers, that deadline was changed to May 16, 2025 when Officer Ryan filed his cross-motion. See Doc. No. 94. This Court then notified the plaintiff of that new deadline in the "Notice of Due Date to Respond to Cross-Motion for Summary Judgment" that it sent to him on April 29, 2025. See Doc. No. 95; Exhibit C to Mullin Declaration.

For all of the foregoing reasons, the plaintiff's motion should be denied in its entirety.

## CONCLUSION

For all of the foregoing reasons, the plaintiff's motion to strike or deny Officer Ryan's cross-motion for summary judgment should be denied.

Dated: June 5, 2025

*S/Paul V. Mullin*

Paul V. Mullin, Esq.

Bar Roll. No. 501346

**SUGARMAN LAW FIRM, LLP**

Attorneys for Officer Ryan

Office and Post Office Address

211 West Jefferson Street

Syracuse, New York 13202

Telephone: (315) 474-2943

Facsimile:  (315) 474-0235

pmullin@sugarmanlaw.com
