# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

# NOTIFICATION OF THE CONSEQUENCES OF FAILING TO RESPOND TO A SUMMARY JUDGMENT MOTION

The defendants have moved for **summary judgment** under Federal Rule of Civil Procedure 56. A motion for summary judgment asks the Court to make a final judgment dismissing some or all of your claims. If you do not file a proper response to this motion, the Court may grant the motion **and dismiss some or all of your claims**. Under Local Rules 7.1(b) and 56.1(b), to file a proper response to this motion, you must submit the following papers:

**(1)** A **response to the defendants' statement of material facts** that admits and/or denies each of the defendants' assertions in matching numbered paragraphs,[1] and that supports each denial with citations to record evidence;[2]

**(2)** Copies of all **record evidence** that you cite in your response to the defendants' statement of material facts;[3] **AND**

**(3)** A **response memorandum of law** (no more than 25 pages long and formatted in compliance with Local Rule 10.1) that responds to each of the legal arguments contained in the defendants' memorandum of law, and that contains any additional legal arguments you may have in response to the defendants' motion for summary judgment.

**WARNING**: If you do not submit a proper response to the defendants' statement of material facts, **the Court may deem you to have admitted the defendants' factual statements**. If you do not submit copies of record evidence in support of your denials, **the Court may deem defendants' factual statements to be true**. If you do not submit a proper response memorandum of law, **the Court may deem you to have conceded the defendants' arguments**. If you do not respond to this motion properly (or at all), summary judgment may be entered against you, meaning that **SOME OR ALL OF YOUR CLAIMS MAY BE DISMISSED**.

---

[1] In other words, your paragraph "1" should admit or deny defendants' paragraph "1," your paragraph "2" should admit or deny defendants' paragraph "2," and so on. Any additional material facts you wish to raise must be set forth separately from your admissions or denials of the defendants' statements of material facts.

[2] In certain circumstances, instead of admitting or denying a statement of material fact, you may dispute it by "*showing* that the materials cited [by the defendants] do not establish the absence . . . of a genuine dispute [of fact]." Federal Rule of Civil Procedure 56(c)(1)(B) (emphasis added).

[3] Record evidence includes material in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Federal Rule of Civil Procedure 56(c)(1)(A). If you submit an affidavit in support of your response, it "must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Federal Rule of Civil Procedure 56(c)(4).