U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUN 18 2025
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Richard Sposato,

    Plaintiff,

v.

MATTHEW W. RYAN, individually and in his, official capacity,

    Defendant(s).

Civil Case No.: 5:23cv-364
(Judges Initials) GTS / MJK

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
(FRCP 56)

---

## I. PRELIMINARY STATEMENT

Plaintiff Richard Sposato respectfully submits this memorandum of law in opposition to Defendant Matthew W. Ryan's Cross-Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, and in further support of Plaintiff's own Motion for Summary Judgment.

Plaintiff acknowledges that this filing is submitted after the Court's deadline for opposition and reply papers. Plaintiff, proceeding pro se, initially filed a Motion to Strike Defendant's summary judgment motion. Based on the pendency of that motion, Plaintiff did not file an opposition by the original deadline. Plaintiff respectfully requests that the Court accept this memorandum in the interest of justice, as the delay was made in good faith and caused no prejudice to Defendant.

Defendant's motion must be denied because numerous genuine disputes of material fact exist regarding the events of June 19, 2021, including the lawfulness of the warrantless entry onto private property, the use of excessive force, and the circumstances of the attempted seizure.

1

There is no genuine dispute that the incident involving the deployment of the Taser occurred on June 19, 2021, and that Plaintiff was not arrested until June 20, 2021. This undisputed timeline is critical: any use of force occurring before the arrest was effectuated, particularly on private property and in the absence of a warrant or exigent circumstances, constitutes excessive force as a matter of law.

Therefore, all force employed by Defendant on June 19, 2021, was unconstitutional. See *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (holding that a Fourth Amendment seizure requires either physical force with lawful authority or submission to a show of authority); see also *Kerman v. City of New York*, 261 F.3d 229, 239 (2d Cir. 2001) (holding that any significant force must be justified by a lawful arrest or seizure).

## II. STANDARD OF REVIEW

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All ambiguities must be resolved and all inferences drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. ARGUMENT

### A. Disputed Issues of Material Fact Preclude Summary Judgment for Defendant

Defendant's version of events, including whether Plaintiff was fleeing, whether any verbal commands were issued, and the exact location of the Taser deployment, is sharply contested. Plaintiff has consistently testified that he did not hear any commands, was unaware of Defendant's proximity, and was struck by the Taser as he opened the garage door, not inside the garage or resisting arrest. Defendant's claims are further undermined by conflicting statements and the absence of video evidence.

2

### B. Warrantless Entry onto Private Property Violated the Fourth Amendment

Defendant followed Plaintiff into the private driveway of a home without a warrant, consent, or exigent circumstances, violating clearly established Fourth Amendment protections. See *Florida v. Jardines*, 569 U.S. 1 (2013); *Payton v. New York*, 445 U.S. 573 (1980). Defendant's own declaration admits entry into the driveway and use of force while Plaintiff was on the curtilage of his home.

### C. Use of Force Was Objectively Unreasonable Under Graham v. Connor

Under *Graham v. Connor*, 490 U.S. 386 (1989), courts assess excessive force claims by examining: (1) the severity of the crime, (2) whether the suspect posed a threat, and (3) whether the suspect was actively resisting. Plaintiff was unarmed, non-violent, and unaware of any pursuit. All related charges were later dismissed with prejudice, and no valid justification has been shown for deploying a Taser.

### D. Defendant's Discovery Violations Bar Summary Judgment

Defendant failed to verify his responses to Plaintiff's Requests for Admission under FRCP 36(a)(3), which deems all matters admitted by default. See *U.S. v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987). This includes admission that the Taser was fired into Plaintiff's back while unarmed, and that Defendant lacked a warrant. These admissions, combined with the absence of bodycam footage (see FRCP 37(e)), raise adverse inferences against Defendant.

### E. Disposition of Criminal Charges Does Not Justify Force

All charges against Plaintiff were dismissed, with no plea, conviction, or fine. Under *Thompson v. Clark*, 142 S. Ct. 1332 (2022), such a dismissal qualifies as a "favorable termination" for purposes of a § 1983 claim and supports Plaintiff's argument that no lawful basis existed for his arrest or the use of force. While the Court previously found that the initial traffic stop was supported by probable cause pursuant to *Whren v. United States*, 517 U.S. 806

(1996), and *United States v. Foreste*, 780 F.3d 518 (2d Cir. 2015), that finding relates solely to the legality of initiating the stop. It does not justify the warrantless use of force on Plaintiff while on private property, after he exited his vehicle, and before any arrest occurred. Even a lawful stop must comply with Fourth Amendment limits, and any force used must still be reasonable under *Graham v. Connor*, 490 U.S. 386 (1989), and justified by a lawful seizure under *Kerman v. City of New York*, 261 F.3d 229 (2d Cir. 2001). Because no arrest occurred on June 19, and no threat or resistance was presented, the use of a Taser at that point was unjustified and excessive under clearly established law.

### F. Plaintiff is Entitled to Summary Judgment

Plaintiff has submitted admissible evidence and unrebutted admissions showing Defendant used excessive force on June 19, before any lawful seizure or arrest, while Plaintiff was on private property, unarmed, non-resisting, and unaware of any lawful command. The deployment of the taser on June 19 was a seizure under *Torres v. Madrid*, 592 U.S. 306 (2021), yet no arrest occurred until June 20, making the force per se unconstitutional. Under *Kerman*, 261 F.3d 229, 239 (2d Cir. 2001), and the clearly established standard in *Jones v. Treubig*, it is "clearly established" that such force is excessive. The absence of any disputed material fact warrants summary judgment in Plaintiff's favor.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) deny Defendant's Cross-Motion for Summary Judgment in its entirety; (2) grant Plaintiff's Motion for Summary Judgment in full; (3) award compensatory damages for physical pain, emotional distress, and constitutional injury resulting from the unlawful use of force; (4) award punitive damages to deter future constitutional violations and to punish Defendant's reckless and unlawful conduct; and (5) grant such other and further relief as the Court deems just and proper.

Dated: June 18, 2025

                                                Respectfully submitted,

By: _____
Richard Sposato, Plaintiff Pro Se
c/o 510 N. Orchard Rd.
Solvay, New York [13209]
richie@nusoundmusic.com
315-412-1776